## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | Case Number: |
| Plaintiff ) | |
| ) | 3:06-CV-0544-VPM |
| v. ) | |
| ) | |
| PHENIX CITY, ALABAMA, ) | |
| ) | |
| JEFFREY HARDIN, named in his individual ) | |
| and official capacities, ) | |
| ) | |
| H.H. ROBERTS, named in his individual ) | |
| and official capacities, ) | |
| ) | |
| WALLACE HUNTER, named in his individual ) | |
| and official capacities, ) | |
| ) | |
| ROY WATERS, named in his individual ) | |
| and official capacities, ) | |
| ) | |
| and ) | |
| ) | |
| BARBARA GOODWIN, named in her individual ) | |
| and official capacities, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS

COME NOW Defendants Phenix City, Alabama, Jeffrey Hardin, H.H. Roberts, Wallace Hunter, Roy Waters and Barbara Goodwin and files this their Motion to Dismiss for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) in lieu of an answer and shows as follows:

## FACTS

Defendants generally dispute the factual allegations asserted in Plaintiff's complaint at Paragraphs 11, 12 and 13 that he was penalized for speaking out on matters

of public concern and assert that the Plaintiff was reprimanded and eventually terminated for violating the City's Merit System Rules and Regulations. Defendants also dispute that Plaintiff's contact with Hardin was not in his capacity as a City employee and Sergeant within the Phenix City Fire Department as alleged by the Plaintiff in Paragraph 16 of his Complaint. Defendants do not dispute the allegations in Plaintiff's Complaint at Paragraphs 1 through 10, 14 through 15, and 17 through 19.

### COUNT I -- Violation of 42 U.S.C § 1983 by Defendants by adverse treatment to Plaintiff in violation of his right to free speech under the First and Fourteenth Amendments to the U.S. Constitution is due to be dismissed as such protections are limited for City employees.

Plaintiff alleges that he was terminated for speaking out on a matter of public concern, namely the extension of probationary periods of employment for firefighters, by making a telephone call to Mayor Jeffrey Hardin to discuss this issue. The City's Merit System Rules and Regulations are clear that if a firefighter has a complaint or concern regarding department policy, that he is to report that complaint or concern to the appropriate person within the Department's chain of command. The Mayor of Phenix City does not fall anywhere within the chain of command. The Plaintiff was fully aware of the Merit System Rules and Regulations and insisted upon going outside the chain of command entirely with his concern regarding the probationary period for firefighters. The law regarding the appropriate limitation of free speech rights of government employees in the context of 42 U.S.C. 1983 actions in federal court is outlined by the United States Supreme Court in Connick v. Myers, 103 S. Ct. 1684, 1689 (1983) as follows:

> We hold only that when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the

PDF created with pdfFactory trial version www.pdffactory.com

most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior...Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record.

In this instance, the plaintiff was making a telephone call to the Mayor, he was not appearing at a City Council meeting or other public forum nor was he speaking to the media on this issue of the probationary periods for firefighters. The content, form and context of the statement at issue makes it clear that in this case he was an employee speaking upon matters of personal interest and that therefore no federal action may lie for an adverse employment action as a result of that statement.

The plaintiff in this matter chose to go outside the chain of command to lodge a complaint about a new proposed policy. The City's Merit System Rules and Regulations provide a mechanism to lodge such complaints within the chain of command. The plaintiff was aware of these rules and chose to ignore them. As a result, he was reprimanded and later terminated for violating terms of his employment with the City of Phenix City. Therefore, no action may lie for violation of 42 U.S.C. 1983 since the statement given the content, form and context of it was not a matter of public concern.

**COUNT II -- Violation of 42 U.S.C. 1983 by Defendants by adverse treatment to Plaintiff in violation of his right to free association under the First and Fourteenth Amendments to the U.S. Constitution is due to be dismissed as it fails the three-part test necessary to be considered a violation.**

The law regarding the filing of actions on violation of the right to free association arising under 42 U.S.C. 1983 in the federal courts of Alabama is outlined by United

PDF created with pdfFactory trial version www.pdffactory.com

States District Court for the Middle District of Alabama, Northern Division in <u>Thomas v. McKee</u>, 205 F. Supp. 2d 1275 (2002) as follows:

> The Eleventh Circuit does not require plaintiffs to demonstrate that their claimed freedom of association pertains to matters of public concern. Therefore, in analyzing whether a government employee's freedom of association rights have been infringed involves a three-part test. The first step is for the court to balance an employer's interest in maintaining an efficient workplace against the weight accorded to the employee's First Amendment rights. If the First Amendment interest is of sufficient importance, plaintiffs then have the burden of showing that the protected activity was a substantial motivating factor in the decision not to promote them. If plaintiffs demonstrate this, the burden shifts to defendants to prove by a preponderance of the evidence that they would not have promoted plaintiffs, regardless of the parties' divergent political inclinations.

Plaintiff has made no allegation that his free association rights to belong to and represent the firefighter's union outweigh the City's interest in maintaining an efficient workplace.  If every firefighter with a complaint about Department policy went to the Mayor instead of through the proper chain of command, the Mayor would have time for nothing but hearing the complaints of police officers, firefighters, EMTs and other City employees and would be unable to conduct City business.  No showing or allegation has been made that the free association rights of the plaintiff outweigh the ability for the Mayor to perform his duties with respect to the operation of City government.  So the second count of the Complaint should fail upon that basis alone.

PDF created with pdfFactory trial version www.pdffactory.com

Even if this Court were to determine that the plaintiff's interest outweighed the City's interest in maintaining an efficient workplace, the plaintiff would still fail the second prong of the Thomas test in that plaintiff has made no showing that the adverse employment action was related to his exercise of free association rights. In the allegations made under the sections of the Complaint captioned "Facts" and "Common Allegations", the plaintiff alleges that the adverse employment action occurred within days of his attempt to lodge a complaint with the Mayor regarding a change in the policies of the Phenix City Fire Department. See Complaint at Paragraphs 15 through 18. It is not disputed that the reason for the termination of the plaintiff was his contact to the Mayor, which was a direct violation of the City's Merit System Rules and Regulations. The fact that he was involved with the Union was immaterial, as it would have been a violation of the Merit System Rules and Regulations whether or not he was a member of the Firefighter's Union. Therefore, the second count of the Complaint is due to be dismissed.

### COUNT III -- Violation of Code of Ala. § 11-43-143 by Defendants is due to be dismissed as there has been no challenge by Plaintiff to the validity of his appellate proceeding before the Personnel Review Board and that is the only proceeding that may be reviewed by this Court under Alabama law.

The law regarding the scope of review afforded a Court under Alabama law of a personnel decision upheld after a due process hearing is outlined by the Supreme Court of Alabama in Ex Parte Tuskegee, 447 So. 2d 713, 715 (1984) as follows:

> Those standards being before the trial court, the next question is: What is the scope of the trial court's review in an action brought by the person discharged under those standards? Under these circumstances, the review by the circuit court is, in effect, that of certiorari, and on such a review the circuit

PDF created with pdfFactory trial version www.pdffactory.com

court is restricted to examining only the external validity of the proceeding. Ferrell v. Langley, 421 So. 2d 116 (Ala.Civ.App. 1982); *cf.* Guthrie v. Civil Service Board of Jasper, 342 So. 2d 372 (Ala.Civ.App. 1977), and Ex parte Hennies, 33 Ala.App. 377, 34 So. 2d 22 (1948). Thus, in this case, the circuit court is limited to a review of the record made before the Council and questions of law presented thereby. And, where there was substantial evidence in support of the Council's discretionary discharge authority, the reviewing circuit court may not supplant the Council's judgment with its own.

Plaintiff has not alleged that there was any defect in the appellate proceeding he had access to before the City's Personnel Review Board. Therefore given the limited jurisdiction afforded a state Court in reviewing a violation of Alabama law that will also govern here, and given the failure of the plaintiff to plead any defect in the appellate proceeding, count three of the Complaint is due to be dismissed.

Also, the analysis of the free association right claims in count two are applicable here and this count of the Complaint is due to be dismissed for the same reasons as count two.

## **CONCLUSION**

Therefore the Defendants respectfully request that all of the claims in the Plaintiff's Complaint be dismissed with prejudice.

This 13th day of July, 2006.

MCKOON, THOMAS & MCKOON

*/s/Joshua R. McKoon*
By:_____
Joshua R. McKoon
State Bar No. MCK057

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

PDF created with pdfFactory trial version www.pdffactory.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this day served the foregoing Motion to Dismiss upon Counsel for the Plaintiff by placing a copy of same in First Class Mail addressed as follows:

| | |
|---|---|
| Thomas A. Woodley | J. Michael Cooper, Esq. |
| Molly A. Elkin | Fitzpatrick, Cooper & Clark, LLP |
| Bryan G. Polisuk | Farley Building, Suite 600 |
| Woodley & McGillivary | 1929 Third Avenue North |
| 1125 15th Street, N.W. | Birmingham, Alabama 35203 |
| Suite 400 | |
| Washington, D.C. 20005 | |

*/s/Joshua R. McKoon*
_____
Counsel for Defendants

PDF created with pdfFactory trial version www.pdffactory.com