IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| PHENIX CITY, ALABAMA, | ) |
| JEFFREY HARDIN, named in his individual and official capacities, | ) |
| H.H. ROBERTS, named in his individual and official capacities, | ) CIVIL ACTION NO. 3:06-cv-544-VPM |
| WALLACE HUNTER, named in his individual and official capacities, | ) |
| ROY WATERS, named in his individual and official capacities, | ) |
| and | ) |
| BARBARA GOODWIN, named in her individual and official capacities | ) |
| Defendants. | ) |

**PLAINTIFF'S REPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff David Davis respectfully submits his opposition to defendants' motion to dismiss. Plaintiff has properly alleged in his pleadings that defendants knowingly violated clearly-established rights as set forth in the First Amendment to the U.S. Constitution and §11-

43-143 of the State Code of Alabama. Moreover, defendants have failed to carry their burden of showing that no set of facts can prove plaintiff's claims, as required in a motion to dismiss under FED. R. CIV. P. 12(b)(6). Nonetheless, to the extent that the court analyzes the defendants' arguments within the context of Rule 12(b)(6), those arguments are utterly lacking in merit.

**I.     BACKGROUND**

Plaintiff was a firefighter with the City of Phenix (hereinafter "City") Fire Department from 1998 until 2006, when he was terminated. (Complaint ¶¶ 10-18). In 2005, plaintiff became the president of a local association of fire fighters and emergency rescue employees. (Complaint ¶ 11). The Complaint in this case sets forth with ample specificity the chain of events culminating in the termination of the plaintiff. These events include plaintiff's significant involvement in the fate of a pending proposal before the City Council that addressed an issue of public concern to the citizens of the City – the ability of the City Fire Department to recruit and retain qualified fire fighters and the morale of fire fighters. (Complaint ¶ 16).

Plaintiff was actively involved in a local association of fire fighters and rescue service employees employed in the City's Fire Department. (Complaint ¶ 11). In April 2006, plaintiff became aware of a pending proposal (hereinafter "proposal") before the City Council that would have extended the probationary period of fire fighter recruits from one year to eighteen months and became concerned that the proposal would undercut the recruitment of fire fighters and adversely impact morale of fire fighters in the City Fire Department. (Complaint ¶ 15). Shortly after becoming aware of the proposal, on an off day, and in his capacity as a citizen and the leader of the local association of fire fighters and rescue service employees, plaintiff telephoned defendant Mayor Jeffrey Hardin to discuss the potential adverse affects that the proposal could have on the City and the Fire Department. (Complaint ¶ 16). After contacting defendant Hardin

to discuss the proposal, plaintiff Davis was discharged. (Complaint ¶ 18, Defendant's Motion to Dismiss at 3). This was the sole reason given by the City for plaintiff Davis's discharge. (Defendant's Motion to Dismiss at 5).

## II.    ARGUMENT

### A.    Standard of Review

On a motion to dismiss for failure to state a claim upon which relief may be granted, the movant "sustains a very high burden." *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986) (*citing Currie v. Cayman Resources Corp.*, 595 F. Supp. 1364, 1376 (N.D. Ga. 1984)). The Court of Appeals for the Eleventh Circuit has held that "motions to dismiss for failure to state a claim should be denied unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims." *Jackam*, 800 F.2d at 1579 (*quoting* B*racewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 (1984).

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not. . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). In evaluating a motion to dismiss, the court will accept as true all well-pleaded factual allegations and reasonable inferences drawn from those facts, and will view them in a light most favorable to the nonmoving party. *Hishon,* 467 U.S. at 73; *see also Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1485 (11th Cir. 1992). The threshold is "exceedingly low" for a complaint to survive

a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

  **B. Dismissal Is Inappropriate Because the Defendants Have Failed to Demonstrate that Plaintiff Can Prove No Set of Facts in Support of His Claims**

  It is well established that a plaintiff in a § 1983 case need not plead the elements of a prima facie case but rather must make only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 512 (2002); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993); *see also* FED. R. CIV. P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz,* 534 U.S. at 512. (internal citations omitted). Likewise, the Eleventh Circuit, in interpreting the Federal Rules, has repeatedly stated that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Banco Continental v. Curtiss Nat'l Bank of Miami Springs,* 406 F.2d 510, 514 (5th Cir.1969) (quotations, citations, and footnote omitted): n11[1]. *See also Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir.1983) (collecting cases).

  Plaintiff has more than met this simple notice pleading standard, having alleged in his Complaint that the defendants punished and retaliated against him for engaging in protected speech and association under both federal law and Alabama state law. Not only did plaintiff set forth in clear and unequivocal terms the constitutional and statutory bases for his legal claims, but plaintiff also alleged facts in support of those claims extending far beyond the level of detail

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

required by law. Thus, without question, the defendants have been put on clear notice as to what claims have been brought against them and the facts that support those claims.

The Complaint describes in detail plaintiff's concerns that the proposal could have an adverse effect on the recruiting efforts of the City's Fire Department and morale within the Fire Department. (Complaint ¶¶ 15, 21). The Complaint also makes clear that plaintiff Davis was not only involved in the local association of fire fighters and rescue service employees, but also that he was, at the time of his discharge, the president of it. (Complaint ¶ 11).

To effectuate his concerns, plaintiff, on April 17, 2006, in his capacity as a citizen and president of the local association, on his day off, called defendant Mayor Hardin, to discuss the matter. (Complaint ¶ 16). The Complaint then states that on April 20, 2006, plaintiff was "summoned to defendant Deputy Chief Waters' office," where plaintiff was "reprimanded . . . for contacting defendant Mayor Hardin 'outside of the chain of command' in violation of the City's Merit System Rules and Regulations." (Complaint, ¶ 17). Finally, the Complaint states that on April 21, 2006, plaintiff was discharged for "contacting defendant Mayor Hardin to discuss the proposal." (Complaint ¶ 18).

In short, the Complaint thoroughly alleges that plaintiff was terminated in retaliation for the exercise of his rights under the First Amendment and under Alabama State Code §11-43-143(b). Thus, the Complaint meets, and indeed surpasses, the requirement that it provide defendants with a "short plain statement" informing defendants "what the plaintiff's claims are and the grounds upon which they rest." *Swierkiewicz*, 534 U.S. at 512.

### B. Plaintiff Has Sufficiently Alleged that Defendants Violated Clearly-Established Constitutional Rights of the Plaintiff

In their Motion to Dismiss, defendants erroneously argue the sufficiency of the Complaint to *prove,* rather than to allege facts in support of plaintiff's claims. As an initial

5

matter, defendants state that they "generally dispute the factual allegations in Plaintiff's complaint . . ." While the defendants may disagree with plaintiff's factual allegations, they must accept those allegations as true for purposes of their motion to dismiss under FED. R. CIV. P. 12(b)(6) as the court is required to "accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party." *See Hishon,* 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

As for their motion to dismiss, nowhere do the defendants assert that the Complaint fails to meet the simple notice pleading standard articulated by FED. R. CIV. P. 8(a)(2) and elaborated by this Circuit. Indeed, defendants do not once reference the legal standard for notice pleading in this or any other Circuit, nor do the defendants refer this Court to case law setting forth the standard for determining the sufficiency of the Complaint to state a claim under Rule 12(b)(6). Nonetheless, to the extent that this Court analyzes the defendants' arguments within the context of Rule 12(b)(6), those arguments are completely lacking in merit.

      **1.**     **Plaintiff Has Properly Alleged that Defendants Violated His Right to Free Speech Under the First Amendment**

With respect to Count I of plaintiff's Complaint, defendants argue that the "content, form and context" of plaintiff's speech in the matter at hand "makes it clear that . . . he was an employee speaking upon matters of personal interest," and as such, "no federal action may lie for an adverse employment action as a result of that statement" because the speech "was not a matter of public concern." (Defendant's Motion to Dismiss at 3). It is apparently the defendants' contention that because defendant Hardin "does not fall anywhere within the chain of command," plaintiff's communications to him were not protected under the First Amendment.

First, it is clear, and plaintiff has properly alleged as much for purposes of surviving a motion to dismiss under Rule 12(b)(6), that he was not speaking upon matters of personal

interest, but was instead addressing a matter of clear public concern. As the Eleventh Circuit has stated, "few subjects are of more public concern to the average citizen than the provision of basic fire and rescue services." *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1544, 1465 (11th Cir. 1995). *See also Moore v. City of Kilgore*, 877 F.2d 364, 370 (5th Cir. 1989), cert. denied, 493 U.S. 1003 (1990) (there is a widespread interest in the "ability of the [public's] Fire Department to respond quickly and effectively to a fire."); *Hickory Fire Fighters' Assn. v. City of Hickory*, 656 F.2d 917, 920-21 (4th Cir. 1981) ("*working conditions* of the fire fighters are a matter of public concern which the Association's representatives are especially well qualified to address") (emphasis added). Thus, plaintiff's statement to defendant Hardin, a statement that addressed the working conditions within the City's Fire Department and ability of the Fire Department to recruit qualified officials, unquestionably addressed a matter of public concern.

      Additionally, the fact that plaintiff Davis called defendant Hardin, the City's mayor, does not take his speech outside of the protection of the First Amendment. The defendants apparently believe that the First Amendment only safeguards speech directed to persons within the City's prescribed "chain of command." This belief is wholly without merit. The federal courts have never made the free speech rights of a public employee dependent on whether the employee goes public with the statement. *Givhan v. Western Line Consolidated Sch. Dist.*, 439 U.S. 410, 415-16 (1979) (a public employee does not forfeit his rights when he chooses to communicate privately with his employer rather than "spread his views before the public."). Moreover, local government employees "are often in the best position to know what ails the agencies for which they work . . ." *Moore*, *supra*, 877 F.2d at 372. Thus, imposing any restrictions on the ability of fire fighters to communicate issues related to the fire department only establishes a "device for the suppression of the communication of ideas and permits the official to act as a censor." *Id*. at

7

387, *quoting Cox v. Louisiana*, 379 U.S. 536, 557 (1965). Stated differently, a local government cannot require all who wish to disseminate ideas to present them first to . . . authorities for their consideration and approval, with a discretion in the [authority] to say some ideas may, while others may not, be . . . desseminate[d] . . ." *Cox*, *supra*, 379 U.S. at 557 (internal citations omitted). Thus, the defendants contention that plaintiff should be required to present his views on a clear matter of public concern within the chain of command before having the right to contact a publicly elected official, is without merit.

      Finally, plaintiff was acting not in his capacity as an employee of the City Fire Department when he spoke to defendant Hardin, but in his capacity as a citizen and the president of the local association of fire fighters and rescue service workers. Without question, a local government worker, such as a fire fighter, is entitled to articulate his or her own, individual opinions about a topic of public concern. *Kincade v. City of Blue Springs, MO.*, 64 F.3d 389, 397 (8th Cir. 1995). Speech is equally protected whether the public employee is speaking on behalf of a labor association or its members. *First National Bank of Boston v. Bellotti*, 435 U.S. 765, 777 (1978) ("[t]he inherent worth of speech in terms of its capacity for informing the public does not depend upon the identify of its source, whether corporation, association, union, or individual"); *Allee v. Medrano*, 416 U.S. 802, 819 n. 13 (1973) ("It has been implicitly recognized that protected First Amendment rights flow to unions as well as to their members and organizers.").

      In sum, plaintiff's speech addressed a matter of public concern. Additionally, plaintiff Davis spoke not as an employee on a matter of personal interest, but in his capacity as a citizen and the leader of the local association. Accordingly, Count I of the Complaint should not be dismissed.

### 2. Plaintiff Has Properly Alleged That Defendants Violated His Freedom of Association Rights Under the First Amendment.

With respect to plaintiff Davis's claim in Count II of the Complaint, that defendants violated his rights of free association under the First Amendment, defendants argue that "plaintiff has made no allegation that his free association rights to belong to and represent the firefighter's union outweigh the City's interest in maintaining an efficient workplace." (Defendants' Motion to Dismiss at 4). Additionally, defendants contend that "[n]o showing or allegation has been made that the free association rights of the plaintiff outweigh the ability for the Mayor to perform his duties with respect to the operation of City government." (Id.). On that basis alone, according to the defendants, "the Complaint should fail." (Id.).

Defendants appear to be arguing that plaintiff cannot meet the burden established by *Connick v. Myers* 461 U.S. 138 (1983) and *Pickering v. Board of Educ. Of Township High Sch. Dist. 205*, 391 U.S. 563 (1968), to ***prove*** that the defendants' conduct violated the plaintiffs' First Amendment rights. Defendants correctly point out that in determining whether a government employee's freedom of association rights have been infringed, courts in the Eleventh Circuit apply a three step analysis. The first step is for the court to balance an employer's interest in maintaining an efficient workplace against the weight accorded to the employee's First Amendment rights. *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568, (1968). If the First Amendment interest is of sufficient importance, plaintiff then has the burden of showing that the protected activity "was a substantial motivating factor in the decision not to promote him. *Morgan v. Ford*, 6 F.3d 750, 754 (11th Cir. 1993) (internal quotations omitted). If plaintiff demonstrates this, the burden shifts to defendants to prove by a preponderance of the evidence that they would not have

9

promoted plaintiff, regardless of the parties' divergent political inclinations. *Thomas v. McKee*, 205 F. Supp. 2d 1275, 1284.

The issue of whether plaintiff's speech and association were such that they interfered with Fire Department functions within the meaning of the *Pickering* balancing test, is one of fact, and is appropriately explored through and challenged only after the fact-finding of discovery. *See Bd. of County Commissioners v. Umbehr*, 518 U.S. 668, 677 ("*Pickering* requires a fact sensitive . . . weighing of the . . . interests."). Generally, the balancing test under *Pickering* "can seldom be done on the basis of the pleadings alone. It is a rare case where the pleadings as a whole will permit judgment as a matter of law on this point. . . ." *Delgado v. Jones*, 282 F.3d 511, 517 (7th Circuit 2002); *see also Holder v. City of Allentown*, 987 F.2d 188, 196 (3d Cir. 1993) (it is generally inappropriate to conduct the *Pickering* balancing test at the pleadings stage); *Swartzwelder v. McNeilly*, 297 F.3d 228, 235 (3d Cir. 2002) (balancing under *Pickering* "often requires delicate line drawing"). As explained above, the issue on a Motion to Dismiss under Rule 12(b)(6) is not whether the plaintiffs will eventually prevail on their claims, but whether they are entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. at 2326. In short, defendants have failed to demonstrate that there is no set of facts upon which plaintiff Davis could prevail with respect to his allegations in Count II of the Complaint. *See Conley v. Gibson*, 355 U.S. 41 (1957). To the contrary, taking all allegations as true, as the Court is required to do, the Complaint alleges ample facts to support each and every legal claim noticed.

### 3.     Plaintiff Has Properly Alleged That Defendants Violated His Rights Under §11-43-143 of the State Code of Alabama

Finally, defendants argue that Count III of the Complaint should be dismissed because "Plaintiff has not alleged that there was any defect in the appellate proceeding he had access to before the City's Personnel Review Board." (Defendant's Motion to Dismiss at 6). Defendants

also allege that its arguments with respect to Count II of the Complaint also apply to Count III of the Complaint and that it is "due to be dismissed for the same reasons as Count II."(Id.). It appears that defendants believe that Plaintiff Davis, in Count III of the Complaint, is alleging that the court should exercise appellate review of his hearing before the City's Personnel Review Board (hereinafter "Review Board"), which upheld his discharge.

Nowhere in Count III of the Complaint does plaintiff allege that the decision of the Review Board should be reviewed by the court. Instead, plaintiff alleges that the "actions, omissions, and decisions of the defendants . . . are contrary to the declared public policy of the State of Alabama and in violation of §11-43-143 of the Alabama State Code" (Complaint ¶ 37), which provides:

> All fire fighters serving the state or any municipality in the state either as paid firemen or as volunteer fire fighters who comply with the provisions of this section are assured the right and freedom of association, self-organization and the right to join or continue as members of any employee or labor organization which complies with this section, and shall have the right to present proposals relative to salaries and other conditions of employment by representatives of their own choosing.
>
> Alabama State Code §11-43-143(b). That section further provides that:
>
> No such person shall be discharged or discriminated against because of his exercise of such right, nor shall any person or group of persons, directly or indirectly, by intimidation or coercion, compel or attempt to compel any fire fighter or fireman to join or refrain from joining a labor organization.

*Id*. More specifically, plaintiff Davis has alleged that his discharge for speaking with defendant Hardin on a matter of public concern, and more specifically, to present a proposal relative to "conditions of employment," was a violation of Alabama state law. Thus, plaintiff Davis properly alleged a violation of Alabama state law in Count III of the Complaint. As the

11

defendants did not even address this allegation, let alone prove that there are no set of facts on which plaintiff could prevail, *Conely*, *supra*, dismissal of this Count is not proper.

### III.    CONCLUSION

In this action, plaintiff Davis has more than sufficiently pled three causes of action for unlawful retaliation against the plaintiff motivated by speech by the plaintiff on a matter of clear public concern.  Moreover, defendants have not met their heavy burden of proving that no set of facts, or inferences from those facts, can support the plaintiff's allegations.  Furthermore, the allegations show that defendants violated clearly-established constitutional rights of the plaintiff.  For the foregoing reasons, plaintiff respectfully submits that defendants' motion to dismiss should be denied.

Respectfully submitted,

/s/ Molly A. Elkin
Thomas A. Woodley
Molly A. Elkin
Bryan G. Polisuk
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C.  20005
Telephone: (202) 833-8855
Fax:  (202) 452-1090

/s/ J. Michael Cooper
J. Michael Cooper, Esq.
Fitzpatrick, Cooper & Clark LLP
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203
Telephone (205) 320-2255
Fax:  (205) 320-7444

Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

This is to certify that one true and accurate copy of the Plaintiff's Response to Defendants' Motion to Dismiss was electronically filed on the following counsel for defendants on this 25th day of July, 2006:

>Joshua Robert McKoon
>McKoon, Thomas, & McKoon
>925 Broad Street
>P.O. Box 3220
>Phenix City, AL 36868

>/s/ Molly A. Elkin
>Counsel for Plaintiff