IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 3:06cv544-WHA |
| vs. ) | |
| ) | (WO) |
| PHENIX CITY, ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This cause is before the court on a Motion to Dismiss (Doc. #7) filed by the Defendants Phenix City, Alabama; Jeffrey Hardin; H.H. Roberts; Wallace Hunter; Roy Waters; and Barbara Goodwin on July 12, 2006.

The Plaintiff, David Davis, filed a Complaint in this case in June 2006, bringing claims pursuant to 42 U.S.C. § 1983 for violation of his federal constitutional rights to free speech (Count I), and association (Count II), and a claim for violation of state law (Count III).

For reasons to be discussed, the Motion to Dismiss is due to be DENIED.

### II. MOTION TO DISMISS STANDARD

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-

pleaded factual allegations and will view them in a light most favorable to the nonmoving party. Hishon, 467 U.S. at 73.  Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985).

### III.  FACTS

The allegations of the Plaintiff's Complaint are as follows:

The Plaintiff, David Davis ("Davis"), was hired by the fire department of Phenix City, Alabama in April 1998.  In October 2005, Davis became the president of a local association of fire fighters and rescue service employees.

In September 2005, Davis was counseled about his having spoken with local media regarding fire department operations.  In April 2006, Davis became aware of a proposal before the City Council to extend the probationary period of fire fighter recruits from one year to eighteen months. On or about April 17, 2006, while off-duty, in his capacity as union president, Davis called Defendant Mayor Jeffrey Hardin ("Hardin") to discuss the proposal. Hardin was not available to take the call, but later returned the call and discussed the proposal with Davis.

On or about April 20, 2006, Davis was summoned to Defendant Deputy Chief Roy Waters' office, where he was reprimanded for contacting Hardin outside of the chain of command.   The next day, Davis was directed to report to the office of Defendant Personnel Director Barbara Goodwin and was told that he was being discharged for contacting Hardin to discuss the proposal.

Davis appealed his discharge to the City's Personnel Review Board. On May 18, 2006, Defendant City Manager H.H. Roberts determined, in accordance with the Board's recommendation, that Davis' discharge should be upheld.

Davis challenges the Defendants' actions as violating his federal constitutional rights to free speech and association and violating a provision of state law.

## IV.  DISCUSSION

In Counts I and II of the Complaint, Davis asserts claims for violation of his federal first amendment rights of free speech and association.

A claim by a public employee that he was punished for exercising his right to freedom of speech requires the court to conduct a four part inquiry, which includes whether the alleged speech implicated a matter of public concern. Watkins v. Bowden, 105 F.3d 1344 (11th Cir. 1997)(citation omitted). If so, the court must weigh the employee's first amendment interest against the interest of the public employer. Id. at 1353; Pickering v. Bd. of Ed., 391 U.S. 563, 568 (1968) (the court must balance "an employee's interest as a citizen in commenting on matters of public concern . . . against the state's interest as an employer 'in promoting the efficiency of the public services it performs through its employees.'"). If the employee prevails on the balancing test, the fact-finder determines whether the employee's speech was a substantial motivating factor in the employment decision. Watkins, 105 F.3d at 1353. Then, the employer must prove by a preponderance of the evidence that it would have reached the same decision even in the absence of the protected conduct. Id. The analysis of a claim for denial of the right to free association differs only in that a plaintiff does not have to demonstrate that the claimed

freedom of association pertains to matters of public concern. Cook v. Gwinnett County School Dist., 414 F.3d 1313, 1320 (11th Cir. 2005).

In deciding whether an employee's speech addresses a matter of public concern, the court must look to the content, form, and context of the employee's speech. Bryson v. City of Waycross, 888 F.2d 1562 (11th Cir. 1989). The Eleventh Circuit has recently re-iterated that speech relating to the safety of the public involves a matter of public concern. Cook., 414 F.3d at 1319. In that case, the Eleventh Circuit upheld a determination that an employee who was speaking on behalf of an organization spoke on a matter of public concern even though her speech about safety issues was not made to the general public. Id.

In this case, the Defendants contend that Davis' speech was not on a matter of public concern because Davis made a telephone call to Hardin rather than speaking in a public forum, and because Davis went outside of the chain of command even though the City's Merit System Rules and Regulations provide a mechanism to lodge complaints within the chain of command. At this point in the proceedings, given the Plaintiff's allegation that his speech was on public safety issues, the court concludes that the allegations of Davis' Complaint are sufficient to satisfy Federal Rule of Civil Procedure 12(b)(6). The court will, however, re-examine this issue if asked to do so by the Defendants in a motion for summary judgment or at trial, after the development of facts in the case.

The Defendants also have argued that Davis cannot establish entitlement to first amendment protection under the balancing test described in Pickering, because Davis went outside of the chain of command to complain to Hardin.

At this point in the proceedings, with no factual development in the case, the court cannot conclude that Davis' claims in Count I or II are due to be dismissed on this basis. This court is persuaded by the reasoning of another district court that a chain of command rule designed to protect efficiency of service "counts in the Pickering balance although its existence is not outcome determinative in every case." Perry v. City of Kinloch, 680 F. Supp. 1339, 1342 (E.D. Mo. 1988). Furthermore, although the Eleventh Circuit does not appear to have spoken on this point, other circuits have determined that it "is a rare case indeed where the pleadings as a whole would permit judgment as a matter of law on this point, unless the plaintiff was relying on speech that is wholly unprotected by the First Amendment or the defendant's justifications were frivolous." Gustafson v. Jones, 117 F.3d 1015, 1019 (7th Cir. 1997). If asked to do so by the Defendants after the parties in this case have had an opportunity to develop the facts, however, the court will further examine Pickering balancing as it applies in this case.

Also with respect to the freedom of association claim advanced in Count II of the Complaint, the Defendants argue that there can be no causation because Davis' termination was for complaining outside of the chain of command rather than for association with the union. Davis has alleged other acts by the Defendants with respect to his role with the union which occurred prior to his termination, however. Therefore, without further addressing the viability of this claim, the court concludes that it is not due to be dismissed on this basis.

Finally, the Defendants move to dismiss Count III of the Complaint on the basis that Davis has not alleged that there was any defect in the appellate proceeding to which he had access before the City's Personnel Review Board. Davis responds that he is not seeking to appeal the decision of the review board, but is instead claiming that there has been a violation of

5

Alabama Code § 11-43-143. Therefore, without expressing any opinion as to the viability of such a claim based on a violation of state law, the court concludes that the Motion to Dismiss is due to be DENIED as to Count III.

## V. CONCLUSION

For the reasons discussed, the court concludes that the majority of the arguments advanced in support of the Motion to Dismiss require factual development before they can be fully evaluated by the court. At this point in the proceedings, the court cannot conclude that it is beyond doubt that the plaintiff can prove no set of facts in support of the claims in the Complaint that would entitle him to relief.

Accordingly, the Motion to Dismiss (Doc. #7) is due to be and is hereby ORDERED DENIED. This denial, however, is without prejudice to the Defendants again raising, in a motion for summary judgment or at trial, any arguments which may be appropriately raised in the context of facts as developed by the parties.

The Defendants are directed to file Answers to the Complaint by **August 28, 2006.**

Done this 16th day of August, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE