IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | Case Number: |
| Plaintiff ) | |
| ) | 3:06-CV-0544-VPM |
| v. ) | |
| ) | |
| PHENIX CITY, ALABAMA, ) | |
| ) | |
| JEFFREY HARDIN, named in his individual ) | |
| and official capacities, ) | |
| ) | |
| H.H. ROBERTS, named in his individual ) | |
| and official capacities, ) | |
| ) | |
| WALLACE HUNTER, named in his individual ) | |
| and official capacities, ) | |
| ) | |
| ROY WATERS, named in his individual ) | |
| and official capacities, ) | |
| ) | |
| and ) | |
| ) | |
| BARBARA GOODWIN, named in her individual ) | |
| and official capacities, ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND DEFENSES OF DEFENDANTS PHENIX CITY, ALABAMA, JEFFREY HARDIN, H.H. ROBERTS, WALLACE HUNTER, ROY WATERS AND BARBARA GOODWIN**

COME NOW Defendants Phenix City, Alabama, Jeffrey Hardin, H.H. Roberts, Wallace Hunter, Roy Waters and Barbara Goodwin and files this their Answer and shows as follows:

**FIRST DEFENSE**

Plaintiff has failed to state a claim for which relief may be granted.

PDF created with pdfFactory trial version www.pdffactory.com

**SECOND DEFENSE**

Plaintiff violated the City's Merit System Rules and Regulations repeatedly knowing violation could lead to a reprimand or termination of employment.

1.

Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

2.

Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

**PARTIES**

3.

Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendants deny that Defendant Mayor Jeffrey Hardin is personally liable for any violations of law claimed by the Plaintiff or that any violation of law occurred as alleged in Paragraph 5 of Plaintiff's Complaint.  Defendants admit the remaining allegations regarding Defendant Mayor Jeffrey Hardin contained in Paragraph 5 of Plaintiff's Complaint.

PDF created with pdfFactory trial version www.pdffactory.com

6.

Defendants deny that Defendant H.H. Roberts is personally liable for any violations of law claimed by the Plaintiff or that any violation of law occurred as alleged in Paragraph 6 of Plaintiff's Complaint. Defendants admit the remaining allegations regarding Defendant H.H. Roberts contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendants deny that Defendant Wallace Hunter is personally liable for any violations of law claimed by the Plaintiff or that any violation of law occurred as alleged in Paragraph 7 of Plaintiff's Complaint. Defendants admit the remaining allegations regarding Defendant Wallace Hunter contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendants deny that Defendant Roy Waters is personally liable for any violations of law claimed by the Plaintiff or that any violation of law occurred as alleged in Paragraph 8 of Plaintiff's Complaint. Defendants admit the remaining allegations regarding Defendant Roy Waters contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendants deny that Defendant Barbara Goodwin is personally liable for any violations of law claimed by the Plaintiff or that any violation of law occurred as alleged in Paragraph 9 of Plaintiff's Complaint. Defendants admit the remaining allegations regarding Defendant Barbara Goodwin contained in Paragraph 9 of Plaintiff's Complaint.

PDF created with pdfFactory trial version www.pdffactory.com

**COMMON ALLEGATIONS**

10.

Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendants do not recognize or bargain with any firefighter's association as described in the allegations of Paragraph 11 of Plaintiff's Complaint and so do not have information sufficient to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, therefore the allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.

Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants admit that the Plaintiff was issued a form and a verbal warning after failing to comply with City Merit System Rules and Regulations. To the extent Paragraph 13 of Plaintiff's Complaint contains any other allegations against the Defendants, they are denied.

14.

Defendants admit that a memorandum issued reminding Fire Department employees of the City's Merit System Rules and Regulations subsequent to the Plaintiff violating same. To the extent Paragraph 14 of Plaintiff's Complaint contains any other allegations against the Defendants, they are denied.

PDF created with pdfFactory trial version www.pdffactory.com

15.

Defendants do not have information sufficient to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Plaintiff admits that after having been warned repeatedly of the proper method of addressing policy concerns through the City's Merit System Rules and Regulations that the Plaintiff violated same yet again by his contact with Defendant Mayor Jeffrey Hardin regarding proposed departmental policy changes. To the extent Paragraph 16 of Plaintiff's Complaint contains any other allegations against the Defendants, they are denied.

17.

Defendants admit the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendants admit the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendants admit the allegations contained in Paragraph 19 of Plaintiff's Complaint.

## COUNT I

20.

Defendants adopt and incorporate by reference herein, Paragraphs 1 through and including 19 of this Answer.

PDF created with pdfFactory trial version www.pdffactory.com

21.

Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

**COUNT II**

27.

Defendants adopt and incorporate by reference herein, Paragraphs 1 through and including 26 of this Answer.

PDF created with pdfFactory trial version www.pdffactory.com

28.

Defendants do not have information sufficient to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint, as Defendants do not recognize, correspond with or otherwise communicate with any association or group of firefighters, therefore the allegations in Paragraph 28 of Plaintiff's Complaint are denied.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

PDF created with pdfFactory trial version www.pdffactory.com

## COUNT III

34.

Defendants adopt and incorporate by reference herein, Paragraphs 1 through and including 33 of this Answer.

35.

Defendants admit the allegations contained in Paragraph 35 of Plaintiff's Complaint to the extent they state accurately the Code of Alabama. Defendants expressly deny the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Defendants do not have information sufficient to admit or deny the allegations contained in Paragraph 36 of Plaintiff's Complaint, as Defendants do not recognize, correspond with or otherwise communicate with any association or group of firefighters, therefore the allegations of Paragraph 36 of Plaintiff's Complaint are denied.

37.

Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

PDF created with pdfFactory trial version www.pdffactory.com

40.

To the extent there are other allegations contained elsewhere in Plaintiff's Complaint that have not yet been answered in Paragraphs 1 through and including 39 of this Answer, those allegations are denied.

WHEREFORE, premises considered, the Defendants pray for the following relief:

(a)   That an Order issue denying all of Plaintiff's claims;

(b)   That all costs of this action be taxed to the Plaintiff; and

(c)   Such other and further relief as this Court deems just and equitable under the circumstances.

This 28th day of August, 2006.

MCKOON, THOMAS & MCKOON

By: /s/Joshua R. McKoon
Joshua R. McKoon
State Bar No. MCK057

By: /s/James R. McKoon, Jr.
James R. McKoon, Jr.
State Bar No. MCK020

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

Counsel for Defendants

THE GRAHAM LEGAL FIRM

By: /s/James P. Graham, Jr.
State Bar No. GRA030

Post Office Box 3380
Phenix City, Alabama 36868-3380
334.291.0315
facsimile 334.291.9136

Counsel for Defendants

PDF created with pdfFactory trial version www.pdffactory.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this day served the foregoing Motion to Dismiss upon Counsel for the Plaintiff by placing a copy of same in First Class Mail addressed as follows:

| | |
|---|---|
| Thomas A. Woodley | J. Michael Cooper, Esq. |
| Molly A. Elkin | Fitzpatrick, Cooper & Clark, LLP |
| Bryan G. Polisuk | Farley Building, Suite 600 |
| Woodley & McGillivary | 1929 Third Avenue North |
| 1125 15th Street, N.W. | Birmingham, Alabama 35203 |
| Suite 400 | |
| Washington, D.C. 20005 | |

This 28th day of August, 2006.

MCKOON, THOMAS & MCKOON

      */s/Joshua R. McKoon*
By:_____

      */s/James R. McKoon, Jr.*
By:_____

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

Counsel for Defendants

THE GRAHAM LEGAL FIRM

      */s/James P. Graham, Jr.*
By:_____

Post Office Box 3380
Phenix City, Alabama 36868-3380
334.291.0315
facsimile 334.291.9136

Counsel for Defendants

PDF created with pdfFactory trial version www.pdffactory.com