IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PHENIX CITY, ALABAMA, et al. )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 3:06-cv-00544-VPM<br><br>Judge W. Harold Albritton |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PROVIDE MORE ADEQUATE DISCOVERY RESPONSES

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff David Davis hereby files this Motion to Compel Defendants to Provide More Adequate Discovery Responses. Plaintiff's counsel has attempted to confer in good faith with counsel for defendants with respect to defendants' obligation to provide a full and complete response to plaintiff's request for production of documents. Despite those attempts, counsel for the defendants has failed to provide counsel for plaintiff with either initial disclosures or a full and complete response to plaintiff's first request for production of documents. Defendants' delay in providing these documents has significantly impaired plaintiff's ability to proceed with discovery, identify potential witnesses, identify deponents, and craft additional discovery requests. The reasons for this motion are more fully set forth below.

I.   FACTS

**Defendants' Delay in Providing Plaintiff with Rule 26(a)(1) Initial Disclosures and a Response to Plaintiff's First Request for Production of Documents**

On September 6, 2006, pursuant to Fed. R. Civ. P. 26(f), the parties filed a Rule 26(f) Report (hereinafter "Report") with the Court. (Exhibit 1). Pursuant to the Report, the parties were required to "exchange information required by Fed. R. Civ. P. 26(a)(1) by October 2, 2006." On October 2, 2006, plaintiff provided defendants with Rule 26(a)(1) initial disclosures (Exhibit 2), including a list of potential witnesses and all documents that plaintiff had that supported his claim. On October 13, 2006, nearly two weeks after the deadline to provide plaintiff with initial disclosures, and after phone inquires by plaintiff's counsel inquiring as to the status of defendants' initial disclosures, defendants provided plaintiff with a Rule 26(a)(1) initial disclosures pleading (Exhibit 3). Defendants did not provide any documents with the pleading. In their answer to Disclosure B, defendants stated:

> Reserving the right to supplement its answer to this Disclosure, Defendants identify as a document supporting its defenses the City of Phenix City Merit System Rules and Regulations. A copy will be forwarded as soon as it is obtained by Defendants' Counsel.

That same day, defense counsel assured plaintiff's counsel that he hoped to "complete initial disclosures and Fedex them" to plaintiff's counsel by the close of business on October 13, 2006 or "at the latest," the following Monday, October 16, 2006. (Exhibit 4).

On November 6, 2006, pursuant to Fed. R. Civ. P. 34, plaintiff provided defendants with a Request for Production of Documents[1]. (Exhibit 5). Included in this request were all documents referenced in defendants' Rule 26(a)(1) disclosures. Pursuant to Fed. R. Civ. P. 34, as well as the parties' Report, which both required a response to discovery within thirty days of a request, defendants' response was due to the plaintiff on December 6, 2006.

On December 21, 2006, after plaintiff's counsel had left messages with defendants' counsel inquiring into defendants' response to plaintiff's discovery request, defendants' counsel contacted plaintiff's counsel and requested an extension, until January 15, 2007, to provide Plaintiff with a response to discovery requests. (Exhibit 6). Plaintiff's counsel agreed to provide an extension with respect to plaintiff's discovery requests, but asked that defendants provide plaintiff with the documents referenced in their Rule 26(a)(1) initial disclosures prior to that date, as plaintiff had been waiting for those documents for nearly three months. (Exhibit 7). Defendants' counsel, under the mistaken impression that the initial disclosures had been "dispatched . . . some time ago," stated that those documents would be provided to plaintiff "as soon as possible." (Exhibit 8). Defendant's counsel also stated that defendants' response to plaintiff's first request for production of documents would be sent "on or before January 15, 2007." (Id.). In granting defendants' request for an extension until January 15, 2007, plaintiff's counsel stated:

> We trust that at that time, the response will be a full and complete disclosure of all documents sought in our First Request for Production of Documents so that we will not be required to file a Motion to Compel the Production of Documents with the District Court. (Exhibit 7).

---

[1] Pursuant to Local Rule 37.1, plaintiff has attached as Exhibit 5 a copy of his First Request for a Production of Documents, which is the subject of this motion.

3

On January 10, 2007, plaintiff's counsel contacted defendants' by telephone to inquire as to the status of defendants' response to plaintiff's discovery request. Defendants' counsel assured plaintiff's counsel that defendants would provide plaintiff with a response to plaintiff's discovery response by January 15, 2007. (Exhibit 9).

On January 16, 2007, defendants' counsel contacted plaintiff's counsel via electronic mail, and stated that defendants "were still waiting" for additional documents responsive to plaintiff's request. (Exhibit 10). According to defendants' counsel, defendants "delayed until Monday [January 15, 2007], failing to remember that January 15 fell on a federal holiday." (Id.). Defendants' counsel then stated that he was "heading over to the fire department," presumably on that day, and would be sending discovery requests to plaintiff's counsel later that day. (Id.). Plaintiff's counsel agreed to this belated request for an extension, but once again stated that if the documents were not sent via overnight mail and received by January 17, 2007, plaintiff would file a motion to compel with the Court. (Exhibit 11).

On January 18, 2007, defendants' counsel provided plaintiff's counsel, via electronic mail, defendants' Rule 26(a)(1) Disclosure pleading, which was previously sent to plaintiff's counsel on October 16, 2006, stating that the pleading was "sent back in October." Defendants' counsel made no reference to the fact that he had yet to provide plaintiff with the documents listed in the Rule 26(a) Initial Disclosure pleading. (Exhibit 12).

Also on January 18, 2007, defendants' counsel provided plaintiff's counsel with one item contained in plaintiff's request for production of documents--plaintiff's personnel file. This was sent as an attachment on the above referenced electronic mail.

With respect to the rest of the documents requested in plaintiff's first request for a production of documents, defendant's counsel stated: "We are still awaiting receipt of other documents responsive to your request for production." (Exhibit 12).

At the time of the filing of this motion, defendants have not provided plaintiff with any documents listed in their Rule 26(a)(1) Initial Disclosure pleading. Additionally, with the exception of plaintiff's personnel file, which should have been readily available to defendants, defendants have failed to respond to plaintiff's first request for production of documents.

## II.   ARGUMENT

### A.   Legal Standard

This Court has the authority to grant a motion to compel under Federal Rule of Civil Procedure 37. District courts are entitled to broad discretion in managing pretrial discovery matters. *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005). The United States Court of Appeals for the Eleventh Circuit will review a district court's discovery rulings, including the denial of a motion to compel, only for abuse of discretion. *Hinson v. Clinch County, Ga. Bd. of Educ.*, 231 F.3d 821, 826 (11th Cir. 2000). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). The Eleventh Circuit Court of Appeals "will not overturn discovery rulings unless it is shown that the district court's ruling resulted in substantial harm to the appellant's case." *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003) (internal quotations omitted).

B.  **Defendants Should Be Compelled to Produce Initial Disclosures and Provide a Response to Plaintiff's Discovery Requests**

In the present matter, defendants should be compelled to produce their initial disclosures and provide plaintiff with a full and complete response to plaintiff's request for production of documents. Defendant's initial disclosures, which were originally due on October 2, 2006, are now more than three months overdue, and defendants have failed to provide plaintiff with anything other than the Rule 26(a)(1) initial disclosure pleading. Defendants have not provided plaintiff with any of the documents listed in that pleading, despite plaintiff's request that the listed documents be provided.

Defendants have also failed to provide plaintiff with a full and complete response to plaintiff's request for production of documents, which included documents referenced in defendants' Rule 26(a)(1) initial disclosures, despite being given two extensions by plaintiff's counsel. Defendants' responses to plaintiff's request for production of documents were due on December 6, 2006. On December 21, 2006, 15 days *after* the responses were due, plaintiff's counsel granted defendants' counsel's request for an extension until January 15, 2007 to provide defendants' responses, provided that defendants' responses would be "full and complete." On January 16, 2006, one day after the second deadline, defendants' counsel again requested an extension until January 17, 2007 to respond to plaintiff's discovery requests. At the date of this filing, defendants have failed to provide a full and complete response to plaintiff's discovery requests. Defendants' failure to provide the documents identified in its initial disclosures and to provide a full and complete response to plaintiff's discovery requests has stalled discovery and impaired plaintiff's ability to move forward with the case. Thus, the Court

should compel defendants to provide plaintiff with initial disclosures and a full and complete response to plaintiff's discovery request.

III. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court grant Plaintiff's Motion to Compel Defendant to Provide More Adequate Discovery Responses. Plaintiff further requests that the Court order defendants to provide a full and complete response to discovery by a date certain. Finally, pursuant to Rule 37(a)(4), plaintiff requests that the Court award reasonable attorneys fees to plaintiff associated with preparation of this motion.

Date: January 23, 2007

Respectfully submitted,

s/ Bryan G. Polisuk
Thomas A. Woodley
Molly A. Elkin
Bryan G. Polisuk
WOODLEY & McGILLIVARY
1125 15th Street, NW, Suite 400
Washington, DC 20005
Telephone: (202) 833-8855
Facsimile: (202) 452-1090
Counsel for Plaintiff

s/ J Michael Cooper
J. Michael Cooper
FITZPATRICK, COOPER & CLARK LLP
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203
Telephone (205) 320-2255
Fax: (205) 320-7444
Counsel for Plaintiff