**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:06-cv-00544-VPM |
| ) | |
| PHENIX CITY, ALABAMA, et al. ) | Judge W. Harold Albritton |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S RULE 26(a)(1) DISCLOSURES

COMES NOW Plaintiff, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, to answer the initial disclosures required under said rule:

DISCLOSURE (A):

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

ANSWER TO DISCLOSURE (A):

Plaintiff's potential witnesses include any persons who have worked for Phenix City, Alabama since 1998, including, but not limited to, all named defendants and Phenix City firefighters William Pitts*[1], Carl Taylorson*, Scott Johnson*, and Gene Peoples*, Dennis Duty*, Thomas Malone*, Randy Bubberly*, Glen Hill*, Chris Ellerbee*, Bubba

---

[1] The individuals marked with an * are current or former employees of defendant City of Phenix, Alabama. As such, defendant is in a better position to ascertain the addresses and other contact information for these individuals. However, plaintiff will promptly supplement these disclosures once additional information is available.

Stevens*, Todd Boatner*, Eddie Miles*, Ronnie Norris*, Scott Singletary*, Jim Anthony*, and Anne Land*. Other potential witnesses include members of the Phenix City Council, including Ray Bush, John Story, Gail Brantley and Arthur Sumbrey, all of which are located at 601 12th Street, Phenix City, AL 36867. Potential witnesses may also include the plaintiff's wife, Brenda Davis, located at 185 Lee Road 236, Phenix City, AL 3687. Each of the aforementioned persons may have knowledge of information relevant to the plaintiff's claims outlined in his complaint. Discovery is continuing and ongoing and plaintiff's counsel will provide additional information as it becomes available.

DISCLOSURE (B):

Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

ANSWER TO DISCLOSURE (B):

Many documents which support the plaintiff's allegations are in the possession of defendants and include, among others: plaintiff's personnel file; disciplinary documents pertaining to the plaintiff since his date of hire in 1998; documents pertaining to polices and procedures of the Phenix City Council; any Phenix City Employee Handbook; and the City of Phenix Merit System Rules and Regulations.

Plaintiff identifies the following additional documents that are in possession of plaintiff's counsel:

2

1. Newspaper articles related to plaintiff's termination and May 12, 2006 Personnel Review Board Hearing.

2. An audio compact disc of plaintiff's May 12, 2006 hearing before the Phenix City Personnel Review Board.

3. The Phenix City Personnel Review Board's May 18, 2006 determination that plaintiff violated Group II Line 4 and Group III, Line 6 of the Phenix City Merit System Rules and Regulations.

4. Documents related to plaintiff's termination, including:

    a. Correspondence from the City of Phenix to plaintiff;

    b. City memoranda;

    c. Correspondence from plaintiff to the City of Phenix; and

    d. Correspondence from the International Association of Fire Fighters to the City of Phenix.

5. Documents related to discipline plaintiff has received between 1998 and 2006.

Discovery is continuing and ongoing. Plaintiff will supplement this response as additional information becomes available.

DISCLOSURE (C):

Provide a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

ANSWER TO DISCLOSURE (C):

Plaintiff's damages are ongoing and, thus, the extent of the plaintiff's damages are yet unknown. However, Plaintiff has suffered as damages the loss of income since his termination. In addition, plaintiff is entitled to compensatory and punitive damages in amounts to be determined by a jury as well as attorneys' fees and costs. Moreover, the plaintiff may require the services of an expert witness to ascertain his damages. As the parties engage in discovery, and as documents are produced by defendants, the plaintiff will be in a better position to compute his damages. Plaintiff's counsel will provide this information upon acquiring the same.

DISCLOSURE (D):

Provide for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

ANSWER TO DISCLOSURE (D):

This request is not applicable to the plaintiff.

Date: 10/2/06

Respectfully submitted,

*Bryan Polisuk* (signature)

Thomas A. Woodley
Molly A. Elkin
Bryan G. Polisuk
WOODLEY & McGILLIVARY
1125 15th Street, NW, Suite 400
Washington, DC 20005
Telephone: (202) 833-8855

4

Facsimile: (202) 452-1090
Counsel for Plaintiff

J. Michael Cooper
FITZPATRICK, COOPER & CLARK LLP
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203
Telephone (205) 320-2255
Fax: (205) 320-7444
Counsel for Plaintiff