**EXHIBIT 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DAVID DAVIS, )
 )
    Plaintiff, )
 )
vs. ) CIVIL ACTION NO. 3:06-cv-00544-VPM
 )
PHENIX CITY, ALABAMA, et al. ) Judge W. Harold Albritton
 )
    Defendants. )

**PLAINTIFF'S FIRST REQUEST TO DEFENDANTS**
**FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff hereby requests that defendants produce the documents described below. The documents must be produced within thirty (30) days of service, and it is requested that the documents be forwarded to the offices of plaintiffs' principal counsel Thomas A. Woodley, Woodley & McGillivary, 1125 15th Street, N.W., Suite 400, Washington, D.C. 20005.

**INSTRUCTIONS**

1. These requests for production of documents are deemed to be continuing in nature and, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, each defendant is to promptly produce and serve supplemental documents as additional documents become known.

2. Identify the person or persons having custody of the documents produced by describing each person's title, department, address and telephone number (including

area code), and state the number(s) of each request for production of documents for which that person furnished information.

3.  If any request for production of documents is objected to as inquiring into a privileged matter, set forth fully in the objection the facts relied upon as the basis for the objection and produce the requested information or material in edited form.

4.  The documents sought in this request are those in the possession, custody or control of the defendants or any agent, representative, employee or attorney of the defendants who may have access, possession, custody or control, regardless of where located.

## DEFINITIONS

1.  The term "document" means, without limitation, the following items, whether typed, printed or recorded or reproduced by hand: rules, regulations, guidelines, policies, ordinances, codes, promulgations, enactments, orders, procedures, standards, instructions, directives, guidelines, recommendations, amendments, budgets, audits, titles, communications, correspondence, letters, e-mail, memoranda, notices, summaries or records of telephone conversations, summaries or records of personal conversations, summaries or records of meetings, conferences, hearings and seminars, reports, notes, notebooks, agreements, contracts, understandings, instruments, opinions, minutes, recommendations, print-outs, proposals, submissions, records, data, circulars, bulletins, studies, evaluations, advertisements, applications, resumés, interviews, booklets, manuals, brochures, hand-outs, transcripts, recordings, tapes, pay plans, payroll and work records, any marginal comments appearing on any document, and all other papers and writings.

The term "document" includes the original, drafts, and all copies of the document or any part of the document. The plural of any word encompasses and also refers to the singular.

The term "PCFD" refers to the Phenix City Fire Department.

REQUESTS FOR PRODUCTION

The documents requested are as follows:

1. The plaintiff's personnel files and all records, memos, correspondence, evaluations, reviews, notes, and other documents which relate in any way, or mention the plaintiff's name, including, but not limited to any Police and Fire Committee or City Council meeting minutes.

2. All memos, correspondence, notes, reports and other documents which relate in any way to the facts and circumstances surrounding the consideration of and termination of plaintiff for speaking to Mayor Hardin.

3. All memos, correspondence, notes, and other documents which relate in any way to the subject of the plaintiff, or other personnel in the PCFD, speaking out or communicating in any way or any manner about matters of concern (including, but not limited to, PCFD equipment and vehicles; fire department operations, responses, or dispatching; fire department safety or occupational issues; fire department staffing; compensation; communications or contacts with the occupational safety and health agency; fire department morale and discipline; and the fire fighters' association or union and any association or union activities).

4. All guidelines, policies, memos, correspondence, notes, reports, findings, recommendations and other documents which relate in any way to the directives and

3

statements of the defendants over the past five years prohibiting or restricting employees of the PCFD from speaking to, or writing to, the Phenix City Council, the media, or the public about issues involving the PCFD and its operations, services, dispatches, response time, mutual aid, staffing, equipment, and other subjects.

5. All correspondence, memoranda, notes, and other documents which refer to, or mention in any way, the fact that plaintiff, and/or other employees in the PCFD are members of, or are associated with members of, a union or a fire fighters' association.

6. All memos, correspondence, notes, reports and other documents which relate in any way to the facts and circumstances surrounding plaintiff's hearing before the Phenix City Personnel Review Board on May 16, 2006, including a copy of the hearing transcript.

7. All regulations, policies, and other documents which describe the authority, duties and responsibilities of the Mayor of Phenix City, Jeffrey Hardin, with respect to the PCFD, including, but not limited to, his authority, duties and responsibilities with regard to hiring employees, terminating employees, promoting employees, discussing matters with employees, and other matters affecting the terms and conditions of employment of PCFD personnel.

8. All regulations, policies, and other documents that describe the authority, duties, and responsibilities of defendant H.H. Roberts, as the City Manager of the City of Phenix, including, but not limited to, his authority, duties and responsibilities with regard to hiring employees, terminating employees, promoting employees, and other matters affecting the terms and conditions of employment of PCFD personnel.

9. All regulations, policies, and other documents that describe the authority, duties, and responsibilities of defendant Wallace Hunter, as the Fire Chief of the PCFD, including, but not limited to, his authority, duties and responsibilities with regard to hiring employees, terminating employees, promoting employees, and other matters affecting the terms and conditions of employment of PCFD personnel.

10. All regulations, policies, and other documents that describe the authority, duties, and responsibilities of defendant Roy Waters, as the Deputy Fire Chief of the PCFD, including, but not limited to, his authority, duties and responsibilities with regard to hiring employees, terminating employees, promoting employees, and other matters affecting the terms and conditions of employment of PCFD personnel.

11. All regulations, policies, and other documents that describe the authority, duties, and responsibilities of defendant Barbara Goodwin, as the Personnel Director of the City of Phenix, including, but not limited to, her authority, duties and responsibilities with regard to hiring employees, terminating employees, promoting employees, and other matters affecting the terms and conditions of employment of PCFD personnel.

12. All documents which relate in any way to (i.e., which would support or would not support) the defenses and issues raised by the defendants in this action.

13. All documents which relate to the facts and issues involved in this action.

14. All documents which the defendants plan to present, or reasonably expect to present, in the trial of this action.

15. All copies of documents referenced in defendants' Rule 26 Initial Disclosures.

Date: November 6, 2006

Respectfully submitted,

*Bryan Polisuk* (signature)

Thomas A. Woodley
Molly A. Elkin
Bryan G. Polisuk
WOODLEY & McGILLIVARY
1125 15th Street, NW, Suite 400
Washington, DC 20005
Telephone: (202) 833-8855
Facsimile: (202) 452-1090
Counsel for Plaintiff

*J. Michael Cooper* (signature)

J. Michael Cooper
FITZPATRICK, COOPER & CLARK LLP
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203
Telephone (205) 320-2255
Fax: (205) 320-7444
Counsel for Plaintiff

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:06-cv-00544-VPM |
| ) | |
| PHENIX CITY, ALABAMA, et al. ) | Judge W. Harold Albritton |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

This is to certify that one true and accurate copy of the Plaintiff's First Request for Production of Documents was served on the following counsel for defendants on this 6th day of November, 2006 via First Class Mail:

Joshua Robert McKoon
McKoon, Thomas, & McKoon
925 Broad Street
P.O. Box 3220
Phenix City, AL 36868

_/s/ Bryan Roberts_
Attorney for Plaintiff