IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 3:06-cv-00544-~~VPM~~ W H A |
| | ) | |
| PHENIX CITY, ALABAMA, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DECLARATION OF THOMAS H. MALONE, JR.

I, Thomas H. Malone, Jr., under the penalty of perjury, do hereby swear that the following is true and correct:

1.   I am a Field Service Representative of the 14th District of the International Association of Fire Fighters ("IAFF"). In this capacity, I have assisted the leaders and members of the Phenix City Firefighters Association, Local 3668 of the IAFF.

2.   On January 25, 2005, then Local 3668 Vice President, David Davis, sent a Memorandum to Jerry Prater, the former Fire Chief of the Phenix City fire department. In response to Davis' memorandum and proposal, then-Chief Prater had Davis picked up at his fire station in a Chief's car (without Davis knowing why or what for). Davis was transported to Prater's office where City Personnel Director Goodwin was also waiting. The meeting lasted only a short period of time.

3. In my letter to defendant City Manager Roberts, dated March 7, 2005, I pointed out the concerns with how the meeting was conducted by Chief Prater, and noted that Davis and other Local 3668 members feared reprisals. (Exh. 1 appended hereto).

4. On January 31, 2006, Harold Schaitberger, General President of the International Association of Fire Fighters, sent a letter to City Manager Roberts (with copies also sent to Chief Hunter and Mayor Hardin) underscoring concerns about the mistreatment and harassment of Local 3668 President David Davis, including the fact that Davis was "issued a counseling form and threatened with loss of his job, for having spoken to the local media regarding [fire] Department operations and other matters of public concern." (Exh. 2 appended hereto). Mr. Schaitberger further articulated the First Amendment rights and protections afforded local government employees to freely associate and to speak out about matters of public concern without unlawful retaliation. He cited federal court rulings on these issues, emphasizing that "few subjects are of more public concern . . . than the provision of basic fire and rescue services". <u>Beckwith v. City of Daytona Beach Shores</u>, 58 F.3d 1554, 1564 (11th Cir. 1995)". Mr. Schaitberger's letter asked the City and City Manager Roberts to take actions that would ensure that the constitutional rights of Davis and other leaders and members of Local 3668 will be respected and safeguarded when they engage in lawful associational activities and speak out on matters of public concern.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and based on my personal knowledge and belief.

_____
Thomas Malone

Date: April 23, 2007

# EXHIBIT

# 1



# INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS

**HAROLD A. SCHAITBERGER**
General President

**VINCENT J. BOLLON**
General Secretary-Treasurer

Thomas H. Malone, Jr.
14th District
Field Service Representative
1923 Woodrun Drive
Montgomery, Alabama 36117

(334) 279-5667 (Home)
(334) 279-7181 (Fax)
watash0908@knology.net

March 7, 2005

Mr. H. H. Roberts
City Manager
601 12th Street
Phenix City, Alabama 36867

Dear Mr. Roberts:

It was a pleasure to meet with you and hear your remarks and suggestions. Let me thank you again for what I considered a very productive meeting. After our meeting, I met with the Phenix City Firefighter's leadership, and most of the membership, and laid out a plan to try and bridge the communication gap between Labor and Management, per your direction. We sent Vice President, David Davis, to Chief Prater's office to notify him of our intentions and followed with a letter to Chief Prater to formally request a meeting to discuss problems on the job from both sides perspective. We were prepared to hear Management's side and give our side of the problems and together plan a way to solve these problems, again per your direction.

Vice-President Davis sent the letter with our perceived problems and a request to meet when he was off duty so he could be prepared and comfortable and Management would have time to prepare for the meeting. It was with our disappointment that Chief Prater decided that the meeting should be held with threats and intimidation, and had V.P. Davis picked up at the station in a Chief's car without knowing why or what for. Upon arrival Chief Prater stated several times that he did not recognize the Union. We were informed of this fact (by you) at our previous meeting.

Page 2

This meeting lasted approximately ten minutes with the Chief and the Personnel Director with nothing being accomplished for fear of reprisal. This was certainly not our interpretation of a very productive meeting laid out by your direction and solved nothing. Since this attempted meeting there have been several retaliatory measures put in place by the Administration. Some examples are: loss of swap time, no stopping at stores, (but the Chiefs are allowed to in their cars), threats of changing shift hours, and of more severe discipline, to name a few.

Mr. Roberts, I don't think that you or any other city official would run a meeting as Chief Prater conducted this one, with such disregard for anyone's input or thoughts. Chief Prater and the City of Phenix City, must conduct and abide by the State Statue that this meeting was requested under, and we don't feel like this imposed meeting met the State requirements. I am now requesting a meeting with myself as lead representative for the organization under the State Statue with anyone you and Chief Prater so deem, to see if these problems can be resolved within the Department. I would request this meeting take place within ten business days. We are very serious with making this system work within the Department for all involved, including the citizens of Phenix City.

Mr. Roberts I can't see any pro-active reason for intimidation and threats, and I hope you realize and accept that we can not, and will not, stand idly by while this is going on. I sincerely hope we can come to some reasonable resolve that we can all accept and live with.

You stated that you were a "card-carrying" Union member from I.B.E.W. and based on your union background, I hope you have some concerns on the way employees are being treated. I am respectfully requesting this meeting receive utmost attention, as time is essential. I think we can both agree that keeping these issues within the Department is best for all involved, including the citizens of Phenix City.

Thank you in advance for your careful consideration and attention. I look forward to hearing from you and putting these issues to rest.

Sincerely,


Thomas Malone Jr.

# EXHIBIT

# 2



# INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS

HAROLD A. SCHAITBERGER
General President

VINCENT J. BOLLON
General Secretary-Treasurer

January 31, 2006

Mr. H.H. Roberts
City Manager
City of Phenix City
601 12th Street
Phenix City, Alabama 36867

Dear City Manager Roberts:

I have recently received complaints indicating a disturbing pattern of mistreatment of International Association of Fire Fighters ("IAFF") Local 3668 officers and members by certain City officials and management personnel of the Phenix City Fire & Rescue Department (hereinafter "Department"). These complaints allege that:

- David Davis, President of IAFF Local 3668, was suspended for twenty-four (24) hours without pay back in August 2005 for speaking on behalf of the membership of the Local regarding the Department's continued threats to implement eight (8)-hour shifts for fire fighters;

- the "offense" for which President Davis was disciplined – that is, his assuming an "aggressive" posture when discussing with a superior officer the Department's continued threats to implement eight (8)-hour shifts – was nothing more than a pretext to dissuade President Davis and other officers and members of Local 3668 from speaking out on matters important to Department fire fighters;

- the Department has on a number of occasions threatened to retaliate against Local 3668 members by, among things, implementing an eight (8)-hour shift and the basis for such threatened retaliation is that some of these fire fighters have reportedly submitted to the local newspaper letters regarding Department operations and other fire and rescue-related matters of public concern;

- during the administrative hearing regarding President Davis's then-proposed twenty-four (24)-hour suspension, IAFF District Field Service Representative Thomas Malone, Jr., who attended the hearing to represent President Davis, was abruptly directed to leave the hearing; even though



Mr. H.H. Roberts
January 31, 2006
Page 2 of 3

- the City's attorney was allowed to remain at and participate in the hearing; and,

- President Davis was, on September 20, 2005, issued a counseling form and threatened with loss of his job for having spoken to the local media regarding Department operations and other matters of public concern.

Assuming these allegations are true, I am writing to inform you that the IAFF will not tolerate this inappropriate and unlawful treatment of Local 3668 officers and members.

It is well established that the First Amendment right of free association includes the right to belong to, and to actively participate in, labor organizations. *See* Shelton v. Tucker, 364 U.S. 479 (1960); Thomas v. Collins, 323 U.S. 516 (1945). "The right . . . to discuss, and inform people concerning the advantages and disadvantages of unions and joining them is protected not only as part of free speech, but as part of free assembly." Id. at 532.

Moreover, although there is no "right" or "entitlement" to government employment, the denial or deprivation of a job and related benefits may not be based on one's exercise of First and Fourteenth Amendment rights. Rutan v. Republican Party, 497 U.S. 62, 72-73 (1990); Pickering v. Board of Educ. of Township High School, Dist. 205, 391 U.S. 563 (1968). In this regard, individuals have the First Amendment right to speak out about matters of public concern without having government employers retaliate against them for the exercise of their right of free speech. Rankin v. McPherson, 483 U.S. 378, 383 (1987). "Retaliation by a government employer against an individual who exercises his First Amendment rights constitutes a First Amendment violation." Perry v. McGinnis, 209 F.3d 597, 604 (6th Cir. 2000). Indeed, "few subjects are of more public concern . . . than the provision of basic fire and rescue services." Beckwith v. City of Daytona Beach Shores, 58 F.3d 1554, 1564 (11th Cir. 1995). Accordingly, it would clearly violate the First and Fourteenth Amendments of the United States Constitution for City officials and Department management personnel to retaliate against President Davis and other Local Union officials and members for engaging in lawful associational activities and for speaking to the local media regarding matters relevant to the provision of fire and rescue services in the community.



Mr. H.H. Roberts
January 31, 2006
Page 3 of 3

As General President of the IAFF, which represents over 270,000 fire fighters, paramedics, and emergency responders across North America, I can tell you that this organization has encountered on a number of occasions the problem of management representatives of fire departments, municipalities and other government entities attempting to interfere with the legitimate interests of firefighters in engaging in constitutionally-protected associational activities and for speaking out on matters of public concern. This organization has demonstrated time and again that it will protect the legal rights of its members. In this regard, I have asked our Legal Department to review this matter thoroughly.

The IAFF will continue to closely monitor this matter. I trust that you will act immediately to ensure that any activities undertaken by City officials or Department management personnel to dissuade Local 3668 officers and members from engaging in lawful Union activities and from speaking out on matters of public concern will cease forthwith.

Sincerely,

Harold A. Schaitberger
General President

HAS/DPD:sg

cc.   The Honorable Jeff Hardin, Mayor, City of Phenix City, Alabama
      Wallace Hunter, Fire Chief, Phenix City Fire & Rescue Department
      Danny Todd, 14th District Vice President, IAFF
      Thomas Malone, Jr., 14th District Field Service Representative, IAFF