EXHIBIT

"1"

ALL-STATE LEGAL®

# PART I

# CHARTER AND RELATED LAWS

## SUBPART A

## CHARTER*

**Article I.  Adoption of Council-Manager Form of Government—Election and Term of Council**

1.01.        Cities to which act applies.
1.02.        Petition for election.
1.03.        Call of election by mayor.
1.04.        Second election not called within four years.
1.05.        Question submitted: form of ballot.
1.06.        Conduct, canvassing and declaration of result of election.
1.07.        Election of first council: term of office.
1.08.        The council.

**Article II.  Legal Status: Form of Government: Powers**

2.01.        Legal status.
2.02.        Form of government.
2.03.        Powers of city.

**Article III.  The Council**

3.01.        Number, election, term.
3.02.        Statement of candidacy.
3.02(a).     Campaign expenses.
3.03.        Ballot.
3.04.        Eligibility.
3.05.        Compensation.
3.06.        Presiding officer; mayor.
3.07.        Powers.
3.08.        Appointment of city manager.
3.09.        Removal of city manager.
3.10.        Council not to interfere in appointments or removals.
3.11.        [Filling vacancy on council.]
3.12.        Creation of new departments or offices: change of duties.

*Editor's note—Printed in this subpart is Act No. 71 of 1977 (p. 100), being the city charter. Amendments are indicated by parenthetical history notes following amended provisions. The absence of a history note indicates that the provision remains unchanged from the original. Obvious misspellings and punctuation errors have been corrected without notation. For stylistic purposes, headings and catchlines have been made uniform and the same system of citations to state statutes as appears in the Code of Ordinances has been used. Additions for clarity are indicated by brackets.

PHENIX CITY CODE

3.13.        City clerk.
3.14.        Induction of council into office: meetings of council.
3.15.        Council to be judge of qualifications of its members.
3.16.        Rules of procedure.
3.17.        Meetings, passage of ordinances, etc.
3.18.        Granting of franchises.
3.19.        Codification authorized.
3.20.        Examination of books and publication of accounts.


### Article IV.   The City Manager

4.01.        The city manager: qualifications.
4.02.        The city manager: powers and duties.
4.03.        Absence of city manager.
4.04.        Administrative department.
4.05.        Directors of departments.
4.06.        Departmental divisions.


### Article V.   Budget

5.01.        Fiscal year.
5.02.        Preparation and submission of budget proposal.
5.03.        Budget proposal a public record.
5.04.        Publication of notice of public hearing.
5.05.        Public hearing on budget proposal.
5.06.        Further consideration of budget proposal.
5.07.        Adoption of budget.
5.08.        Vote required for adoption.
5.09.        Date of final adoption; failure to adopt.
5.10.        Effective date of budget; certification; copies made available.
5.11.        Budget establishes appropriations.
5.12.        Budget message; current operations.
5.13.        Budget message; capital improvements.
5.14.        Budget message: capital program.
5.15.        Budget message: supporting schedules.
5.16.        Budget.
5.17.        Anticipated revenues.
5.18.        Anticipated revenues compared with other years.
5.19.        [Repealed].
5.20.        Miscellaneous revenues.
5.21.        Miscellaneous revenues; anticipated surplus from municipal utility or other public service enterprise.
5.22.        Miscellaneous revenues; measure of estimates.
5.23.        Miscellaneous revenues; receipts from special assessments.
5.24.        Miscellaneous revenues; from new sources.
5.25.        Proposed expenditures.
5.26.        Proposed expenditures: comparison with other years.
5.27.        Down payments on capital projects.
5.28.        Budget summary.

CHARTER

## Article VI.   Department of Finance

6.01.        Director of finance; appointment.
6.02.        Director of finance: qualifications.
6.03.        Director of finance: surety bond.
6.04.        Director of finance: powers and duties.
6.05.        Work programs: allotments.
6.06.        Allotments constitute basis of expenditures and are subject to revision.
6.07.        Transfers of appropriations.
6.08.        Accounting supervision and control.
6.09.        When contracts and expenditures prohibited.
6.10.        Appropriations lapse at end of year.
6.11.        Fees shall be paid to city government.
6.12.        Purchases.
6.13.        Competitive bidding.
6.14.        Contracts for city improvements.
6.15.        Accounting control of purchases.
6.16.        No contract executed until bond ordinance effective.
6.17.        Emergency appropriations.
6.18.        Borrowing to meet emergency appropriations.
6.19.        Borrowing in anticipation of property taxes.
6.20.        Borrowing in anticipation of other revenues.
6.21.        Notes redeemable prior to maturity.
6.22.        Sale of notes: report of sale.

## Article VII.   Council Districts

7.01.        Number established.
7.02.        Establishment of the original districts.
7.03.        Reapportionment.

## Article VIII.   Succession in Government

8.01.        Rights of officers and employees preserved.
8.02.        Continuance of present officers.
8.03.        Status of officers and employees holding positions when the council-manager
             form of government is adopted.
8.04.        Transfer of records and property.
8.05.        Continuity of offices, departments, boards or agencies.
8.06.        Continuance of contracts and public improvements.
8.07.        Pending actions and proceedings.
8.08.        Pension and relief funds.
8.09.        Independent authorities, boards, agencies, etc.
8.10.        When provisions take effect.
8.11.        Continuance of ordinances and resolutions.

## Article IX.   General Provisions

9.01.        Prohibition on appointment or removal of officers and employees.
9.01(a).     Removal of officers or employees.
9.02.        Right of city manager and other officers in council.

PHENIX CITY CODE

9.03.          Investigations by council or city manager.
9.04.          Contracts extending beyond one year.
9.05.          Publicity of records.
9.06.          Officers and employees not to be privately interested in city's contracts.
9.07.          Official bonds.
9.08.          Oath of office.

**Article X.   Abandonment of Council-Manager Form of Government**

10.01.         Generally.
10.02.         Petition for change of form of government.
10.03.         No election on change more often than two years.

**Article XI.   General Statutory Provisions**

11.01.         Effect of this act on existing law.
11.02.         Separability clause.
11.03.         Short title.
11.04.         Effective date.

CHARTER                                                    1.02

Act No. 71 H. 114—Baker, Whatley

AN ACT

To permit any city in the State of Alabama having a population of not less than 23,000 nor more than 27,000 inhabitants according to the 1970 or any subsequent federal decennial census to adopt the council-manager form of municipal government, to provide for the calling and holding of elections to vote thereon, to provide for the election and term of the first council, to define the legal status, form of government and powers of the city, to provide for subsequent elections of members of the council, their number and their terms of office, to provide for the qualification, powers and authority of the council, the mayor and the city clerk, and for the election of the mayor and city clerk, to provide for the appointment and removal and to define the powers of the city manager, to provide for an annual budget, its preparation, submission, adoption and effect, to create and define the powers and duties of a department of finance and of the director thereof, to regulate purchases and contracts of the city, and to define their powers and authority, to set up the terms and effects of succession in government of any city adopting the council-manager form of government, to provide for the establishment and re-establishment of districts, to make various other provisions for such form of government of any such city, and to provide for the means of abandoning the council-manager form of government.

Be It Enacted by the Legislature of Alabama:

## Article I. Adoption of Council-Manager Form of Government—Election and Term of Council

### 1.01. Cities to which act applies.

Any city in the State of Alabama, which has a population of not less than 23,000 nor more than 27,000 inhabitants according to the 1970 or any subsequent federal decennial census, may adopt the council-manager form of government by proceeding in the manner hereafter in this act provided.

### 1.02. Petition for election.

The filing of a petition signed by ten percent or more of the number of qualified voters who voted in the last city general election held in such city, asking that the question of the adoption of the council-manager form of government for such city be submitted to the qualified voters thereof, with the judge of probate of the county in which such city is located, shall mandatorily require an election to be held as herein provided. Whenever such a petition purporting to be signed by at least ten percent of the number of qualified voters who voted in the last city general election held in such city shall be presented to such judge of probate, he shall examine such petition and determine whether or not the same is signed by at least ten percent of the number of qualified voters who voted in the last city general election held in such city, and if such petition is signed by the requisite number of voters to require such an election, he shall

1.02                            PHENIX CITY CODE

within 15 days from the receipt of such petition certify such fact to the mayor or other chief executive officer of the city for which such election is so petitioned, and the certificate of the judge of probate as to the sufficiency of said petition shall be final.

### 1.03. Call of election by mayor.

The mayor or other chief executive officer of such city shall immediately upon receipt of such certificate from the probate judge, by proclamation, submit the question of the adoption of the council-manager form of government for such city, under this act, at a special election to be held at a time specified in such proclamation, not less than 40 days and not more than 60 days after the receipt of said certificate from said probate judge, unless a general or regular election is to be held within 90 days after receipt of such certificate, in which event the special election herein provided for shall be held at the same time as such general or regular election. Should the election not be called by proclamation within ten days after receipt of his certificate, the judge of probate shall call such election by order at a time specified therein but not less than 40 days and not more than 60 days after the receipt by said mayor or other chief executive officer of the said certificate of the probate judge, unless a general or regular election is to be held within 90 days after receipt of such certificate, in which event the special election herein provided for shall be held at the same time as such general or regular election.

### 1.04. Second election not called within four years.

If the council-manager form of government is not adopted at the special election so called, the question of adopting such form of government shall not be resubmitted to the voters of such city for adoption within four years thereafter, and then the question of adopting said form of government may be resubmitted in the manner above provided.

### 1.05. Question submitted: form of ballot.

At such election the question to be submitted shall be printed in plain prominent type on separate ballots and shall read as follows: "Shall the council-manager form of government, as provided by the city manager Act of 1977 be adopted for the City of _____.

"Yes _____"

"No _____"

The voter shall mark his ballot with a cross mark before or after the word which expresses his choice. No other question shall be submitted to the voters of such city upon this ballot. If voting machines are used at any voting place in such election, the above question may at the discretion of the election commission of the city or other body having charge of the conduct of municipal elections in such city, be submitted as a separate question on voting machines so used.

### 1.06. Conduct, canvassing and declaration of result of election.

The election thereupon shall be conducted, the vote canvassed and the result declared in the same manner as provided by law in respect to other city elections. If the majority of the votes

shall be "yes" or in favor of such question, the provisions of this article shall thereby be adopted for such city, and the mayor shall within five days of the election transmit to the governor, to the secretary of state, and to the judge of probate of the county in which the city is located, each, a certificate of adoption stating that such question was adopted by such city.

### 1.07. Election of first council: term of office.

Within five days of the date of his receipt of the certificate of adoption the probate judge with whom the certificate was filed shall call an election to be held on the first Tuesday in September after the first full month of July following the adoption of this act. The expenses of this election shall be paid by the city. Before calling such election the probate judge shall cause the city to be divided into three districts containing as nearly equal number of people as possible. Candidates shall qualify in the manner prescribed in Section 3.02 hereof and shall have the qualifications and eligibility set forth in Sections 3.03 and 3.04 hereof. Each candidate shall announce if he is to become a candidate for mayor, or councilman-at-large, or if he desires to become a candidate for one of three district posts, either District Post 1, District Post 2 or District Post 3. A candidate for a district post shall reside in his district. Each voter in the election may cast one vote for a candidate for councilman-at-large and one vote for a candidate from the district in which he resides. Any candidate receiving a majority of the total votes cast for candidates for mayor, councilman-at-large, District Post 1, District Post 2 and District Post 3 shall be elected as the councilman from his post. In the event no candidate received such a majority in the said election, there shall be a run-off election to be held two weeks after the first election. In the run-off election only those two candidates from each post who received the largest vote in the first election shall be eligible in the run-off election, and only these two shall have their names placed on the ballot for the run-off election. Any candidate receiving a majority of the total votes cast in the run-off election shall be elected councilman from his post. The councilman so elected shall take office on the first Monday in October following the election. Each councilman shall hold office for three years, but shall serve until his successor shall have qualified. A councilman may succeed himself in office.

### 1.08. The council.

The councilman provided for in this article shall be known collectively as the council of the city of _____ (Name of said city to be inserted) and shall have the powers and duties hereinafter provided. The council first elected shall qualify and take office in the manner hereinafter prescribed on the first Monday in October following the date when the election of all councilmen is completed, and thereupon such city shall be and become organized under the council-manager form of government provided under this act, and shall thereafter be governed by the provisions of this act.

## Article II. Legal Status: Form of Government: Powers

### 2.01. Legal status.

Any municipal corporation which adopts the council-manager form of government shall continue its existence as a body corporate without change in the name of the municipal

corporation. The word "city" as hereinafter used shall mean and refer to any municipal corporation which has adopted the council-manager form of government. The city shall continue as a municipal corporation, within the corporate limits as then established, and as thereafter fixed in the manner prescribed by law, subject to all the duties and obligations then pertaining to or incumbent upon it as a municipal corporation and shall continue to enjoy all the rights, immunities, powers and franchises then enjoyed by it, as well as those that may thereafter be granted to it.

## 2.02. Form of government.

The municipal government of any such city proceeding under this act shall be known as the "council-manager form of government." Pursuant to the provisions and limitations of this act and subject to the limitations imposed by the Constitution of Alabama and its laws, all powers of the city shall be vested in the council elected as herein provided and hereinafter referred to as "the council." All powers of the city shall be exercised in the manner prescribed by this act, or if the manner be not prescribed, then in such manner as may be prescribed by law or by ordinance.

## 2.03. Powers of city.

The city shall have all the powers granted to municipal corporations and to cities by the constitution and laws of this state together with all the implied powers necessary to carry into execution all the powers granted. The city may acquire property within or without its corporate limits for any city purpose, in fee simple or any lesser interest or estate, by purchase, gift, devise, lease or condemnation, and may sell, lease, mortgage, hold, manage and control such property as its interest may require; and, except as prohibited by the constitution and laws of this state or restricted by this act, the city shall and may exercise all municipal powers, functions, rights, privileges and immunities of every name and nature whatsoever. The enumeration of particular powers by this act shall not be deemed to be exclusive, and in addition to the powers enumerated herein or implied thereby, or appropriate to the exercise of such powers, it is intended that the city shall have and may exercise all powers which, under the constitution of this state, it would be competent for this act specifically to enumerate.

## Article III. The Council

### 3.01. Number, election, term.

The council in the municipality shall have five members with two elected at-large by all of the voters of the municipality and three elected from districts by voters within each district, the council elected in the manner prescribed in Section 1.07 of Act 71. The regular municipal elections in the municipality shall be held on the first Tuesday in September, 2001, and each three years thereafter, and when necessary, a second or runoff election shall be held on the third Tuesday next thereafter following the regular election. Each council member shall hold office for three years, but shall serve until his or her successor shall have qualified. Beginning in 2004, the regular municipal elections in the municipality shall be held on the first Tuesday

in September, 2004, and each four years thereafter, and when necessary, a second or runoff election shall be held on the third Tuesday next thereafter following said regular election. Each council member shall hold office for four years beginning with the election of 2004, but shall serve until his or her successor shall have qualified. A council member may succeed himself or herself in office. Each of the three district council members shall reside within the limits of his or her district during the term of his or her office and if any district council member shall remove from within the limits of his or her district for 60 consecutive days his or her office shall become vacant.

(Act No.1989-832, § 1; Act No. 2000-641, § 2)

### 3.02. Statement of candidacy.

Any person desiring to become a candidate at any election for the office of councilman may become such candidate by filing in the office of the judge of probate of the county in which such city is situated, a statement in writing of such candidacy, accompanied by an affidavit taken and certified by such judge of probate or by a notary public that such person is duly qualified to hold the office for which he desires to be a candidate. Such statement shall be filed at least 30 days before the day set for such election and shall be in substantially the following form:

State of Alabama

County of _____

I, the undersigned, being first duly sworn, depose and say that I am a citizen of the City of _____, that I desire to become a candidate for the office of councilman, Post _____, in said City at the election for said office to be held on the _____ day of September next and I am duly qualified to hold said office if elected thereto and I hereby request that my name be printed upon the official ballot at said election.

                        Signature of candidate

                        _____

Typed name of candidate

Subscribed and sworn to before me by said _____ on this ____ day of _____, 19____.

Filed in my office on this _____ day of _____, 19____.

                        _____

                        Judge of Probate

Said statement shall be accompanied by a petition signed by not less than, nor more than ten electors, who shall be designated as said candidate's sponsors. In the case of a candidate for a district post, sponsors may but need not reside within the district in which the candidate

3.02                          PHENIX CITY CODE

resides. No elector shall sign more than one such petition, and should an elector do so, he shall be guilty of a misdemeanor. With each signature shall be stated the place of address of each sponsor. Nominating petitions shall be in substantially the following form:

"We, the undersigned ten electors of the city of _____, hereby nominate and sponsor _____, whose residence is _____, as a candidate for the office of councilman, Post _____, in the election to be held on the _____day of September, 19____; and we individually certify that our names have appeared on the rolls of registered voters of this city within the last year, that we are qualified to vote for a candidate for the council and that we have not signed any other nominating petition for that office. We further state that we know said _____ to possess the qualifications necessary for said office, and to be in our judgment a fit and proper person to hold said office. Witness our hands on this the ___ day of _____, 19_____."

### 3.02(a). Campaign expenses.

Each candidate shall file with the probate judge, within ten days after the election in which he has been a candidate, an accounting of all campaign contributions and expenditures exceeding $10.00 and shall comply with provisions in existing law which require the filing of campaign contributions and expenses.

### 3.03. Ballot.

At every such election all ballots to be used by voters shall be printed and prepared by the election commission or other body having charge of the conduct of municipal elections in said city, and shall contain the names of all candidates for each post directly underneath the words "For members of the council from post _____." No name shall appear upon said ballot as a candidate for election except the names of such persons as have become candidates according to provisions as above set forth; no ballot shall be used at any such election except the official ballot prepared by the election commission or other body having charge of the conduct of municipal elections in said city, except that the names of candidates may be suitably placed on voting machines if such machines are used to conduct such election.

### 3.04. Eligibility.

Councilmen shall be qualified electors of the city, and shall hold no other public office except that of notary public or member of the national guard or naval or military reserve. If the councilman shall cease to possess any of these qualifications or shall be convicted of crime involving moral turpitude, his office shall immediately become vacant.

### 3.05. Compensation.

Effective at the beginning of the next term of office, the mayor shall receive as compensation for his or her services the sum of $1,000.00 per month, provided that the total does not exceed $12,000.00 per annum. Each council member shall receive as compensation for his or her services the sum of $800.00 per month, provided that the total does not exceed $9,600.00 per

annum. The mayor and council members may be reimbursed for actual expenses incurred in and about the performance of their duties, only if such expenses are approved by the council at a regular meeting. No salary increase may be made effective except at the beginning of a new term.

(Act No. 1980-301, § 1; Act No. 1988-385, § 1; Act No. 2001-643, § 2)

### 3.06. Presiding officer; mayor.

The mayor shall preside at meetings of the council, and shall be recognized as head of the city government for all ceremonial purposes and by the governor for purposes of military law, but shall have no regular administrative duties. The council shall elect from its membership at the first regular meeting a mayor pro-tem who shall act as mayor during the absence or disability of the mayor. The mayor and mayor pro-tem when so elected shall hold their respective officers until the next council takes office; provided that if the mayor or mayor pro-tem or both shall cease to be a member of the council his or their offices as such mayor or mayor pro-tem shall become vacant. If the mayor's post is vacated with less than 12 months remaining in the term, the mayor pro-tem will fill the unexpired term of the mayor. If the mayor's post is vacated with 12 months or more remaining in the term, a special election will be called, in accordance with provisions for special elections. The probate judge shall call said special election within 15 days and no more than 60 days after certification of the vacancy by the council.

### 3.07. Powers.

All powers of the city, including all powers vested in it by this act, by the laws, general and local, of the state, and by Title 62 of the Code of Alabama of 1910, as amended [now obsolete], and the determination of all matters of policy, shall be vested in the council. Without limitation of the foregoing, the council shall have power to:

(a)    Appoint and remove the city manager.

(b)    Establish other administrative departments and distribute the work of divisions.

(c)    Adopt the budget of the city.

(d)    Authorize the issuance of bonds or warrants.

(e)    Inquire into the conduct of any office, board, department or agency of the city and make investigations as to municipal affairs.

(f)    Appoint the members of all boards, commissions or other bodies authorized hereunder or by law. This provision for appointment of members of boards, commissions or other bodies authorized hereunder or by law shall supersede any different provision for appointment of such members contained in any statute or ordinance in effect at the time of adoption by the city of the council-manager form of government set up by this act, and shall include power to remove any member of any board, commission or body to the same extent as might be done by the governing body of the city at the time of adoption by the city of the council-manager form of government set up by this act and

to appoint another in his stead. And wherever in any statute in effect at the time of adoption by the city of said council-manager form of government the chief executive officer of the city is designated to act in any capacity ex-officio, the mayor shall act.

**Editor's note**—Title 62 of the Code of Alabama of 1910 (referenced in the first sentence of Section 3.07) was a compilation of local acts. Such compilation is no longer in the current state statutes and has not been kept current.

## 3.08. Appointment of city manager.

The council by a majority vote of the whole qualified membership of the council shall appoint a city manager, who shall be an officer of the city and shall have the powers and perform the duties in this act provided. No councilman shall receive such appointment during the term for which he shall have been elected, nor within one year after the expiration of his term; nor shall he receive any appointment as city manager under the provisions of Section 4.03 of this act during the term for which he shall have been elected. The civil service act, if any, applicable to the city shall not apply to the approval or the removal of the city manager.

A temporary, acting city manager may be designated by the council to serve for not more than four months in these events but in only these events:

(a) When the first council shall take office after adoption of this act by the city.

(b) Following the removal of any permanent city manager.

Such temporary acting city manager shall perform the duties and assume the obligations of the office of city manager but he may be removed summarily by the council at any time. If the council shall permit the temporary acting city manager to serve for longer than four months he shall become the permanent city manager and shall be entitled to all benefits granted the permanent city manager.

## 3.09. Removal of city manager.

The council shall appoint the city manager for an indefinite term, but the council may remove him at any time by a majority vote of the whole qualified membership of the council.

## 3.10. Council not to interfere in appointments or removals.

Neither the council nor any of its members shall direct or request the appointment of any person to, or his removal from, office by the city manager or by any of his subordinates, or in any manner take part in the appointment or removal of officers and employees in the administrative service of the city. Except for the purpose of inquiry, the council and its members shall deal with the administrative service solely through the city manager and neither the council nor any member thereof shall give orders to any subordinates of the city manager, either publicly or privately.

### 3.11. [Filling vacancy on council.]

If a council post is vacated with 12 months or more remaining in the term, a special election shall be called by the mayor. Such special election shall be held and conducted, the returns thereof made and certificates given and the election regulated in all respects by the provisions of the election of councilmen under this act. If a council post is vacated with less than 12 months remaining in the term, the vacancy shall be filled by the council at any regular meeting within four weeks after the vacancy occurs. In event of a deadlock and for the purpose of breaking the deadlock, the mayor shall cast an additional vote. For the purposes of this section a deadlock shall be deemed to exist when, at the end of the third regular meeting of the council following the creation of a vacancy the council shall not have selected a person to fill the vacancy. The person selected to fill a vacancy shall possess all of the qualifications set out in this act including residence in the district he represents, and he shall hold office until the next election of councilman.
(Act No.1981-426, § 1)

### 3.12. Creation of new departments or offices: change of duties.

The council by ordinance may create, change, and abolish offices, departments, boards or agencies, other than the offices, departments, boards or agencies established by this act. The council by ordinance may assign additional functions or duties to offices, departments, boards or agencies established by this act, but may not discontinue or assign to any other office, department, board or agency, any function or duty assigned by this act to a particular office, department, board or agency.

### 3.13. City clerk.

If the city clerk of any city which adopts the council-manager form of government holds office subject to any civil service or merit system, such clerk shall continue to be the city clerk under the council-manager form of government of such city, and his successor shall be selected and hold office subject to the provisions of such civil service or merit system. If the city clerk of any city which adopts the council-manager form of government does not hold office subject to any civil service or merit system, the council shall elect the city clerk. The city clerk shall give notice of meetings of the council, shall keep the journal of its proceedings which shall be authenticated by his signature. He shall record in full in said journal all ordinances and resolutions and the minutes of all the meetings of the council. He shall also record in said journal any written certificates or declarations received by the council under the provisions of Section 5.22 and 5.24 hereof. He shall perform such other duties as shall be required by this act or by ordinance, and such duties as are imposed by general law of Alabama upon city clerks and as to which other provisions are not made in this act. He shall keep the journal open for public inspection at all reasonable times.

### 3.14. Induction of council into office: meetings of council.

The first meeting of each newly elected council for induction into office shall be held at 10:00 a.m. on the first Monday in October next following its election, after which the council shall meet regularly at such times as may be prescribed by its rules, but not less frequently than once each month. All meetings of the council shall be open to the public.

3.15                              PHENIX CITY CODE

**3.15. Council to be judge of qualifications of its members.**

The council shall be the judge of the election and qualifications of its members and for the purpose of investigating such election and qualifications shall have power to subpoena witnesses and require the production of records, but the decision of the council in any such case shall be subject to review by the courts.

**3.16. Rules of procedure.**

The council shall determine its own rules and order of business.

**3.17. Meetings, passage of ordinances, etc.**

The council shall hold regular public meetings as may be prescribed by its own rules, provided that a regular hour and day shall be fixed by the order of said council, and publicly announced. It may hold such adjourned, called, special or other meetings as the business of the city may require. The mayor when present and in his absence the mayor pro-tem shall preside at all meetings of said council. A majority of the whole qualified membership of the council shall constitute a quorum for the transaction of any and every power conferred upon said council. The affirmative vote of a majority of the quorum shall be necessary and sufficient for the passage of any resolution, rule or ordinance, or the transaction of any business of any sort by the said council or the exercise of any of the powers conferred upon it by the terms of this act or which may hereafter be conferred upon it. No resolution or ordinance granting any franchise, appropriating any money for any purpose, providing for any public improvements, any regulation concerning the public health, or of any other general or permanent nature shall be enacted except at a regular public meeting of said council or an adjournment thereof; provided that a resolution or ordinance of any emergency nature may be passed by the council at any meeting. A resolution or ordinance shall be deemed to be of any emergency nature if it shall be declared so to be by an affirmative vote of not less than four-fifths of the whole qualified membership of the council. Every ordinance introduced shall be in writing and read before any vote thereon shall be taken, and the yeas and nays thereon shall be recorded. A record of the proceedings of every meeting of the council shall be taken and prepared by the city clerk, and the record of the proceedings of the meeting shall, when approved by the council, be signed by the mayor and the city clerk and entered in the journal. The journal shall be kept available for inspection by all persons at all reasonable times. No ordinance of permanent operation shall be passed at the meeting at which it was introduced except by unanimous consent of all members of the council present and such unanimous consent shall be shown by the aye and nay votes entered upon the minutes of said meeting; provided, however, that if all members of the council present vote for the passage of the ordinance and their names are so entered of record as voting in favor thereof, it shall be construed as giving unanimous consent to the action upon such ordinance at the meeting at which it is introduced. Publication of ordinances shall be had as provided in Alabama Code of 1940, Title 37, Section 462, as amended [now Code of Ala. 1975, § 11-45-8].

CHARTER

### 3.18. Granting of franchises.

No resolution or ordinance, granting to any person, firm or corporation any franchise, lease or right to use the streets, public highways, thoroughfares, or public property of the city, either in, under, upon, along, through, or over same shall take effect and be enforced until 30 days after the final enactment of same by the council and publication of said resolution or ordinance in full once a week for three consecutive weeks in some newspaper published in said city, which publication shall be made at the expense of the persons, firm or corporation applying for said grant. Pending the passage of any such resolution or ordinance or during the time intervening between its final passage, and the expiration of the 30 days during which publication shall be made as above provided, the legally qualified voters of said city may, by written petition or petitions addressed to said council object to such grant, and if during such period such written petition or petitions signed by at least five percent of the legally qualified voters of the city shall be filed with said council, said council shall forthwith order an election, which shall be conducted by the election commission of the city or other body having charge of the conduct of municipal elections of the city at which election the legally qualified voters of said city shall vote for or against the proposed grant. In the call for said election, the said resolution or ordinance making such grant shall be published one time at length and in full at the expense of the city in a newspaper published in said city. If a majority of the votes cast at such election shall be against the protected grant, then and in those events, said resolution or ordinance shall not become effective nor shall it confer any rights, powers or privileges of any kind; otherwise, said resolution or ordinance and said grant shall thereupon become effective as fully and to the same extent as if said election had not been called or held. If, as the result of said election, said resolution or ordinance shall be disapproved, then it shall be deemed null and void. But if as a result of said election the proposed grant shall be approved, the council shall adopt a resolution stating the fact of such approval, and such resolution shall, without further proceedings or advertisement, operate as the adoption of the proposed grant. No grant of any franchise or lease or right of user, or any other right in, under, upon, along, through, or over the streets, public highways, thoroughfares or public property of any such city, shall be made or given nor shall any such rights of any kind whatever be conferred upon any person, firm or corporation, except by a resolution or ordinance duly passed by the council at some regular or adjourned meeting and published as above provided for in this section; nor shall any extension or enlargement of any such rights or powers previously granted be made or given except in the manner and subject to all conditions herein provided for as to the original grant of same. It is expressly provided, however, that the provisions of this section shall not apply to the grant of side track or switching privileges to any railroad or street car company for the purpose of reaching and affording railway connections, and switch privileges to the owners or users of any industrial plant, store or warehouse; provided further that said side track or switch shall not extend for a greater distance than 1,320 measured along said track or switch.

### 3.19. Codification authorized.

The council may provide for the revision and codification of its ordinances and permanent resolutions, or for the adoption of a code or codes.

**3.20. Examination of books and publication of accounts.**

The council shall each month make available in the office of the city manager a detailed statement of all receipts and expenses of the city, and a summary of its proceedings during the preceding month. At the end of each year, the council shall cause a full and complete examination of all the books and accounts of the city to be made by a qualified public accountant, and shall cause the result of such examination to be placed in the office of the city clerk and the office of the city manager, to be open for inspection by all persons. Such examination shall not be made more than two years in succession by the same accountant or firm.

## Article IV. The City Manager

**4.01. The city manager: qualifications.**

The city manager shall be chosen by the council solely on the basis of his executive and administrative qualifications with special reference to his actual experience in, or his knowledge of, accepted practice in respect to the duties of his office as hereinafter set forth. At the time of his appointment, he may but need not be a resident of the city or state, but during his tenure of office he shall reside within the city.

**4.02. The city manager: powers and duties.**

The city manager shall be the head of the administrative branch of the city government. He shall be responsible to the council for the proper administration of all affairs of the city and, subject to the provisions of any civil service or merit system law applicable to such city and except as otherwise provided herein, he shall have power and shall be required to:

  (1)  Enforce all laws and ordinances.

  (2)  Appoint and, when necessary for the good of the service, remove all officers and employees of the city except as otherwise provided by this act and except as he may authorize the head of a department or office to appoint and remove subordinates in such department or office; provided that he shall not appoint or remove officers and employees of:

    (a)  Any library board of the city;

    (b)  Any board of the city having control over any park, recreation facility, fair or exhibit;

    (c)  Any school board of the city;

  (3)  Exercise administrative supervision and control over all officers, employees, offices, departments, boards and agencies created by this act or hereafter created by the council, except those enumerated in Subdivisions (a) to (i) inclusive of Subsection (2) of this section, and except those otherwise given independent status.

CHARTER                                                                    5.01

(4)   Keep the council fully advised as to the financial conditions and needs of the city; to prepare and submit the budget proposal annually to the council and be responsible for its administration after its adoption; to prepare and submit, as of the end of the fiscal year, a complete report on the financial and administrative activities of the city for such year.

(5)   Recommend the council such actions as he may deem desirable.

(6)   Prepare and submit to the council such reports as may be required of him.

(7)   Perform such other duties as may be prescribed by this act or required of him by ordinance or by resolution of the council not inconsistent with this act.

(Act No. 1978-426, § 1)

### 4.03. Absence of city manager.

To perform his duties during his temporary absence or temporary disability, the manager may designate by letter filed with the city clerk a qualified administrative officer of the city. In the event of failure of the manager to make such designation, the council may by resolution appoint a qualified administrative officer of the city to perform the duties of the manager until he shall return or his disability shall cease.

### 4.04. Administrative department.

There shall be a department of finance, and such other departments as may be established by ordinance upon the recommendation of the manager.

### 4.05. Directors of departments.

At the head of each department there shall be a director, who shall be an officer of the city and shall have supervision and control of the department subject to supervision and control of the city manager. Two or more departments may be headed by the same individual. The city manager may head one or more departments. Directors of departments may also serve as chiefs of divisions.

### 4.06. Departmental divisions.

The work of each department may be distributed among such divisions thereof as may be established by ordinance upon the recommendation of the city manager. Pending the passage of an ordinance or ordinances distributing the work of departments under the supervision and control of the city manager among specific divisions thereof, the city manager may establish temporary divisions.

## Article V. Budget

### 5.01. Fiscal year.

The fiscal year of the city government shall begin on the first day of October and shall end on the last day of September of each calendar year. Such fiscal year shall also constitute the budget and accounting year. As used in this act, the term "budget year" shall mean the fiscal year for which any particular budget is adopted and in which it is administered.

5.02                                    PHENIX CITY CODE

**5.02. Preparation and submission of budget proposal.**

The city manager, at least 35 days prior to the beginning of each budget year, shall submit to the council a budget proposal and an explanatory budget message in the form and with the contents provided by Sections 5.12 to 5.15, inclusive, of this act. For such purpose, at such date as he shall determine, he, or an officer designated by him, shall obtain from the head of each office, department, board or agency estimates of revenue and expenditure of that office, department, board or agency, detailed by organization units and character and object of expenditure, and such other supporting data as he may request; together with an estimate of all capital projects pending or which such department head believes should be undertaken (a) within the budget year and (b) within the five next succeeding years. In preparing the budget, the city manager shall review the estimates, shall hold hearings thereon and may revise the estimates, as he may deem advisable.

**5.03. Budget proposal a public record.**

The budget proposal and budget message and all supporting schedules shall be a public record in the office of the city clerk open to public inspection by anyone. The city manager shall cause sufficient copies of the budget proposal and budget message to be prepared for distribution to interested persons.

**5.04. Publication of notice of public hearing.**

At the meeting of the council at which the budget proposal and budget message are submitted, the council shall determine the date and time of the public hearing on the budget proposal, and shall cause to be published a notice of the place and date, not less than seven days after the date of publication nor later than 15 days prior to the beginning of the next budget year, at which the council will hold a public hearing. Publication shall be made at least once in a newspaper published and of general circulation in the city.

**5.05. Public hearing on budget proposal.**

At 7:00 p.m. on the date advertised, or at any night to which such public hearing shall from time to time be adjourned, the council shall hold a public hearing on the budget proposal, at which all interested persons shall be given an opportunity to be heard, for or against the estimates or any item thereof.

**5.06. Further consideration of budget proposal.**

After the conclusion of such public hearing the council may insert new items or may increase or decrease the items of the budget proposal, except items in proposed expenditures, fixed by law or prescribed by Subsections (a), (b), (c), (d), (e), (f), (g), (h) and (i) of Section 5.25. The council may not vary the titles, description or conditions of administration specified in the budget proposal. Before inserting any new item or increasing or decreasing any item of appropriation, it must cause to be published, in the manner provided in Section 5.04 of this act, a notice setting forth the nature and amount of the proposed increases or decreases and fixing

a place and date, not less than five days after publication, at which the council will hold a public hearing thereon. The public hearing shall be held at 7:00 p.m. on the date specified in the notice, or at any night to which such public hearing shall from time to time be adjourned.

### 5.07. Adoption of budget.

After the public hearing prescribed in Section 5.05 hereof, the council may at its next or any subsequent regular public meeting or any adjournment thereof adopt as the budget, the budget proposal without amendment or change. In this event it shall not be necessary that the council have further consideration of the ordinance as prescribed in Section 5.06 hereof. If such further consideration is made necessary by the insertion of any new item or by the increase or decrease of any item, then the council, after the public hearing prescribed in Section 5.06 hereof, may at its next or any subsequent regular meeting or any adjournment thereof, adopt the budget. The council may insert in this budget the additional item or items or make the increase or decrease to the amount in each case indicated by the published notice, or to a lesser amount, but where the total proposed expenditures shall be increased, the total anticipated revenue shall also be increased to an amount at least revenue shall also be increased to an amount at least equal to the total proposed expenditures.

### 5.08. Vote required for adoption.

The budget shall be adopted by the favorable votes of at least a majority of the whole qualified membership of the council.

### 5.09. Date of final adoption; failure to adopt.

The budget shall be finally adopted not later than the first day of October of each year. If for any reason the council fails to adopt the general fund budget on or before such day, the general fund budget of the current fiscal year shall be the general fund budget for the ensuing year, until such time as a newly revised budget shall be adopted by the council, and, until such time, shall have full force and effect to the same extent as if the same had been adopted by the council, notwithstanding anything to the contrary in this act.

### 5.10. Effective date of budget; certification; copies made available.

Upon final adoption, the budget shall be in effect for the budget year. A copy of the budget, as finally adopted, shall be certified by the city manager and city clerk and filed in the office of the director of finance. The budget so certified shall be printed, mimeographed or otherwise reproduced and sufficient copies thereof shall be made available for the use of all offices, departments, boards and agencies and for the use of interested persons.

### 5.11. Budget establishes appropriations.

From the effective date of the budget, the several amounts stated therein as proposed expenditures shall become appropriated to the several objects and purposes therein named.

PHENIX CITY CODE

**5.12. Budget message; current operations.**

The budget message submitted by the city manager to the council shall be explanatory of the budget, of the budget proposal and shall contain an outline of the proposed financial policies of the city for the budget year and shall describe in connection therewith the important features of the budget plan. It shall set forth the reasons for proposed important changes from the previous year in cost and revenue items and shall point up and explain any proposed important changes in policy.

**5.13. Budget message; capital improvements.**

As a part of the budget message, with relation to the proposed expenditures for down payments and other proposed expenditures for capital projects stated in the budget proposal, the city manager shall include a statement of pending capital projects and proposed new capital projects, relating each project to respective amounts proposed to be raised therefor by appropriations in the budget proposal and the respective amounts, if any, proposed to be raised therefor by the issuance of bonds or obligations during the budget year.

**5.14. Budget message: capital program.**

The city manager shall also include in the budget message, or attach thereto, a capital program of proposed capital projects for the five fiscal years next succeeding the budget year, prepared by the planning board and city manager together with his comments thereon and any estimates of costs prepared by any office, department, board or agency. For the use of the planning board and city manager in preparing such capital program, copies of the departmental estimates of capital projects, filed with the city manager pursuant to Section 5.02 of this article, shall be filed with the board.
(Act No. 1980-301, § 2)

**5.15. Budget message: supporting schedules.**

Attached to the budget message shall be such supporting schedules, exhibits and other explanatory material, in respect to both current operations and capital improvements, as the city manager shall believe useful to the council.

**5.16. Budget.**

The budget and budget proposal shall provide a complete financial plan for the budget year. It shall contain in tabular form:

(a) A general summary;

(b) Detailed estimates of all anticipated revenues;

(c) Detailed estimate of all proposed expenditures.

The total of such anticipated revenues shall equal the total of such proposed expenditures.

CHARTER                                                                5.22

### 5.17. Anticipated revenues.

In the budget and budget proposal, anticipated revenues shall be classified as 'miscella-
neous revenues' and 'amount to be raised by property tax': miscellaneous revenues shall be
subclassified by sources and shall be estimated as prescribed in this article.
(Act No. 1980-301, § 3)

### 5.18. Anticipated revenues compared with other years.

In the budget and budget proposal in parallel columns opposite the several items of
anticipated revenues there shall be placed the amount of each such item in the budget of the
last completed fiscal year, the amounts of such items actually received during the last
completed budget year, the amount of each such item in the budget of the current fiscal year
and the amount actually received to the time of preparing the budget proposal plus receipts for
the remainder of the current fiscal year estimated as accurately as may be.

### 5.19. [Repealed].
(Act No. 1980-301, § 5)

### 5.20. Miscellaneous revenues.

Miscellaneous revenues shall include anticipated revenues from the collection of taxes other
than the general property tax; the amount of state aid to be received; the amount by which the
city is expected to benefit from taxes collected by the state; the amounts estimated to be
received from services and sales, fines and forfeitures, pension or retirement system payments,
special assessments, borrowed monies and any other special or non-recurring sources. Nothing
in this section shall, however, be construed as permitting or requiring the diversion of
ear-marked, pledged or dedicated funds to purposes other than those for which they are
earmarked, pledged or dedicated.

### 5.21. Miscellaneous revenues; anticipated surplus from municipal utility or other
public service enterprise.

The anticipated revenues and proposed expenditures of each utility or other public service
enterprise owned, or operated, by the city, shall be stated in a separate section of the budget
(each bearing the name of the utility); and as to each such utility, any anticipated surplus, if
legally available for general purposes, shall be stated as an item of miscellaneous revenue in
the budget and the budget proposal.

### 5.22. Miscellaneous revenues; measure of estimates.

No miscellaneous revenue from any source shall be included as an anticipated revenue in
the budget in an amount in excess of the average of the amount actually realized in cash from
the same source in the next preceding fiscal year, and that actually realized in the first ten
months of the current fiscal year plus that to be received in the remaining two months of the

5.22                              PHENIX CITY CODE

year estimated as accurately as may be, unless the city manager shall determine that the facts clearly warrant the expectation that such excess amount will actually be realized in cash during the budget year and shall certify such determination in writing to the council.

**5.23. Miscellaneous revenues; receipts from special assessments.**

In the budget and budget proposal revenues from the collection of special assessments on property specially benefited shall not be stated in an amount which is in excess of the amount of the receipts so derived which it is estimated will be held in cash on the first day of the budget year.

**5.24. Miscellaneous revenues; from new sources.**

No revenue from a new source not stated in the budget for the current budget year shall be included in the budget unless the city manager shall determine that the facts clearly warrant the expectation that such revenue will be actually realized in cash during the budget year in the amount stated and shall certify such determination in writing to the council. If the new revenue is to be received from the state, the anticipated amount shall not exceed the amount which the proper officer of the state shall declare in writing to be the amount which may reasonably be anticipated in the budget year.

**5.25. Proposed expenditures.**

In the budget and budget proposal the proposed expenditures shall be itemized in such form and to such extent as shall be provided by law, and in the absence of such provision, by regulations established by ordinance. Separate provision shall be included in the budget and budget proposal for at least:

(a)  Interest, amortization and redemption charges on the public debt for which the faith and credit of the city is pledged;

(b)  Other statutory expenditures;

(c)  The payment of all judgments;

(d)  The amount by which the total receipts of miscellaneous revenues in the last completed fiscal year failed to equal the total of the budget estimated of receipts from miscellaneous revenues in that year.

(e)  An amount equal to the aggregate of all taxes levied for the third fiscal year prior to the budget year which are delinquent and outstanding on the 60th day prior to the beginning of the budget year, except to the extent the city may have made provision therefor by reserving the full amount of said delinquent taxes;

(f)  An amount equal to the aggregate of all cancellation, remissions, abatements and refunds of taxes, that have been made during the current fiscal year;

(g)  An amount equal to the aggregate of all special revenue notes which it is estimated will be outstanding at the end of the current year in anticipation of the collection of revenues other than the property tax;

CHARTER

5.28

(h)   An amount equal to the aggregate of all emergency notes which it is estimated will be outstanding at the end of the current year;

(i)   If the city is required to make up the deficit arising from the operations of utility or other public service enterprises, an amount equal to the deficit from such operations during the last completed fiscal year, separately stated for each utility or other public service enterprise which appears in a separate section of the budget;

(j)   Administration, operation and maintenance of each office, department, board or agency of the city itemized by character and object of expenditure;

(k)   Contingent expense in an amount not more than three percent of the total amount stated pursuant to Subsection (j) of this section;

(l)   Expenditures proposed for capital projects, including provisions for down payments on capital projects, as required by Section 5.27 of the act.

### 5.26. Proposed expenditures: comparison with other years.

In the budget and budget proposal in parallel columns opposite the several items of proposed expenditures, there shall be placed the amount of each such item in the budget of the current year and the amount actually expended to the times of preparing the budget proposal plus the expenditures for the remainder of the current fiscal year estimated as accurately as may be.
(Act No. 1980-301, § 4)

### 5.27. Down payments on capital projects.

In the budget and budget proposal under the special caption of "down payments on capital projects," as provided in Subsection (1) of Section 5.25 of this act, there shall be separately stated as to each capital project for which it is expected that bonds will be authorized during the budget year, a sum which is not less than five percent of the amount of bond; to be authorized for that project. For purposes of the down payment, all street improvements expected to be partly financed by the issuance of bonds during the budget year may be considered a single project; so also may all proposed extensions of the water system, and likewise all extensions of the sewer system. Such an appropriation for a down payment shall not be required before the issuance of bonds to finance any capital expenditure which is the result of fire, flood or other disaster, or which is for a city owned, or operated, utility or other public service enterprise, or which is to be met in part, in cash, labor or materials, by any agency of the government of the United States of America, or of this state.

### 5.28. Budget summary.

At the head of the budget and budget proposal shall appear a brief summary.

6.01                            PHENIX CITY CODE

## Article VI. Department of Finance

### 6.01. Director of finance; appointment.

There shall be a department of finance, the head of which shall be the director of finance, who shall be appointed by the city manager, subject to the provisions of any merit or civil service system applicable to such city. The chief financial officer of any city which adopts the council-manager form of government who holds office under any civil service or merit system shall be the director of finance under the council-manager form of government.

### 6.02. Director of finance: qualifications.

The director of finance shall have knowledge of municipal accounting and taxation and shall have had experience in budgeting and financial control.

### 6.03. Director of finance; surety bond.

The director of finance shall provide a bond with such surety and in such amount as the council may require by ordinance. The premium shall be paid by the city.

### 6.04. Director of finance: powers and duties.

The director of finance shall have charge of the administration of the financial affairs of the city, and to that end he shall have authority and shall be required to:

(1)   Compile the current expense estimates for the budget for the city manager;

(2)   Compile the capital estimates for the budget for the city manager;

(3)   Supervise and be responsible for the disbursement of all monies and have control over all expenditures to ensure that budget appropriations are not exceeded;

(4)   Maintain a general accounting system for the city government and each of its offices, departments and agencies; keep books for and exercise financial budgetary control over each office, department and agency; keep separate accounts for the items of appropriation contained in the city budget, each of which accounts shall show the amount of the appropriation, the amounts paid therefrom, the unpaid obligations against it and the unencumbered balance; require reports of receipts and disbursements from each receiving and spending agency of the city government to be made daily or at such intervals as he may deem expedient;

(5)   Submit to the council through the city manager a monthly statement of all receipts and disbursements in sufficient detail to show the exact financial condition of the city;

(6)   Prepare for the city manager, as of the end of each fiscal year, a complete financial statement and report;

(7)   Supervise and make all special assessments for the city government, and give such notice of special assessments as may be required by law;

(8) Collect all special assessments, license fees and other revenues of the city for whose collection the city is responsible and receive all money receivable by the city from the county, state or federal government, or from any court, or from any office, department, board or agency of the city.

(9) Have custody of all public funds belonging to or under the control of the city, or any office, department, board or agency of the city government, and deposit all funds coming into his hands in such depositories as may be designated by resolution of the council, or, if no such resolution be adopted, by the city manager, subject to the requirements of law as to surety and the payment of interest on deposits, but all such interest shall be the property of the city and shall be accounted for and credited to the proper account.

(10) Have custody of all investments and invested funds of the city government, or in possession of such government in a fiduciary capacity and have the safekeeping of all bonds and notes of the city and the receipt and delivery of city bonds and notes for transfer, registration or exchange;

(11) Approve all proposed expenditures; unless he shall certify that there is an unencumbered balance of appropriation and available funds, no expenditure shall be approved.

## 6.05. Work programs: allotments.

Before the beginning of the budget year, the head of each office, department, board, or agency shall submit to the city manager, when required by him, a work program for the year, which program shall show the requested allotments of the appropriations for such office, department, board or agency, by monthly periods, for the entire budget year. The city manager shall review the requested allotments in the light of the work program of the office, department, board or agency concerned, and may revise, alter or change such allotments before approving the same. The aggregate of such allotments shall not exceed the total appropriation available to said office, department, board or agency for the budget year. An approved allotment may be revised during the budget year in the same manner as the original allotment was made. If, at any time during the budget year, the city manager shall ascertain that the available income, plus balances, for the year will be less than the total appropriations, he shall reconsider the work programs and allotments so as to forestall the making of expenditures in excess of the said income.

## 6.06. Allotments constitute basis of expenditures and are subject to revision.

The city manager shall file a copy of the original allotments and of each revised allotment with the director of finance, who shall authorize all expenditures for the offices, departments, boards and agencies to be made from the appropriations on the basis of approved allotments and not otherwise.

## 6.07. Transfers of appropriations.

The city manager may at any time transfer any unencumbered appropriation balance or portion thereof between general classifications of expenditures within an office, department,

board or agency, subject to Subdivision (a) to (j) inclusive of Subsection (2) of Section 4.02. At the request of the city manager and within the last three months of the budget year, the council may by resolution transfer any unencumbered appropriation balance or portion thereof from one office, department, board or agency, subject to Subdivisions (a) to (j) inclusive of Subsection (2) of Section 4.02. No transfer shall be made from the appropriations fixed by law or required by Subsections (a), (b), (c), (d), (e), (f), (g), (h), and (i) of Section 5.25 of this act.

## 6.08. Accounting supervision and control.

The director of finance shall have power and shall be required to:

(1) Prescribe the forms of receipts, vouchers, bills or claims to be used by all the offices, departments, boards, and agencies of the city government;

(2) Examine and approve all contracts, orders and other documents by which the city government incurs financial obligations, having previously ascertained that monies have been appropriated and allotted and will be available when the obligations shall become due and payable;

(3) Audit and approve before payment all bills, invoices, payrolls and other evidences of claims, demands or charges against the city government and with the advice of the city attorney determine the regularity, legality and correctness of such claims, demands or charges;

(4) Inspect and audit any accounts or records of financial transactions which may be maintained in any office, department, board or agency of the city government apart from or subsidiary to the accounts kept in his office.

## 6.09. When contracts and expenditures prohibited.

No officer, department or agency shall, during any budget year, expend or contract to expend any money or incur any liability, or enter into any contract which by its terms involves the expenditure of money, for any purpose, in excess of the amounts appropriated for that general classification of expenditure pursuant to this act. Any contract, verbal or written, made in violation of this act shall be null and void. Any officer or employee of the city who shall violate this section shall be guilty of a misdemeanor and, upon conviction thereof, shall cease to hold his office or employment. Nothing in this section contained, however, shall prevent the making of contracts or the spending of money for capital improvements to be financed in whole or in part by the issuance of bonds, nor the making of contracts of lease or for services for a period exceeding the budget year in which such contract is made, when such contract is permitted by law.

## 6.10. Appropriations lapse at end of year.

All appropriations shall lapse at the end of the budget year to the extent that they shall not have been expended or lawfully encumbered.

CHARTER

### 6.11. Fees shall be paid to city government.

All fees received by any officer or employee shall belong to the city government and shall be paid daily to the department of finance. Any officer or employee who shall fail to pay such fees to the department of finance on the day such fees are received by him shall be guilty of a misdemeanor, and upon conviction thereof, he shall be dismissed from employment.

### 6.12. Purchases.

The director of finance, pursuant to rules and regulations established, shall be responsible for purchase, storage and distribution of all supplies, materials and equipment required by any office, department, board or agency of the city. The director of finance shall have power and shall be required to:

   (1)  Establish and enforce specifications with respect to supplies, materials, and equipment required by the city;

   (2)  Inspect or supervise the inspection of all deliveries of supplies, materials, and equipment, and determine their quality, quantity, and conformance with specifications;

   (3)  Have charge of such general storerooms and warehouses as the council may provide by ordinance;

   (4)  Transfer to or between offices, departments or agencies, or sell surplus, obsolete, or unused supplies, material and equipment.

### 6.13. Competitive bidding.

Before the city makes any purchase of supplies, materials or equipment, costing $1,500.00 or more, ample opportunity shall be given for competitive bidding, under such rules and regulations, and with such exceptions, as the council may prescribe by ordinance; provided, however, that the council shall not except individual purchases or sales from the requirement of competitive bidding.

### 6.14. Contracts for city improvements.

Any city improvement costing more than $1,500.00 shall be executed by contract. All such contracts for more than $1,500.00 shall be awarded to the lowest responsible bidder after such public notice and competition as may be prescribed by ordinance, provided the city manager shall have the power to reject all bids and advertise again. Alterations of any contract may be made when authorized by the council upon the written recommendation of the city manager.

### 6.15. Accounting control of purchases.

All purchases made by the purchasing agent shall be pursuant to a written requisition from the head of the office, department, board or agency whose appropriation will be charged, and no contract or order shall be issued to any vendor unless and until the director of finance

certifies that there is to the credit of such office, department, board or agency a sufficient unencumbered appropriation balance to pay for the supplies, materials, equipment or contractual services for which the contract or order is to be issued.

### 6.16. No contract executed until bond ordinance effective.

No contract shall be executed for the acquisition of any property or the construction of any improvement to be financed by the issuance of bonds until the ordinance authorizing the issuance of such bonds shall have taken effect and any contract executed before such day shall be voidable.

### 6.17. Emergency appropriations.

At any time in any budget year, the council may, pursuant to this section, make emergency appropriations to meet a pressing need for public expenditure, for other than a regular or recurring requirement, to protect the public health, safety or welfare. Such appropriation shall be by resolution adopted by the favorable votes of at least four-fifths of the whole qualified membership of the council, and shall be made only upon written recommendation of the city manager. The total amount of all emergency appropriations made in any budget year shall not exceed five percent total operating appropriations made in the budget for that year.

### 6.18. Borrowing to meet emergency appropriations.

In the absence of unappropriated available revenues to meet emergency appropriations under the provisions of Section 6.17, the council may by resolution authorize the issuance of notes, each of which shall be designated "emergency note" and may be renewed from time to time, but all such notes of any fiscal year and any renewals thereof shall be paid not later than the last day of the fiscal year next succeeding the budget year in which the emergency appropriation was made.

### 6.19. Borrowing in anticipation of property taxes.

In any budget year, in anticipation of the collection of the property tax for such year, whether levied or to be levied in such year, the council may by resolution authorize the borrowing of money by the issuance of negotiable notes of the city, each of which shall be designated "tax anticipation note for the year 19___" (stating the budget year). Such notes may be issued for periods not exceeding one year and may be renewed from time to time for periods not exceeding one year, but together with renewals shall mature and be paid not later than the end of the fiscal year after the budget year in which the original notes shall have been issued. The amount of the tax anticipation notes originally issued in any budget year shall not exceed 50 percent of the amount of the property tax levied in that year for general city purposes. On renewal of tax anticipation notes of any given fiscal year, the amount renewed in the next succeeding fiscal year shall not exceed 20 percent of the amount originally issued, and the amount renewed in the second fiscal year succeeding the year of levy shall not exceed four percent of the amount originally issued.

CHARTER

### 6.20. Borrowing in anticipation of other revenues.

In any budget year, in anticipation of the collection or receipt of other revenues of that budget year, the council may by resolution authorize the borrowing of money by the issuance of negotiable notes of the city, each of which shall be designated "special revenue note for the year 19___" (stating the budget year). Such notes may be renewed from time to time; but all such notes, together with the renewals thereof, shall mature and be paid not later than the end of the fiscal year after the budget year in which the original notes shall have been issued.

### 6.21. Notes redeemable prior to maturity.

No notes shall be made payable on demand, but any note may be made subject to redemption prior to maturity on such notice and at such time as may be stated in the note.

### 6.22. Sale of notes: report of sale.

All notes issued pursuant to this article may be sold by the director of finance at not less than par and accrued interest at private sale and without previous advertisement.

## Article VII. Council Districts

### 7.01. Number established.

There shall be established three council districts to be designated respectively as District Post 1, District Post 2 and District Post 3, which districts shall have as nearly as is reasonable, the same population. The designation and boundaries of the initial council districts shall be specifically described and set forth. The two at-large posts on the council shall be designated as mayor and councilman at-large.

### 7.02. Establishment of the original districts.

Under the provisions of Section 1.07 hereof, the probate judge shall establish the original districts, which shall contain as nearly equal a number of people as possible.

### 7.03. Reapportionment.

Whenever there shall be a change in population in any of the three districts heretofore established, evidenced by a federal census of population published following the last federal census of population preceding the adoption of this act, or by virtue of a change in the corporation limits, there shall be a reapportionment of the council districts in the manner hereinafter provided:

(1) The manager shall within six months after the publication of each federal census of population for the city, following the last federal census of population preceding the adoption of this act, or if within six months after there shall have been any change in

the corporate limits of the city, file with the council a report containing a recommended plan for reapportionment of the council district boundaries to comply with the following specifications:

   (a)   Each district shall be formed of contiguous and to the extent reasonably possible, compact territory, and its boundary lines shall be the center lines of streets or other well defined boundaries.

   (b)   Each district shall contain as nearly as is possible the same population.

(2)   The council shall enact a redistricting ordinance within six months after receiving such report. If the council fails to enact the redistricting ordinance within the said six months, the redistricting plan submitted by the manager shall become effective without enactment by the council, as if it were a duly enacted ordinance.

(3)   Such redistricting ordinance shall not apply to any primary or regular or special election held within six months after its becoming effected. No incumbent councilman or member of the board or commission shall be deprived of his expired term of office because of such redistricting.

## Article VIII. Succession in Government

### 8.01. Rights of officers and employees preserved.

Nothing in this act contained, except as specifically provided, shall affect or impair the rights or privileges of officers or employees of the city or of any office, department, board or agency existing at the time when this act shall take effect, or any provision of law in force at the time when the council-manager form of government shall be adopted and not inconsistent with the provisions of this act, in relation to the personnel, appointment, ranks, grades, tenure of office, promotion, removal, pension and retirement rights, civil rights or any other rights or privileges of officers or employees of the city or any office, department, board, or agency thereof.

### 8.02. Continuance of present officers.

All persons holding administrative office at the time the council-manager form of government is adopted shall continue in office and in the performance of their duties until provision shall have been made in accordance therewith for the performance of such duties or the discontinuance of such office. The powers conferred and the duties imposed upon any office, department, board or agency of the city by the laws of the state shall, if such office, department, board or agency, be abolished by this act, or under its authority, be thereafter exercised and discharged by the office, department, board or agency designated by the council unless otherwise provided herein.

**8.03. Status of officers and employees holding positions when the council-manager form of government is adopted.**

Any person holding an office or position in the civil service of the city under any civil service or merit system applicable to the city when the council-manager form of government shall be adopted shall continue to hold such office in the civil service of the city under the council-manager form of government and with the same status, rights and privileges and subject to the same conditions under such applicable civil service or merit system.

**8.04. Transfer of records and property.**

All records, property and equipment whatsoever of any office, department or agency or part thereof, all the powers and duties of which are assigned to any other office, department or agency by this act, shall be transferred and delivered to the office, department or agency to which such powers and duties are so assigned. If part of the powers and duties of any office, department or agency, or part thereof, are by this act assigned to another office, department or agency, all records, property and equipment relating exclusively thereto shall be transferred and delivered to the office, department or agency to which such powers and duties are so assigned.

**8.05. Continuity of offices, departments, boards or agencies.**

Any office, department, board or agency provided for in this act with a name or with powers and duties the same or substantially the same as those of an office, department, board or agency heretofore existing shall continued to exercise its powers and duties, until otherwise provided. Any provision in any law, rule, regulation, contract, grant or other document relating to such a formerly existing office, department, board or agency, shall, so far as not inconsistent with the provisions of this act, apply to such office, department, board or agency provided for by this act.

**8.06. Continuance of contracts and public improvements.**

All contracts entered into by the city, or for its benefit, prior to the adoption by such city of the council-manager form of government, shall continue in full force and effect. Public improvements for which legislative steps have been taken under laws existing at the time of the adoption of the council-manager form of government shall be carried to completion in accordance with the provisions of such existing laws.

**8.07. Pending actions and proceedings.**

No action or proceeding, civil or criminal, pending at the time of the adoption of the council-manager form of government, brought by or against the city of any office, department, board or agency or officer thereof, shall be affected or abated by the adoption of the council-manager form of government or by anything therein contained in this act.

8.08                          PHENIX CITY CODE

## 8.08. Pension and relief funds.

All laws and parts of laws relating to pension, retirement and relief funds for any employees of the city, contained in the general or local laws of the state or in Title 62 of the Code of Alabama, as amended, as the same may apply and be in effect with respect to any city at the time when such city shall elect to be governed by the provisions of this act, shall continue in full force and effect, and without interruption or change as to any rights which have been acquired thereunder.

**Editor's note**—Title 62 of the Code of Alabama of 1910 (referenced in the first sentence of Section 8.08) was a compilation of local acts. Such compilation is no longer in the current state statutes and has not been kept current.

## 8.09. Independent authorities, boards, agencies, etc.

All laws relating to the school board, library board, hospital board, airport board, housing authority, plumbers or electricians board, planning board, zoning board, park or recreation board, municipally owned public utility and any municipally owned service enterprise, including inter alia electric, gas and water boards, agencies, etc., and any board, authority, agency, etc., given such independent status, as the same may apply and be in effect at the time when such city shall elect to be governed by the provisions of this act, shall continue in full force and effect and without interruption or change as to the establishment or conduct of any such authority, board or agency, until otherwise provided by law.

## 8.10. When provisions take effect.

For the purpose of nominating and electing members of the council, the provisions of this act shall become applicable to any city adopting the council-manager form of government upon the filing of the certificate of adoption by the judge of probate with the mayor of the city as provided for in Section 1.05 hereof. For all other purposes the provisions of this act shall become applicable to said city at the time when the first council of such city elected under the provisions hereof takes office and qualifies.

## 8.11. Continuance of ordinances and resolutions.

All ordinances and resolutions of the city in effect at the time of adoption by the city of the council-manager form of government herein set up shall continue in effect unless and until changed or repealed by the council.

## Article IX. General Provisions

## 9.01. Prohibition on appointment or removal of officers and employees.

No person shall be appointed to or removed from, or in any way favored or discriminated against with respect to any city position or appointive city administrative office because of race, sex, political or religious opinions or affiliations.

### 9.01(a). Removal of officers or employees.

Subject to the provisions of any civil service or merit system applicable to the city, any officer or employee whose successor may be appointed by the city manager or by the head of any office, department, board or agency, may be removed by the manager or other appointing officer at any time, and the decision of the city manager, or other appointing officer, shall be subject to appeals therefrom, if any, provided by applicable law.

### 9.02. Right of city manager and other officers in council.

The city manager, the heads of all departments, and such other officers of the city as may be designated by the council, shall be entitled to attend meetings of the council, but shall have no vote therein. The city manager shall have the right to take part in the discussion of all matters coming before the council, and the directors and other officers shall be entitled to take part in all discussions of the council relating to their respective office, departments, boards or agencies.

### 9.03. Investigations by council or city manager.

The council, the city manager, or any person or committee authorized by either of them, shall have power to inquire into the conduct of any office, department, board or agency or officer of the city and to make investigations as to municipal affairs, and for that purpose may subpoena witnesses, administer oaths, and compel the production of books, papers and other evidence. Failure to obey such subpoena or to produce books, papers or other evidence as ordered under the provisions of this section shall constitute a misdemeanor and shall be punishable by a fine not to exceed $100.00 or by imprisonment not to exceed six months, or both.

### 9.04. Contracts extending beyond one year.

No contract involving the payment of money out of the appropriation of more than one year shall be made for a period of more than five years, nor shall any such contract be valid unless made or approved by ordinance, and signed in the name of the city by the mayor and countersigned by the manager.

### 9.05. Publicity of records.

All records and accounts of every office, department, board or agency of the city shall be open to inspection by any person at all reasonable times and under reasonable regulations established by the city manager, except competitive bids for contracts under negotiation.

### 9.06. Officers and employees not to be privately interested in city's contracts.

No member of the council, officer or employee elected or appointed shall be interested, directly or indirectly, in any contract for work or material, or the profits thereof, or services to be furnished or performed for the city, and no such member of the council, officer or employee shall be interested, directly or indirectly, in any contract for work or material, or the profits

9.06                          PHENIX CITY CODE

thereof, or services to be furnished or performed for any person, firm or corporation operating interurban railway, street railway, gas works, electric light or power plant, heating plant, telegraph line or telephone exchange within the territorial limits of said city. No such member of the council, officer or employee of such city shall be interested in or an employee or attorney of any corporation operating any public service utility within said city. No such member of the council, officer or employee shall receive directly or indirectly, from any person, firm or corporation operating within the territorial limits of said city any interurban railway, railway, street railway, gas works, water works, electric light or power plant, heating plant, telegraph line, or telephone exchange, or other business using or operating under a public franchise, and frank, free pass, free ticket or free service, or accept or receive, directly or indirectly, from any such person, firm or corporation, any gift or other thing of value, or any service upon terms more favorable than are granted to the public generally. Any violation of the provisions of this section shall be a misdemeanor, and upon conviction thereof, the guilty person shall be punished by a fine of not less than $100.00 nor more than $300.00, and may be imprisoned in the county jail for not more than 90 days, and his office shall be vacated. Such prohibition of free transportation shall not apply to policemen or firemen in uniform nor to policemen in the discharge of their duty; nor shall service to city officials in their official capacity heretofore provided by any franchise or ordinance be affected by this section.

**9.07. Official bonds.**

The city manager, the director of finance, and such other officers or employees as the council may by general ordinance require so to do, shall give bond in such amount and with such surety as may be approved by the council. The premiums on such bonds shall be paid by the city.

**9.08. Oath of office.**

Every councilman, officer and employee of the city shall, before entering upon the duties of his office, take and subscribe to the following oath or affirmation, to be filed and kept in the office of the city clerk:

"I solemnly swear (or affirm) that I am eligible for the office of _____ and will execute the duties of same according to the best of my ability, and that I will support the constitutions and will obey the laws of the United States and of the State of Alabama; that I will, in all respects, observe the provisions of the ordinances of the city of _____ and will faithfully discharge the duties of the office of _____."

### Article X. Abandonment of Council-Manager Form of Government

**10.01. Generally.**

No city may change from the council-manager form of government within two years after the adoption thereof. At the end of such period, or at any time thereafter, the city may change its form of municipal government either to:

(a)  The form of municipal government applicable to the city prior to its adoption of the council-manager form of government, or to

CHARTER                                                        11.03

(b)  The mayor-council form of municipal government provided such enabling legislation has been enacted.

(c)  One of the commission forms of municipal government provided by Title 37, Alabama Code of 1940, as amended and supplemented [now Code of Ala. 1975, § 11-40-1 et seq.].

## 10.02. Petition for change of form of government.

Such change shall, however, first be initiated by petition and submitted to a vote of the qualified electors at an election and shall receive at such election a majority of the votes "yes" or in favor thereof in the same manner and subject to the same requirements as provided in Sections 1.02 to 1.05 of Article I of this act except that the proposition on the ballot shall be changed to reflect the proposed form of municipal government to be submitted to the vote of the qualified electors. The officers and members of the governing body of such newly adopted form of municipal government shall be elected as soon as may be under the provisions of the law applicable thereto; and upon their election and qualification for office the term of office of all members of the council under the council-manager form of government shall terminate.

## 10.03. No election on change more often than two years.

No election on the abandonment of the council-manager form of government shall be held within two years after any other election thereon.

## Article XI. General Statutory Provisions

## 11.01. Effect of this act on existing law.

(a)  All laws and parts of laws, general, local or special, relating to or affecting the city, its powers, functions, duties and property, in force when this act shall take effect are hereby continued in effect; but all such laws relating to the exercise of powers, functions and duties by the commission or mayor-council or some other form of government shall be superseded to the extent that the same are inconsistent with the provisions of this act.

## 11.02. Separability clause.

If any section or part of section of this act shall be held invalid by a court of competent jurisdiction, such holding shall not affect the remainder of this act nor the context in which such section or part of section so held invalid may appear, except to the extent that an entire section or part of section may be inseparably connected in meaning and effect with the section or part of section to which such holding shall directly apply.

## 11.03. Short title.

This act shall be known and may be cited as the "City Manager Act of 19___."

11.04                              PHENIX CITY CODE

## 11.04. Effective date.

This act shall become effective immediately upon its passage and approval by the governor, or upon its otherwise becoming a law.

Approved March 4, 1977.

Time: 2:30 P.M.