IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | Case Number: |
| Plaintiff ) | |
| ) | 3:06-CV-0544-WHA |
| v. ) | |
| ) | |
| PHENIX CITY, ALABAMA, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |

### *AFFIDAVIT OF H. H. ROBERTS*

Comes now H. H. Roberts, after being duly sworn and says as follows:

I am and was at all times material to the issues in this case, the City Manager for the City of Phenix City, Alabama. On April 4, 2007, I was deposed in this case by the Plaintiff's attorney. Toward the end of my deposition, I was asked a series of questions involving the circumstances under which a Firefighter working for the City can communicate with the Mayor or members of City Council about issues that involve the City Fire Department (see page 83 lines 2 through 25, page 84 and page 85 lines 1 through 6, see deposition of H. H. Roberts, previously filed in this case).

Since giving my deposition, I have learned that the Plaintiff contends that the statements contained in my deposition show that there are no circumstances under which a Firefighter can communicate concerns to City Council and the Mayor. I believe this to be a misinterpretation of what I said in my deposition. I specifically stated on page 83 line 12 that, "They can come to the Council through proper procedures." I finished my answer by saying, "And I think that that proper procedure goes through their chain of command. And if we cannot correct it, then we feel – ultimately, if I feel that it needs to get to the Council, then I will get it to them."

I felt the questions were asked in the context of direct contact with the Mayor or City Council members individually and I believe that is the way they were posed. However, I was trying to explain that if proper procedure is used, any citizen can come before the City Council, as long as they follow proper procedures. One of these procedures would be getting placed on the Council agenda in advance of the Council meeting. The only limitation to a Firefighter would be that if it were a matter that was work related, he or she would be required to follow the chain of command and proper procedure, before bringing the matter before Council.

In contrast, if that Firefighter were to show up unannounced at a Council meeting after following the chain of command or without following the chain of command on a work related issue he could be subject to discipline in accordance with the Merit System Rules and Fire Department procedure. But to be clear, a Firefighter, like any other citizen, would be entitled to be placed on the public agenda, to speak on any matter, up to and including, a work related problem (after following the chain of command and proper procedures to be placed on the Council agenda), without any adverse action by the City toward that Firefighter.

Further deponent saith not.

*H.H. Roberts*
H. H. ROBERTS


Sworn to and subscribed before me this 18th day of May, 2007.

*Cynthia M. Eason*
NOTARY PUBLIC, STATE OF
ALABAMA AT LARGE
My Commission Expires: 3/24/09