IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DAVID DAVIS,                              )
                                         )
            Plaintiff,                    )
                                         )
      vs.                                 )        CIVIL ACTION NO. 3:06-cv-00544-WHA
                                         )
PHENIX CITY, ALABAMA, et al.              )
                                         )
                                         )
            Defendants.                   )
_____          )

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff David Davis respectfully submits this reply to the defendants' response to

plaintiff's motion for partial summary judgment.  Most of the arguments advanced by the

defendants have already been addressed in plaintiff's opening memorandum and his

memorandum opposing the defendants' summary judgment motion, and need not be

repeated here.

**I.  APPLICABLE SUMMARY JUDGMENT PRINCIPLES**

Summary judgment is appropriate where there is no genuine issue of "material

fact and [ ] the moving party is entitled to judgment as a matter of law."  Fed R. Civ. Pro.

56(c).  A fact question is "**material**" if it would "effect the outcome of the suit under the

governing law."  Anderson v. Libberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute

about a material fact is **"genuine"** if the evidence is such that a reasonable jury could

return a verdict for the non-moving party.  Id.  Tipton v. Bergrohr GMBH-Siegen, 965

F.2d 994, 998 (11th Cir. 1992). The party opposing a motion for summary judgment must produce concrete evidence in support of its affirmative defenses by designating "'specific facts showing that there is a genuine issue for trial'." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  If no such evidence is produced, "[t]he moving party is entitled to a judgment as a `matter of law'." Celotex, 477 U.S. at 323.  The standard of review is not merely whether there is sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record of evidence before the court. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## II.  DEFENDANTS' COUNTER-ARGUMENTS LACK MERIT

### A.  The Material Facts Are Not in Dispute

The most important point that is evident from the defendant's response to the plaintiff's summary judgment motion is that the essential facts for determining defendants' liability in this action are not in dispute.  Indeed, the "several factors" that defendants contest (Response, p. 2) are only two:  1) Battalion Chief Kenneth Johansen's denial in an affidavit that he said the union was ruining the Plaintiff's career and that City Manager Roberts was "tired of the union's crap"; and 2) City Manager Roberts departure from his deposition testimony, reflected in an affidavit, stating that the plaintiff and other fire fighters can appear at a City Council meeting if they first clear their statements through the chain of command and the City Manager.  (Response, p. 2, footnote 1).

It is well settled that the party opposing a motion for summary judgment must come forward with evidence in an acceptable form (depositions, affidavits, etc.).

Conclusory allegations and arguments in a party's brief are insufficient to overcome summary judgment. Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2004); Robinson v. Region's Financial Corp., 242 F.Supp.2d 1070, 1074 (M.D. Ala. 2003); Glover v. Kindercare Learning Centers, Inc., 980 F.Supp. 437, 439-40 (M.D. Ala. 1997). Since defendants have only contested two points in an acceptable evidentiary submission—as contrasted with argumentation—it is clear that the factual record upon which to decide the cross-motions for summary judgment is that presented in detail by plaintiff Davis[1]. In this context, it is clear that the dispositive facts are not in dispute, and summary judgment as to defendants' liability is appropriate.

### B. Defendants Have Unconstitutionally Restrained Free Speech

Defendants argue, in effect, that they were not on notice that the City's Merit System Regulation and ASOP 12—which they used as the sole basis to reprimand and discharge David Davis—would be challenged under constitutional standards. They believe that the Court's scrutiny of the constitutionality of the restraints imposed by these regulatory policies on the exercise of free speech is outside this action and the plaintiff's Complaint. While it is not surprising that defendants would try to insulate their regulations from examination, their contention is without merit for several reasons.

---

[1] The record submitted by the plaintiff consists of the depositions of the three individual defendants, the City Personnel Director Goodwin and former Deputy Chief Waters; and the initial and supplemental Declarations of Davis (with Exhibits); and the Declaration of Thomas Malone (with Exhibits). The documents submitted by the defendants and appended to their counsel's affidavit are substantially the same as the exhibits attached to Davis' initial Declaration. The deposition of Davis is consistent with the statements contained in his Declarations. Thus, other than the two short affidavits of Roberts and Battalion Chief Johansen discussed above, defendants have not submitted any other evidence to refute the factual paragraphs which are supported by the record and set forth in the "Facts" section in plaintiff's opening memorandum.

First, it is the **City and the individual defendants** who have put into play in this litigation Section 2.054 of the City's Merit System Regulations and fire department ASOP 12. Defendants have relied exclusively on those regulatory provisions, from the time they investigated Davis and other fire fighters in September, 2005 and reprimanded Davis for speaking to the local newspaper about issues of public concern, to April 2006 when they terminated Davis for speaking to Mayor Hardin about similar concerns. From the beginning of discovery and the relevant documents produced by the defendants, to the deposition testimony given by them and other City officials last month, the parties have focused on the constitutional questions arising from these regulations and the free speech restraints they generate. The defendants' briefs to this Court repeatedly refer to these regulations as a legitimate basis for restricting Davis' speech and punishing him for contravening these regulations. In these circumstances, it is disingenuous for the defendants to claim they were not on notice that the constitutionality of these regulations would be fully examined in this First Amendment suit.

Moreover, the plaintiff could not have predicted the breadth of the defendants' deposition testimony in April regarding the wide scope of the speech restrictions imposed by Section 2.054 and ASOP 12 on Davis and other fire fighters. As demonstrated in the plaintiff's submissions, that deposition testimony revealed, in stark detail, how the defendants have interpreted and applied the City policies and provisions to stifle and chill free expression. The impact of those constraints is unmistakable—no fire fighters have been quoted in any newspaper articles or other media outlet's since the defendants reprimanded Davis in September, 2005, and both Fire Chief Hunter and

City Manager Roberts issued pointed written directives stressing how fire fighters and City employees should not engage in speech with the media in violation of the merit system regulations.  (Facts, ¶'s 17-21).  Further, there is no indication of any communications between any fire fighters and the Mayor or other City Council members since Davis talked to the Mayor over a year ago and was discharged on the stated grounds that the Merit System Regulation and ASOP 12 prohibited such a communication.  How grossly unfair and one-sided it would be if the promulgated regulations of the City and its fire department could be utilized to prohibit legitimate free expression, while allowing the defendants to insulate those same provisions from this Court's review in this action.

Lastly, the defendants miss the mark in their technical contention that the Complaint did not fairly apprise them that these regulations would be scrutinized for their constitutionality under the First Amendment.  Actually, the Complaint explicitly mentions the restraints imposed by the "City's Merit System Rules and Regulations", which became obvious in September 2005 and April 2006.  (Complaint, ¶'s 14 and 17).  In addition, the Complaint challenges the constitutionality of the "policy", custom and "policymaking" of the City.  (Complaint, ¶'s 25 and 32)[2].  Clearly, from the filing of the Complaint, through the defendants' production of the regulations among the documents they considered relevant, to the depositions of the defendants last month, these regulatory restraints and bans on free speech, heavily relied upon by the defendants, have been at the center of this action.  It would indeed be a travesty if the defendants could justify Davis' termination on regulations that are so plainly unconstitutional.

---

[2]   Under liberal standards of 'notice pleading', a Complaint should show the pleader is entitled to relief, and every legal theory for relief need not be specified in the Complaint. Fed.R.Civ.Pro. 8; Wright v. Miller, *Federal Practice and Procedure:*  Civil § 1216 at 121-23.

Moreover, as defendants know, if the Court does not declare those regulatory limitations invalid, as promulgated and as applied, they will continue to use them to impede free speech on public concern issues which City officials prefer not be openly discussed. Simply stated, while it may not be surprising that the City would like these unconstitutional provisions exempt from judicial scrutiny, its self-serving arguments in this regard are unavailing.

### C.  City Manager Roberts' Attempt to Distance Himself from His Sworn Deposition Testimony Should be Rejected

In his recently filed Affidavit, defendant City Manager Roberts disputes plaintiff's factual statement (Facts, ¶34), as well as his own deposition testimony and that of Fire Chief Hunter, by now asserting that if a fire fighter first clears his/her speech through the chain of command and himself, that fire fighter could get on the agenda and address the City Council in its public sessions.[3]  This affidavit should be accorded no weight for several reasons.

First, a party cannot thwart the purpose of Fed.R.Civ.Pro. 56 by attempting to create fact-based issues that contradict earlier deposition testimony.  <u>Van T. Junkins and Associates, Inc. v. U.S. Industries</u>, 736 F.2d 656, 657 (11th Cir. 1984); <u>Barwick v. Celotex Corp.</u>, 736 F.2d 946, 960 (4th Cir. 1984).  When compared to the clear wording in his deposition, Roberts effort to back away from his testimony under the guise of "misinterpretation" does not pass the common sense test.  He was certainly given ample opportunity in his deposition to explain if there were any circumstances—even after exhausting the so-called 'chain of command'—in which a fire fighter could address

---

[3] Significantly, the narrow focus of Roberts' affidavit does not rebut the many other unconstitutional policies and practices that the defendants followed here to levy restraints on free expression which led to an infringement of Davis' First Amendment freedoms.

the City Council about issues of public concern, in a formal meeting of the Council or otherwise.  In unambiguous words, Roberts testified "not to my knowledge"; "not by the Merit System"; he, as the City Manager, would raise any fire fighter concerns with the Council; if a fire fighter exhausted the chain of command and spoke to the Council as a group, or to its individual members, he/she would violate both the "language" and "intent" of the Merit System Regulations, and would be subject to discipline, "including termination".[4]  Clearly, Roberts' deposition testimony is not susceptible to misinterpretation.

Furthermore, Fire Chief Hunter was designated as the defendants' Rule 30(b)(6) witness to give knowledgeable and binding testimony with respect to, inter alia, the chain of command and related policies, and fire department operations.  (Hunter Dep., p. 7, lines 7 to 25; p. 8, line 20 to p. 9, line 12).  In that authoritative capacity, Chief Hunter was asked in his deposition whether ASOP 12 would permit a fire fighter to go beyond the City Manager and address the City Council as a group in a meeting.  His direct response was:  "City Manager informs the council of anything that's going on.  He would be the one that—if he had to express something that was bad, he would be the one that would meet with the city council."  (Hunter Dep., p. 76, lines 12 to 16).[5]  He also emphasized that under ASOP 12, a fire fighter would never speak to the City Council at a meeting—"a place you would never get to because it stops at the City

---

[4]   This deposition testimony is quoted and discussed in plaintiff's memorandum in opposition to defendants' summary judgment motion, pages 15-16.

[5]   In a similar vein, Chief Hunter emphasized as the Rule 30(b)(6) witness, that fire fighters "still don't have the right" to speak to the media about matter of obvious public concern, even if they exhaust the chain of command.  (Hunter Dep., p. 56 lines 2 to 13).  City Personnel Director Goodwin also confirmed that in light of the City's policy and written directive to all employees, "any communications with the media . . . go through our City Manager" and employees who departed from that mandate would be subject to discipline and termination. (Goodwin, p. 17 line 11 to p. 21 line 7).

Manager." (Hunter Dep., p. 76 lines 1 to 6). Chief Hunter's testimony certainly reinforces what Roberts testified to under oath, at least the first time in his sworn deposition. Policies and practices that mandate clearing public employees' speech through supervisors, and empowering a city manager to determine what is presented to elected City leaders or the media, do not pass constitutional muster.[6]

In short, Roberts said what he meant, and meant what he said, in his deposition. His carefully crafted affidavit seeking to distance himself from his earlier deposition testimony should carry no influence or weight in light of the record before this Court.

### D.  The Record Shows That Davis Was Unlawfully Terminated For Exercising His Constitutional Right Of Free Speech

The defendants' response confirms that the following key facts surrounding Davis' discharge are undisputed:

- Davis was off-duty, out of uniform, and spoke outside the fire department in his communication with the Mayor. (Facts ¶'s 27, 29)

- Davis spoke in his capacity as President on behalf of the members of the fire fighters' Association and as a citizen. (Facts ¶'s 27, 32, 33)

- Davis had no personal stake in the proposed Ordinance envisioning an enlargement of the probationary period for new hires. (Facts ¶'s 26, 31)

- Davis' speech addressed matters of public concern (recruitment, retention, adequate staffing and employee morale) implicated in the proposed Ordinance. (Facts ¶'s 27 and 29)

- Mayor Hardin welcomed Davis' input so he could better perform his duties as an elected government leader, consistent with the public's interest. (Facts ¶ 29; Hardin Dep., p. 22, lines 21 to p. 23 line 3; p. 59 lines 9 to 17; p. 60 line 2 to p. 61 line 5); and

---

[6] See cases cited in plaintiffs' opening memorandum, pp. 22-23, 29-30. Accord: Int'l Firefighters Assn. Local 3233, Frenchtown Charter Township, 246 F.Supp.2d 734 (E.D. Mich. 2003); Providence Firefighters Local 799 v. City of Providence, 26 F.Supp.2d 350, 355-57 (D.R.I. 1998); Wolf v. City of Aberdeen, 758 F.Supp. 551, 558 (D.S.D. 1991).

- Defendants discharged Davis solely because of his communication with the Mayor, and on the grounds that it violated the City's Merit System Regulation and fire department ASOP 12.  (Facts ¶'s 34-38).

On this factual record, it is clear that Davis was exercising his constitutionally protected right of free speech and he was fired for doing so.[7]

With regard to the <u>Pickering</u> balancing criteria, "subjective apprehension" that the speech "might have an adverse impact upon service" is not the type of objective evidence required to tip the scale in favor of the local government employer.  <u>Williams v. Roberts</u>, 904 F.2d 634, 638 (11th Cir. 1990).  As in <u>Williams</u>, no specific evidence has been presented that Davis' off-duty telephone conversation with the Mayor impeded his ability to do his work, disrupted working relationships or the operations of the fire department, or affected the morale of the department.  <u>Accord</u>:  <u>Cook v. Gwinette County Dist.</u>, 414 F.3d 1313, 1320 (11th Cir. 2005)("scant evidence" was proffered in support of the employer's workplace efficiency argument).

In the defendants' response (p. 22), they erroneously state the Davis was challenging an existing "policy" in the fire department when he talked to the Mayor on behalf of the Association's members; consequently, defendants repeatedly argue that he should be confined to following the chain of command.[8]  This contention is belied by the record.  It is uncontroverted that Davis spoke to the Mayor about **proposed**

---

[7]  Under the four-part test for analyzing this retaliatory discharge, the first two elements are questions of law which can be decided on summary judgment based on the undisputed record.  (<u>See</u>, plaintiffs' opening memorandum, pp. 32-33, and <u>Cook v. Gwinette County School Dist.</u>, 414 F.3d. 1313, 1318 (11th Cir. 2005)).  The third and fourth elements are considered jury questions, but those elements are not in issue here.

[8]  Once again, the defendants' almost total reliance on the phrase "chain of command" is repeated throughout their responsive belief, even three times in one sentence. (Response, p. 15). For the reasons set forth in plaintiff's previous memoranda, and contrary to defendants' apparent belief, this single assertion is not "outcome determinative".  See this Court's Memorandum Opinion and Order (p. 5), entered August 16, 2006, citing <u>Perry v. Kinloch</u>.

**Ordinance 2006-13** aimed at amending the City's Merit System Rules and Regulations which envisioned a change in the probationary period for three departments of the City. (Facts, ¶'s 27-33).

Moreover, as explained in Davis' Supplemental Declaration (¶'s 4-5), in articulating to the Mayor the concerns expressed by members of the fire fighters' Association about recruitment and retention of personnel, adequate staffing and employee morale—concerns associated with enlarging the probation time for new hires—he was not doing so in the role of an employee; those subjects did not fall within the job duties or functions that Davis had as a driver-engineer.[9] Accordingly, on this record, there is no question that Davis was speaking for his fellow Association members and as a citizen on matters of public concern.

**E.  Defendants Also Violated Davis' Other Rights
     Safeguarded Under the First Amendment
     And Section 11-43-143(b) of the Alabama Code**

In response to Davis' free association claim, incredibly, defendants contend that Davis did not have a First Amendment right to "free association with elected municipal officials".  (Response, p. 23).  The notion that the constitutional right of association can not be exercised with elected government leaders is contrary to both established law and basic democratic principles which are at the core of representative government. (See, cases cited in plaintiff's opening memorandum, p. 46, and plaintiff's opposition memorandum, p. 20, n. 11).

---

[9]   The fact that topics of  Davis' speech were not part of his job duties, and instead were within the Chief's responsibilities, is significant under First Amendment analysis.  This is especially true where Davis was speaking in his capacity as the Association's representative. See Fuerst v. Clarke, 454 F.3d 770, 774 (7th Cir. 2006); Skehan v. Village of Mamaroneck, 465 F.3d 96, 106 (2nd Cir. 2006).

While defendants have filed an affidavit from Battalion Chief Johansen denying remarks attributed to him regarding the union ruining Davis' career and the anti-Association attitude of Roberts, no affidavit has been submitted by Fire Chief Hunter denying a similar statement he made. (Facts, ¶17). The factual and legal points regarding violations of plaintiff's First Amendment right of free association and the protections under Section 11-43-143(b) of the Alabama State Code, have been fully explicated in previous submissions to the Court.

## III.  CONCLUSION

In sum, "where the facts and the law will reasonably support only one conclusion" summary judgment is appropriate. McDermott Int'l., Inc. v. Wilander, 498 U.S. 337, 356 (1991). For the reasons set forth above and in plaintiffs' earlier submissions, and based on the record of material facts which are undisputed, it is respectfully submitted that plaintiff's motion for partial summary judgment should be granted and defendants' cross-motion for summary judgment should be denied.

Respectfully submitted,


__s/Thomas A. Woodley_____
Thomas A. Woodley
Molly A. Elkin
Bryan G. Polisuk
WOODLEY & McGILLIVARY
1125 15th Street, NW, Ste. 400
Washington, DC 20005
Tel:  (202) 833-8855
Fax: (202) 452-1090


__s/Gary Brown_____
Gary Brown, Esq.
FITZPATRICK & BROWN
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203
Tel: (205) 320-2255
Fax: (205) 320-7444

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DAVID DAVIS,                          )
                                      )
            Plaintiff,                )
                                      )
    vs.                               )       CIVIL ACTION NO. 3:06-cv-00544-WHA
                                      )
PHENIX CITY, ALABAMA, et al.          )       Judge W. Harold Albritton
                                      )
            Defendants.               )
_____)

## CERTIFICATE OF SERVICE

This is to certify that on May 25, 2007, I electronically filed Plaintiff's Reply to

Defendant's Response to Plaintiff's Motion for Partial Summary Judgment, with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to

counsel for defendants, as well as sending a copy of this Reply Brief by regular U.S.

Mail to defendants' counsel:

Joshua Robert McKoon
McKoon, Thomas, & McKoon
925 Broad Street
P.O. Box 3220
Phenix City, AL 36868


                                s/Thomas A. Woodley
                                Thomas A. Woodley
                                Attorney for Plaintiff