IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 3:06-cv-00544-WHA |
| PHENIX CITY, ALABAMA, et al. | ) |
| Defendants. | ) |

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on July 16, 2007, wherein the following proceedings were held and actions taken:

1. <u>PARTIES AND TRIAL COUNSEL</u>:  The plaintiff is David Davis.  The defendants include Phenix City, H.H. "Bubba" Roberts, and Wallace Hunter.

Trial counsel for the plaintiff are Douglas Steele, Bryan Polisuk and Gary Brown. Trial counsel for the defendants are James R. McKoon, Jr., Joshua R. McKoon, and James P. Graham, Jr..

<u>COUNSEL APPEARING AT PRETRIAL HEARING</u>:

For plaintiff, Thomas A. Woodley.  For defendants, James R. McKoon, Jr..

2. <u>JURISDICTION AND VENUE</u>:  Jurisdiction of this action is conferred on this Court by 28 U.S.C. §1331, 28 U.S.C. §1337, 28 U.S.C. §1343, and 42 U.S.C. §1983. Venue lies within this district pursuant to 28 U.S.C. §1391.

3. <u>PLEADINGS</u>:  The following pleadings and amendments were allowed: Plaintiff filed his Complaint, the defendants filed a motion to dismiss which was denied by this Court's Order entered August 16, 2006.  Thereafter, Defendants filed their answer.  Subsequently, Plaintiff filed a motion for partial summary judgment (as to defendants' liability) and the defendants filed a motion for summary judgment.  On June 27, 2007, the Court entered a Memorandum Opinion and Order denying Plaintiff's motion for partial summary judgment, and granting in part, and denying in part, defendants' motion for summary judgment.

4. CONTENTIONS OF THE PARTIES THAT
   <u>ARE PRESENTLY BEFORE THE COURT</u>:

(a) <u>The plaintiff</u>:

The plaintiff's position and contentions in this action are more fully set forth in his memoranda and papers filed with regard to the parties' previously submitted motions for summary judgment.  At the time the parties filed their summary judgment papers, with two exceptions (based on two brief affidavits submitted by defendants), the core facts were considered undisputed.  Indeed, that record was submitted based almost entirely on the deposition testimony of the City's officials and City documents.  Within the last two weeks, however, defendants have reversed course and chosen to dispute many of those facts.  As a consequence, this jointly proposed Pre-trial Order contains very few

stipulations of fact. Regrettably, this will lengthen the trial substantially, and significantly increase attorneys' fees and costs on both sides.

In view of the Court's Memorandum Opinion and Order issued on June 27, 2007, the plaintiff's present contentions are briefly outlined as follows:

I. The defendants have violated plaintiff's First Amendment right of free speech by reprimanding, threatening, and retaliating against the plaintiff for speaking to a local newspaper's representative in September 2005 about matters of public concern, based upon the defendants' adoption and application of the City's Merit System Rules and Regulations and the fire department's standard operating procedures; and, soon thereafter, by retaliating against and terminating the plaintiff for speaking with the City's Mayor about matters of public concern, also based upon the defendants' adoption and application of the City's Merit System Rules and Regulations and the fire department's standard operating procedures.

The continuing course of unlawful conduct on the part of the defendants, in violation of David Davis' free speech rights, began in September, 2005 and culminated in his discharge on April 21, 2006. Davis, as the President of the Phenix City Firefighters Association, met with fellow association members on September 13, 2005, and spoke with a journalist about various issues of public concern involving fire and rescue services. After plaintiff was quoted in the resulting article of the <u>Columbus Ledger-Enquirer</u>, he was investigated by the defendants, required to give an explanatory statement, and reprimanded and warned (called "counseling") about his speech-related actions, considered contrary to the City's regulations and the Fire Department's SOP's. Chief Hunter and City Manager Roberts expanded the written

notice and warnings to all fire department and City employees. The message sent to Davis and other City employees was unmistakable.

This incident was then cited and relied upon by the defendants when they terminated Davis on April 21, 2006 solely because he had an off-duty telephone conversation with Mayor Hardin, as a citizen and in his capacity as the Association's President, about a City-wide, proposed Ordinance before the City Council.

As this Court determined in its Order entered on June 27, 2007 (pages 9-10), Davis' off-duty speech with Mayor Hardin was primarily in his capacity as a citizen, rather than as an employee, and the speech involved matters of public concern.

In light of this finding, and with respect to the 'balancing test', the interests of Davis and the public in the exercise of his right of free speech far outweigh the City's arguments regarding the 'chain-of-command' and asserted disruptions in fire department operations. Common sense and applicable authorities demonstrate that Davis' conversation with the Mayor did not, and reasonably could not, have any appreciable impact on fire department operations or efficiency.

Because Davis was speaking as a citizen about matters of public concern with regard to a proposed City-wide Ordinance being considered by the Mayor and other City Council members, Davis was not required to first pursue the City's employment-grievance procedures or the fire department's chain-of-command prior to exercising his First Amendment free speech rights. Moreover, a "clearance" pre-condition does not control the exercise of his constitutional rights, especially in the circumstances presented here.

4

As to the third and fourth elements of the free speech analysis, on the existing record, it is undisputed that Davis was discharged <u>solely</u> for his communication with the Mayor about matters already found to be matters of public concern. The recently generated argument by the defendants that Davis was terminated for being "insubordinate" is unavailing. The claimed "insubordination" was Davis' speech itself, and thus it can not be reasonably advanced by the defendants as being some kind of a separate or proper reason for his firing. (<u>See</u>, Court's June 27, 2007 Order, p. 17, note 4).

The defendants' inventive speculation that Davis filed this suit to "retaliate against the City" is absurd. As an eight-year veteran of the City's fire department, Davis filed this suit because defendants terminated him for the exercise of his constitutional rights.

II. The defendants violated plaintiff's First Amendment right of free association by: a) retaliating against and terminating him for having contact with, and association with, the City's Mayor, based upon the defendants' adoption and application of the City's Merit System Rules and Regulations and the fire department's standard operating procedures; and b) retaliating against and terminating him for his active participation in, and leadership of, the Phenix City Fire Fighters Association.

The facts and evidence related to the plaintiff's free speech claims, to a large extent, are intertwined with his free association claims (<u>See</u>, plaintiff's summary judgment submission).

III. Consistent with settled authorities, the appropriate relief sought in plaintiff's Complaint to remedy the defendants' constitutional violations would include, <u>inter</u> <u>alia</u>, reinstatement of Davis with the City's fire department, advancement to the promoted position he would have occupied without these violations, backpay and lost benefits, as well as compensatory damages and punitive damages, and attorneys' fees and costs. (<u>See</u>, plaintiff's Complaint).

(b)  <u>The defendants</u>:

The Defendants' contend that they have not violated Plaintiff's First Amendment Right of Free Speech or Free Association.  Defendants further contend that Plaintiff, Davis, violated both the standard operating procedures of the Phenix City Fire Department and the merit system rules and regulations of the City of Phenix City in September 2005 by airing alleged grievances concerning work related matters within the Phenix City Fire Department to a member of the local media rather than following established procedures.  That Plaintiff, took this action in order to retaliate against the City of Phenix City for discharging a former fire fighter, who was a member of the union to which Plaintiff belongs and that Plaintiff further took this action in the hope that he would be disciplined, so that he could file suit against the Defendants.  Instead of being fired for this violation of the merit system rules and the Fire Department SOPs, Plaintiff, Davis, was subsequently counseled by his chain of command regarding this violation of Fire Department SOP 12 and the City's merit system rules and regulations. Plaintiff, Davis, was also provided with a copy of the relevant portions of the Fire Department SOPs and merit system rules and regulations and advised to follow them accordingly.  In April 2006, Plaintiff, Davis, again intentionally and with full knowledge of

Fire Department rules and the applicable provisions of the Phenix City Merit System violated Fire Department SOP 12 and the City's merit system rules and regulations by choosing to lodge a grievance concerning a work related matter with the Mayor of Phenix City. He ignored the clear directive of the SOP and merit system rules to take his work related grievance to his immediate supervisor within his chain of command.

Plaintiff, Davis, chose not to bring his grievance to the City Manager in his capacity as union representative. He did so despite the correspondence between the City Manager and the Fire Fighter's Union clearly designating the City Manager as contact for all union concerns. That the City of Phenix City and specifically the Fire Department of the City of Phenix City (as a paramilitary organization) has a compelling interest in maintaining harmony, order and discipline in the Fire Department. That the interest of the Fire Department in maintaining harmony, order and discipline, by requiring Plaintiff, Davis, to discuss his work related concerns through the chain of command before contacting the City's policy makers, is compelling and overriding and that the requirements set forth by the City's merit system rules and the Fire Department's SOPs, are a reasonable restriction upon Plaintiff, Davis' right to speak with the City's policy makers concerning work related matters and policies within the Fire Department.

Plaintiff, Davis, was terminated as per the termination documents provided to him for specifically designated violations of the merit system rules, including his negligent and willful violation of the above mentioned governing procedures, not for his union membership or the matters upon which he spoke.

Finally, Defendants' assert that the Plaintiff was both negligent and insubordinate, in knowingly and willingly violating the above policies and that Plaintiff did so in order to provoke disciplinary action against him, so that he could file suit against the Defendants.

5. <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>.

 1. Plaintiff David Davis was hired by the defendant Phenix City (hereafter "City"), and its fire department in April, 1998.

 2. In 2005, plaintiff Davis became the President of the Phenix City Firefighters Association, Local 3668, International Association of Fire Fighters (hereafter "Local 3668"), a local labor organization comprised of fire fighters and rescue service employees employed in the City's fire department.

 3. At all times material herein, Davis has been a "person" within the meaning of 42 U.S.C. §1983, and a "fire fighter" within the meaning of the Ala. Code 1975, §11-43-143(b).

 4. Defendant Phenix City is an incorporated municipality under the laws of the State of Alabama. The City is a "person" within the meaning of 42 U.S.C. §1983, and a "person" within the meaning of the Ala. Code 1975, §11-43-143(b).

 5. Defendant H.H. Roberts is the City Manager of Phenix, and he is actively engaged in the management, supervision and control of the operations, activities, affairs, finances, property, personnel, compensation and employment conditions of the City. Defendant Roberts is a "person" within the meaning of 42 U.S.C. §1983 and a "person" within the meaning of the Ala. Code 1975, §11-43-143(b).

6. Defendant Wallace Hunter is the Chief of the City's fire department, and he is actively engaged in the management, supervision and control of operations, activities, affairs, finances, property, personnel, compensation and employment conditions of the City's fire department. Defendant chief Hunter is a "person" within the meaning of 42 U.S.C. §1983 and a "person" within the meaning of the Ala. Code 1975, §11-43-143(b).

7. At all times material herein, Jeffrey Hardin has been the Mayor of Phenix City and a member of the City Council.

8. At all times material herein, Roy Waters was the Deputy Chief of the City's fire department, and he was actively engaged in the management, supervision and control of operations, activities, affairs, property, personnel, compensation and employment conditions of the City's fire department.

9. Barbara Goodwin is the Personnel Director of the City, and she is actively engaged in the administration of the rules and regulations of the City of Phenix City, regarding personnel, compensation and benefits for the City's employees.

10. The City Council of Phenix City consists of five members, including the Mayor, all of whom are elected by the qualified voters of the City of Phenix City.

11. The City Manager is subject to appointment to, and removal from, that position by a majority vote of the City Council. Pursuant to the City's Charter, the City Manager is responsible for the supervision and administration of the officers of the City, which includes enforcing laws and ordinances, supervision and control over all officers and employees of the City, and the appointment and termination of City employees.

The City Manager has the final decision-making authority regarding the termination of an employee from the fire department.

12. At all times material to Plaintiff's Complaint, Plaintiff has served as either an officer or leader of Local 3668, Phenix City Firefighters Association and has been the representative and spokesperson for the members of that labor organization.

13. Plaintiff, Davis' employment with the City of Phenix City was terminated on April 21, 2006.

It is ORDERED that:

1.  The jury selection and trial of this cause, which is to last three (3) days, are set for August 20, 2007 at 10:00 a.m. at the United States Courthouse in Opelika, Alabama;

2.  A trial docket will be mailed to counsel for each party approximately 4 weeks prior to the start of the trial term;

3. Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, and the judge to each have a set of the exhibits;

4.  **IF REQUIRED**:  Trial briefs are required to be filed by _____.

**IF NOT REQUIRED**:  The parties in this case are not required to file trial brief. However, if they wish to do so, their trial briefs shall be submitted no later than August 20, 2007.

5.  All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #19-1) entered by the court on September 7, 2006.

6.  All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the court.

DONE this 19th day of July, 2007.

/s/ W. Harold Albritton
W. Harold Albritton
Senior U.S. District Judge