IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | Case Number: |
| Plaintiff ) | |
| ) | 3:06-CV-0544-WHA |
| v. ) | |
| ) | |
| PHENIX CITY, ALABAMA, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST**

COME NOW Defendants Phenix City, Alabama, H.H. Roberts and Wallace Hunter and file this their objections to Plaintiff's Exhibit List and show as follows:

1.

Defendants object to Plaintiff's Exhibit 8 which consists of a Columbus Ledger-Enquirer Editorial, a series of Letters to the Editor to the Columbus Ledger-Enquirer and a news article that appears to be from another local newspaper. The authors of all of these documents are discussing a controversy over a proposal regarding a practice within the Phenix City Fire Department know as "swap time". Defendants object to the admissibility of this Exhibit on two grounds.

First, Defendants object as the entirety of this Exhibit is hearsay. Hearsay is defined in Rule 801 of the Federal Rules of Evidence as, "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted". All of these documents would be tendered in an attempt to prove that there was some degree of controversy over the leadership of the Phenix City Fire Department and the City of Phenix City. There has been no showing from the Plaintiff that Dusty Nix, the author of the Editorial in Exhibit 8, Wayne Poole, Robin McDaniel, Bill Dennis, Mickey Hutchinson, Dennis Duty, E. Roberts, Cresta Gilbert, the authors of the various Letters to the Editor contained in Exhibit 8 or Micheil O'Rourke Cole, the author of the news item at the close of Exhibit 8 are unavailable to appear as witnesses for the Plaintiff. Even if they were unavailable, the discussion in these various documents does not appear to be covered by a hearsay exception under either Federal Rule of Evidence 803 or 804. So as Exhibit 8 is comprised entirely of impermissible hearsay evidence, it should not be allowed to be submitted to the trier of fact pursuant to Federal Rule of Evidence 802.

Second, Defendants object as Exhibit 8 is entirely irrelevant. Federal Rule of Evidence 401 defines relevant evidence as, "evidence having any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the evidence". The entirety of Exhibit 8 deals with a controversy over a proposal regarding "swap time" in the Phenix City Fire Department. It does not even tangentially relate to the question of whether the Plaintiff was unconstitutionally restrained from exercising his right to free association or free speech, the claims made in Plaintiff's Complaint. Therefore for the reason that Exhibit 8 is entirely irrelevant to the case at hand, it should not be submitted to the trier of fact.

2.

Defendants also object to Plaintiff's Exhibit 26, an article in the Ledger-Enquirer published in April 2006 reporting the termination of the Plaintiff. The fact of the Plaintiff's termination has been stipulated to by the parties and the remaining factual allegations contained in the article are hearsay testimony not admissible under Federal Rule of Evidence 802. This 20th day of July, 2007.

                                         MCKOON, THOMAS & MCKOON

                                         */s/James R. McKoon*

                                        By:_____
                                             James R. McKoon
                                           State Bar No. MCK020

                                  */s/Joshua R. McKoon*

By:_____
     Joshua R. McKoon
     State Bar No. MCK057

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

4

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing Motion to Dismiss upon Counsel for the Plaintiff by placing a copy of same in First Class Mail addressed as follows:

Thomas A. Woodley  
Molly A. Elkin  
Bryan G. Polisuk  
Woodley & McGillivary  
1125 15th Street, N.W.  
Suite 400  
Washington, D.C. 20005  

J. Michael Cooper, Esq.  
Fitzpatrick, Cooper & Clark, LLP  
Farley Building, Suite 600  
1929 Third Avenue North  
Birmingham, Alabama 35203  

*/s/James R. McKoon*
_____
Counsel for Defendants