# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| DAVID DAVIS, | ) | |
| | ) | Case Number: |
| Plaintiff | ) | |
| | ) | 3:06-CV-0544-WHA |
| v. | ) | |
| | ) | |
| PHENIX CITY, ALABAMA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## *DEFENDANTS' REQUESTED JURY CHARGES*

Come now the Defendants in the above styled cause and request the

Court to deliver the attached charges of law to the jury in this cause.


*/s/    James R. McKoon, Jr.*
_____
JAMES R. McKOON, JR. (MCK020)
JOSHUA R. McKOON
Attorneys for Defendants
McKoon, Thomas & McKoon
Post Office Box 3220
Phenix City, Alabama  36868-3220
(334) 297-2300

**OF COUNSEL:**
JAMES P. GRAHAM, JR.
Post Office Box 3380
Phenix City, Alabama  36868-3380
334 291-0315

PDF created with pdfFactory trial version www.pdffactory.com

### *CERTIFICATE OF SERVICE*

I hereby certify that on this the 6th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas A. Woodley, Esq.
Molly A. Elkin, Esq.
Bryan Polisuk, Esq.
Douglas Steele, Esq.
Woodley & McGillvary
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005

Gary Brown, Esq.
Fitzpatrick, Cooper & Clark
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama  35203

*/s/ James R. McKoon, Jr.*
_____
OF COUNSEL

### *DEFENDANTS' REQUESTED JURY CHARGE #1*

In this case, Plaintiff David Davis claims that defendants Phenix City, Alabama, Jeffrey Hardin, H.H. Roberts, Wallace Hunter, Roy Waters, and Barbara Goodwin, while acting "under color" of state law, intentionally deprived plaintiff David Davis of plaintiff's rights under the First Amendment of the Constitution of the United States. Specifically, Plaintiff David Davis claims that, while defendants were acting under color of state law, defendants discharged plaintiff David Davis from employment because of plaintiff's exercise of the rights of free speech and free association.

Defendants Phenix City, Alabama, Jeffrey Hardin, H.H. Roberts, Wallace Hunter, Roy Waters, and Barbara Goodwin, deny violating plaintiff's First Amendment rights in any way and assert that plaintiff David Davis was discharged for violating the City's Merit System Rules and Regulations and the Fire Department's Standard Operating Procedures. Defendants claim that Davis was not discharged for being in the Fire Fighter's Union or for his speech or for the content of his speech, but was discharged for acts of insubordination and disobedience which if tolerated would undermine the Fire Department's chain of command and threaten the Fire Department's efficiency and effectiveness, posing a threat to the community it serves. Defendants' claim that Plaintiff, David Davis, could have used less disruptive internal channels of communication and followed the "chain of command" in accordance with Department and City policy. Defendants contend that Plaintiff's speech could be presented to the City Council if the proper "chain of command" were followed.

Under the First Amendment to the Constitution of the United States, every public employee has the right to "freedom of speech" addressing issues of public concern.

In this case, therefore, if you find that the Plaintiff engaged in speech activity concerning the proposal to extend the probationary period of new firefighters from one year to eighteen months, you are instructed that the subject of such speech activity was a matter of public concern; and as a public employee, the Plaintiff could not legally be penalized because of the Plaintiff's exercise of First Amendment rights in discussing that subject of public concern.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on the free speech claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:  That the actions of the Defendants were "under color" of the authority of the state.

Second:  That the Plaintiff engaged in speech activity concerning the proposal to extend the probationary period for new firefighters from one year to eighteen months.

Third:  That such speech activity was a substantial or motivating factor in the Defendants' decision to discharge the Plaintiff from employment.

Fourth:  That the Defendants' acts were the proximate or legal cause of damages sustained by Plaintiff.

To prevail on the claim that Defendants retaliated against Plaintiffs for his First Amendment right to free association, Plaintiff must prove three things by a preponderance of the evidence:

First:  He must prove that he had a right to associate with the Fire Fighter's Union.

Second: He must prove that the Defendants took an adverse employment action against him because he exercised that right.

Third:  He must prove by a preponderance of the evidence that his interest in associating with the Union outweighed the Defendants' interest in promoting the efficiency of fire services in Phenix City.  Caruso v. City of Cocoa, 206 F. Supp. 2d 1191, 1206 (MD Fla. 2003)

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

In this case, the parties have stipulated or agreed that the Defendants acted "under color" of state law and you should, therefore, accept that fact as proven.

You should be mindful that the law applicable to this case requires only that a public employer refrain from taking action against a public employee because of the employee's exercise of protected First Amendment rights. So far as you are concerned in this case, a public employer may discharge a public employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendants even though you personally may not approve of the action taken and would have acted differently under the circumstances. Neither does the law require that a public employer extend any special or favorable treatment to public employees because of their exercise of protected First Amendment rights.

On the other hand, in order to prove that the Plaintiff's protected First Amendment activities were a "substantial or motivating" factor in the Defendants' decision, the Plaintiff does not have to prove that the protected First Amendment activities were the only reason the Defendants acted against the Plaintiff. It is sufficient if the Plaintiff proves that the Plaintiff's protected First Amendment activities were a determinative consideration that made a difference in the Defendants' adverse employment decision.

Finally, for damages to be the proximate or legal result of wrongful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendants have shown by a preponderance of the evidence that the Plaintiff would have been dismissed for other reasons even in absence of the protected First Amendment activity. If the Defendants prove by a preponderance of the evidence that there was a valid reason for taking action against the Plaintiff separate from his speech to Mayor Hardin or his association with the Fire Fighters Union, then you must find in favor of the Defendants.

If you find for the Plaintiff and against the Defendants on their defense, you must then decide the issue of the Plaintiff's damages.  I will instruct you later as to the law regarding damages.


Instructions for Federal Civil Cases §168.20; Eleventh Circuit / Public Employee / First Amendment Claim / Discharge/Failure to Promote / Free Speech on Matter of Public Concern (amended by Defendants as to damages.)


_____    GIVEN              _____ REFUSED

PDF created with pdfFactory trial version www.pdffactory.com

## *DEFENDANTS' REQUESTED JURY CHARGE #2*

Because close working relationships are essential to fulfilling the public responsibilities of the Phenix City Fire Department, it has a heightened governmental interest in maintaining harmony among its employees.

Belcher v. City of McAlester, 324 F3d 1203, 1209, U.S. Court of Appeals, 10th Circuit, (2003).


_____    GIVEN                    _____ REFUSED

### _DEFENDANTS' REQUESTED JURY CHARGE #3_

Government agencies, such as the Phenix City Fire Department, are charged by law with doing particular tasks.  Agencies hire employees to help do those tasks as effectively and efficiently as possible.  When an employee begins to do or say things that detract from the agency's effective or efficient operation, the government employer must have some power to restrain him.

Waters v. Churchill, 511 U.S. 661, 674-75, US Supreme Court, (1994)


_____    GIVEN            _____ REFUSED

PDF created with pdfFactory trial version www.pdffactory.com

### *DEFENDANTS' REQUESTED JURY CHARGE #4*

The City of Phenix City and the Phenix City Fire Department have the perogative to remove employees whose conduct hinders efficient operation.

Arnett v. Kennedy, 416 US 134, 168, US Supreme Court, (1974).


_____     GIVEN                    _____ REFUSED

PDF created with pdfFactory trial version www.pdffactory.com

### *DEFENDANTS' REQUESTED JURY CHARGE #5*

The City of Phenix City and the Phenix City Fire Department may require the speech by its employees to be channeled through a chain of command to prevent impeding of its performance of its duties.

Davis v. Phenix City, Civil Action No. 3:06cv544-WHA, Memorandum and Opinion Order, 2006.

_____    GIVEN                _____ REFUSED

### *DEFENDANTS' REQUESTED JURY CHARGE #6*

Because the Phenix City Fire Department is a paramilitary organization, you should give great weight to the fire department's need to secure discipline, mutual respect, trust, and efficiency among the ranks in deciding whether the Fire Department's interest in promoting efficient services outweighs the Plaintiff's association and speech interests.

Anderson v. Burke County, 239 F.3d 1216 (11th Cir. 2001); Oladeinde v. City of Birmingham, 230 F.3d 1275, 1293 (11th Cir. 2000); Caruso v. City of Cocoa, 260 F.Supp.2d 1191, 1206 (M.D. Fla. 2003).


_____        GIVEN                    _____ REFUSED

### *DEFENDANTS' REQUESTED JURY CHARGE #7*

In this case, it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

Pattern Jury Instructions, Eleventh Circuit (2000), Basic Instructions § 6.1

_____    GIVEN                      _____ REFUSED

## *DEFENDANTS' REQUESTED JURY CHARGE #8*

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which he has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.  In short, you may accept or reject the testimony of any witness in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Federal Jury Practice and Instructions, § 105.01

_____    GIVEN                    _____ REFUSED

PDF created with pdfFactory trial version www.pdffactory.com

## <u>*DEFENDANTS' REQUESTED JURY CHARGE #9*</u>

Generally speaking, there are two types of evidence that are generally presented during a trial-direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantially" evidence is proof of a chain of facts and circumstances indicating the existence or non-existence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

<u>Federal Jury Practice and Instructions, § 104.05</u>

_____    GIVEN            _____ REFUSED

PDF created with pdfFactory trial version www.pdffactory.com

## *DEFENDANTS' REQUESTED JURY CHARGE #10*

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

Pattern Jury Instructions, Eleventh Circuit (2000), Basic Instructions § 3

_____     GIVEN                    _____ REFUSED

## ***DEFENDANTS' REQUESTED JURY CHARGE #11***

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Federal Jury Practices and Instructions, § 105.04

_____    GIVEN                _____ REFUSED

## *DEFENDANTS' REQUESTED JURY CHARGE #12*

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Federal Jury Practices and Instructions, § 105.11

_____    GIVEN                    _____ REFUSED

### *DEFENDANTS' REQUESTED JURY CHARGE #13*

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations, you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions, which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Pattern Jury Instructions, Eleventh Circuit (2000) § 2.1

_____     GIVEN                    _____ REFUSED

## *DEFENDANTS' REQUESTED JURY CHARGE #14*

Ladies and Gentlemen of the jury, the court will now instruct you on the law of damages.  The burden is on the Plaintiff to reasonably satisfy you from the evidence of the truthfulness of his claim.  If after a consideration of all of the evidence in this case, you are not reasonably satisfied of the truthfulness of the Plaintiff's claim, your verdict should be for the Defendants.  In this event, you would go no further.  This would end your deliberations.  On the other hand, if after a consideration of all the evidence in the case you are reasonably satisfied of the truthfulness of the Plaintiff's claim, your verdict should be for the Plaintiff. In this event, it will be necessary for you to arrive at an amount to be awarded in the verdict from which I will read to you and describe later in my charge.  I now give you the following rules of law to assist you in your deliberations in arriving at an amount in the event you find for the Plaintiff.  Plaintiff makes two statements of his claim.  By these statements, he claims compensatory and punitive damages.

Alabama Patter Jury Instructions, § 11.00


_____     GIVEN                    _____ REFUSED

## *DEFENDANTS' REQUESTED JURY CHARGE #15*

If you find that the Defendants are liable to Plaintiff then you must determine an amount that is fair compensation for the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole – that is, to compensate the Plaintiff for the damages that the Plaintiff has suffered.

You may award compensatory damages only for injuries that the Plaintiff prove were proximately caused by the Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for the Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Federal Jury Practices and Instructions, § 128.01

_____     GIVEN                    _____ REFUSED

## *DEFENDANTS' REQUESTED JURY CHARGE #16*

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Federal Jury Practices and Instructions, § 105.11

_____    GIVEN                _____ REFUSED

### *DEFENDANTS' REQUESTED JURY CHARGE #17*

Damages must be reasonable.  If you should find that the Plaintiff is entitled to a verdict, you may award the Plaintiff only such damages as will reasonably compensate Plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case that Plaintiff has sustained as a proximate result of the incident.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss that, although possible, is not reasonably certain to occur in the future.

Federal Jury Practices and Instructions, § 128.60


_____    GIVEN                        _____ REFUSED

## *DEFENDANTS' REQUESTED JURY CHARGE #18*

You are not to award damages for any injury or condition from which Plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately [*legally*] caused by the incident in question.

Federal Jury Practices and Instructions, § 128.70

_____     GIVEN          _____ REFUSED

## *DEFENDANTS' REQUESTED JURY CHARGE #19*

If you find for the Plaintiff you must not take into account any consideration of attorneys' fees or court costs in deciding the amount of Plaintiff's damages.

Pattern Jury Instructions, Eleventh Circuit (2000), Supplemental Damages Instructions § 6.1

_____     GIVEN               _____ REFUSED

## <u>*DEFENDANTS' REQUESTED JURY CHARGE #20*</u>

In addition to actual damages, the law permits a jury, under certain circumstances, to award the injured person punitive and exemplary damages in order to punish the wrongdoer for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find from a preponderance of the evidence that the Plaintiff is entitled to a verdict for actual or compensatory damages, and you further find that the acts or omissions of Defendants proximately caused actual injury or damage to the Plaintiff, was maliciously, or wantonly, or oppressively done, then you may add to the award of actual damages such amount as you shall unanimously agree to be proper, as punitive and exemplary damages.

An act or a failure to act is "maliciously' done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or towards all persons in one or more groups or categories of which the injured person is a member.

An act or a failure to act is "oppressively" done, if done in a way or manner that injuries, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make any award of punitive and exemplary damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you unanimously find, form a preponderance of the evidence in the case, that Defendants' acts or omissions, which proximately caused actual damage to the Plaintiff was maliciously or wantonly or oppressively done.

You should always bear in mind that such extraordinary damages may be allowed only if you should first unanimously award the Plaintiff a verdict for actual or compensatory damages. You should also bear in mind, not only the conditions under which, and the purposes for which, the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must

PDF created with pdfFactory trial version www.pdffactory.com

never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

However, municipalities enjoy absolute immunity from punitive damages.  City of Newport v. Fact Concerts, 453 U.S. 247, 271 (1981).

Federal Jury Practices and Instructions, § 128.81

_____    GIVEN                    _____ REFUSED

### *DEFENDANTS' REQUESTED JURY CHARGE #21*

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your hones beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

Pattern Jury Instructions, Eleventh Circuit (2000), Basic Instructions § 7.1

_____    GIVEN              _____ REFUSED

### *DEFENDANTS' REQUESTED JURY CHARGE #22*

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over deliberations, and will be your spokesperson in Court. A form of special verdict and a form of general verdict have been prepared for your convenience. You will take these forms to the jury room. I direct your attention first to the form of special verdict

*[Form of special verdict read.]*

*[You will note that each of the tree interrogatories or questions calls for a "Yes" or "No" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the special verdict, when completed. It will not be necessary to consider or answer questions (2) if you answer to question (1) is "No." Nor will it be necessary for you to consider or answer question (3), unless your answer to both questions (1) and (2) is "Yes."]*

*[According, if you answer to either questions (1) and (2) is "No," the foreperson will date and sign the special verdict, without answering questions (3). On the other hand, if you answer to both questions (1) and (2) is "Yes," then you will answer question (3); and the foreperson will then date and sign the special verdict as so completed.]*

After you have completed your findings as called for by the questions set forth on the special verdict, you will then consider your general verdict, forms of which have been prepared for your convenience. *[Read general verdict form.]*

When you have reached unanimous agreement as to your general verdict, you will have your foreperson fill in, date, and sign the form setting forth the verdict upon which you unanimously agree. You will then return with both the completed special verdict and the completed general verdict to the courtroom.

Federal Jury Practices and Instructions, § 106.06

_____    GIVEN        _____    REFUSED