IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DAVID DAVIS,                            )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     ) CIVIL ACTION NO. 3:06-cv-00544-WHA
                                        )
PHENIX CITY, ALABAMA, et al.            )
                                        )
                                        )
            Defendants.                 )
_____ )


**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND SPECIAL
INTERROGATTORIES TO THE JURY**


**WOODLEY & McGILLIVARY**          **FITZPATRICK & BROWN**
THOMAS A. WOODLEY                  GARY L. BROWN
DOUGLAS L. STEELE                  Farley Building
BRYAN G. POLISUK                   Suite 600
Attorneys for Amicus Curiae        1929 Third Avenue North
International Association of Fire Fighters   Birmingham, A.L. 35203
1125 Fifteenth Street, Suite 400    (205) 320-2255
Washington, D.C. 20005
(202) 833-8855

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DAVID DAVIS,                          )
                                      )
            Plaintiff,                )
                                      )
    vs.                               ) CIVIL ACTION NO. 3:06-cv-00544-WHA
                                      )
PHENIX CITY, ALABAMA, et al.          )
                                      )
                                      )
            Defendants.               )
_____)


**COURT'S INSTRUCTIONS**
**TO THE JURY**


Members of the Jury:

    I will now explain to you the rules of law that you must follow and apply in

deciding this case.


    When I have finished you will go to the jury room and begin your

discussions - - what we call deliberations.

## PROPOSED INSTRUCTION NO. 1

### Consideration of the Evidence – Duty to Follow Instructions

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not, and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental entity is involved as a party must not affect your decision in any way. A governmental entity and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental entity is involved, of course, it may act only through people as its employees or officials; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees or officials that are made within the scope of their duties as employees or officials of that governmental agency.

In your deliberations, you should consider only the evidence – that is, the testimony of witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence is the testimony of the one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Source:  Eleventh Circuit, Pattern Jury Instructions, (Civil Cases) (2005), Pattern Jury Instruction No. 2.3 (modified).

# PROPOSED INSTRUCTION NO.  2

## Credibility of Witnesses

The Plaintiff adopts the language as provided in the Eleventh Circuit

Pattern Jury Instructions, (Civil Cases) (2005), Pattern Jury Instruction No. 3.

## PROPOSED INSTRUCTION NO.  3

### Impeachment of Witness
### Inconsistent Statement

The Plaintiff adopts the language as provided in the Eleventh Circuit,

Pattern Jury Instructions, (Civil Cases) (2005), Pattern Jury Instruction No. 4.1.

**PROPOSED JURY INSTRUCTION NO. 4**

**Burden of Proof**

The Plaintiff adopts the language provided in the Eleventh Circuit, Pattern

Jury Instructions, (Civil Cases) (2005), Pattern Jury Instruction No. 6.2.

**PROPOSED INSTRUCTION NO. 5**

**Public Employee**
**First Amendment Claim**
**Discharge/Failure To Promote**
**Free Speech On Matter Of Public Concern**

In this case the Plaintiff, David Davis, claims that the Defendants Phenix City, H.H. (Bubba) Roberts, and Wallace Hunter intentionally deprived Mr. Davis of his rights under the Constitution of the United States.

Specifically, Mr. Davis claims that the Defendants intentionally violated his constitutional rights under the First Amendment to the Constitution when the Defendants discharged the Plaintiff from his employment with Phenix City because of the Plaintiff's exercise of the right of free speech.

The Defendants deny that they violated the Plaintiff's rights in any way.

Under the First Amendment to the Constitution of the United States, every public employee has the right to "freedom of speech" addressing issues of public concern.

In this case, Mr. Davis had a telephone conversation with Phenix City Mayor Jeff Hardin concerning a city-wide proposed ordinance to extend probationary periods for new hires.  This Court has already ruled, as a matter of law, that Mr. Davis' speech activity was a matter of public concern; and, as a public employee, Mr. Davis could not legally be penalized because of his exercise of First Amendment rights in discussing subjects of public concern.

In order to prevail on this claim, the Plaintiff must prove each of the

following facts by a preponderance of the evidence:

First:        That such speech activity was a substantial or motivating

factor in the Defendants' decision to discharge Plaintiff from

employment; and

Second:     That the Defendants' discharge of Mr. Davis was the proximate

or legal cause of damages sustained by the Plaintiff.

You should be mindful that the law applicable to this case requires only

that a public employer refrain from taking action against a public employee

because of the employee's exercise of protected First Amendment rights. So far

as you are concerned in this case, a public employer may discharge a public

employee for any other reason, good or bad, fair or unfair, and you must not

second guess that decision or permit any sympathy for the employee to lead you

to substitute your own judgment for that of the Defendants even though you

personally may not approve of the action taken and would have acted differently

under the circumstances. Neither does the law require that a public employer

extend any special or favorable treatment to public employees because of their

exercise of protected First Amendment rights.

On the other hand, in order to prove that Mr. Davis' protected speech

activities were a "substantial or motivating" factor in the Defendants' decision, the

Plaintiff does not have to prove that the protected speech activities were the only

reason the Defendants acted against him. It is sufficient if Mr. Davis proves that

his protected speech activities were a determinative consideration that made a

difference in the Defendants' adverse employment decision.

Finally, for damages to be the proximate or legal result of wrongful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

Source:  Eleventh Circuit, Pattern Jury Instructions, (Civil Cases) (2005), Pattern Jury Instruction No. 1.1.1 (modified).

**PROPOSED INSTRUCTION NO. 6**

**Public Employee
First Amendment Claim
Discharge/Failure To Promote
Free Association**

In this case the Plaintiff, David Davis, also claims that the Defendants Phenix City, H.H. (Bubba) Roberts, and Wallace Hunter intentionally deprived Mr. Davis of his constitutional rights under the First Amendment to the Constitution of the United States when the Defendants discharged the Plaintiff from his employment with Phenix City because of the Plaintiff's exercise of his right to free association.

The Defendants deny that they violated the Plaintiff's rights in any way.

Under the First Amendment to the Constitution of the United States, every public employee has the right to freedom of association, which includes the right of public employees to join unions and the right of their unions to engage in advocacy and to petition the government on their behalf. As a public employee, Mr. Davis could not legally be penalized because of his exercise of his First Amendment right to associate with a union or labor association.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:    That Plaintiff's role as leader and spokesman for the union, or his other association with the union, was a substantial or motivating factor in the Defendants' decision to discharge Mr.

Davis from employment; and

Second:      That the Defendants' discharge of Mr. Davis was the proximate

or legal cause of damages sustained by the Plaintiff,

As I stated earlier with respect to Plaintiff's Free Speech claim, in order to

prove that Mr. Davis' protected associational activities were a "substantial or

motivating" factor in the Defendants' decision, the Plaintiff does not have to prove

that the protected associational activities were the only reason the Defendants

acted against him. It is sufficient if Mr. Davis proves that his protected

associational activities were a determinative consideration that made a difference

in the Defendants' adverse employment decision.

Finally, for damages to be the proximate or legal result of wrongful

conduct, it must be shown that, except for such conduct, the damages would not

have occurred.

Source:  Eleventh Circuit, Pattern Jury Instructions, (Civil Cases) (2005), Pattern
Jury Instruction No. 1.1.1 (modified); *Professional Ass'n of College Educators v.
El Paso County*, 730 F.2d 258, 262 (5th Cir. 1984), *cert. denied*, 469 U.S. 881
(1984); *Davis v. Phenix City, Alabama, et al.*, Memorandum Opinion and Order,
June 27, 2007.

## PROPOSED INSTRUCTION NO. 7

### Damages

If you find for the Plaintiff David Davis under Instruction 5 and/or Instruction 6, you must then decide the issue of the Plaintiff's damages.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury-- tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

      (a)    Net lost wages and benefits to the date of trial;

(b)    Emotional pain and mental anguish.

(c)    Punitive damages, if any.

The Plaintiff also claims that the acts of Defendants H.H. (Bubba) Roberts, and Wallace Hunter were done with malice or reckless indifference to Mr. Davis' federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that Defendant H.H. (Bubba) Roberts _or_ Defendant Wallace Hunter, _or_ both of them did act with malice or reckless indifference to the Plaintiffs federally protected rights, the law would allow you, in your discretion, to assess punitive damages against such Defendant or Defendants as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against Defendant H.H. (Bubba) Roberts _or_ Defendant Wallace Hunter, _or_ both of them, you may consider the financial resources of such Defendant or Defendants in fixing the amount of such damages and you may assess punitive damages against one Defendant, and not the other, or against more than one Defendant in different amounts.

Source:  Eleventh Circuit, Pattern Jury Instructions, (Civil Cases) (2005), Pattern Jury Instruction No. 1.1.1 (modified).

## PROPOSED INSTRUCTION NO.  8

### Duty to Deliberate

The Plaintiff adopts the language as provided in the Eleventh Circuit

Pattern Jury Instructions, (Civil Cases) (2005), Pattern Jury Instruction No. 7.1.

**PROPOSED INSTRUCTION NO.  9**

**Election of Foreperson**

The Plaintiff adopts the language as provided in the Eleventh Circuit

Pattern Jury Instructions, (Civil Cases) (2005), Pattern Jury Instruction No. 8.

## PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available**. You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available**. On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be

concerned because you will get to see and study it later during your deliberations.

* * * * *

**<u>Note Taking - Not Permitted</u>**. A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial.

The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like. It is requested, however, that Jurors not take notes during the trial. One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may not have skill or experience in note taking and may not wish to do so.

* * * * *

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial,

coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may

seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendant[s] will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the

evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

Source:  Eleventh Circuit, Pattern Jury Instructions, (Civil Cases) (2005), Preliminary Instructions Before Trial(modified).

## SPECIAL INTERROGATORIES
## TO THE JURY

**Do you find from a preponderance of the evidence:**

1. That Plaintiff's telephone conversation with Phenix City Mayor Jeffrey Hardin was a substantial or motivating factor in the Defendants' decision to discharge Plaintiff from his employment with the Phenix City Fire Department?

Answer Yes or No　　　　＿＿＿＿＿＿＿＿＿

2. That the Defendants' acts were the proximate or legal cause of damages sustained by the Plaintiff?

Answer Yes or No　　　　＿＿＿＿＿＿＿＿＿

Note: If you answered No to any of the preceding questions you need not answer any of the remaining questions.

3. That under the policies and practices of the Phenix City Fire Department, Plaintiff could have gained effective access to the Phenix City Council to discuss the proposed ordinance regarding the probationary period for new hires after exhausting the internal chain of command in the Phenix City Fire Department?

Answer Yes or No　　　　＿＿＿＿＿＿＿＿＿

4. That the telephone conversation Mr. Davis had with Mayor Hardin concerning the proposed ordinance to extend the probationary period for new hires, which is a matter of public concern, disrupted or impeded the operations of the Phenix City Fire Department, or had a reasonable likelihood of disrupting or impeding the operations of the Phenix City Fire Department?

Answer Yes or No     _____

5. That Mr. Davis' role as leader and spokesman for the union, or his other association with the union disrupted or impeded the operations of the Phenix City Fire Department, or had a reasonable likelihood of disrupting or impeding the operations of the Phenix City Fire Department?

Answer Yes or No     _____

6. That the Plaintiff should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

Answer Yes or No     _____

If your answer is Yes, in what amount?     _____

7. That the Plaintiff should be awarded damages to compensate for emotional pain and mental anguish?

Answer Yes or No     _____

If your answer is Yes, in what amount?        _____

8. That the Defendant H.H. Roberts acted with malice or reckless

indifference to the Plaintiff's federally protected rights and that punitive

damages should be assessed against this Defendant?

Answer Yes or No        _____

If your answer is Yes, in what amount?        _____

9.    That the Defendant Wallace Hunter acted with malice or

reckless indifference to the Plaintiff's federally protected rights and that

punitive damages should be assessed against this Defendant?

Answer Yes or No        _____

If your answer is Yes, in what amount?        _____

SO SAY WE ALL.

_____
Foreperson

DATED:_____

Respectfully submitted,


s/ Douglas L. Steele
Thomas A. Woodley
Douglas L. Steele
Bryan G. Polisuk
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C.  20005
Tel: (202) 833-8855
Fax:  (202) 452-1090


Gary Brown, Esq.
FITZPATRICK & BROWN LLP
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203
Telephone (205) 320-2255
Fax:  (205) 320-7444

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DAVID DAVIS,                          )
                                      )
            Plaintiff,                )
                                      )
      vs.                             )     CIVIL ACTION NO. 3:06-cv-00544-VPM
                                      )
PHENIX CITY, ALABAMA, et al.          )     Judge W. Harold Albritton
                                      )
            Defendants.               )
_____ )

**CERTIFICATE OF SERVICE**

      This is to certify that one true and accurate copy of Plaintiff's Proposed

Jury Instructions and Special Interrogatories to the Jury was electronically filed

on the following counsel for defendants on this 6th day of August, 2007:

Joshua Robert McKoon
McKoon, Thomas, & McKoon
925 Broad Street
P.O. Box 3220
Phenix City, AL 36868


                              /s/ Douglas L. Steele_____
                              Attorney for Plaintiff