IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:06-cv-00544-VPM |
| ) | |
| PHENIX CITY, ALABAMA, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES IN OPPOSITION TO
<u>DEFENDANTS' MOTION FOR LEAVE TO AMEND</u>**

Plaintiff David Davis respectfully submits the memorandum in opposition to defendant H.H. Roberts' and Defendant Wallace Hunter's last-minute Motion for Leave to Amend their Answer to assert — ***for the first time*** — the affirmative defense of qualified immunity**.**  The Defendants' Motion should be denied as it is inconsistent with controlling law, is without any justification for delay, and is prejudicial to the Plaintiff.

It is well established that qualified immunity is an affirmative defense that the defendant has the burden of pleading.  <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980).  Indeed, Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that all affirmative defenses ***shall*** be asserted in the responsive pleading or by pre-answer motion.  Defendants Roberts and Hunter failed to meet either of these requirements.  Moreover, where it is not so pled "***it is deemed waived***."  <u>Skrtich v. Thornton</u>, 280 F.3d

1295, 1306 (11th Cir. 2002) (emphasis supplied). See also, <u>Moore v. Morgan</u>, 922 F.2d 1553, 1557 (11th Cir. 1991); <u>Barrett v. Thomas</u>, 649 F.2d 1193, 1201 (5th Cir. 1981).

Here, Defendants Roberts and Hunter rely on two Eleventh Circuit decisions (one unpublished) and neither of which, upon examination, actually support the extraordinary relief being sought in the present Motion. In <u>Skrtich</u>, the Court of Appeals actually *affirmed* the District Court's *denial* of a motion to dismiss on qualified immunity grounds, where the motion was filed more than three months after the defendants' answer, which had omitted the defense, noting that "Rule 12 does not permit legal tactics employed for delay and we cannot endorse them." 280 F.3d at 1307.

While the Court in <u>Skrtich</u>, in dicta, indicated that qualified immunity can be asserted at trial, <u>citing</u> <u>Ansley v. Heinrich</u>, 925 F.2d 1339 (11th Cir. 1991), nothing in <u>Ansley</u> supports the notion that a defendant may assert the defense of qualified immunity **for the first time** at or on the eve of trial. The <u>Ansley</u> case stands for the *opposite* position. As stated in that decision:

> [T]his circuit has stated that qualified immunity is a question of law that may be asserted in three ways: (1) on a pretrial motion to dismiss under *Federal Rule of Civil Procedure 12(b)(6)* for failure to state a claim; (2) as an affirmative defense in the request for judgment on the pleadings pursuant to *Federal Rule of Civil Procedure 12(c)*; or (3) on a summary judgment motion pursuant to *Federal Rule of Civil Procedure 56(e)*. **All three motions precede the trial and require the district court to rule as a matter of law, whether the official is entitled to the defense of qualified immunity.**

<u>Ansley</u>, 925 F.2d 1339, 1347 (citations omitted, emphasis supplied). In fact, the Court in <u>Ansley</u> specifically noted that the Answers submitted "asserted several affirmative defenses including . . . qualified immunity." <u>Id</u>. at 1342. Accordingly, nothing in <u>Skrtich</u>

2

or Ansley support the Defendants' request to assert qualified immunity, for the first time, a mere two weeks prior to trial.

The unpublished decision in Fry v. Hillsborough County School Board, 190 Fed. Appx. 810 (11th Cir. 2006) also fails to provide any support for the proposition that the Defendants should be allowed leave to amend their answer to assert the defense of qualified immunity *two weeks prior to trial*. Rather, in Fry, the defendants asserted qualified immunity not on the eve of trial, but in their second amended answer, which was their first responsive pleading after their motion to dismiss, and was untimely by a mere 10 days. Id. at 819.

In contrast, however, the Eleventh Circuit has recognized that "the potential for abusive delays or manipulative uses of qualified immunity claims is clear . . . ." Skrtich, 280 F.3d at 1306. ***In that regard, the Defendants are plainly mistaken when they assert that there is no prejudice to the Plaintiff should their motion be granted***. First, the absence of a claim of qualified immunity impacted Plaintiff's discovery strategy and focus, including the focus of the depositions, which cannot fairly be remedied this close to trial. Second, the issue of qualified immunity is an issue of law for the Court to decide, which necessitates significant substantive briefing and argument by the parties. The Plaintiff will be severely prejudiced if his counsel is forced to divert precious and limited trial preparation time to brief and argue the defense of qualified immunity, a defense that was never raised in Defendants' responsive pleading, nor even raised prior to the close of discovery. Finally, Defendants Roberts and Hunter have not even attempted to offer any excuse — reasonable or otherwise — for their inexplicable delay, from which the Court may legitimately conclude that no conceivably valid excuse exists.

## **Conclusion**

For the above stated reasons and authorities, Plaintiff David Davis respectfully submits that there is no valid basis for allowing the Defendants to assert the affirmative defense of qualified immunity a mere two weeks before trial. Accordingly, Plaintiff requests that the Defendants' Motion for Leave to Amend be denied.

Respectfully submitted,


/s/ Douglas L. Steele
Thomas A. Woodley
Douglas L. Steele
Bryan G. Polisuk
WOODLEY & McGILLIVARY
1125 15th Street, NW, Ste. 400
Washington, DC 20005
Tel: (202) 833-8855
Fax: (202) 452-1090


/s/ Gary Brown
Gary Brown, Esq.
FITZPATRICK & BROWN
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203
Tel: (205) 320-2255
Fax: (205) 320-7444

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:06-cv-00544-VPM |
| ) | |
| PHENIX CITY, ALABAMA, et al. ) | Judge W. Harold Albritton |
| ) | |
| Defendants. ) | |
| _____) | |

## **CERTIFICATE OF SERVICE**

This is to certify that one true and accurate copy of Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion for Leave to Amend was electronically filed on the following counsel for defendants on this 7th day of August, 2007:

Joshua Robert McKoon
McKoon, Thomas, & McKoon
925 Broad Street
P.O. Box 3220
Phenix City, AL 36868

/s/ Douglas L. Steele
Attorney for Plaintiff