IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, | ) |
|       Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 3:06-cv-00544-WHA |
| PHENIX CITY, ALABAMA, et al. | ) |
|       Defendants. | ) |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT**

Comes now the plaintiff David Davis, pursuant to Fed. R.Civ.Pro. 15(a), and respectfully moves the Court for leave to file an Amended Complaint. The reasons in support of this motion are set forth below:

1. Fed.R.Civ.Pro. 15(a) provides for parties to amend their pleadings, "and leave shall be freely given when justice so requires". It is well established that the federal courts apply a liberal standard in permitting a plaintiff to amend his/her Complaint. Foman v. Davis, 371 U.S. 178, 182 (1962)(the declaration in Rule 15(a) that leave to amend should be freely given is a "mandate [that] is to be heeded"); Skipper v. Eastern Airlines, Inc., 868 F.2d 401, 406-07 (11th Cir. 1989).

2. When the initial period of discovery was completed in this action, particularly the depositions of the individual defendants and officials of the defendant City, it became apparent that the defendants' actions, and the regulations, policies, directives, procedures and decisions of the City, had imposed, and continue to impose,

unconstitutional prior restraints on the free speech and free association rights of the plaintiff and other City employees similarly situated.

 3. At the time the parties filed their cross-motions for summary judgment, the plaintiff believed that the claim of unlawful prior restraint was encompassed within the allegations of their existing Complaint. In its Memorandum and Order entered on June 27, 2007 (pp. 5-7), however, this Court determined that there was insufficient language in the Complaint setting forth a prior restraint claim, either facially or as applied. The plaintiff hereby seeks leave of Court to file an Amended Complaint (attached hereto) which adds a Count IV explicitly alleging the unconstitutionality of the defendants' prior restraints.[1]

 4. On August 6, 2007, two weeks before trial, the individual defendants filed a motion for leave to amend their Answer to the Complaint to assert a new affirmative defense of qualified immunity. On August 7, 2007, the plaintiff filed his opposition to the motion for leave to amend pointing out that the motion was untimely, prejudicial, and without justification. On that same date, the Court granted the individual defendants' motion to amend, indicating that the Court would entertain a motion for continuance of the scheduled trial.

---

[1] The plaintiff is fully aware that in its June 27, 2007 ruling, this Court granted defendants' summary judgment motion as to plaintiff's state law claim in Count II of the Complaint, and that this ruling remains applicable at this time. In the interests of a clear record in this action, and to preclude the potential argument of the defendants that the plaintiff has waived or abandoned his state law claim by the submission of an Amended Complaint which deletes that Count, the plaintiff's attached Amended Complaint contains Count III.
 The proposed Amended Complaint also deletes references to individual defendants who were voluntarily dismissed after depositions were taken.

5. The Court granted plaintiff's motion for a continuance of the trial, which is now set on March 3, 2008. The new date for completing discovery is December 7, 2007.

6. There is no significant reason to deny the instant motion. No delay will occur here if the motion is granted, nor will the defendants suffer any prejudice. It is very unlikely that the defendants will pursue any discovery from the plaintiff with regard to the claims in Count IV of the proposed Amended Complaint that the defendants' own regulations, policies, directives (etc.) impose unconstitutional prior restraints. If defendants do desire discovery on this issue, they have ample time to do so prior to the closure of discovery on December 7, 2007.

7. If the instant motion is denied, the remaining option would be the filing of a new and separate cause of action against the defendants asserting the unlawfulness of the prior restraints imposed by these defendants. Considering the common nucleus of facts and interrelated issues, pursuit of a separate suit would be contrary to the interests of the Court and the parties in saving time and conserving limited resources.

In sum, based on the record in this matter, and applying the liberal standard for permitting amendments to pleadings that this Court used in recently approving the individual defendants' motion for leave to amend their answer to advance a new affirmative defense, the plaintiff respectfully submits that the instant motion should be granted.

Respectfully submitted,


/s/ Douglas L. Steele
Thomas A. Woodley
Douglas L. Steele
Molly A. Elkin
Bryan G. Polisuk
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
Tel: (202) 833-8855
Fax: (202) 452-1090



/s/ Gary Brown
Gary Brown, Esq.
FITZPATRICK, COOPER & CLARK LLP
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203
Telephone (205) 320-2255
Fax: (205) 320-7444

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DAVID DAVIS,                         )
                                     )
    Plaintiff,                       )
                                     )
vs.                                  )   CIVIL ACTION NO. 3:06-cv-00544-WHA
                                     )
PHENIX CITY, ALABAMA, et al.         )   Judge W. Harold Albritton
                                     )
    Defendants.                      )
_____)

## CERTIFICATE OF SERVICE

This is to certify that one true and accurate copy of Plaintiff's Motion for Leave to File an Amended Complaint and attached Amended Complaint was electronically filed on the following counsel for defendants on this 19th day of September, 2007:

Joshua Robert McKoon
McKoon, Thomas, & McKoon
925 Broad Street
P.O. Box 3220
Phenix City, AL 36868

/s/ Douglas L. Steele
Attorney for Plaintiff