IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 3:06-cv-00544-WHA |
| | ) | |
| PHENIX CITY, ALABAMA, | ) | |
| | ) | |
| H.H. ROBERTS, named in | ) | AMENDED COMPLAINT FOR |
| his individual and official | ) | DECLARATORY JUDGMENT, |
| capacities, | ) | COMPENSATION, EQUITABLE |
| | ) | AND OTHER RELIEF |
| WALLACE HUNTER, named in | ) | |
| his individual and official | ) | JURY TRIAL DEMANDED |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

1.     The plaintiff is an individual who brings this action against the defendants because of defendants' unlawful deprivation of the plaintiff's rights and privileges secured by the U.S. Constitution and § 11-43-143 of the Code of Alabama, and because defendants have engaged in unlawful retaliation and discrimination against the plaintiff. Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and compensation, damages, benefits, equitable and other relief under 42 U.S.C. §1983, et. seq., and under state law.

JURISDICTION AND VENUE

2.     Jurisdiction of this action is conferred on this Court by 28 U.S.C. §1331, 28 U.S.C. §1337, 28 U.S.C. §1343, 42 U.S.C. §1983, and 28 U.S.C. §1367(a)

(supplemental jurisdiction to entertain claims in Count III).  Venue lies within this district pursuant to 28 U.S.C. §1391.

PARTIES

3.    Plaintiff David Davis is an individual who resides in Phenix City, Alabama. At all times material herein, plaintiff Davis has been a "person" within the meaning of 42 U.S.C. §1983, and a "person" and a "fire fighter" within the meaning of the Alabama State Code, §11-43-143(b).

4.    Defendant Phenix City (hereafter referred to as "City") is an incorporated municipality under the laws of the State of Alabama.  The City is a "person" within the meaning of 42 U.S.C. §1983, and a "person" within the meaning of the Alabama State Code, §11-43-143(b).

5.    Defendant H.H. Roberts is the City Manager of Phenix, and he is actively engaged in the management, supervision and control of the operations, activities, affairs, finances, property, personnel, compensation and employment conditions of the defendant City.  Defendant City Manager Roberts is now, and has been at all times material herein, a "person" within the meaning of 42 U.S.C. §1983, and a "person" within the meaning of the Alabama State Code, §11-43-143(b).  Defendant City Manager Roberts is named in his individual capacity and also in his official capacity. Defendant City Manager Roberts is personally liable for the violations of law and relief claimed herein.

6.    Defendant Wallace Hunter is the Chief of the City's Fire Department, and he is actively engaged in the management, supervision and control of operations, activities, affairs, finances, property, personnel, compensation and employment

2

conditions of the City's Fire Department.  Defendant Chief Hunter is now, and has been

at all times material herein, a "person" within the meaning of 42 U.S.C. §1983, and a

"person" within the meaning of the Alabama State Code, §11-43-143(b).  Defendant

Chief Hunter is named in his individual capacity and also in his official capacity.

Defendant Chief Hunter is personally liable for the violations of law and relief claimed

herein.

COMMON ALLEGATIONS

7.      Plaintiff Davis was hired by Phenix City and its Fire Department in April

1998.  In May 2003, plaintiff Davis was promoted to the rank of Sergeant.

8.      In October 2005, plaintiff Davis became the President and leader of a local

association of fire fighters and rescue service employees employed in the City's Fire

Department.  In this leadership capacity, plaintiff Davis has been the representative and

spokesperson for the other members of the labor association employed in the City's Fire

Department, and he has spoken out on matters of public concern regarding public

safety, fire and rescue services, budgetary issues, staffing, job safety and other

subjects.

9.       In the period of 2005 through the present, defendants City Manager

Roberts and Chief Hunter have made derogatory remarks about the fire fighters local

labor organization and about plaintiff Davis in his capacity as the organization's

President, as well as about Davis's speaking out on matters of public concern.

10.      In September 2005, plaintiff Davis was issued a counseling form and

threatened with discharge for having spoken to the local media regarding fire

department operations and other matters of public concern.

3

11.     In September 2005, after plaintiff Davis spoke to the media, defendant Chief Hunter issued a memorandum to employees of the City's Fire Department, stating that free speech must be exercised in accordance with the City's Merit System Rules and Regulations.

12.     On or about April 16, 2006, plaintiff Davis became aware of a pending proposal before the City Council that would have extended the probationary period of fire fighter recruits from one year to eighteen months (hereafter "proposal"). Plaintiff Davis, and other members of the local labor organization, became concerned that this proposal would undercut the recruitment of qualified fire fighters and adversely impact the performance of fire protection services and employee morale in the fire department.

13.     On or about April 17, 2006, while off-duty, and in his capacity as the President of the local labor organization, and on behalf of members of the local labor organization, plaintiff Davis telephoned City Mayor Hardin to discuss the proposal and its adverse affects on the recruitment of qualified fire fighters.  City Mayor Hardin was not available to take plaintiff Davis's call and plaintiff Davis left a message for defendant Hardin.  Mayor Hardin returned plaintiff Davis's call and discussed the proposal with plaintiff Davis.

14.     On or about April 20, 2006, while on-duty, plaintiff Davis was summoned to Deputy Chief Waters' office, where Deputy Chief Waters reprimanded plaintiff Davis for contacting Mayor Hardin "outside of the chain of command" in violation of the City's Merit System Rules and Regulations.

15.     On or about April 21, 2006, plaintiff Davis was directed to report to the office of Personnel Director Goodwin, where defendant Chief Hunter and Deputy Chief

Waters were present, and was told that he was being discharged for contacting Mayor Hardin to discuss the proposal.

16.     Plaintiff Davis appealed his discharge to the City's Personnel Review Board (hereafter "Board"). On or about May 16, 2006, a closed-door hearing was conducted before the Board. The Board recommended to defendant City Manager Roberts that plaintiff Davis' discharge be upheld. On or about May 18, 2006, defendant City Manager Roberts determined, in accordance with the Board's decision, that plaintiff Davis' discharge be upheld.

<u>COUNT I</u>

17.     Plaintiff adopts and incorporates by reference herein, paragraphs 1 through and including paragraph 16 of this Complaint.

18.     At times material herein, plaintiff Davis actively spoke out on matters of public concern, including, but not limited to: the City's fire and rescue services; safety; equipment; sufficient staffing; recruitment; and other public safety issues.  The right of the plaintiff to speak out freely on these and other matters of public concern is protected by the First Amendment and the Fourteenth Amendment to the U.S. Constitution.  The public has a vital interest in free and open discussion on issues of public importance.

19.     Upon learning that plaintiff Davis had spoken out on such matters of public concern, defendants Phenix City, City Manager Roberts, and Chief Hunter, individually, separately and/or jointly, engaged in actions, omissions and decisions, aimed at denying the plaintiff's employment rights and protections granted to him under law, including, but not limited to, threats of pressure on the job, counseling, threats of termination, termination and efforts to silence the plaintiff, as alleged in this Complaint.

These actions, omissions and decisions of the defendants, individually, separately and/or jointly, were designed to cause, have caused, and will continue to cause, the plaintiff to lose wages, compensation, entitlements and rights.  In addition, these actions, omissions and decisions of the defendants, individually, separately and/or jointly, were designed to cause, have caused, and will continue to cause, the plaintiff to suffer humiliation and harm to his reputation, emotional and mental injuries, pain and suffering, financial and other adverse consequences, for which plaintiff seeks full damages and make whole relief.

20.    Such actions, omissions and decisions of defendants Phenix City, City Manager Roberts, and Chief Hunter, individually, separately and/or jointly, including, but not limited to, threats of pressure on the job, counseling, threats of termination, termination and efforts to silence the plaintiff were taken in response to, and in retaliation for, the plaintiff's exercise of his constitutional and lawful rights to speak out about matters of public concern, in violation of the plaintiff's rights safeguarded under the First and Fourteenth Amendments to the U.S. Constitution.  The grounds and reasons offered by defendants for their adverse actions, omissions and decisions against the plaintiff were false and pretextual.

21.    Such actions, omissions and decisions on the part of defendants Phenix City, City Manager Roberts, and Chief Hunter, individually, separately and/or jointly, including, but not limited to, threats of pressure on the job, counseling, threats of termination, termination and efforts to silence the plaintiff were taken under the color of law, and such actions, omissions and decisions have deprived the plaintiff of his rights,

privileges and immunities secured by the U.S. Constitution and laws in violation of 42 U.S.C. §1983, and for which liability and redress exist under 42 U.S.C. §1983.

22.    Such unlawful actions, omissions and decisions, as alleged herein, make the defendant City fully liable to the plaintiff under 42 U.S.C. §1983 based on the authority and actual decisions of defendant City and other defendants.  In addition, such unlawful actions, omissions and decisions, as alleged herein, were based on the policymaking and final decision-making authority of the defendant City, and were based on the policy, custom and practice of the City.

23.    Such unlawful actions, omissions and decisions of defendants Phenix City, City Manager Roberts, and Chief Hunter, individually, separately and/or jointly, alleged herein, were done in a knowing, willful, reckless, and bad faith manner, and violate clearly established constitutional and statutory provisions and rights of which a reasonable person would have known.

COUNT II

24.    Plaintiff adopts, and incorporates by reference herein, paragraphs 1 through and including 23, of this Complaint.

25.    At all material times, plaintiff Davis has been a member of, and actively participated in, an association comprised of fire fighters and rescue employees employed by the defendant City.  Plaintiff Davis has also been the elected President of the fire fighters' local association, and he has acted as a leader, and active spokesperson for this association and its members.  The right of the plaintiff to freedom of association is protected by the First Amendment and Fourteenth Amendment to the U.S. Constitution.

7

26.    Upon learning and recognizing that plaintiff Davis was the principal officer, leader, and a member of the fire fighters' local association, at various times, defendants Phenix City, City Manager Roberts, and Chief Hunter, individually, separately, and/or jointly, engaged in actions, omissions and decisions, aimed at denying the plaintiff's employment rights and protections granted him under law, including, but not limited to, threats of pressure on the job, counseling, threats of termination, termination, and efforts to silence the plaintiff as alleged earlier in this Complaint.  Defendants have also taken actions and made threats aimed at unlawfully preventing and limiting the plaintiff's rights to associate with other fire fighters and rescue employees who are labor association members about matters of common interest, as alleged in this Complaint. These actions, omissions, and decisions of the defendants, individually, separately and/or jointly, were designed to cause, have caused, and will continue to cause, the plaintiff to lose wages, compensation, entitlements and rights.  In addition, these actions, omissions and decisions of the defendants, individually, separately and/or jointly, were designed to cause, have caused, and will continue to cause, the plaintiff to suffer humiliation and harm to his reputation, emotional and mental injuries, pain and suffering, financial and other adverse consequences, for which plaintiff seeks full damages and make whole relief.

27.    Such actions, omissions and decisions on the part of defendants Phenix City, City Manager Roberts, and Chief Hunter, individually, separately and/or jointly, including, but not limited to, threats of pressure on the job, counseling, threats of termination, termination and efforts to silence the plaintiff, were taken in response to, and in retaliation for, the plaintiff's exercise of his constitutional and lawful rights of

freedom of association, in violation of the plaintiff's rights safeguarded under the First and Fourteenth Amendments to the U.S. Constitution.  The grounds and reasons offered by defendants for their adverse actions, omissions and decisions against the plaintiff were false and pretextual.

      28.    Such actions, omissions and decisions on the part of defendants City Manager Roberts, and Chief Hunter, individually, separately and/or jointly, including, but not limited to, threats of pressure on the job, counseling, threats of termination, termination and efforts to silence the plaintiff were taken under the color of law, and such actions, omissions and decisions have deprived the plaintiff of his rights, privileges and immunities secured by the U.S. Constitution and laws in violation of 42 U.S.C. §1983, and for which liability and redress exist under 42 U.S.C. §1983.

      29.    Such unlawful actions, omissions and decisions, as alleged herein, make the defendant City fully liable to the plaintiff under 42 U.S.C. §1983 based on the authority and actual decisions of defendants Phenix City, City Manager Roberts, and Chief Hunter.  In addition, such unlawful actions, omissions and decisions, as alleged herein, were based on the policymaking and final decision-making authority of the defendant City, and were based on the policy, custom and practice of the City.

      30.    Such unlawful actions, omissions and decisions of defendants Phenix City, City Manager Roberts, and Chief Hunter, individually, separately and/or jointly, as alleged herein, were done in a knowing, willful, reckless, and bad faith manner, and which violate clearly established constitutional and statutory provisions and rights of which a reasonable person would have known.

COUNT III

31.     Plaintiff adopts and incorporates by reference herein paragraphs 1

through and including 30 of this Complaint.

32.     The Alabama State Code provides that

All fire fighters serving the state or any municipality in the state either as
paid firemen or as volunteer fire fighters who comply with the provisions of
this section are assured the right and freedom of association, self-
organization and the right to join or continue as members of any employee
or labor organization which complies with this section, and shall have the
right to present proposals relative to salaries and other conditions of
employment by representatives of their own choosing.

Alabama State Code §11-43-143(b).

The Alabama State Code also provides that

No such person shall be discharged or discriminated against because of
his exercise of such right, nor shall any person or group of persons,
directly or indirectly, by intimidation or coercion compel or attempt to
compel any fire fighter or fireman to join or refrain from joining a labor
organization.

Alabama State Code §11-43-143(b). This statutory protection extends to any fire fighter

who otherwise complies with Section 11-43-143(a), which prohibits municipal fire

fighters from participating in any strike or from asserting the right to strike, or from being

a member of any organization of employees that asserts the right to strike against any

municipality knowing that such organization asserts such right. Neither plaintiff, nor any

fire fighters' labor association to which he belongs, has ever participated in any strike

against any municipality, nor has any such association ever asserted the right to strike

against any municipality.

33.     At all material times, plaintiff Davis has been a member of, and actively

participated in, an association comprised of fire fighters and rescue employees

employed by the defendant City.  Plaintiff Davis has also been the elected President of

the fire fighters' local association, and he has acted as a leader, and active

spokesperson for this association and its members.  The right of the plaintiff to freedom

of association is protected by the Alabama State Code §11-43-143(b).

34.    Upon learning and recognizing that plaintiff Davis was the principal officer,

leader, and a member of the fire fighters' local association, and upon learning that

plaintiff Davis made a proposal to the defendant City and Mayor Hardin about not

extending the probation period for fire fighters because of the adverse impact it would

have on the fire department and employment conditions, at various times, defendants

Phenix City, City Manager Roberts, and Chief Hunter, individually, separately, and/or

jointly, engaged in actions, omissions and decisions, aimed at denying the plaintiff's

associational and employment rights and protections granted him under state law,

including, but not limited to, threats of pressure on the job, counseling, threats of

termination, termination and efforts to silence the plaintiff as alleged earlier in this

Complaint.  Defendants have also taken actions and made threats aimed at unlawfully

preventing and limiting the plaintiff's rights to associate with other fire fighters and

rescue employees who are labor association members about matters of common

interest, as alleged in this Complaint.  These actions, omissions, and decisions of the

defendants, individually, separately and/or jointly, are contrary to the declared public

policy of the State of Alabama and in violation of §11-43-143 of the Alabama State

Code, and they were designed to cause, have caused, and will continue to cause, the

plaintiff to lose wages, compensation, entitlements and rights.  In addition, these

actions, omissions and decisions of the defendants, individually, separately and/or

jointly, were designed to cause, have caused, and will continue to cause, the plaintiff to suffer humiliation and harm to his reputation, emotional and mental injuries, pain and suffering, financial and other adverse consequences, for which plaintiff seeks full damages and make whole relief.

35.    Such actions, omissions and decisions on the part of defendants Phenix City, Roberts, and Hunter, individually, separately and/or jointly, including, but not limited to, threats of pressure on the job, counseling, threats of termination, termination and efforts to silence the plaintiff, were taken in response to, and in retaliation for, the plaintiff's exercise of his rights under Alabama law.  The grounds and reasons offered by defendants for their adverse actions, omissions and decisions against the plaintiff were false and pretextual.

36.    Such unlawful actions, omissions and decisions of defendants Phenix City, City Manager Roberts, and Chief Hunter, individually, separately and/or jointly, as alleged herein, were done in a knowing, willful, wanton, reckless, and bad faith manner.


<u>COUNT IV</u>

37.  Plaintiff re-alleges and incorporates by reference herein, paragraphs 1 through and including paragraph 30 of this Complaint.

38.  The defendant City has adopted, applied, and enforced City Merit System Rules and Regulations (including, but not limited to, Section 2.054), Fire Department Standard Operating Procedures (including, but not limited to, ASOP 12), and other regulations, policies, directives, decisions, procedures and practices which have imposed unconstitutional prior restraints on the free speech rights of the plaintiff and

other City employees similarly situated. Such regulations, policies, directives, decisions and procedures, both facially and as applied, have prevented, prohibited, and restricted the plaintiff from communicating with the media and publicly about issues involving the City's provision of fire and rescue services, including, but not limited to, inadequate staffing in the City's fire department; fire fighters' safety and health; inadequate fire department equipment and vehicles; insufficient financial/budgetary resources in the fire department; emergency response times and dispatching procedures; employee morale in the fire department; corruption by fire department officials; and the fire department's protection of public safety.

39. The right of plaintiff Davis to express his views to the media and to the public on matters of public concern is protected by the free speech safeguards of the First Amendment and the Fourteenth Amendment to the U.S. Constitution.

40. The public and the media have a right to be informed and to know about important issues implicating the operation and delivery of vital fire and rescue services. Plaintiff Davis and other City fire fighters, and the media, are in the best positions to keep citizens informed about such issues.

41. The City's regulations, policies, directives, decisions, and procedures, both on their face and as applied, have chilled and deterred plaintiff Davis, and other City employees similarly situated, from exercising the constitutional right of free speech with the media and the public.

42. The defendant City has adopted, applied, and enforced City Merit System Rules and Regulations (including, but not limited to, Section 2.054), Fire Department Standard Operating Procedures (including, but not limited to, ASOP 12), and other

13

regulations, policies, directives, decisions, procedures and practices which have imposed unconstitutional prior restraints on the free speech rights of the plaintiff and other City employees similarly situated.  Such regulations, policies, directives, decisions and procedures, both facially and as applied, have prevented, prohibited, and restricted the plaintiff from communicating with the City's Mayor and other City Council members about issues involving the City's provision of fire and rescue services, including, but not limited to, inadequate staffing in the City's fire department; fire fighters' safety and health; inadequate fire department equipment and vehicles; insufficient financial/ budgetary resources in the fire department; emergency response times and dispatching procedures; employee morale in the fire department; corruption by fire department officials; and the fire department's protection of public safety.

43.  The right of plaintiff Davis to express his views to the City's Mayor and other City Council members on matters of public concern is protected by the free speech safeguards of the First Amendment and the Fourteenth Amendment to the U.S. Constitution.

44.  The City's Mayor and other City Council members have a right to be informed and to know about important issues implicating the operation and delivery of vital fire and rescue services.  Plaintiff Davis and other City fire fighters are in the best positions to keep the City's elected officials informed about such issues.

45.  The City's regulations, policies, directives, decisions, and procedures, both on their face and as applied, have chilled and deterred plaintiff Davis, and other City employees similarly situated, from exercising the constitutional right of free speech with the City's Mayor and other City Council members.

46.  The interests of the public, the media, the citizens' elected City officials, as well as the interests of plaintiff Davis and current and future City employees, in a broad range of present and future expression, outweigh the necessary impact of the exercise of free expression on the operations of the City and its fire department.

47.  The defendant City has adopted, applied, and enforced City Merit System Rules and Regulations (including, but not limited to, Section 2.054), Fire Department Standard Operating procedures (including, but not limited to, ASOP 12), and other regulations, policies, directives, decisions, procedures and practices which have imposed unconstitutional prior restraints on the free association rights of the plaintiff and other City employees similarly situated.  Such regulations, policies, directives, decisions and procedures, both facially and as applied, have prevented, prohibited, and restricted the plaintiff from associating with the media, the public, the City's Mayor and other City Council members with respect to issues involving the City's provision of fire and rescue services, including, but not limited to, inadequate fire department equipment and vehicles; insufficient financial/budgetary resources in the fire department; emergency response times and dispatching procedures; employee morale in the fire department; corruption by fire department officials; and the fire department's protection of public safety.

48.  The right of plaintiff Davis to freely associate is protected by the safeguards of the First Amendment and the Fourteenth Amendment to the U.S. Constitution.

49.  The City's regulations, policies, directives, decisions, and procedures, both on their face and as applied, have chilled and deterred plaintiff Davis, and other City

employees similarly situated, from exercising the constitutional right of free association, as alleged in this Complaint.

50.  When plaintiff Davis exercised his constitutional rights of free speech and free association, the defendant City and the individual defendants interrogated, reprimanded, warned, threatened and terminated the plaintiff which had the purpose and effect of chilling and deterring the exercise of those constitutional rights by plaintiff Davis and other City employees.

51.  Such regulations, policies, directives, decisions and procedures of the defendant City, both on their face and as applied, have been, and continue to be, adopted, implemented, and enforced under the color of law, and they have deprived plaintiff Davis and other persons of rights, privileges and immunities secured by the U.S. Constitution and laws, in violation of 42 U.S.C. §1983, and for which liability and redress exist under 42 U.S.C. §1983.

52.  Such unlawful regulations, policies, directives, decisions, procedures and actions of the defendant City and the individual defendants, as alleged herein, make the defendant City fully liable to plaintiff Davis under 42 U.S.C. §1983 based on the authority and actual decisions of the City and the individual defendants.  In addition, such unlawful regulations, policies, directives, decisions, procedures and actions, as alleged herein, were based on the policy-making and final decision-making authority of the defendant City, and were based on the policy, custom and practices of the City.

53.  Such unlawful regulations, policies, directives, decisions and procedures of defendant City, both on their face and as applied, by the defendant City and the individual defendants, as alleged herein, were done, and continue to be done, in a

16

knowing, willful, wanton, reckless, and bad faith manner, and which violate clearly established constitutional rights of which a reasonable person would have known.

PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that this Court grant relief against each of the defendants, individually, separately, and/or jointly, as follows:

(a)    Enter a declaratory judgment declaring that the defendants have willfully and wrongfully violated their statutory, constitutional, and legal obligations, and deprived the plaintiff of his rights, privileges, protections, compensation and entitlements under law, as alleged herein;

(b)    Enter a permanent injunction enjoining defendants from continuing to adopt, apply and enforce policies, regulations, directives, decisions, procedures, and practices which prevent, prohibit, restrain and restrict the plaintiff, and other persons similarly situated, from exercising the constitutional rights of free speech and free association;

(c)    Order defendants to rescind plaintiff Davis' termination and to immediately reinstate plaintiff Davis to his position in the City's Fire Department;

(d)    Enter a permanent injunction restraining and preventing the defendants from continuing to discriminate and retaliate against the plaintiff, from continuing to interfere with and infringe upon the rights of the plaintiff, and from otherwise violating their obligations under the U.S. Constitution and the law;

(e)    Order a complete and accurate accounting of all the compensation and relief to which the plaintiff is entitled;

17

(f)     Award the plaintiff monetary damages in the form of backpay,

compensation, unpaid entitlements, plus pre-judgment and post-judgment interest;

(g)     Award the plaintiff not less than $500,000 in compensatory damages

payable by the defendants, and not less than $500,000 in punitive damages payable by

the individual defendants, for the violations of plaintiff's rights and the harm to his

reputation, humiliation, emotional and mental anguish, and for other financial and

consequential harm and injuries he has suffered;

(h)     Award plaintiff his reasonable attorneys' fees and the costs and

disbursements of this action; and

(i)     Grant such other legal and equitable relief as may be just and proper.

JURY TRIAL DEMAND

Plaintiff respectfully requests a trial by jury on all claims presented in this

Amended Complaint.

Respectfully submitted,


/s/ Douglas L. Steele
Thomas A. Woodley
Douglas L. Steele
Molly A. Elkin
Bryan G. Polisuk
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
Telephone: (202) 833-8855
Fax: (202) 452-1090


/s/ Gary Brown
Gary Brown, Esq.
FITZPATRICK & BROWN LLP
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203
Telephone (205) 320-2255
Fax: (205) 320-7444


Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DAVID DAVIS,                          )
                                      )
              Plaintiff,              )
                                      )
     vs.                              )      CIVIL ACTION NO. 3:06-cv-00544-WHA
                                      )
PHENIX CITY, ALABAMA, <u>et al</u>.  )      Judge W. Harold Albritton
                                      )
              Defendants.             )
_____)

## CERTIFICATE OF SERVICE

        This is to certify that one true and accurate copy of Plaintiff's Amended

Complaint was electronically filed on the following counsel for defendants on this

19th day of September, 2007:

                Joshua Robert McKoon
                McKoon, Thomas, & McKoon
                925 Broad Street
                P.O. Box 3220
                Phenix City, AL 36868


                                /s/ Douglas L. Steele_____
                                Attorney for Plaintiff