# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

DAVID DAVIS,                              )
                                                        )    Case Number:

Plaintiff                                )
                                                        )    3:06-CV-0544-VPM

v.                                       )
                                                        )

PHENIX CITY, ALABAMA,                    )
                                                        )

H.H. ROBERTS, named in his individual    )
and official capacities,                 )
                                                        )

WALLACE HUNTER, named in his individual  )
and official capacities,                 )
                                                        )

Defendants.                              )

## AMENDED ANSWER AND DEFENSES OF DEFENDANTS PHENIX CITY, ALABAMA, H.H. ROBERTS AND WALLACE HUNTER

      COME NOW Defendants Phenix City, Alabama, H.H. Roberts and Wallace Hunter and files this, their Answer and shows as follows:

### FIRST DEFENSE

      Plaintiff has failed to state a claim for which relief may be granted.

### SECOND DEFENSE

      Plaintiff violated the City's Merit System Rules and Regulations and the Fire Department's Standard Operating Procedure repeatedly knowing violation could lead to a reprimand or termination of employment.

### THIRD DEFENSE

      Defendants plead the defenses of qualified and absolute immunity.

### FOURTH DEFENSE

      Defendants plead the defense of unclean hands.

1.

Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

2.

Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## PARTIES

3.

Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendants deny that Defendant H.H. Roberts is personally liable for any violations of law claimed by the Plaintiff or that any violation of law occurred as alleged in Paragraph 5 of Plaintiff's Complaint.  Defendants admit the remaining allegations regarding Defendant H.H. Roberts contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendants deny that Defendant Wallace Hunter is personally liable for any violations of law claimed by the Plaintiff or that any violation of law occurred as alleged

in Paragraph 6 of Plaintiff's Complaint.  Defendants admit the remaining allegations

regarding Defendant Wallace Hunter contained in Paragraph 6 of Plaintiff's Complaint.

## COMMON ALLEGATIONS

7.

Defendants admit the allegations contained in Paragraph 10 of Plaintiff's

Complaint.

8.

Defendants do not recognize or bargain with any firefighter's association as

described in the allegations of Paragraph 8 of Plaintiff's Complaint and so do not have

information sufficient to admit or deny the allegations contained in Paragraph 8 of

Plaintiff's Complaint, therefore the allegations contained in Paragraph 8 of Plaintiff's

Complaint are denied.

9.

Defendants deny the allegations contained in Paragraph 9 of Plaintiff's

Complaint.

10.

Defendants admit that the Plaintiff was issued a form and a verbal warning after

failing to comply with City Merit System Rules and Regulations and the Fire

Department's Standard Operating Procedure.  To the extent Paragraph 10 of Plaintiff's

Complaint contains any other allegations against the Defendants, they are denied.

11.

Defendants admit that a memorandum issued reminding Fire Department

employees of the City's Merit System Rules and Regulations subsequent to the Plaintiff

violating same.  To the extent Paragraph 11 of Plaintiff's Complaint contains any other allegations against the Defendants, they are denied.

12.

Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Plaintiff admits that after having been warned repeatedly of the proper method of addressing policy concerns through the City's Merit System Rules and Regulations that the Plaintiff violated same yet again by his contact with Defendant Mayor Jeffrey Hardin regarding proposed departmental policy changes.  To the extent Paragraph 13 of Plaintiff's Complaint contains any other allegations against the Defendants, they are denied.

14.

Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants admit that Plaintiff, Davis, was discharged from his employment with the Phenix City Fire Department on April 21, 2006 for negligence or omission in complying with the requirements as set forth in the Merit System's Miscellaneous Rules as a Group II Offense and for the Group III Offense of insubordination by refusal to perform work assigned/to comply with written or verbal instructions of the supervisory work force and as set forth in the written warning form document dated April 21, 2006. The remaining allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

PDF created with pdfFactory trial version www.pdffactory.com

16.

Defendants admit the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## **COUNT I**

17.

Defendants adopt and incorporate by reference herein, Paragraphs 1 through and including 16 of this Answer.

18.

Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.


## COUNT II

24.

Defendants adopt and incorporate by reference herein, Paragraphs 1 through and including 23 of this Answer.

25.

Defendants admit that the Plaintiff was active in a union comprised of some members of the Phenix City Fire Department and at one time was President of said union. The extent of Plaintiff's right to freedom of association is part of the contested matter of this suit and to the extent there are allegations beyond those admitted by Defendants in this paragraph the allegations in Paragraph 25 of Plaintiff's Complaint are denied.

26.

Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

## COUNT III

31.

Defendants adopt and incorporate by reference herein, Paragraphs 1 through and including 30 of this Answer.

32.

Defendants admit the allegations contained in Paragraph 32 of Plaintiff's Complaint to the extent they state accurately the Code of Alabama. Defendants expressly deny the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendants admit that the Plaintiff was active in a union comprised of some members of the Phenix City Fire Department and at one time was President of said union. The extent of Plaintiff's right to freedom of association is part of the contested matter of this suit and to the extent there are allegations beyond those admitted by Defendants in this paragraph the allegations in Paragraph 33 of Plaintiff's Complaint are denied.

34.

Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

## **COUNT IV**

37.

Defendants adopt and incorporate by reference herein, Paragraphs 1 through and including 36 of this Answer.

38.

Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint as they assert a legal conclusion and are not allegations of fact.

40.

Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint to the extent they are taken to mean that Plaintiff's communication of his concerns about probationary periods to the mayor and council members or his invitation of the media to a union meeting constitutes communications regarding "important issues implicating the operation and delivery of vital fire and rescue services".

PDF created with pdfFactory trial version www.pdffactory.com

41.

Defendants deny the allegations contained in Paragraph 41 of Plaintiff's
Complaint.

42.

Defendants deny the allegations contained in Paragraph 42 of Plaintiff's
Complaint.

43.

Defendants deny the allegations contained in Paragraph 43 of Plaintiff's
Complaint to the extent that Plaintiff alleges his conduct in violation of the City's Merit
System Rules and the Fire Department Standard Operating Procedures are in any way
protected by law.

44.

Defendants deny the allegations contained in Paragraph 44 of Plaintiff's
Complaint as the Fire Chief is best situated to advise the policymakers of Defendant
Phenix City, Alabama regarding important issues related to delivery of vital fire and
rescue services.

45.

Defendants deny the allegations contained in Paragraph 45 of Plaintiff's
Complaint.

46.

Defendants deny the allegations contained in Paragraph 46 of Plaintiff's
Complaint.

47.

Defendants deny the allegations contained in Paragraph 47 of Plaintiff's
Complaint.

48.

Defendants deny the allegations contained in Paragraph 48 of Plaintiff's
Complaint to the extent Plaintiff alleges his actions that violated the City Merit System
Rules and the Fire Department Standard Operating Procedures are protected by law.

49.

Defendants deny the allegations contained in Paragraph 49 of Plaintiff's
Complaint.

50.

Defendants deny the allegations contained in Paragraph 50 of Plaintiff's
Complaint.  All adverse employment action taken toward the Plaintiff was for repeatedly
violating the City's Merit System Rules and Fire Department Standard Operating
Procedure.

51.

Defendants deny the allegations contained in Paragraph 51 of Plaintiff's
Complaint.

52.

Defendants deny the allegations contained in Paragraph 52 of Plaintiff's
Complaint.

53.

Defendants deny the allegations contained in Paragraph 53 of Plaintiff's

Complaint.

WHEREFORE, premises considered, the Defendants pray for the following relief:

(a)    That an Order issue denying all of Plaintiff's claims;

(b)    That all costs of this action be taxed to the Plaintiff; and

(c)    Such other and further relief as this Court deems just and equitable under

the circumstances.

This 1st day of October, 2007.              MCKOON, THOMAS & MCKOON

                                            /s/Joshua R. McKoon
                                     By:_____
                                            Joshua R. McKoon
                                            State Bar No. MCK057

                                            /s/James R. McKoon, Jr.
                                     By:_____
                                            James R. McKoon, Jr.
925 Broad Street                            State Bar No. MCK020
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

Counsel for Defendants

                                            THE GRAHAM LEGAL FIRM

                                            /s/James P. Graham, Jr.
                                     By:_____
                                            State Bar No. GRA030
Post Office Box 3380
Phenix City, Alabama 36868-3380
334.291.0315
facsimile 334.291.9136

Counsel for Defendants

PDF created with pdfFactory trial version www.pdffactory.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing Motion to Dismiss upon Counsel for the Plaintiff by placing a copy of same in First Class Mail addressed as follows:

Thomas A. Woodley                    J. Michael Cooper, Esq.
Molly A. Elkin                       Fitzpatrick, Cooper & Clark, LLP
Bryan G. Polisuk                     Farley Building, Suite 600
Woodley & McGillivary                1929 Third Avenue North
1125 15th Street, N.W.               Birmingham, Alabama 35203
Suite 400
Washington, D.C. 20005

This 1st day of October, 2007.

MCKOON, THOMAS & MCKOON

*/s/Joshua R. McKoon*
By:_____

*/s/James R. McKoon, Jr.*
By:_____

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

Counsel for Defendants

THE GRAHAM LEGAL FIRM

*/s/James P. Graham, Jr.*
By:_____

Post Office Box 3380
Phenix City, Alabama 36868-3380
334.291.0315
facsimile 334.291.9136

Counsel for Defendants

PDF created with pdfFactory trial version www.pdffactory.com