resides. No elector shall sign more than one such petition, and should an elector do so, he shall be guilty of a misdemeanor. With each signature shall be stated the place of address of each sponsor. Nominating petitions shall be in substantially the following form:

"We, the undersigned ten electors of the city of _____, hereby nominate and sponsor _____, whose residence is _____, as a candidate for the office of councilman, Post _____, in the election to be held on the _____day of September, 19____; and we individually certify that our names have appeared on the rolls of registered voters of this city within the last year, that we are qualified to vote for a candidate for the council and that we have not signed any other nominating petition for that office. We further state that we know said _____ to possess the qualifications necessary for said office, and to be in our judgment a fit and proper person to hold said office. Witness our hands on this the ___ day of _____, 19_____."

### 3.02(a). Campaign expenses.

Each candidate shall file with the probate judge, within ten days after the election in which he has been a candidate, an accounting of all campaign contributions and expenditures exceeding $10.00 and shall comply with provisions in existing law which require the filing of campaign contributions and expenses.

### 3.03. Ballot.

At every such election all ballots to be used by voters shall be printed and prepared by the election commission or other body having charge of the conduct of municipal elections in said city, and shall contain the names of all candidates for each post directly underneath the words "For members of the council from post _____." No name shall appear upon said ballot as a candidate for election except the names of such persons as have become candidates according to provisions as above set forth; no ballot shall be used at any such election except the official ballot prepared by the election commission or other body having charge of the conduct of municipal elections in said city, except that the names of candidates may be suitably placed on voting machines if such machines are used to conduct such election.

### 3.04. Eligibility.

Councilmen shall be qualified electors of the city, and shall hold no other public office except that of notary public or member of the national guard or naval or military reserve. If the councilman shall cease to possess any of these qualifications or shall be convicted of crime involving moral turpitude, his office shall immediately become vacant.

### 3.05. Compensation.

Effective at the beginning of the next term of office, the mayor shall receive as compensation for his or her services the sum of $1,000.00 per month, provided that the total does not exceed $12,000.00 per annum. Each council member shall receive as compensation for his or her services the sum of $800.00 per month, provided that the total does not exceed $9,600.00 per

annum. The mayor and council members may be reimbursed for actual expenses incurred in and about the performance of their duties, only if such expenses are approved by the council at a regular meeting. No salary increase may be made effective except at the beginning of a new term.

(Act No. 1980-301, § 1; Act No. 1988-385, § 1; Act No. 2001-643, § 2)

### 3.06. Presiding officer; mayor.

The mayor shall preside at meetings of the council, and shall be recognized as head of the city government for all ceremonial purposes and by the governor for purposes of military law, but shall have no regular administrative duties. The council shall elect from its membership at the first regular meeting a mayor pro-tem who shall act as mayor during the absence or disability of the mayor. The mayor and mayor pro-tem when so elected shall hold their respective officers until the next council takes office; provided that if the mayor or mayor pro-tem or both shall cease to be a member of the council his or their offices as such mayor or mayor pro-tem shall become vacant. If the mayor's post is vacated with less than 12 months remaining in the term, the mayor pro-tem will fill the unexpired term of the mayor. If the mayor's post is vacated with 12 months or more remaining in the term, a special election will be called, in accordance with provisions for special elections. The probate judge shall call said special election within 15 days and no more than 60 days after certification of the vacancy by the council.

### 3.07. Powers.

All powers of the city, including all powers vested in it by this act, by the laws, general and local, of the state, and by Title 62 of the Code of Alabama of 1910, as amended [now obsolete], and the determination of all matters of policy, shall be vested in the council. Without limitation of the foregoing, the council shall have power to:

(a) Appoint and remove the city manager.

(b) Establish other administrative departments and distribute the work of divisions.

(c) Adopt the budget of the city.

(d) Authorize the issuance of bonds or warrants.

(e) Inquire into the conduct of any office, board, department or agency of the city and make investigations as to municipal affairs.

(f) Appoint the members of all boards, commissions or other bodies authorized hereunder or by law. This provision for appointment of members of boards, commissions or other bodies authorized hereunder or by law shall supersede any different provision for appointment of such members contained in any statute or ordinance in effect at the time of adoption by the city of the council-manager form of government set up by this act, and shall include power to remove any member of any board, commission or body to the same extent as might be done by the governing body of the city at the time of adoption by the city of the council-manager form of government set up by this act and

to appoint another in his stead. And wherever in any statute in effect at the time of adoption by the city of said council-manager form of government the chief executive officer of the city is designated to act in any capacity ex-officio, the mayor shall act.

**Editor's note**—Title 62 of the Code of Alabama of 1910 (referenced in the first sentence of Section 3.07) was a compilation of local acts. Such compilation is no longer in the current state statutes and has not been kept current.

### 3.08. Appointment of city manager.

The council by a majority vote of the whole qualified membership of the council shall appoint a city manager, who shall be an officer of the city and shall have the powers and perform the duties in this act provided. No councilman shall receive such appointment during the term for which he shall have been elected, nor within one year after the expiration of his term; nor shall he receive any appointment as city manager under the provisions of Section 4.03 of this act during the term for which he shall have been elected. The civil service act, if any, applicable to the city shall not apply to the approval or the removal of the city manager.

A temporary, acting city manager may be designated by the council to serve for not more than four months in these events but in only these events:

(a) When the first council shall take office after adoption of this act by the city.

(b) Following the removal of any permanent city manager.

Such temporary acting city manager shall perform the duties and assume the obligations of the office of city manager but he may be removed summarily by the council at any time. If the council shall permit the temporary acting city manager to serve for longer than four months he shall become the permanent city manager and shall be entitled to all benefits granted the permanent city manager.

### 3.09. Removal of city manager.

The council shall appoint the city manager for an indefinite term, but the council may remove him at any time by a majority vote of the whole qualified membership of the council.

### 3.10. Council not to interfere in appointments or removals.

Neither the council nor any of its members shall direct or request the appointment of any person to, or his removal from, office by the city manager or by any of his subordinates, or in any manner take part in the appointment or removal of officers and employees in the administrative service of the city. Except for the purpose of inquiry, the council and its members shall deal with the administrative service solely through the city manager and neither the council nor any member thereof shall give orders to any subordinates of the city manager, either publicly or privately.

#### 3.11. [Filling vacancy on council.]

If a council post is vacated with 12 months or more remaining in the term, a special election shall be called by the mayor. Such special election shall be held and conducted, the returns thereof made and certificates given and the election regulated in all respects by the provisions of the election of councilmen under this act. If a council post is vacated with less than 12 months remaining in the term, the vacancy shall be filled by the council at any regular meeting within four weeks after the vacancy occurs. In event of a deadlock and for the purpose of breaking the deadlock, the mayor shall cast an additional vote. For the purposes of this section a deadlock shall be deemed to exist when, at the end of the third regular meeting of the council following the creation of a vacancy the council shall not have selected a person to fill the vacancy. The person selected to fill a vacancy shall possess all of the qualifications set out in this act including residence in the district he represents, and he shall hold office until the next election of councilman.
(Act No.1981-426, § 1)

#### 3.12. Creation of new departments or offices: change of duties.

The council by ordinance may create, change, and abolish offices, departments, boards or agencies, other than the offices, departments, boards or agencies established by this act. The council by ordinance may assign additional functions or duties to offices, departments, boards or agencies established by this act, but may not discontinue or assign to any other office, department, board or agency, any function or duty assigned by this act to a particular office, department, board or agency.

#### 3.13. City clerk.

If the city clerk of any city which adopts the council-manager form of government holds office subject to any civil service or merit system, such clerk shall continue to be the city clerk under the council-manager form of government of such city, and his successor shall be selected and hold office subject to the provisions of such civil service or merit system. If the city clerk of any city which adopts the council-manager form of government does not hold office subject to any civil service or merit system, the council shall elect the city clerk. The city clerk shall give notice of meetings of the council, shall keep the journal of its proceedings which shall be authenticated by his signature. He shall record in full in said journal all ordinances and resolutions and the minutes of all the meetings of the council. He shall also record in said journal any written certificates or declarations received by the council under the provisions of Section 5.22 and 5.24 hereof. He shall perform such other duties as shall be required by this act or by ordinance, and such duties as are imposed by general law of Alabama upon city clerks and as to which other provisions are not made in this act. He shall keep the journal open for public inspection at all reasonable times.

#### 3.14. Induction of council into office: meetings of council.

The first meeting of each newly elected council for induction into office shall be held at 10:00 a.m. on the first Monday in October next following its election, after which the council shall meet regularly at such times as may be prescribed by its rules, but not less frequently than once each month. All meetings of the council shall be open to the public.

#### 3.15. Council to be judge of qualifications of its members.

The council shall be the judge of the election and qualifications of its members and for the purpose of investigating such election and qualifications shall have power to subpoena witnesses and require the production of records, but the decision of the council in any such case shall be subject to review by the courts.

#### 3.16. Rules of procedure.

The council shall determine its own rules and order of business.

#### 3.17. Meetings, passage of ordinances, etc.

The council shall hold regular public meetings as may be prescribed by its own rules, provided that a regular hour and day shall be fixed by the order of said council, and publicly announced. It may hold such adjourned, called, special or other meetings as the business of the city may require. The mayor when present and in his absence the mayor pro-tem shall preside at all meetings of said council. A majority of the whole qualified membership of the council shall constitute a quorum for the transaction of any and every power conferred upon said council. The affirmative vote of a majority of the quorum shall be necessary and sufficient for the passage of any resolution, rule or ordinance, or the transaction of any business of any sort by the said council or the exercise of any of the powers conferred upon it by the terms of this act or which may hereafter be conferred upon it. No resolution or ordinance granting any franchise, appropriating any money for any purpose, providing for any public improvements, any regulation concerning the public health, or of any other general or permanent nature shall be enacted except at a regular public meeting of said council or an adjournment thereof; provided that a resolution or ordinance of any emergency nature may be passed by the council at any meeting. A resolution or ordinance shall be deemed to be of any emergency nature if it shall be declared so to be by an affirmative vote of not less than four-fifths of the whole qualified membership of the council. Every ordinance introduced shall be in writing and read before any vote thereon shall be taken, and the yeas and nays thereon shall be recorded. A record of the proceedings of every meeting of the council shall be taken and prepared by the city clerk, and the record of the proceedings of the meeting shall, when approved by the council, be signed by the mayor and the city clerk and entered in the journal. The journal shall be kept available for inspection by all persons at all reasonable times. No ordinance of permanent operation shall be passed at the meeting at which it was introduced except by unanimous consent of all members of the council present and such unanimous consent shall be shown by the aye and nay votes entered upon the minutes of said meeting; provided, however, that if all members of the council present vote for the passage of the ordinance and their names are so entered of record as voting in favor thereof, it shall be construed as giving unanimous consent to the action upon such ordinance at the meeting at which it is introduced. Publication of ordinances shall be had as provided in Alabama Code of 1940, Title 37, Section 462, as amended [now Code of Ala. 1975, § 11-45-8].

### 3.18. Granting of franchises.

No resolution or ordinance, granting to any person, firm or corporation any franchise, lease or right to use the streets, public highways, thoroughfares, or public property of the city, either in, under, upon, along, through, or over same shall take effect and be enforced until 30 days after the final enactment of same by the council and publication of said resolution or ordinance in full once a week for three consecutive weeks in some newspaper published in said city, which publication shall be made at the expense of the persons, firm or corporation applying for said grant. Pending the passage of any such resolution or ordinance or during the time intervening between its final passage, and the expiration of the 30 days during which publication shall be made as above provided, the legally qualified voters of said city may, by written petition or petitions addressed to said council object to such grant, and if during such period such written petition or petitions signed by at least five percent of the legally qualified voters of the city shall be filed with said council, said council shall forthwith order an election, which shall be conducted by the election commission of the city or other body having charge of the conduct of municipal elections of the city at which election the legally qualified voters of said city shall vote for or against the proposed grant. In the call for said election, the said resolution or ordinance making such grant shall be published one time at length and in full at the expense of the city in a newspaper published in said city. If a majority of the votes cast at such election shall be against the protected grant, then and in those events, said resolution or ordinance shall not become effective nor shall it confer any rights, powers or privileges of any kind; otherwise, said resolution or ordinance and said grant shall thereupon become effective as fully and to the same extent as if said election had not been called or held. If, as the result of said election, said resolution or ordinance shall be disapproved, then it shall be deemed null and void. But if as a result of said election the proposed grant shall be approved, the council shall adopt a resolution stating the fact of such approval, and such resolution shall, without further proceedings or advertisement, operate as the adoption of the proposed grant. No grant of any franchise or lease or right of user, or any other right in, under, upon, along, through, or over the streets, public highways, thoroughfares or public property of any such city, shall be made or given nor shall any such rights of any kind whatever be conferred upon any person, firm or corporation, except by a resolution or ordinance duly passed by the council at some regular or adjourned meeting and published as above provided for in this section; nor shall any extension or enlargement of any such rights or powers previously granted be made or given except in the manner and subject to all conditions herein provided for as to the original grant of same. It is expressly provided, however, that the provisions of this section shall not apply to the grant of side track or switching privileges to any railroad or street car company for the purpose of reaching and affording railway connections, and switch privileges to the owners or users of any industrial plant, store or warehouse; provided further that said side track or switch shall not extend for a greater distance than 1,320 measured along said track or switch.

### 3.19. Codification authorized.

The council may provide for the revision and codification of its ordinances and permanent resolutions, or for the adoption of a code or codes.

### 3.20. Examination of books and publication of accounts.

The council shall each month make available in the office of the city manager a detailed statement of all receipts and expenses of the city, and a summary of its proceedings during the preceding month. At the end of each year, the council shall cause a full and complete examination of all the books and accounts of the city to be made by a qualified public accountant, and shall cause the result of such examination to be placed in the office of the city clerk and the office of the city manager, to be open for inspection by all persons. Such examination shall not be made more than two years in succession by the same accountant or firm.

## Article IV. The City Manager

### 4.01. The city manager: qualifications.

The city manager shall be chosen by the council solely on the basis of his executive and administrative qualifications with special reference to his actual experience in, or his knowledge of, accepted practice in respect to the duties of his office as hereinafter set forth. At the time of his appointment, he may but need not be a resident of the city or state, but during his tenure of office he shall reside within the city.

### 4.02. The city manager: powers and duties.

The city manager shall be the head of the administrative branch of the city government. He shall be responsible to the council for the proper administration of all affairs of the city and, subject to the provisions of any civil service or merit system law applicable to such city and except as otherwise provided herein, he shall have power and shall be required to:

(1) Enforce all laws and ordinances.

(2) Appoint and, when necessary for the good of the service, remove all officers and employees of the city except as otherwise provided by this act and except as he may authorize the head of a department or office to appoint and remove subordinates in such department or office; provided that he shall not appoint or remove officers and employees of:

   (a) Any library board of the city;

   (b) Any board of the city having control over any park, recreation facility, fair or exhibit;

   (c) Any school board of the city;

(3) Exercise administrative supervision and control over all officers, employees, offices, departments, boards and agencies created by this act or hereafter created by the council, except those enumerated in Subdivisions (a) to (i) inclusive of Subsection (2) of this section, and except those otherwise given independent status.

(4) Keep the council fully advised as to the financial conditions and needs of the city; to prepare and submit the budget proposal annually to the council and be responsible for its administration after its adoption; to prepare and submit, as of the end of the fiscal year, a complete report on the financial and administrative activities of the city for such year.

(5) Recommend the council such actions as he may deem desirable.

(6) Prepare and submit to the council such reports as may be required of him.

(7) Perform such other duties as may be prescribed by this act or required of him by ordinance or by resolution of the council not inconsistent with this act.

(Act No. 1978-426, § 1)

### 4.03. Absence of city manager.

To perform his duties during his temporary absence or temporary disability, the manager may designate by letter filed with the city clerk a qualified administrative officer of the city. In the event of failure of the manager to make such designation, the council may by resolution appoint a qualified administrative officer of the city to perform the duties of the manager until he shall return or his disability shall cease.

### 4.04. Administrative department.

There shall be a department of finance, and such other departments as may be established by ordinance upon the recommendation of the manager.

### 4.05. Directors of departments.

At the head of each department there shall be a director, who shall be an officer of the city and shall have supervision and control of the department subject to supervision and control of the city manager. Two or more departments may be headed by the same individual. The city manager may head one or more departments. Directors of departments may also serve as chiefs of divisions.

### 4.06. Departmental divisions.

The work of each department may be distributed among such divisions thereof as may be established by ordinance upon the recommendation of the city manager. Pending the passage of an ordinance or ordinances distributing the work of departments under the supervision and control of the city manager among specific divisions thereof, the city manager may establish temporary divisions.

## Article V. Budget

### 5.01. Fiscal year.

The fiscal year of the city government shall begin on the first day of October and shall end on the last day of September of each calendar year. Such fiscal year shall also constitute the budget and accounting year. As used in this act, the term "budget year" shall mean the fiscal year for which any particular budget is adopted and in which it is administered.

### 5.02. Preparation and submission of budget proposal.

The city manager, at least 35 days prior to the beginning of each budget year, shall submit to the council a budget proposal and an explanatory budget message in the form and with the contents provided by Sections 5.12 to 5.15, inclusive, of this act. For such purpose, at such date as he shall determine, he, or an officer designated by him, shall obtain from the head of each office, department, board or agency estimates of revenue and expenditure of that office, department, board or agency, detailed by organization units and character and object of expenditure, and such other supporting data as he may request; together with an estimate of all capital projects pending or which such department head believes should be undertaken (a) within the budget year and (b) within the five next succeeding years. In preparing the budget, the city manager shall review the estimates, shall hold hearings thereon and may revise the estimates, as he may deem advisable.

### 5.03. Budget proposal a public record.

The budget proposal and budget message and all supporting schedules shall be a public record in the office of the city clerk open to public inspection by anyone. The city manager shall cause sufficient copies of the budget proposal and budget message to be prepared for distribution to interested persons.

### 5.04. Publication of notice of public hearing.

At the meeting of the council at which the budget proposal and budget message are submitted, the council shall determine the date and time of the public hearing on the budget proposal, and shall cause to be published a notice of the place and date, not less than seven days after the date of publication nor later than 15 days prior to the beginning of the next budget year, at which the council will hold a public hearing. Publication shall be made at least once in a newspaper published and of general circulation in the city.

### 5.05. Public hearing on budget proposal.

At 7:00 p.m. on the date advertised, or at any night to which such public hearing shall from time to time be adjourned, the council shall hold a public hearing on the budget proposal, at which all interested persons shall be given an opportunity to be heard, for or against the estimates or any item thereof.

### 5.06. Further consideration of budget proposal.

After the conclusion of such public hearing the council may insert new items or may increase or decrease the items of the budget proposal, except items in proposed expenditures, fixed by law or prescribed by Subsections (a), (b), (c), (d), (e), (f), (g), (h) and (i) of Section 5.25. The council may not vary the titles, description or conditions of administration specified in the budget proposal. Before inserting any new item or increasing or decreasing any item of appropriation, it must cause to be published, in the manner provided in Section 5.04 of this act, a notice setting forth the nature and amount of the proposed increases or decreases and fixing

a place and date, not less than five days after publication, at which the council will hold a public hearing thereon. The public hearing shall be held at 7:00 p.m. on the date specified in the notice, or at any night to which such public hearing shall from time to time be adjourned.

**5.07. Adoption of budget.**

After the public hearing prescribed in Section 5.05 hereof, the council may at its next or any subsequent regular public meeting or any adjournment thereof adopt as the budget, the budget proposal without amendment or change. In this event it shall not be necessary that the council have further consideration of the ordinance as prescribed in Section 5.06 hereof. If such further consideration is made necessary by the insertion of any new item or by the increase or decrease of any item, then the council, after the public hearing prescribed in Section 5.06 hereof, may at its next or any subsequent regular meeting or any adjournment thereof, adopt the budget. The council may insert in this budget the additional item or items or make the increase or decrease to the amount in each case indicated by the published notice, or to a lesser amount, but where the total proposed expenditures shall be increased, the total anticipated revenue shall also be increased to an amount at least revenue shall also be increased to an amount at least equal to the total proposed expenditures.

**5.08. Vote required for adoption.**

The budget shall be adopted by the favorable votes of at least a majority of the whole qualified membership of the council.

**5.09. Date of final adoption; failure to adopt.**

The budget shall be finally adopted not later than the first day of October of each year. If for any reason the council fails to adopt the general fund budget on or before such day, the general fund budget of the current fiscal year shall be the general fund budget for the ensuing year, until such time as a newly revised budget shall be adopted by the council, and, until such time, shall have full force and effect to the same extent as if the same had been adopted by the council, notwithstanding anything to the contrary in this act.

**5.10. Effective date of budget; certification; copies made available.**

Upon final adoption, the budget shall be in effect for the budget year. A copy of the budget, as finally adopted, shall be certified by the city manager and city clerk and filed in the office of the director of finance. The budget so certified shall be printed, mimeographed or otherwise reproduced and sufficient copies thereof shall be made available for the use of all offices, departments, boards and agencies and for the use of interested persons.

**5.11. Budget establishes appropriations.**

From the effective date of the budget, the several amounts stated therein as proposed expenditures shall become appropriated to the several objects and purposes therein named.

5.12                                PHENIX CITY CODE

### 5.12. Budget message; current operations.

The budget message submitted by the city manager to the council shall be explanatory of the budget, of the budget proposal and shall contain an outline of the proposed financial policies of the city for the budget year and shall describe in connection therewith the important features of the budget plan. It shall set forth the reasons for proposed important changes from the previous year in cost and revenue items and shall point up and explain any proposed important changes in policy.

### 5.13. Budget message; capital improvements.

As a part of the budget message, with relation to the proposed expenditures for down payments and other proposed expenditures for capital projects stated in the budget proposal, the city manager shall include a statement of pending capital projects and proposed new capital projects, relating each project to respective amounts proposed to be raised therefor by appropriations in the budget proposal and the respective amounts, if any, proposed to be raised therefor by the issuance of bonds or obligations during the budget year.

### 5.14. Budget message: capital program.

The city manager shall also include in the budget message, or attach thereto, a capital program of proposed capital projects for the five fiscal years next succeeding the budget year, prepared by the planning board and city manager together with his comments thereon and any estimates of costs prepared by any office, department, board or agency. For the use of the planning board and city manager in preparing such capital program, copies of the departmental estimates of capital projects, filed with the city manager pursuant to Section 5.02 of this article, shall be filed with the board.
(Act No. 1980-301, § 2)

### 5.15. Budget message: supporting schedules.

Attached to the budget message shall be such supporting schedules, exhibits and other explanatory material, in respect to both current operations and capital improvements, as the city manager shall believe useful to the council.

### 5.16. Budget.

The budget and budget proposal shall provide a complete financial plan for the budget year. It shall contain in tabular form:

(a) A general summary;

(b) Detailed estimates of all anticipated revenues;

(c) Detailed estimate of all proposed expenditures.

The total of such anticipated revenues shall equal the total of such proposed expenditures.

#### 5.17. Anticipated revenues.

In the budget and budget proposal, anticipated revenues shall be classified as 'miscellaneous revenues' and 'amount to be raised by property tax': miscellaneous revenues shall be subclassified by sources and shall be estimated as prescribed in this article.
(Act No. 1980-301, § 3)

#### 5.18. Anticipated revenues compared with other years.

In the budget and budget proposal in parallel columns opposite the several items of anticipated revenues there shall be placed the amount of each such item in the budget of the last completed fiscal year, the amounts of such items actually received during the last completed budget year, the amount of each such item in the budget of the current fiscal year and the amount actually received to the time of preparing the budget proposal plus receipts for the remainder of the current fiscal year estimated as accurately as may be.

#### 5.19. [Repealed].
(Act No. 1980-301, § 5)

#### 5.20. Miscellaneous revenues.

Miscellaneous revenues shall include anticipated revenues from the collection of taxes other than the general property tax; the amount of state aid to be received; the amount by which the city is expected to benefit from taxes collected by the state; the amounts estimated to be received from services and sales, fines and forfeitures, pension or retirement system payments, special assessments, borrowed monies and any other special or non-recurring sources. Nothing in this section shall, however, be construed as permitting or requiring the diversion of ear-marked, pledged or dedicated funds to purposes other than those for which they are earmarked, pledged or dedicated.

#### 5.21. Miscellaneous revenues; anticipated surplus from municipal utility or other public service enterprise.

The anticipated revenues and proposed expenditures of each utility or other public service enterprise owned, or operated, by the city, shall be stated in a separate section of the budget (each bearing the name of the utility); and as to each such utility, any anticipated surplus, if legally available for general purposes, shall be stated as an item of miscellaneous revenue in the budget and the budget proposal.

#### 5.22. Miscellaneous revenues; measure of estimates.

No miscellaneous revenue from any source shall be included as an anticipated revenue in the budget in an amount in excess of the average of the amount actually realized in cash from the same source in the next preceding fiscal year, and that actually realized in the first ten months of the current fiscal year plus that to be received in the remaining two months of the

5.22 PHENIX CITY CODE

year estimated as accurately as may be, unless the city manager shall determine that the facts clearly warrant the expectation that such excess amount will actually be realized in cash during the budget year and shall certify such determination in writing to the council.

### 5.23. Miscellaneous revenues; receipts from special assessments.

In the budget and budget proposal revenues from the collection of special assessments on property specially benefited shall not be stated in an amount which is in excess of the amount of the receipts so derived which it is estimated will be held in cash on the first day of the budget year.

### 5.24. Miscellaneous revenues; from new sources.

No revenue from a new source not stated in the budget for the current budget year shall be included in the budget unless the city manager shall determine that the facts clearly warrant the expectation that such revenue will be actually realized in cash during the budget year in the amount stated and shall certify such determination in writing to the council. If the new revenue is to be received from the state, the anticipated amount shall not exceed the amount which the proper officer of the state shall declare in writing to be the amount which may reasonably be anticipated in the budget year.

### 5.25. Proposed expenditures.

In the budget and budget proposal the proposed expenditures shall be itemized in such form and to such extent as shall be provided by law, and in the absence of such provision, by regulations established by ordinance. Separate provision shall be included in the budget and budget proposal for at least:

(a) Interest, amortization and redemption charges on the public debt for which the faith and credit of the city is pledged;

(b) Other statutory expenditures;

(c) The payment of all judgments;

(d) The amount by which the total receipts of miscellaneous revenues in the last completed fiscal year failed to equal the total of the budget estimated of receipts from miscellaneous revenues in that year.

(e) An amount equal to the aggregate of all taxes levied for the third fiscal year prior to the budget year which are delinquent and outstanding on the 60th day prior to the beginning of the budget year, except to the extent the city may have made provision therefor by reserving the full amount of said delinquent taxes;

(f) An amount equal to the aggregate of all cancellation, remissions, abatements and refunds of taxes, that have been made during the current fiscal year;

(g) An amount equal to the aggregate of all special revenue notes which it is estimated will be outstanding at the end of the current year in anticipation of the collection of revenues other than the property tax;