## STATEMENT

On this date, September 20, 2005, at or near 9:30 A.M., I was instructed by Assistant Chief Johansen to write this statement.

The purpose of this statement, according to Assistant Chief Johansen, was to specify what authorization I obtained to speak about city policies and procedures.

I was not aware that I needed to gain authorization to exercise my right to free speech. I firmly feel that everyone in the United States has this right or freedom. I feel pressured to write this statement, and feel that my rights are being questioned. Assistant Chief Johansen stated that lawyers (I assume for the city) are going to be looking at this statement, so I may seek legal counsel myself.

*Robert Gaskin*
Robert Gaskin

EXHIBIT 7

On Tuesday September 13, 2005 I, Scotty Johnson attended a union meeting at Durango Mexican Restaurant in Phenix City, Alabama. The meeting was intended to have a vote on publishing an article in the Ledger Enquire about the Phenix City Fire Department. My vote was no to the situation. I also made it clear to the people that I disagreed to the whole idea. Half way through the meeting I got up and left. I made NO statements to the journalist.

Scotty Johnson

To Whom it may concern:

I firefighter William E. miles attended a union meeting on September 13, 2005. Two reporters attended the meeting and asked questions about problems in our department. I did not answer any questions. I wanted to talk to let everyone know that There is some stuff going on that I do not agree with but there's a lot of positive things also. And that I want to work with administration to make my work place a happy place for everyone I love my job and I hope everything will workout.

Sincerely,

*William C. Miles*

F/F William E. Miles

I Lance M. Wagner was present at the meeting with the journalist in which the newspaper article appeared in the Columbus Ledger. I did not want to go through with the interview, but I will not deny my involvement. However, I did not find this to be a productive way to deal with any of the department's problems, and it has led me to withdraw from the association as of September 19, 2005.

*Lance M. Wagner*

To whom it may concern,

    I was contacted by the journalist of the Ledger Enquire for my personnel views. The journalist advised me that he had spoken with the Fire Chief, City Attorney, personnel for the fire department and personnel for the city. I was not on duty during the time that I spoke with the journalist and I was told that the chief knew that the journalist was talking to other people on the department.

Sgt. Land

To whom it may concern,

I F/F Brannon Wilkinson feel that through Sgt. [To]dd Davis and my friendship, Sgt. Davis has felt [com]fortable enough with me to say some things [tha]t have been offensive and abusive. In my judgement [I] did not report this to A/C Johanson because I [fel]t that it would eventually stop. I will not [be] badgered or pushed into doing things that I [fee]l in my heart are not the correct way to handle [situa]tions or problems. I feel that there are problems [in] our department that need to be corrected. There are [corr]ect ways to fix these problems. Management and [emp]loyees can work these out through communication [for] the betterment of all.

Sincerely,
F/F Brannon Wilk[inson]

To:     Assistant Chief Johansen

From:   Sergeant Bowden

Date:   September 20, 2005

Re:     Article in the Ledger Enquirer

    On September 13, 2005, I Robert J. Bowden attended a Fire Fighter Association meeting with a reporter from The Ledger Enquirer. The reporter asked questions about the fire department and statements that had been made by Chief Hunter at the meeting. I did comment on a couple of statements and I made a couple of statements, one of which was printed in the article. No one from the Phenix City Fire Department gave me permission to speak with the reporter from The Ledger Enquirer. The comments that were made by me were not intended to disrupt or cause controversy in the department.

On Tuesday August 13, 2005 I, James Marcus Wells IV attended a Phenix City Firefighter Association meeting at Durango Mexican Restaurant in Phenix City, Alabama.

  I arrived around 1820hrs and the meeting, and the meeting had already started. The meeting was called in reference to the Association talking to representative of the Columbus Ledger Enquirer about how people felt about the way the fire department. While sitting at the meeting I observed the following people at the meeting Sgt. David Davis , Sgt. Scotty Johnson , Sgt. Jeff Bowden , Sgt. Ann Land , Sgt. Chris Ellerbe , Sgt. Karl Taylorson , Captain Bobby Gaskin , Firefighters, Eddie Miles , Lance Wagner. While sitting at this meeting a motion was raised to talk to the media, I disagreed with this, and stated that. Sgt. Davis was set on everybody speaking. I also observed other individuals in this meeting stating the same thing, such as Sgt. Scotty Johnson, Sgt. Ann Land, and Firefighter Lance Wagner. I then felt that this meeting was going to do nothing but make problems worse with in the department, and relations between the association, and the city government I, then left from the meeting and did not make any statement to any media personnel. I, do not know who spoke to the media during the meeting, I can only speak for myself. Too much embarrassment has been brought to this department by the actions of only a few.

                F/F Marc Wells

                *James Marcus Wells IV*

                9-20-2005

11/2006   17:21      1543                                                    PAGE   19



# City of PHENIX CITY Alabama

601-12th STREET
PHENIX CITY, ALABAMA 36867

JEFF HARDIN
MAYOR

RAY BUSH                JOHN STOREY                    GAIL BRANTLEY              ARTHUR SUMBRY
CIL MEMBER AT LARGE     COUNCIL MEMBER DISTRICT 1      COUNCIL MEMBER DISTRICT 2  COUNCIL MEMBER DISTRIC

(Bubba) ROBERTS                        BARBARA GOODWIN
CITY MANAGER                           PERSONNEL DIRECTOR                         WALLACE HUNT
                                                                                  FIRE CHIEF

TO:        Member of the Phenix City Fire Department

FROM:      Wallace Hunter, Fire Chief  WBH

DATE:      September 20, 2005

Recently there was an article in the Ledger-Enquirer Newspaper regarding our department. Several fire fighters made comments in the paper that were likely to impair discipline and harmony in the workplace, impede job performance and jeopardize loyalty in this department.

While the City and this department recognize the right to free speech, that speech must be exercised in accordance with the merit system rules and regulations. This is especially true in a para-military organization such as our fire department. If any fire fighter has a specific grievance, it shall be presented in accordance with the procedure provided by the merit system. I encourage anyone with a grievance to follow the grievance procedure.

It occurred to me that some department members might not be as familiar as they should be with the merit system rules in regard to free speech and grievances. Therefore, I have attached hereto some of the pertinent merit system rules as they relate to free speech and grievances. These rules **must** be followed. The best way to build and maintain an effective and harmonious work environment is for everyone to know and follow these rules. Failure to follow the rules in the future will be dealt with in accordance with the merit system.

Copy of Merit System Rules and Regulations Section 2.054 Free Speech and Section 15.02 Employee Complaints and Grievances was received by employee on this date. Signed acknowledgement will be placed in employee's personnel file.

Employee Name  D. Davis                               Date

EXHIBIT
8

The information contained in this memo is legally privileged and confidential info_____

    department head status, may contact his department head for advice and counseling, and an answer shall be given to the employee within three working days. If the employee is not satisfied with the answer, he shall follow the next step in the procedure. **Note:** If the matter involves sexual harassment, follow procedures in section 15.024 below.

B. If the grievance is not resolved by the immediate supervisor to the satisfaction of the employee, or if the decision has not been made by the immediate supervisor within three days, the employee may discuss the matter with the next higher level of management. An answer shall be given to the employee within three working days. If the employee is not satisfied with the answer he/she shall follow the next step in the procedure.

C. The employee may submit the grievance to the department head in writing. The department head, within five working days, shall render a written decision which shall state the problem, the applicable policy or regulation, and the reasons for applying the policy and decision. Copies of the department head's decision shall be forwarded to the employee, division head, immediate supervisor, and the Personnel Director. If the employee is not satisfied with the answer, he/she shall follow the next step in the procedure.

D. The employee may submit the grievance to the City Manager in writing. The City Manager shall put in writing the decision he/she has rendered concerning the grievance within five working days from the receipt of the written grievance from the employee. The decision of the City Manager shall be final, and the employee shall have no further rights of administrative appeal

### 15.024 PROCEDURE FOR PRESENTATION OF A GRIEVANCE INVOLVING SEXUAL HARASSMENT

A. Any employee having a complaint involving sexual harassment *may*, but is not required to, inform the immediate supervisor. If the complaint involves the supervisor the employee will by-pass supervisory channels and report the matter to the department head, Personnel Director or City Manager as appropriate.

B. Any official or supervisor who receives a complaint or has knowledge of an allegation of sexual harassment will advise the Personnel Department the same working day. No other discussion or disclosure of the allegation is permitted.

C. The Personnel Department will immediately log the allegation and will open a file.

D. The Personnel Director or designated representative will interview the complainant within 24 hours and will obtain specific information regarding the time, place, and circumstances of the above incident.

City Manager within three days of the completion of the hearing.

G. In cases of disciplinary actions, the City Manager may accept the findings and opinion of the Personnel Board or may determine that the disciplinary action needs to be modified; the City Manager shall recommend a course of action to the Personnel Board. Within seven days after receiving the request, the Personnel Board shall reaffirm or modify its original findings and opinion in writing to the City Manager. The decision of the Personnel Board shall be final unless appealed by the City Manager to the City Council. The employee shall have no further right of administrative appeal. The employee and all parties affected shall be promptly notified in writing of the final decision.

H. The City Attorney shall be present and represent the city at all Personnel Review Board hearings

## 15.02 EMPLOYEE COMPLAINTS AND GRIEVANCES

Disciplinary actions, dismissals, demotions, suspensions, fines, reduction in pay, position classifications and allocations shall not be subject to review as grievances.

Other complaints and grievances which an employee may have because of an action affecting his status or conditions of employment shall be handled in the procedure outlined in this section.

### 15.021 PURPOSE OF A GRIEVANCE

The primary purpose of a grievance procedure shall be to determine what is right rather than who is right. Free discussion between employees and supervisors will lead to a better understanding by both of practices, policies and procedures which affect employees. This will tend to identify and eliminate conditions which may cause misunderstanding and grievances. The intended purpose is defeated if a spirit of conflict enters into the consideration of a grievance. Supervisors and employees alike shall recognize the true purpose of a grievance procedure if it is to be of value in promoting the well-being of the City Service.

### 15.022 DEFINITION OF A GRIEVANCE

A grievance is a complaint--a view or opinion pertaining to employment conditions, to relationships between employees and supervisors, or to relationships with other employees. Disciplinary actions, dismissals, demotions, suspensions, fines, reduction in pay, position classifications and allocations shall not be subject to review as a grievance. (See Employee Appeals, Section 15.01)

### 15.023 PROCEDURE FOR PRESENTATION OF A GRIEVANCE

A. Any employee having a complaint, (a view or opinion supported by facts), pertaining to employment conditions or relationships with his immediate supervisor or other employees (not involving sexual harassment) shall first discuss the matter with his immediate supervisor. The supervisor, if not

### 2.053 LIBERTY INTEREST

The city recognizes that each employee has a liberty interest in his or her employment and will not disclose the reasons for any adverse personnel action without due process as provided in 2.051 above.

### 2.054 FREE SPEECH

The city will not discharge an employee for the exercise of his or her right to free speech unless the city can show a compelling interest in abridgement of this rights and the employee has been granted due process. The right of employees to freedom of speech will not be abridged except in the following situations:

A. Speech which impairs discipline and harmony in the workplace.

B. Speech which breaches confidentiality or privileged information.

C. Speech which impedes job performance.

D. Speech which jeopardizes close personal loyalty.

### 2.055 EQUAL PROTECTION

The city will not discriminate against any classification of individuals regardless of whether the classification is prohibited or not prohibited by statutes.

### 2.056 FREEDOM OF ASSOCIATION

The city upholds the right of free association for employees which includes the right to join or not to join political parties and other groups.

### 2.057 THE RIGHT TO PRIVACY

The city will conduct workplace searches including drug testing only on the basis of reasonable suspicion that a prohibited activity may be taking place. Where public safety is involved however, such as with police officers, fire fighters and emergency medical technicians the city may conduct blanket or random drug testing.

/2006   17:21   1543                                                                PAGE   23

CITY OF PHENIX CITY                                          ASOP 12
FIRE DEPARTMENT

ADDRESSING CITY COUNCIL

PURPOSE: To insure the orderly handling of <u>work-related</u> business of the Fire Department personnel.

SCOPE: This procedure shall be followed by all members of the Phenix City Fire Department.

PROCEDURE:

1. If a member of the Fire Department has a problem with the Department, a Department, or City operations or procedures which are <u>work-related</u> and finds it necessary to go above his/her immediate supervisor, he/she must notify the supervisor of the intention to do so.

2. If a member of the Fire Department finds it necessary to go outside the Department, the Fire Chief will be given a reasonable time to make an appointment with the Public Safety Director.

3. If a problem cannot be solved by anyone in the chain of command, then the City Manager will arrange a hearing with the City Council.

4. If any Fire Department member appears before the City Council or directly contacts City Council members about <u>work-related problems</u> without following these procedures, they will be subject to disciplinary action in accordance with Section VIX of the City of Phenix City Personnel Policies.

a member of the Fire Department has a grievance, that member must follow the grievance cedures as outline in Section XV of the City of Phenix City Personnel Policies.

UARY 1998