

# INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS

HAROLD A. SCHAITBERGER
General President

VINCENT J. BOLLON
General Secretary-Treasurer

January 31, 2006

Mr. H.H. Roberts
City Manager
City of Phenix City
601 12th Street
Phenix City, Alabama 36867

Dear City Manager Roberts:

    I have recently received complaints indicating a disturbing pattern of mistreatment of International Association of Fire Fighters ("IAFF") Local 3668 officers and members by certain City officials and management personnel of the Phenix City Fire & Rescue Department (hereinafter "Department"). These complaints allege that:

- David Davis, President of IAFF Local 3668, was suspended for twenty-four (24) hours without pay back in August 2005 for speaking on behalf of the membership of the Local regarding the Department's continued threats to implement eight (8)-hour shifts for fire fighters;

- the "offense" for which President Davis was disciplined – that is, his assuming an "aggressive" posture when discussing with a superior officer the Department's continued threats to implement eight (8)-hour shifts – was nothing more than a pretext to dissuade President Davis and other officers and members of Local 3668 from speaking out on matters important to Department fire fighters;

- the Department has on a number of occasions threatened to retaliate against Local 3668 members by, among things, implementing an eight (8)-hour shift and the basis for such threatened retaliation is that some of these fire fighters have reportedly submitted to the local newspaper letters regarding Department operations and other fire and rescue-related matters of public concern;

- during the administrative hearing regarding President Davis's then-proposed twenty-four (24)-hour suspension, IAFF District Field Service Representative Thomas Malone, Jr., who attended the hearing to represent President Davis, was abruptly directed to leave the hearing; even though



EXHIBIT 1

750 NEW YORK AVENUE, N.W., WASHINGTON, D.C. 20006-5395 • (202) 737-8484 • FAX (202) 737-8418 • WWW.IAFF.C



Mr. H.H. Roberts
January 31, 2006
Page 2 of 3

    the City's attorney was allowed to remain at and participate in the hearing; and,

- President Davis was, on September 20, 2005, issued a counseling form and threatened with loss of his job for having spoken to the local media regarding Department operations and other matters of public concern.

    Assuming these allegations are true, I am writing to inform you that the IAFF will not tolerate this inappropriate and unlawful treatment of Local 3668 officers and members.

    It is well established that the First Amendment right of free association includes the right to belong to, and to actively participate in, labor organizations. See Shelton v. Tucker, 364 U.S. 479 (1960); Thomas v. Collins, 323 U.S. 516 (1945). "The right . . . to discuss, and inform people concerning the advantages and disadvantages of unions and joining them is protected not only as part of free speech, but as part of free assembly." Id. at 532.

    Moreover, although there is no "right" or "entitlement" to government employment, the denial or deprivation of a job and related benefits may not be based on one's exercise of First and Fourteenth Amendment rights. Rutan v. Republican Party, 497 U.S. 62, 72-73 (1990); Pickering v. Board of Educ. of Township High School, Dist. 205, 391 U.S. 563 (1968). In this regard, individuals have the First Amendment right to speak out about matters of public concern without having government employers retaliate against them for the exercise of their right of free speech. Rankin v. McPherson, 483 U.S. 378, 383 (1987). "Retaliation by a government employer against an individual who exercises his First Amendment rights constitutes a First Amendment violation." Perry v. McGinnis, 209 F.3d 597, 604 (6th Cir. 2000). Indeed, "few subjects are of more public concern . . . than the provision of basic fire and rescue services." Beckwith v. City of Daytona Beach Shores, 58 F.3d 1554, 1564 (11th Cir. 1995). Accordingly, it would clearly violate the First and Fourteenth Amendments of the United States Constitution for City officials and Department management personnel to retaliate against President Davis and other Local Union officials and members for engaging in lawful associational activities and for speaking to the local media regarding matters relevant to the provision of fire and rescue services in the community.



Mr. H.H. Roberts
January 31, 2006
Page 3 of 3

    As General President of the IAFF, which represents over 270,000 fire fighters, paramedics, and emergency responders across North America, I can tell you that this organization has encountered on a number of occasions the problem of management representatives of fire departments, municipalities and other government entities attempting to interfere with the legitimate interests of firefighters in engaging in constitutionally-protected associational activities and for speaking out on matters of public concern. This organization has demonstrated time and again that it will protect the legal rights of its members. In this regard, I have asked our Legal Department to review this matter thoroughly.

    The IAFF will continue to closely monitor this matter. I trust that you will act immediately to ensure that any activities undertaken by City officials or Department management personnel to dissuade Local 3668 officers and members from engaging in lawful Union activities and from speaking out on matters of public concern will cease forthwith.

Sincerely,

*Harold A. Schaitberger*

Harold A. Schaitberger
General President

HAS/DPD:sg

cc:    The Honorable Jeff Hardin, Mayor, City of Phenix City, Alabama
       Wallace Hunter, Fire Chief, Phenix City Fire & Rescue Department
       Danny Todd, 14th District Vice President, IAFF
       Thomas Malone, Jr., 14th District Field Service Representative, IAFF