**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID DAVIS, | ) | Case Number: |
| | ) | |
| Plaintiff | ) | 3:06-CV-0544-WHA |
| | ) | |
| v. | ) | |
| | ) | |
| PHENIX CITY, ALABAMA, | ) | |
| | ) | |
| H.H. ROBERTS, named in his individual | ) | |
| and official capacities, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WALLACE HUNTER, named in his individual | ) | |
| and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants Phenix City, Alabama, H.H. Roberts and

Wallace Hunter and files this their Reply to Plaintiff's Response to

Defendants' Second Motion for Summary Judgment and show as follows:

### INTRODUCTION

Defendants would briefly note that Plaintiff's Counsel suggests in the

Response that the "only new contention raised by the defendants is the

qualified immunity defense". This is incorrect and the incorrectness can be

verified by a brief review of the Defendants' Renewed Motion for Summary

Judgment and supporting documentation. Defendants make liberal use of

PDF created with pdfFactory trial version www.pdffactory.com

the discovery conducted after the Court granted a continuance of the trial of

this action and Plaintiff's Motion to Amend his Complaint to include prior

restraint claims that had not been asserted during the first year and a half of

this litigation.  Defendants not only vigorously argue that the individual

Defendants have qualified immunity in this case, they also argue additional

facts and law not present in their original Motion for Summary Judgment to

have all of the claims in Plaintiff's Amended Complaint dismissed.  The

additional facts and applicable law now before the Court make it entirely

appropriate for the Court to evaluate for a second time whether or not the

claims in Count I and Count II of Plaintiff's Complaint should be dismissed

as a matter of law.

## FACTS

Defendants incorporate by reference the "Statement of Undisputed

Facts", and the exhibits offered, set forth in pages 2 through 5 of the

Memorandum Brief in Support of Motion for Summary Judgment of

Defendants (E.C.F. Document #32) and the "Facts" portion of the

Defendant's Memorandum of Law in Support of Their Renewed Motion for

Summary Judgment (E.C.F. Document #90).  Defendants also incorporate

by reference the "Statement of Disputed Material Facts" and the cited

authority in support thereof set forth in pages 2 through 6 of the

PDF created with pdfFactory trial version www.pdffactory.com

Memorandum/Brief in Support of the Response to Plaintiff's Motion for
Partial Summary Judgment (E.C.F. Document #108).

## ARGUMENT

### I.    Defendants Roberts and Hunter Are Entitled to Qualified Immunity

As to all of the argument made by the Plaintiff, in addition to the
discussion and authority cited in Defendants' Reply, Defendants would cite
the Court to the authority and argument of Defendants' Brief/Memorandum
in Support of Their Second Motion for Summary Judgment (E.C.F.
Document #90).  See all evidentiary submissions filed in this case.

Plaintiff opens his argument by claiming that the Defendants are
asserting this claim belatedly and goes on to recite the procedural history of
how and when this defense was asserted.  Defendants would simply respond
that the controlling case law cited in Defendants' Motion to Amend Answer
(E.C.F. Document #72) would have allowed the Defendants to first assert
qualified immunity at trial.  The time at which the qualified immunity
defense was asserted by the Defendants has no bearing on whether the
Court, after a thorough analysis of the briefs, may grant the individual
Defendants judgment as a matter of law on the basis of that defense.

Plaintiff recites the case law that Defendants relied on in making their
case that qualified immunity applied.  Then, Plaintiff recites a laundry list of

PDF created with pdfFactory trial version www.pdffactory.com

cases regarding the free speech rights of schoolteachers and transit workers, not firefighters or other public employees similarly situated in a paramilitary arm of the government. Of course the Defendants do not disagree with the Plaintiff's assertion of these cases to support the position that a public employer may not retaliate against an employee for exercising constitutionally protected speech. The fundamental question of this case is whether or not the speech in question is protected, given the balancing test that must be undertaken to make that determination.

Plaintiff does place particular emphasis on Hope v. Pelzer, 536 U.S. 730 (2002) and suggests that the Defendants have incorrectly cited case authority that was abrogated by Hope. Plaintiff, by way of a footnote directs the Court to Hartwell v. City of Montgomery, 487 F.Supp.2d 1313, 1330 (M.D. Ala. 2007) and provides a partial quotation about Hope abrogating many of the standards articulated in Eleventh Circuit case law. What Plaintiff's Counsel does not quote is this section from the Hartwell opinion:

> But in this case, the court need not resolve the question of whether Hansen and Hope can co-exist, because even by applying the Hope standard alone the court is confident that Gordon is entitled to qualified immunity. As stated, the question of whether Hartwell spoke as a citizen on a matter of public concern was a close one for this court. Had the court gone the other way, Gordon's retaliation would not have implicated Hartwell's constitutional right to free speech. Because the court finds it difficult to define the contours of the constitutional right in question, it cannot expect that a reasonable

4

PDF created with pdfFactory trial version www.pdffactory.com

district chief at the fire department would know that Hartwell's complaint was protected by the First Amendment.

Hartwell 487 F. Supp. 2d at 1331.

So in fact the Court never decided to what extent Hope abrogated the Eleventh Circuit case law found in cases like Hansen v. Soldenwagner, 19 F.3d 573, 576 (11th Cir. 1994) or Foy v. Holston, 94 F.3d 1528 (1996).

But the Court did provide guidance that should prove instructive in making a determination of qualified immunity in this case. As quoted above, the Hartwell Court found that since the Court found it difficult to define the contours of the constitutional right in question and in fact was considered to be a close question, it cannot expect a fire department official to know that the speech was protected by the First Amendment. In this case the Court, determining whether or not the Plaintiff's speech was on a matter of public concern, stated, "Although the court considers this issue to be a close one, the court concludes that Davis's speech was on a matter of public concern" (E.C.F. Document #49). Therefore, just as in Hartwell, the individual Defendants cannot be expected to know the speech in question was constitutionally protected when it required a 22 page opinion in this litigation to determine that the speech was on a matter of public concern. So, at least as to the retaliation claim asserted by the Plaintiff in Count I of

5

PDF created with pdfFactory trial version www.pdffactory.com

his Complaint, qualified immunity clearly applies as supported by case law cited by the Plaintiff.

As to the prior restraint argument given scant attention in Plaintiff's Response, Defendants would cite the Court to the extensive argument found in both Defendants' Brief/Memorandum in Support of its Second Motion for Summary Judgment (E.C.F. Document #90) and the Brief/Memorandum in Support of Defendants' Response to Plaintiff's Motion for Summary Judgment (E.C.F. Document #108). Defendants, if not entitled to judgment as a matter of law on all of Plaintiff's so called prior restraint claims, have at a minimum presented genuine issues of material fact for consideration by the jury.

Plaintiff goes on to suggest that Defendants somehow violated Plaintiff's free association rights. Defendants must note, once again, that the Plaintiff has cited no authority for the proposition that firefighters or anyone else for that matter has the right to associate with elected officials at any time and at any place and by any means they so choose. The Plaintiff was allowed to join a union, discuss and debate issues within the union and bring those concerns either through his chain of command and ultimately to City Council or directly to the City Manager. Just as in all other aspects of this

PDF created with pdfFactory trial version www.pdffactory.com

case, the Plaintiff was given a number of ways to express his concerns and chose to ignore them in favor of his own methods.

This Court, in its own earlier opinion, found that the speech involved in this case was on a matter of public concern but that it was a close question. The individual Defendants should certainly be given the same consideration as those in the <u>Hartwell v. City of Montgomery</u> case and should not have been expected to make the distinction that the Plaintiff asserts to be obvious. Therefore the individual Defendants are entitled to qualified immunity under the relevant precedents.

The litany of "facts" listed in pages 7 through 12 in Plaintiff's Response have been contested by Defendants and are in fact contentions asserted by the Plaintiff with varying degrees of evidentiary support. The first of these allegations, that the policies of the Defendants are unconstitutional, if viewed as a fact, would have resolved this case long ago. Of course the essence of this entire litigation is the question of whether or not the policies of the Defendants are constitutional. The Defendants would again cite the Court to the "Statement of Undisputed Facts", and the exhibits offered, set forth in pages 2-5 of the Memorandum Brief in Support of Motion for Summary Judgment of Defendants (E.C.F. Document #32) and the "Facts" portion of the Defendant's Memorandum of Law in Support of

PDF created with pdfFactory trial version www.pdffactory.com

Their Renewed Motion for Summary Judgment (E.C.F. Document #90). Defendants also incorporate by reference the "Statement of Disputed Material Facts" and the cited authority in support thereof set forth in pages 2-6 of the Memorandum/Brief in Support of the Response to Plaintiff's Motion for Partial Summary Judgment (E.C.F. Document #108). These documents will complete the refutation of many of the bald assertions made by the Plaintiff and represented as "facts".

It is important to note before leaving the "facts" cited by the Plaintiff that in a footnote to his Response the Plaintiff questions alleged contradiction in the testimony of Defendant Roberts and states that serious issues of credibility should not be resolved on summary judgment. While the Defendants assert that the testimony of Defendant Roberts, Defendant Hunter and all other defense witnesses who were deposed are entirely credible, if the Court finds there is a credibility issue with respect to the deposition testimony of Defendant Roberts then the Plaintiff's own Motion for Partial Summary Judgment should also be denied as it is entirely reliant on the testimony of defense witnesses for its argument that the Defendants' policies amounted to a prior restraint.

The Plaintiff spends a great deal of time discussing a letter received from Harold Schaitberger by the Defendants. None of the case authority

PDF created with pdfFactory trial version www.pdffactory.com

cited by the letter would have put the Defendants on notice that taking

disciplinary action against a firefighter who contacts elected officials

directly rather than by the method outlined in ASOP 12[1] would violate free

speech rights.  In fact, after one and a half years of litigation and at least one

Order from this Court speaking to the issue, all that has been decided is that

the speech was on a matter of public concern, not that the government's

interest in order, harmony and discipline in the fire department were

outweighed by the Plaintiff's right to complain about the probationary

period change.

     Pages 13 through 17 of the Plaintiff's Response consist almost

entirely of excerpts from the Supplemental Depositions of Defendants

Roberts and Hunter.  The Plaintiff would have the Court believe these

excerpts show that the Defendants knew that their policies were

unconstitutional.  That is simply not the case.  The excerpts show that the

Defendants did receive Mr. Schaitberger's letter and that it included general

legal maxims regarding public employee speech and associative rights.

They in no way show that Mr. Schaitberger was objecting to the City's Merit

System Rules and Regulations or ASOP 12, an objection that has only been

advanced as of the filing of Plaintiff's Amended Complaint.  The excerpts

---

[1] ASOP 12 applies to any firefighter addressing City Council, not just for grievances as Plaintiff suggests.

PDF created with pdfFactory trial version www.pdffactory.com

do not show that Mr. Schaitberger's letter placed any of the Defendants on notice that disciplinary action for a firefighter who violated City policies on these issues would be unconstitutional.

In summary, the individual Defendants in this case from an objective viewpoint could not have been expected to know that the actions they took with respect to the Plaintiff violated any clearly established rights under the law of the Eleventh Circuit.  In fact this Court itself in doing only part of the analysis that would be required of the Defendants to determine they were violating the Plaintiff's rights declared the question a close one.  So under the voluminous case law cited by both parties and this Court's recent decision in <u>Hartwell v. City of Montgomery</u>, the individual Defendants should be granted qualified immunity and given judgment as a matter of law on Plaintiff's claims.

## II.     The Pickering Test Favors the Defendants on the Record

The Defendants would refer the Court to the submission already made in its briefs regarding the <u>Pickering</u> balancing test (E.C.F. Document #32, E.C.F. Document #44, E.C.F. Document #90 and E.C.F. Document #108).

Limiting this discussion to the issues raised by the Plaintiff in his Response, the Defendants would first point out that there is an additional record before the Court now that the Defendants argue strengthens the

PDF created with pdfFactory trial version www.pdffactory.com

original discussion based on the <u>Belcher</u> case that the Plaintiff had numerous less disruptive internal channels of communication available to him to communicate his concerns.  Over the course of two days, the Plaintiff could have gone through his chain of command.  As the titular head of the union, the Plaintiff was specifically authorized to go directly to the City Manager. After either of these options had been exercised, the Plaintiff could have had a hearing scheduled with City Council.  Of course the Plaintiff would not have been foreclosed from this option even if it took more than two days. There is no reason the City Council, after receiving input from the Plaintiff as allowed under the City's policies, could have reviewed their decision had they already taken a vote by the time they received such input.

Plaintiff spends a great deal of time arguing that the witnesses for the defense cannot be believed by the Court.  Again while the Defendants disagree with this position, if the Court agrees with the Plaintiff that the defense witnesses have a credibility problem, then the issues that the Plaintiff sought to be resolved on summary judgment should also go to the jury as the Plaintiff rests his entire factual premise for summary judgment on Count IV of his Complaint on the testimony of Chief Hunter and City Manager Roberts.  The Plaintiff cannot be allowed to dictate to the Court

PDF created with pdfFactory trial version www.pdffactory.com

which portions of deposition testimony are to be believed and which should be discounted. That is the quintessence of a genuine issue of material fact.

Plaintiff suggests that the Defendants are seeking for the first time to alter the reason they are giving for the termination of the Plaintiff. This is false. The Defendants have always made it clear that the contact with Mayor Hardin triggered the termination of Plaintiff's employment. The distinction that has been made time and again is that the contact with Mayor Hardin alone, was not the sole reason for the Plaintiff's dismissal (see the deposition testimony of Wallace Hunter cited in Defendants' Memorandum/Brief in Support of Defendants' Renewed Motion for Summary Judgment, page 79:12 through 80:7 and 81:17 through 24). Plaintiff had been counseled on the very issue of failing to follow the chain of command in communicating grievances in September of 2005. At that time, Plaintiff was reminded of the City's and the Fire Department's policies and told that in the future the failure to follow the policies would result in disciplinary action. His contact with the Mayor was not only a violation of City policies, it was also in direct conflict with the simple directive he had been given by his superiors. So just to make it clear, although the Plaintiff was terminated as a result of his contact with the Mayor, he may not have

PDF created with pdfFactory trial version www.pdffactory.com

been terminated for this conduct, but for his previous infractions of City policies.

This statement of facts which have been in the record since early on in this case should come as no surprise to the Plaintiff. As stated in the Defendants' Memorandum Brief in Support of their Motion for Summary Judgment (E.C.F. Document #32), in the Statement of Undisputed Facts, "Davis was terminated due to his violation of the September 20, 2005 directive from Chief Wallace B. Hunter regarding free speech and grievances, violation of ASOP 12, violation of Merit System Rules and Regulations and insubordination." Also see, Exhibits 10 and 11 to Defendants' Submission in Support of Motion for Summary Judgment (E.C.F. Document #33) which included similar information on the Plaintiff's End of Employment Form and Written Warning Form. These filings were made in April of 2007, so for the Plaintiff to suggest that this is the first time the Defendants have taken this position strains credulity.

The Plaintiff has attempted during the entirety of this action to suggest that somehow because he picked up the phone while he was not on the clock as a fireman he was alleviated from the requirements of ASOP 12 and the City's Merit System Rules and Regulations. This is not consistent with the law that has been cited by both parties. The job status requires the

PDF created with pdfFactory trial version www.pdffactory.com

continuing application of the aforementioned policies, while the firefighter is "on the job" or not. ASOP 12 addresses firefighters speaking to the City Council. The ASOP does not apply only to grievances, but also to statements to the City Council about operations and procedures of the department, which are work related. ASOP 12 requires that the procedure be followed by all members of the Phenix City Fire Department. So Davis was bound to follow ASOP 12 whether he was on duty or off duty.

As a representative of the firefighters union, Davis was authorized to go directly to City Manager Roberts, as stated repeatedly in earlier briefs by the Defendants. Davis was not authorized as a representative of the firefighters union to go directly to the Mayor and Council without following appropriate procedures.

Plaintiff asserts that the Defendants have not shown how Davis could have prevented or dissuaded the City Council from considering and acting on the Ordinance in question. The Defendants have no such burden and in fact if Davis had been granted an immediate audience with City Council there is no guarantee he could have prevented or dissuaded Council from taking action on the Ordinance. Had Davis gone through his chain of command or directly to City Manager Roberts, he then could have gotten a hearing before City Council. He chose not to do so even though he was

14

PDF created with pdfFactory trial version www.pdffactory.com

fully aware of the City procedures and the consequences for violating those procedures.

Plaintiff also asserts that he had some communication with a superior officer, which led him to believe that he was authorized in some way to talk directly with the Mayor and City Council Members about the change in the probationary period. This is vigorously disputed (see Exhibit "A", Affidavit of George Bennett).

Defendants have put forward evidence that the actions taken by the Plaintiff had a deleterious effect on morale and the ability of the Fire Department to properly function. (Hunter Depo. 37:19 through 41:1). Paraphrasing Chief Hunter it is a disruption any time a subordinate does not give his superior an opportunity to address a work related problem before going around the superior to others up the chain. This would obviously include Davis taking a work related problem within the department regarding operations or procedures to a City Council Member or Mayor without following the chain of command. Therefore, the case authority cited by the Plaintiff regarding speculative injury to Defendants, is simply not relevant to this case.

PDF created with pdfFactory trial version www.pdffactory.com

## CONCLUSION

Based on the foregoing, Defendants respectfully request judgment as a matter of law as to all Defendants on all claims outlined in the Plaintiff's Complaint and the amendment thereto.

This 7th day of January, 2008.

MCKOON & ASSOCIATES

*/s/ Joshua R. McKoon*

By:_____
Joshua R. McKoon
State Bar No. MCK057

*/s/ James R. McKoon, Jr.*

By:_____
James R. McKoon, Jr.
State Bar No. MCK020

THE GRAHAM LEGAL FIRM

*/s/ James P. Graham, Jr.*

By:_____
James P. Graham, Jr.
State Bar No. GRA030

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

PDF created with pdfFactory trial version www.pdffactory.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing Motion to Dismiss upon Counsel for the Plaintiff by placing a copy of same in First Class Mail addressed as follows:

Thomas A. Woodley                 Gary Brown, Esq.
Molly A. Elkin                    Fitzpatrick & Brown
Bryan G. Polisuk                  Farley Building, Suite 600
Woodley & McGillivary             1929 Third Avenue North
1125 15th Street, N.W.            Birmingham, Alabama 35203
Suite 400
Washington, D.C. 20005


*/s/Joshua R. McKoon*
_____

Counsel for Defendants

PDF created with pdfFactory trial version www.pdffactory.com