IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:06-cv-00544-WHA |
| ) | |
| PHENIX CITY, ALABAMA, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' AMENDED LIST OF EXHIBITS

Plaintiff David Davis, by and through his attorneys, Woodley & McGillivary, objects to Defendants' Exhibit List and states as follows:

### Defendants' Exhibit 23

Defendants' Exhibit 23 is the "complete personnel file of David Davis." As indicated by its description, this exhibit consists of Plaintiff's entire personnel file and contains all documents the City possesses with respect to Plaintiff's employment with the Phenix City Fire Department. Plaintiff objects to the admission of Defendants' Exhibit 23 on the basis of relevancy. Under Federal Rule of Evidence 401, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence which is not relevant is not

admissible. Fed. R. Evid. 402. As stated above, the Plaintiff's personnel file contains every document the City has maintained during the course of the Plaintiff's employment with the Phenix City Fire Department, including many documents that are wholly unrelated to the claims he is asserting in the present matter.

Additionally, Defendants' Exhibit 23 also contains information excludible on the grounds of prejudice, confusion, and waste of time pursuant to Fed. R. Evid. 403. Simply stated, there is no justification for presenting the jury with plaintiff's entire Phenix City personnel record. While there may be *some* relevant documents within Plaintiff's Phenix City personnel record, Plaintiff should not be put to the task of weeding through the lengthy Phenix City personnel record in an effort to speculate as to what documents contained in that record defendants actually intend to present and argue to the Court and Jury. Accordingly, pursuant to Fed. R. Evid. 401, 402, and 403, Exhibit 23 should not be admitted into evidence.

**Defendants' Exhibit 24**

Similarly, Exhibit 24, Plaintiff's tax returns for the years 2005 and 2006, should not be admitted under the Federal Rules of Evidence. These documents contain information that is not relevant to Plaintiff's claims, including but not limited to, information related to Plaintiff's wife's earnings and her employment status during 2005 and 2006. Additionally, Plaintiff objects to Defendants' Exhibit 24 on the grounds of general privacy. The admission of this information will result in the release of private financial information that is unrelated to the claims being

asserted by the Plaintiff. Accordingly, Defendants' Exhibit 24 should not be admitted into evidence.

**Defendants' Exhibit 26**

Finally, Exhibit 26, "City of Opelika Fire Department SOP 11 – Chain of Command" should not be admitted under the Federal Rules of Evidence for several reasons. First, as evidenced by its name, this document is a standard operating procedure from a political subdivision other than Phenix City and is thus wholly irrelevant to any of the claims Plaintiff is asserting in the present matter. Specifically, a City of Opelika standard operating procedure will not assist the trier of fact in determining whether Plaintiff was terminated from his employment with the Phenix City Fire Department by Defendants as a result of engaging in protected activities under the First Amendment. Second, a standard operating procedure from a city or municipality other than Phenix City may confuse the jury. Third, this proffered Exhibit was *never* produced — or even mentioned — during the course of discovery, and was not produced to plaintiff until receipt of defendants' exhibit list and exhibits, on or about January 7, 2008. For all of these reasons, and pursuant to Fed. R. Evid. 401, 402, and 403, Defendants' Exhibit 26 should not be admitted into evidence.

Respectfully submitted,

s/Douglas L. Steele
Thomas A. Woodley
Douglas L. Steele
Bryan G. Polisuk
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
Tel: (202) 833-8855
Fax: (202) 452-1090


Gary Brown, Esq.
FITZPATRICK & BROWN
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203
Tel: (205) 320-2255
Fax: (205) 320-7444


Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 28th day of January 2008, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

James R. McKoon, Jr.
Joshua R. McKoon
Attorney for Defendants
McKOON, THOMAS & McKOON
P.O. Box 3220
Phenix City, AL 36868-3220


James P. Graham, Jr.
The Graham Legal Firm
Post Office Box 3380
Phenix City, AL 36868-3380


                                          s/Douglas L. Steele
                                          Douglas L Steele