IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS,          ) | |
|                        ) | |
|          Plaintiff,      ) | |
|                        ) | |
|          vs.            ) | CIVIL ACTION NO. 3:06-cv-00544-VPM |
|                        ) | |
| PHENIX CITY, ALABAMA, et al.    ) | |
|                        ) | |
|                        ) | |
|          Defendants.    ) | |
|                        ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' AMENDED LIST OF WITNESSES

Plaintiff David Davis, by and through his attorneys, Woodley & McGillivary, objects to Defendants' Amended List of Witnesses and states as follows:

### Kristine Kennedy

Plaintiff objects to Defendants' listing of Kristine Kennedy as a witness that may be called at trial. It is expected that Ms. Kennedy will testify about a meeting that took place between the Plaintiff and then-Fire Marshall Kristine Kennedy on August 3, 2005 and alleged statements made during that meeting.

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if it "has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The meeting that took place on August 3, 2005 is immaterial and wholly irrelevant in the present matter because it is unrelated to the Plaintiff's April 2006 termination for — *while off duty* — contacting Mayor Hardin to discuss the probation

proposal which would have extended the probationary period of new hires. It is undisputed that but for the Plaintiff's phone call to Mayor Hardin, he would not have been terminated. Accordingly, Ms. Kennedy should not be permitted to testify at trial because her testimony will not assist the trier of fact.

Moreover, under Rule 403, evidence should be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Here, any proffered evidence related to the August 3, 2005 meeting could create undue prejudice and potentially inflame the passions of the trier of fact. Consequently, under Rule 403, this evidence should be excluded.

Given this potential for prejudice, and the immateriality of such evidence to the issue of liability, Plaintiff respectfully requests that Defendants be precluded from calling Kristine Kennedy as a witness at trial.

**Jerry Prater and Ronnie Blankenship**

Plaintiff objects to Defendants' listing of Jerry Prater and Ronnie Blankenship as witnesses that may be called at trial. Mr. Prater and Mr. Blankenship are former employees of the Phenix City Fire Department. Both potential witnesses are former employees of the Phenix City Fire Department and served as fire chiefs.

Both Mr. Prater and Mr. Blankenship served as fire chief at a time that predated the September 2005 newspaper article in which Plaintiff and other fire fighters spoke out on matters of public concern and Plaintiff's phone call to Mayor Hardin regarding the probationary proposal for new hires and his termination as a result thereof. As has been established in the record, Defendant Wallace Hunter was the fire chief at all

relevant times herein, including when Plaintiff was terminated for contacting Mayor Hardin to discuss the probation proposal.

These witnesses will not assist the trier of fact in determining whether Plaintiff was terminated as a result of engaging in protected activities under the First Amendment and their testimony could create undue prejudice and inflame the passions of the trier of fact. Accordingly, pursuant to Fed. R. Evid. 401, 402, and 403, Defendants should be precluded from calling Mr. Prater and Mr. Blankenship as witnesses at trial.

**Stephanie Chastain**

Plaintiff objects to Defendants' listing of Stephanie Chastain as a witness that may be called at trial.

Defendants did not disclose Ms. Chastain as a potential witness at any point prior to submission of their Amended List of Witnesses. Thus, Plaintiff was not afforded the opportunity to gather discoverable information with respect to Ms. Chastain or depose her. Moreover, neither Plaintiff nor his counsel have any knowledge of who Ms. Chastain is or any testimony that she might offer at trial. For these reasons, and pursuant to Fed. R. Evid. 401, 402, and 403, Defendants should be precluded from calling Ms. Chastain as a witness at trial.

**Tommy Cox**

Plaintiff objects to Defendants' listing of Tommy Cox as a witness that may be called at trial. Mr. Cox is a current employee of the Phenix City Fire Department. Similar to Ms. Chastain, Defendants failed to disclose Mr. Cox as a potential witness at

any time prior to submitting their Amended List of Witnesses. Defendants also did not list Mr. Cox as a witness in their Rule 26(a)(1) Initial Disclosures.

Moreover, it is expected that Mr. Cox will be unable to offer any testimony regarding the facts surrounding Plaintiff's termination from his position in the Phenix City Fire Department. Thus, this testimony will not assist the trier of fact in determining whether Plaintiff's rights under the First Amendment were violated as a result of his termination for contacting Mayor Hardin while off duty to discuss the proposal to extend the probationary period of fire fighters in Phenix City Fire Department. Accordingly, and pursuant to Fed. R. Evid. 401, 402 and 403, Defendants should be precluded from calling Mr. Cox as a witness at trial.

**Custodian of City of Opelika Fire Department SOPs**

Finally, Plaintiff objects to Defendants' listing of the "Custodian of City of Opelika Fire Department SOPs" as a witness that may be called at trial. As evidenced by his or her title, this witness is expected to be used for the sole purpose of authenticating a document entitled "City of Opelika Fire Department SOP 11 – Chain of Command," which is listed as Exhibit 26 on Defendants' Amended List of Witnesses. For the reasons set forth in Plaintiff's Objections to Defendants Amended List of Exhibits, this document should not be admitted into evidence. Accordingly, because that document should not be admitted into evidence, and pursuant to Fed. R. Evid. 401, 402, and 403, Defendants should be precluded from calling "Custodian of City Opelika Fire Department SOPs" as a witness at trial.

Respectfully submitted,


s/Douglas L. Steele
Thomas A. Woodley
Douglas L. Steele
Bryan G. Polisuk
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C.  20005
Tel: (202) 833-8855
Fax:  (202) 452-1090


Gary Brown, Esq.
FITZPATRICK & BROWN
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203
Tel: (205) 320-2255
Fax: (205) 320-7444


Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 28th day of January 2008, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:


James R. McKoon, Jr.
Joshua R. McKoon
Attorney for Defendants
McKOON, THOMAS & McKOON
P.O. Box 3220
Phenix City, AL 36868-3220


James P. Graham, Jr.
The Graham Legal Firm
Post Office Box 3380
Phenix City, AL 36868-3380


s/Douglas L. Steele