IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DAVID DAVIS, | ) |
| | ) Case Number: |
| Plaintiff | ) |
| | ) 3:06-CV-0544-WHA |
| v. | ) |
| | ) |
| PHENIX CITY, ALABAMA, et al | ) |
| | ) |
| Defendants. | ) |

## RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' AMENDED LIST OF EXHIBITS

COME NOW Defendants and responds to Plaintiff's Objections to Defendants Amended List of Exhibits and shows as follows:

**Defendants' Exhibit 23:**

This exhibit is the Plaintiff's entire personnel file from his tenure with the Phenix City Fire Department. Plaintiff objects first on the ground of relevance as set out in Federal Rule of Evidence 402. Plaintiff has not identified a single document in Defendants' Exhibit 23 which does not meet the definition of relevant evidence as defined in Federal Rule of Evidence 401. Plaintiff merely asserts that there are "many documents" that are unrelated to the claims he is asserting. Plaintiff has repeatedly made an issue of his performance evaluations and his record prior to his dismissal. Defendants have every right to rebut Plaintiff's position that he was a model firefighter with an exemplary record with the facts contained in many documents in his personnel file. Plaintiff seeks to cherry pick his personnel file and disclose to the trier of fact only those documents that positively reflect on him. This objection is an attempt to prevent the trier of fact from seeing the entirety of Plaintiff's record of service at the Phenix City Fire

Department and should not be sustained for that reason and for the simple reason that the Plaintiff could not identify a single document that did not meet the definition of relevant evidence in Plaintiff's personnel file.

Plaintiff's second ground for objection to Defendants' Exhibit 23 is that there is information contained in it which is prejudicial, confusing and would be a waste of time to review. Much like the Plaintiff's relevance objection, it is difficult to respond when he fails to identify a single document and explains why it is objectionable on the grounds stated. Plaintiff's personnel file details his repeated problems with authority and the chain of command in the department and puts his eventual dismissal in proper context. As stated on the written warning form that is part of Defendants' Exhibit 23, Plaintiff was not, as he has repeatedly asserted, fired only for his telephone contact with Mayor Hardin, but for the accumulation of discipline he had received for prior offenses which are detailed in the personnel file. Simply put, the trier of fact should see Plaintiff's record in its entirety and not simply the evaluations that Plaintiff has repeatedly cited in its numerous filings with this Court and therefore the objection should not be sustained on either ground submitted.

**Defendants' Exhibit 24:**

This exhibit is the Plaintiff's tax returns for 2005 and 2006. It required numerous attempts on the part of Defendants' counsel to obtain these documents from the Plaintiff. When the Plaintiff finally produced the documents on August 10, 2007 after Defendants demanded that they do so or that a Motion to Compel would be filed with the Court, Plaintiff produced redacted copies of the first page of the 2005 tax return and redacted copies of the first two pages of the 2006 tax return. Along with these returns, Plaintiff

produced W-2 statements for 2005 and 2006. However, since the portion of the returns furnished are heavily redacted the Defendants cannot tell whether or not their may in fact be additional W-2 statements for the 2005 and 2006 tax years. Therefore, Defendants request that the Court order Plaintiff to produce unredacted returns. As far as Plaintiff's objection, it has long been the law that when a Plaintiff tenders an issue as to the amount of his income (in this case lost income) the tax returns are discoverable. <u>Federal Savings and Loan Insurance Corporation v. Krueger</u>, 55 F.R.D. 512, 514 (N.D. Ill. 1972), citing <u>Kingsley v. Delaware, Lackawanna & Western Railroad Company</u>, 20 F.R.D. 156 (S.D.N.Y. 1957). They are also clearly admissible. Their admissibility is due to the direct relevance of Plaintiff's claim of lost income. See Fed. R. Evid. 402. These tax returns show the nature of that loss and are most certainly relevant to this case. Defendants' counsel is unfamiliar with the general privacy objection that Plaintiff has asserted. Plaintiff has cited nothing in support of that objection. Defendants state in response that to the extent such a right exists it is eviscerated when one engages in litigation in federal court claiming monetary damages that can be proved or disproved by a review of his tax records. For these reasons, the Plaintiff's objection to this exhibit should not be sustained.

**<u>Defendants' Exhibit 26:</u>**

    I.    This exhibit is a copy of the City of Opelika's SOP related to chain of command and is relevant evidence pursuant to Rule 401 and 402 of the Federal Rules of Evidence for the following reasons:

    (a)    Plaintiff is currently employed by the City of Opelika as a firefighter. Plaintiff is operating under the rules and regulations of the City of Opelika,

including the SOP included as Defendants' Exhibit 26. One of Plaintiff's assertions in this action is that the policies and procedures of Defendant Phenix City, Alabama are unconstitutional as applied and on their face. Since the City of Opelika's SOP is virtually identical to the policies at issue in this case, the Defendants should be entitled to question the Plaintiff as to why he objected so strongly to the Defendants' policies, but has chosen to submit to a virtually identical policy where he currently works.

(b)     Plaintiff has throughout this litigation asserted that the grievance procedure and the SOP of the City of Phenix City is not only unconstitutional but is uniquely restrictive and completely out of step with the policies of other jurisdictions. Defendants contend they should be entitled to present to the trier of fact the Opelika SOP as it will aid the jury in making a determination about the constitutionality of the policy at issue in this action.

II.     Plaintiff is claiming that introduction of another policy regarding firefighter speech will confuse the issue to be decided at trial, namely whether the policies of the Defendants are unconstitutional as applied and on their face. Defendants contend that placing the policy of a neighboring jurisdiction before the jury would actually clarify the issues to be decided regarding the relative scope of the policies of the Defendants. It would do so by showing the jury that permissible restrictions on speech are commonly codified into policy in paramilitary organizations such as the Opelika Fire Department where Plaintiff works. The introduction of this Exhibit also goes to the credibility of Davis. If he is stating that these policies are unconstitutional,

oppressive and chilling, it is incredible that in the wake of his employment being terminated by a jurisdiction imposing such unconstitutional policies that he would accept employment from another jurisdiction imposing virtually identical policies.

III.    While the Plaintiff complains of the timeliness of the disclosure of the exhibit, the exhibit was disclosed in accordance with the Court's Scheduling Order. The tendering of this exhibit at this time in the proceedings is not prejudicial, and indeed the Plaintiff Davis knew or should have known about this document, as it is a governing policy at his current job.

In conclusion, this Exhibit is relevant and will greatly aid the jury in their determination of the issues in this case. Therefore the objections lodged by the Plaintiff to Defendants' Exhibit 26 should not be sustained.

This 3rd day of February, 2008.

MCKOON & ASSOCIATES

By: /s/Joshua R. McKoon
Joshua R. McKoon
State Bar No. MCK057

By: /s/James R. McKoon, Jr.
James R. McKoon, Jr.
State Bar No. MCK020

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

Counsel for Defendants

THE GRAHAM LEGAL FIRM

By: /s/James P. Graham, Jr.
State Bar No. GRA030

Post Office Box 3380
Phenix City, Alabama 36868-3380
334.291.0315
facsimile 334.291.9136

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing Motion to Dismiss upon Counsel for the Plaintiff by transmission through the CM/ECF electronic filing system:

Thomas A. Woodley
Molly A. Elkin
Bryan G. Polisuk
Woodley & McGillivary
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005

Gary Brown, Esq.
Fitzpatrick & Brown
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203

This 3rd day of February, 2008.

MCKOON & ASSOCIATES

By: /s/Joshua R. McKoon
_____

By: /s/James R. McKoon, Jr.
_____

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

Counsel for Defendants

THE GRAHAM LEGAL FIRM

By: /s/James P. Graham, Jr.
_____

Post Office Box 3380
Phenix City, Alabama 36868-3380
334.291.0315
facsimile 334.291.9136

Counsel for Defendants