IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DAVID DAVIS, | ) |
| | ) Case Number: |
| Plaintiff | ) |
| | ) 3:06-CV-0544-WHA |
| v. | ) |
| | ) |
| PHENIX CITY, ALABAMA, et al | ) |
| | ) |
| Defendants. | ) |

## RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' AMENDED LIST OF WITNESSES

COME NOW Defendants and responds to Plaintiff's Objections to Defendants Amended List of Witnesses and shows as follows:

**Kristine Kennedy:**

Plaintiff objects to this witness because he states her testimony is irrelevant and prejudicial.

Plaintiff's attorneys have deposed Kristine Kennedy. Plaintiff's argument that Kennedy's testimony will be irrelevant is based upon an incorrect statement regarding the Plaintiff's termination that no matter how often repeated by Plaintiff's counsel is no less incorrect. Kristine Kennedy is expected to testify about an incident that occurred on August 3, 2005 where the Plaintiff jumped in her face and spoke to her in a disrespectful manner in front of numerous other firefighters. At the time of this incident, Kristine Kennedy was a superior in rank to Davis. This was a Group II offense for which Davis was disciplined and potentially could have been terminated. However, as reflected on the written warning form attached as Defendants' Exhibit 17, the Plaintiff was terminated for an accumulation of offenses, the last of which was his telephone contact with Mayor

Hardin. But for his prior misconduct, Plaintiff would not have been dismissed. So the prior misconduct is highly relevant in that it establishes the reasoning behind his dismissal for his final offense, telephone contact with the Mayor. Plaintiff would like the trier of fact to think the only reason he was fired is that he placed a single telephone call to Mayor Hardin. That is not true, not supported by the evidence and Kristine Kennedy's testimony will make that plain to the jury. Even if the Court agreed with Plaintiff's erroneous assertion about his dismissal, Kristine Kennedy's testimony would be relevant in rebutting Plaintiff's position that he was a model firefighter with nothing in his personnel file but outstanding evaluations from his superior officers. Defendants have every right to rebut that expected position and Kristine Kennedy's testimony about Plaintiff's insubordinate conduct and other matters is highly relevant to such a rebuttal.

Plaintiff also objects to Kennedy's testimony on the grounds it would be more prejudicial than probative. It is highly probative that as early as August 2005 the Plaintiff was disrespectful of his chain of command and failing to follow proper protocol with respect to his personal gripes about policy in the department. Plaintiff will have every opportunity to cross examine Kristine Kennedy and place into whatever context he feels appropriate his conduct at the August 2005 meeting. Excluding this evidence from the trier of fact will in effect blind the jury to the important facts surrounding both the August 2005 meeting and the subsequent contact with the newspaper all of which were a prelude to Plaintiff's final insubordinate actions.

For these reasons, the Plaintiff's objections should not be sustained.

**Jerry Prater and Ronnie Blankenship:**

Plaintiff objects to these witnesses testifying apparently on the grounds of relevance and prejudice. Plaintiff has listed Thomas Malone, a union representative as a witness. It is expected that Mr. Malone will testify about conversations and correspondence with Jerry Prater. The same is true of the Plaintiff. Surely the Defendants should be able to call Mr. Prater so that he can give evidence as to his side of those communications. Ronnie Blankenship can testify as to the extreme disruption and damage that was caused in the Phenix City Fire Department due to consistent violations of the chain of command and free speech policies of the department that were similar to Plaintiff's conduct in this case. These disruptions were caused by Plaintiff's predecessor as president of the local union and occurred while the Plaintiff was actively involved in the union.

Both of these witnesses served as past Fire Chiefs of the Phenix City Fire Department during Plaintiff's period of employment. Both witnesses can provide testimony on Plaintiff's conduct which is highly relevant to the issues at hand in this case, namely whether or not the Plaintiff repeatedly flouted authority and the chain of command over a lengthy period of time and was given numerous opportunities to rectify his conduct until his final insubordinate acts in 2006. Therefore the testimony these witnesses may offer is highly relevant and the Plaintiff's objection on this ground should not be sustained.

On the ground that these witnesses will offer prejudicial testimony, the Plaintiff has failed to identify any specifics and it appears that the Plaintiff considers prejudicial testimony to be testimony that does not present him to be a model firefighter. The

observations of his supervisors are both highly relevant and not prejudicial to the Plaintiff and therefore the testimony of these witnesses should be allowed.

**Stephanie Chastain:**

Plaintiff's sole objection to this witness is that the Defendants did not disclose her until they submitted a final witness list as provided in Section 9 of the Scheduling Order issued on August 29, 2007. Specifically Plaintiff claims he has not been afforded the opportunity to gather discoverable information or depose Ms. Chastain. Plaintiff's Counsel need only read Section 7 of the Scheduling Order, which states in pertinent part that, "All discovery shall be completed on or before December 7, 2007, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the deadline in this paragraph extended to allow for deposing such witnesses." Plaintiff's Counsel has had almost a month to make it known they wish to depose her, as allowed under Section 7 of the Scheduling Order. As of this filing, Counsel for the Defendants has not received from Plaintiff's Counsel any request to depose Ms. Chastain. Ms. Chastain works in the payroll department for the City of Phenix City and is expected to testify about her calculation of Plaintiff's claimed lost wages. Ms. Chastain reduced her calculations to writing and the same has been provided to Plaintiff as an Exhibit in this case and has not been met with an objection. There is no basis for excluding her testimony and the Plaintiff's objection should not be sustained.

### Tommy Cox:

Plaintiff's sole objection to this witness is that the Defendants did not disclose him until they submitted a final witness list as provided in Section 9 of the Scheduling Order issued on August 29, 2007. Specifically Plaintiff claims he has not been afforded the opportunity to gather discoverable information or depose Mr. Cox. Plaintiff's Counsel need only read Section 7 of the Scheduling Order, which states in pertinent part that, "All discovery shall be completed on or before December 7, 2007, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the deadline in this paragraph extended to allow for deposing such witnesses." They have had almost a month to make it known they wished to deposed him, as allowed under Section 7 of the Scheduling Order. As of this filing, Counsel for the Defendants has not received from Plaintiff's Counsel any request to depose Mr. Cox. If called it is expected that Mr. Cox would testify concerning the conduct of Mr. Davis and his attitude toward authority in the fire department. There is no basis for excluding his testimony and the Plaintiff's objection should not be sustained.

### Custodian of City of Opelika Fire Department SOPs:

Plaintiff objects to this witness because he objects to the accompanying City of Opelika SOP (Defendants' Exhibit 26) which this witness will be called to authenticate. If the Court denies Plaintiff's objection to admission of Defendants' Exhibit 26, then this objection should also be denied. As stated in Defendants' Response to the objection to Defendants' Exhibit 26, the SOP which Defendants' are seeking to elicit testimony about

is a City of Opelika SOP. Plaintiff has been working for some time now as a firefighter for the City of Opelika and Defendants should be able to let the trier of fact know the policies the Plaintiff has been willing to accept in Opelika and compare them to the policies he claims are unconstitutional in Phenix City. Also see Defendants' Response to Plaintiff's Objections to Defendants' Amended List of Exhibits concerning Defendants' Exhibit 26. Plaintiff's objection to this witness therefore should not be sustained.

This 3rd day of February, 2008.

MCKOON & ASSOCIATES

By: /s/Joshua R. McKoon
Joshua R. McKoon
State Bar No. MCK057

By: /s/James R. McKoon, Jr.
James R. McKoon, Jr.
State Bar No. MCK020

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

Counsel for Defendants

THE GRAHAM LEGAL FIRM

By: /s/James P. Graham, Jr.
State Bar No. GRA030

Post Office Box 3380
Phenix City, Alabama 36868-3380
334.291.0315
facsimile 334.291.9136

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing Motion to Dismiss upon Counsel for the Plaintiff by transmission through the CM/ECF electronic filing system:

Thomas A. Woodley
Molly A. Elkin
Bryan G. Polisuk
Woodley & McGillivary
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005

Gary Brown
Fitzpatrick & Brown
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203

This 3rd day of February, 2008.

MCKOON & ASSOCIATES

*/s/Joshua R. McKoon*
By:_____

*/s/James R. McKoon, Jr.*
By:_____

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

Counsel for Defendants

THE GRAHAM LEGAL FIRM

*/s/James P. Graham, Jr.*
By:_____

Post Office Box 3380
Phenix City, Alabama 36868-3380
334.291.0315
facsimile 334.291.9136

Counsel for Defendants