IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:06-cv-00544-WHA |
| ) | |
| PHENIX CITY, ALABAMA, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' LIST OF ADDITIONAL EXHIBITS

Plaintiff David Davis, by and through his attorneys, Woodley & McGillivary, objects to Defendants' List of Additional Exhibits and states as follows:

### Defendant's Exhibits 29 - 35

Defendant's Exhibits 29 – 35 (Attachment "A") consist of Plaintiff's high school diploma (Exhibit 29); Plaintiff's paramedic/driver's licenses (Exhibits 30, 32, and 35); Plaintiff's EMT cards (Exhibit 31) and various training certificates (Exhibits 33 and 34). *None* of these documents relate to *any* disputed issue of fact in this case. No party has ever disputed that Davis is a high school graduate who held the appropriate licenses and certificates to be employed as a firefighter/paramedic by Defendant Phenix City, nor are such documents related to any disputed issue of law or fact in this case. Accordingly, Plaintiff objects to the admission of Defendant's Exhibits 29 -35 on the basis of relevancy pursuant

to Rule 402 of the Federal Rules of Evidence. Providing such wholly irrelevant Exhibits to the Jury should also be excluded pursuant to Rule 403 of the Federal Rules of Evidence as a waste of time and creating undue delay.

**Defendant's Exhibits 36 and 37**

Defendant's proposed Exhibits 36 and 37 (Attachment "B") are memoranda relating to an incident — *in 2002* — wherein Plaintiff made an offensive comment concerning (but not to) then Deputy Chief Hunter and Assistant Chief Hansen. Plaintiff's 2002 comment does not relate to *any* disputed issue of fact or law in this case and thus should be excluded on the basis of relevancy pursuant to Rule 402 of the Federal Rules of Evidence.

Additionally, presenting the Jury with the irrelevant evidence that Plaintiff made an offensive comment concerning two supervisors should also be excluded pursuant to Rule 403 as any conceivable probative value of such evidence is substantially outweighed by the danger of undue prejudice.

**Defendant's Exhibits 38 - 41**

Defendant's proposed Exhibits 38 – 41 (Attachment "C") are documents relating to two incidents wherein Plaintiff, as driver of a fire engine, had minor on duty vehicle accidents. The first incident occurred in 2002 (Exhibits 38 – 40); the second in 2004 (Exhibit 41). Although these incidents, along with every incident contained in Plaintiff's personnel file, were referenced on the April 2006 Written Warning Form in the space entitled "Prior or Written Corrective Actions," quite obviously, these two minor accidents do not relate to *any* disputed issue of fact or

law in this case and thus should be excluded on the basis of relevancy pursuant to Rule 402 of the Federal Rules of Evidence.

Additionally, although such minor vehicle accidents are not uncommon in the fire service due to the size of the vehicles being operated, such irrelevant evidence should also be excluded pursuant to Rule 403 as any conceivable probative value of such evidence is substantially outweighed by the danger of undue prejudice. The fact that the April 2006 Written Warning Form prepared by the Defendant to justify its unlawful termination of Plaintiff's employment provided a laundry list of every counseling or alleged infraction occurring over Plaintiff's entire career, does not make otherwise excludible evidence relevant to the actual issues in this case, particularly where such irrelevant evidence is also likely to create undue prejudice.

**Defendant's Exhibits 42 and 43**

Defendant's proposed Exhibits 42 and 43 (Attachment "D") are a counseling form and memorandum from 2004 concerning an incident where Plaintiff failed to remove members of the public from an area where fire department personnel were using or operating equipment that allegedly could have caused harm to the individuals.  Interestingly, it was Sgt. Johnson, who was the first to arrive, established Incident Command, and Captain Hamby was second to arrive.  Neither Johnson nor Hamby removed the members of the public from the scene.  Plaintiff was actually the *third* to arrive, and was *not* the Incident Commander.  Once again, this 2004 incident — where the individuals were not in danger of fire — does not relate to *any* disputed issue of fact or law in

this case and thus should be excluded on the basis of relevancy pursuant to Rule 402 of the Federal Rules of Evidence.

Additionally, although a minor occurrence under the particular circumstances of this call, such irrelevant evidence should also be excluded pursuant to Rule 403 as any conceivable probative value of such evidence is substantially outweighed by the danger of undue prejudice. The fact that the April 2006 Written Warning Form prepared by the Defendant to justify its unlawful termination of Plaintiff's employment provided a laundry list of every counseling or alleged infraction occurring over Plaintiff's entire career, does not make otherwise excludible evidence relevant to the actual issues in this case, particularly where such irrelevant evidence is also likely to create undue prejudice.

**Defendant's Exhibits 44 and 45**

Defendant's proposed Exhibits 44 and 45 (Attachment "E") are a grievance from Plaintiff (Exhibit 44) and a response from then Chief Prater (Exhibit 45) wherein Plaintiff expressed his objection to a situation at Station 1 wherein Assistant Chief Johansen inexplicably directed that a part time fire fighter be Acting Company Officer rather than Plaintiff, who was a full time career fire fighter with the rank of Sergeant. This grievance and response is in no way relate to *any* disputed issue of fact or law in this case and thus should be excluded on the basis of relevancy pursuant to Rule 402 of the Federal Rules of Evidence.

4

Further, providing such wholly irrelevant Exhibits to the Jury should also be excluded pursuant to Rule 403 of the Federal Rules of Evidence as a waste of time and creating undue delay.

**Defendant's Exhibit 46**

Defendant's proposed Exhibit 46 (Attachment "F") is a memorandum from Assistant Chief Johansen concerning a 2005 counseling Plaintiff received for an innocuous incident wherein upon being informed by fire fighter Martin that Martin did not have his duty uniform Plaintiff, in jest, told Martin that "you owe me 25" pushups.  Although, this incident, along with every incident contained in Plaintiff's personnel file, was referenced on the April 2006 Written Warning Form in the space entitled "Prior or Written Corrective Actions" the "you owe me 25" incident is not being challenged in this case, and is not relevant to *any* disputed issue of fact or law in this case and thus should be excluded on the basis of relevancy pursuant to Rule 402 of the Federal Rules of Evidence.

This minor and irrelevant moment of jest should also be excluded pursuant to Rule 403 as any conceivable probative value of such evidence is substantially outweighed by the danger of undue prejudice.  Further, providing such wholly irrelevant Exhibits to the Jury should also be excluded pursuant to Rule 403 of the Federal Rules of Evidence as a waste of time and creating undue delay.  The fact that the April 2006 Written Warning Form prepared by the Defendant to justify its unlawful termination of Plaintiff's employment provided a laundry list of every counseling or alleged infraction occurring over Plaintiff's entire career, does not make otherwise excludable evidence relevant to the actual

issues in this case, particularly where such irrelevant evidence is also likely to create undue prejudice.

**Defendant's Exhibits 47 - 50**

Defendant's proposed Exhibits 47 - 50 (Attachment "G") are documents relating to an incident in August 2005 wherein, during a shift meeting pertaining to possible schedule changes, Plaintiff responded to this news by stating "don't punk me out" or "stop punking me out." Fire Marshal Kristin Kennedy alleged that she was "shocked" by Plaintiff's statement and felt that it was intimidating. Although, this incident, along with every incident contained in Plaintiff's personnel file, was referenced on the April 2006 Written Warning Form in the space entitled "Prior or Written Corrective Actions" the "don't punk me out" incident is not being challenged in this case, and is not relevant to *any* disputed issue of fact or law in this case and thus should be excluded on the basis of relevancy pursuant to Rule 402 of the Federal Rules of Evidence.

This minor incident should also be excluded pursuant to Rule 403 as any conceivable probative value of such evidence is substantially outweighed by the danger of undue prejudice. Further, providing such wholly irrelevant Exhibits to the Jury should also be excluded pursuant to Rule 403 of the Federal Rules of Evidence as a waste of time and creating undue delay. The fact that the April 2006 Written Warning Form prepared by the Defendant to justify its unlawful termination of Plaintiff's employment provided a laundry list of every counseling or alleged infraction occurring over Plaintiff's entire career, does not make otherwise excludible evidence relevant to the actual issues in this case,

6

particularly where such irrelevant evidence is also likely to create undue prejudice.

**Defendant's Exhibits 51 - 53**

Defendant's Exhibits 51- 53 (Attachment "H") consist of Plaintiff's request for a copy of his personnel file (Exhibit 51), Personnel Director Goodwin's response (Exhibit 53), and a document indicating that Plaintiff elected not to remove or rollover certain retirement system contributions (Exhibit 52). *None* of these documents relate to *any* disputed issue of law or fact in this case. Accordingly, Plaintiff objects to the admission of Defendant's Exhibits 51 - 53 on the basis of relevancy pursuant to Rule 402 of the Federal Rules of Evidence. Providing such wholly irrelevant Exhibits to the Jury should also be excluded pursuant to Rule 403 of the Federal Rules of Evidence as a waste of time and creating undue delay.

Respectfully submitted,

s/Douglas L. Steele_____
Thomas A. Woodley
Douglas L. Steele
WOODLEY & McGILLIVARY
1125 15th Street, N.W., Suite 400
Washington, D.C.  20005
Tel: (202) 833-8855
Fax:  (202) 452-1090

Gary Brown, Esq.
FITZPATRICK & BROWN
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203
Tel: (205) 320-2255
Fax: (205) 320-7444

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 15th day of February 2008, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

James R. McKoon, Jr.
Joshua R. McKoon
Attorney for Defendants
McKOON, THOMAS & McKOON
P.O. Box 3220
Phenix City, AL 36868-3220

James P. Graham, Jr.
The Graham Legal Firm
Post Office Box 3380
Phenix City, AL 36868-3380

                                                s/Douglas L. Steele
                                                Douglas L Steele