IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | Case Number: |
| Plaintiff ) | |
| ) | 3:06-CV-0544-WHA |
| v. ) | |
| ) | |
| PHENIX CITY, ALABAMA, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' PROPOSED SPECIAL INTERROGATORIES TO THE JURY

**COME NOW** the Defendants Phenix City, Alabama, H. H. Roberts and Wallace Hunter and propose that the Court submit the following special interrogatories to the jury:

### Special Interrogatories to the Jury

Do you find from a preponderance of the evidence:

1. That a fireman, if he acts in accordance with the Phenix City Fire Department's Standard Operating Procedures (specifically ASOP #12) and the Phenix City Merit System Rules and Regulations, would be allowed to address the Mayor or the City Council concerning a proposal to extend the probationary period to new firefighters? In other words, if you answer "Yes" to this question, you

PDF created with pdfFactory trial version www.pdffactory.com

are finding that under the policies of the City of Phenix City and the Phenix City Fire Department, a firefighter's right to speak is guaranteed as long as he follows the rules and procedures and his chain of command.  If you answer "No", you are finding that under the policies of the City of Phenix City and the Phenix City Fire Department, the firefighter might be denied permission to speak even if he follows the proper procedures and chain of command.  To be clear, your job is  <u>NOT</u> to determine what you think the policies <u>SHOULD BE</u>; your job is to say what the policies in fact <u>ARE</u> based on the evidence that has been presented to you.

Answer Yes or No _____

If your answer to the above question is "Yes", you need go no further on Plaintiff's claim in Count I for retaliation in violation of his First Amendment free speech rights or Count III for policies which constitute a prior restraint on First Amendment rights, and you may skip questions number 2 and 3 and go straight to question number 4.

2. That even if the Plaintiff had not been fired for calling Mayor Hardin, the Plaintiff would have been discharged from employment anyway for some other reason not related to his phone call to Mayor Hardin?

Answer Yes or No _____

PDF created with pdfFactory trial version www.pdffactory.com

>If your answer to the above question is "Yes", you need go no further on Plaintiff's claim in Count I of his Complaint for retaliation in violation of his First Amendment free speech rights, and you may skip question number 3 and go straight to question number 4.

3. That Phenix City's interest in the efficient operation of the Fire Department through the merit system rules and regulations requiring submission of grievances through the specified chain of command outweighed the Plaintiff's interest in circumventing the chain of command and calling the Mayor to discuss the proposed changes in the probationary period for newly hired firefighters?

Answer Yes or No _____

4. That Defendants took an adverse employment action against Plaintiff because Plaintiff exercised his right to be in a Firefighters Union?

Answer Yes or No         _____

>If your answer to the above question is "No", you need go no further on Plaintiff's claim in Count II of his Complaint for retaliation in violation of his First Amendment freedom of association rights, and you may skip questions number 5 and 6 and go straight to question number 7.

5. That Plaintiff would have been discharged from his employment with

PDF created with pdfFactory trial version www.pdffactory.com

the City of Phenix City Fire Department even in the absence of the Plaintiff's association with the Fire Fighters Union?

Answer Yes or No _____

If your answer to the above question is "Yes", you need go no further on Plaintiff's claim in Count II of his Complaint for retaliation in violation of his First Amendment freedom of association rights, and you may skip question number 6 and go straight to question number 7.

6. That the Defendants' interest in promoting efficiency, harmony, loyalty, morale and effectiveness of fire services in Phenix City Fire Department outweighs Plaintiff's interest in associating with the Firefighters Union?

Answer Yes or No _____

**\*NOTE:**

**If you answered "YES" to Question (1)**

**AND**

**You either answered "NO" to Question (4) or answered "YES" to Question (5), you are finished with this form and must not answer questions (7) or (8).**

7. That the Plaintiff should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

PDF created with pdfFactory trial version www.pdffactory.com

Answer Yes or No _____

8.  That the Plaintiff should be awarded damages to compensate for emotional pain and mental anguish?

Answer Yes or No _____

/s/     James R. McKoon, Jr.
_____
JAMES R. McKOON, JR. (MCK020)
JOSHUA R. McKOON
Attorneys for Defendants
McKoon, Thomas & McKoon
Post Office Box 3220
Phenix City, Alabama  36868-3220
(334) 297-2300

**OF COUNSEL:**
JAMES P. GRAHAM, JR.
Post Office Box 3380
Phenix City, Alabama  36868-3380
334 291-0315

### *CERTIFICATE OF SERVICE*

I hereby certify that on this the 18th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas A. Woodley, Esq.
Molly A. Elkin, Esq.
Bryan Polisuk, Esq.
Douglas Steele, Esq.
Woodley & McGillvary
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005

Gary Brown, Esq.
Fitzpatrick, Cooper & Clark
Farley Building, Suite 600

PDF created with pdfFactory trial version www.pdffactory.com

1929 Third Avenue North
Birmingham, Alabama  35203

*/s/ James R. McKoon, Jr.*
_____
OF COUNSEL

PDF created with pdfFactory trial version www.pdffactory.com