IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | Case Number: |
| Plaintiff ) | |
| ) | 3:06-CV-0544-WHA |
| v. ) | |
| ) | |
| PHENIX CITY, ALABAMA, et al. ) | |
| ) | |
| Defendants. ) | |

### *DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' LIST OF ADDITIONAL EXHIBITS*

Come now the Defendants by and through their attorneys of record and respond to Plaintiff's objections to Defendants' list of additional exhibits as follows:

1.  Since this action centers around Plaintiff's termination from his job, Defendants offered as an exhibit Plaintiff's entire personnel file to show his record and job performance while a fireman for the City of Phenix City. Upon objection, the Court instructed Defendants to examine Plaintiff's personnel file and to individually number those items from Plaintiff's personnel file as additional exhibits, which Defendants intend to offer into evidence. Defendants followed the Court's instructions and Plaintiff now objects to each and every additional exhibit offered by Defendants from his personnel file.

2. Plaintiff's Amended Complaint in Count I paragraph 19 alleges among other things that:

"Defendants Phenix City, City Manager Roberts, and Chief Hunter, individually, separately and/or jointly, engaged in actions, omissions and decisions, aimed at denying the plaintiff's employment rights and protections granted to him under law, including, but not limited to, threats of pressure on the job, counseling, threats of termination, termination and efforts to silence the plaintiff, as alleged in this complaint.  These actions, omissions and decisions of the defendants, individually, separately and/or jointly, were designed to cause, have caused, and will continue to cause, the plaintiff to lose wages, compensation, entitlements and rights.  In addition, these actions, omissions and decisions of the defendants, individually, separately and/or jointly, were designed to cause, have caused, and will continue to cause, the plaintiff to suffer humiliation **_and harm to his reputation_**, emotional and mental injuries, pain and suffering, financial and other adverse consequences, for which plaintiff seeks full damages and make whole relief" (emphasis added).

Plaintiff also alleges retaliation by the Defendants in paragraph 20 of the Amended Complaint.

3. In Count II of the Amended Complaint, Plaintiff alleges that Defendant took adverse employment actions against the Plaintiff because Plaintiff was a "member of the firefighter's local association," violating Plaintiff's First Amendment freedom of association.  This allegation entitles Defendants to introduce evidence of any legitimate reasons that Defendants chose to terminate Davis' employment which are not related to Davis' Union Membership.  It is Defendants' contention that their decision to terminate Plaintiff had nothing to do with Davis' Union Membership, but instead was based on the offenses referred to in the personnel records.  With respect to

2

PDF created with pdfFactory trial version www.pdffactory.com

Count II, Plaintiff obviously wants to keep Davis' personnel record from being put into evidence so that they can create the impression that Davis was an ideal employee with a clean record, and that if he was fired, it must have been for some improper reason, to wit his Union membership.  It would cripple the City's defense as to Count II if it could not show the various offenses and instances of insubordination and disruptive behavior, reflected in the personnel file, without which Davis would not have been terminated.

4. In short, Plaintiff wishes to depict Defendants as overbearing, rigid supervisors and employers, who routinely act with malice towards the Plaintiff and anyone who disagrees with fire department policy.  Therefore, Plaintiff wishes to keep from the jury matters in his personnel record which show the training and investment of the City in the Plaintiff, as well as, the incidents where the Defendants have tolerated inappropriate behavior by the Plaintiff in the past (all while he was a union member) and have counseled Plaintiff and tried to keep him employed as a firefighter with the City of Phenix City.  Plaintiff alleges injury to reputation and yet wants to exclude incidents which reflect upon his reputation.

5. The Defendants contend that Plaintiff was not terminated for a single incident of simply telephoning the Mayor about a matter of public concern, but for Plaintiff's repeated refusal to accept authority and follow the policies and procedures of the fire department.  Defendants had no

3

PDF created with pdfFactory trial version www.pdffactory.com

interest in preventing Plaintiff from speaking to the Mayor. Their only interest was that the Plaintiff followed the rules by discussing any work related concern through the chain of command so that the issue might be resolved within the department in a less disruptive manner, than making an end run around his superiors. In summary, Plaintiff was terminated for his accumulated offenses of failing to follow the chain of command and department policy, not for the content of his speech.

After the evidence has been submitted to the jury, they will make a finding as to whether the Plaintiff has proven, by a preponderance of the evidence, that his conduct was a substantial or motivating factor in Defendant's decision to terminate his employment. If the jury finds that the Plaintiff has met his burden, they will be required to determine whether Defendants have established by a preponderance of the evidence that Defendants would have reached the same decision even in the absence of Plaintiff's speech activity. Therefore any evidence of Plaintiff's record of misconduct as a firefighter with the Phenix City Fire Department, including relevant portions of his personnel file, would be essential to such an analysis.

Plaintiff's personnel file is particularly relevant as to the balancing test that the Court must perform even if the Court finds that the Plaintiff was in fact terminated for his speech activity. Under the balancing test,

4

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff's right to engage in the speech activity is weighed against the City's interest in maintaining harmony, discipline and efficiency in providing fire protection services to the citizens of Phenix City, Alabama. In order to show that the speech in question is harmful and disruptive to the morale of the fire department and hence its efficient operation the Defendant must be able to present it in the context of the Plaintiff's past disruptive behavior.

Plaintiff's counsel has repeatedly asserted that the Plaintiff was an exemplary firefighter during his tenure with the Phenix City Fire Department and has quoted extensively from documents contained in the Plaintiff's personnel file to support this contention. This assertion appears to be part of Plaintiff's argument that the numerous reasons given for Defendants' decision to terminate the Plaintiff were solely pretextual, a cover to hide the real motivation for Plaintiff's termination: his speech regarding a matter of public concern and his association as a union member. Defendants have not only a right but an obligation to rebut this argument by illustrating the numerous employment problems that *were cited in his dismissal paperwork*. It would severely prejudice the Defendants' ability to present their defense if the Defendants are not allowed to present to the jury the numerous problems the Plaintiff had prior to his contact with Mayor Hardin. These problems relate almost exclusively to the Plaintiff's repeated enmity to any authority in the chain of command at the Phenix City Fire

5

PDF created with pdfFactory trial version www.pdffactory.com

Department. Plaintiff accumulated numerous offenses over his years of service which are ultimately cited as the basis for his dismissal. For these reasons, all of the exhibits discussed in more detail below should be allowed for presentation to the jury and admission into the record.

Defendants contend that all of the documents they have cited are relevant because this is an employee termination case and because Plaintiff is specifically contending retaliation for his association with a union and injury to his reputation. Plaintiff's contentions have made his entire personnel record relevant under Rules 401, 402, 404, 405 and 406 of the Federal Rules of Evidence.

Lastly, Plaintiff made no objection to the written warning form dated April 20, 2006 and executed April 21, 2006 which details prior verbal or written corrective action dating from 2002 through 2006. It is attached hereto as Exhibit A to this response. Plaintiff has waived any objection to testimony and documents concerning the incidents referenced therein.

6.     **Defendants' Exhibits 29 through 35**   These exhibits merely show that the Plaintiff was properly qualified and trained for the job he was performing and that as a professional fire department the City of Phenix City requires, encourages and supplements this qualification and training.

7.     **Defendants' Exhibits 36 and 37**   These exhibits refer to an incident in 2002 (Davis joined the union in 1999 and has continuously been

6

a union member since that date, see Deposition of David Davis, 14:20-22). The incident in question involved Davis stating that if then Deputy Chief Wallace Hunter and Assistant Chief Mike Hanson "were involved in an accident and killed it would not bother him". Additionally, the Plaintiff referred to Wallace Hunter as "Osama Bin-Hunter". Instead of being disciplined for these hateful statements, Davis was counseled and offered anger control counseling with the Pastoral Institute in Columbus, Georgia. These statements are indicative of the Plaintiff's inability to get along with his superior officers. This inability would be carried forward in numerous incidents culminating in his "end run" around the chain of command in April 2006. These exhibits are evidence that should be allowed to rebut Plaintiff's claims of retaliation and injury to his reputation, and are directly relevant to the question of whether or not the Plaintiff was terminated for his union membership. These documents also show Plaintiff's motive (Davis' extreme dislike or even hatred for Wallace Hunter) for attempting to undermine the authority of Chief Wallace Hunter by skirting the chain of command and repeatedly violating department policy and the grievance procedure. Evidence of such other wrongs or acts as contained in Defendants' Exhibits 36 and 37 may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge and identity. Fed. R. of Evid. 404(b). Additionally, should the Plaintiff prevail, this Court will have

7

to decide whether Plaintiff should be reinstated as part of any relief granted. This evidence goes directly to that question.

8. **Defendants' Exhibits 38 through 41**

Plaintiff acknowledges that the incidents involving on duty vehicle accidents are contained in the written warning form and apparently want to put the spin on the listing of these incidents as "a laundry list of every counseling or alleged infraction occurring over Plaintiff's entire career." So, Plaintiff wants to talk about these incidents and characterize them in a manner favorable to the Plaintiff, but wants to exclude the Defendants from putting into evidence the actual reports of the incidents. These documents also illustrate that the Plaintiff appealed the initial discipline of 8 hour suspension without pay to the Personnel Review Board and that the Personnel Review Board lessened the discipline, showing that the Personnel Review Board is not a rubber stamp for the management of the fire department.

9. **Defendants' Exhibits 42 and 43**

These documents simply show another incident where Davis violated a safety rule and received a counseling. This evidence rebuts Plaintiff's claim of being a model firefighter and his claim of being picked on because he was a union member.

10. **Defendants' Exhibits 44 and 45**

8

These documents consist of a grievance filed by the Plaintiff. They show he is familiar with the grievance procedure and knows how to file one. The grievance also would be offered to show another incident in Plaintiff's personnel record where he is offended by the decision of those in authority over him and has a consistent problem with authority.

11. **Defendants' Exhibit 46**

This document is another example of Plaintiff's failure to comply with the department SOPs and Merit System. In this instance, it involved the Plaintiff requiring discipline of a subordinate which was not authorized. Again, the Plaintiff was simply counseled for this incident.

12. **Defendants' Exhibits 47 through 50**

These exhibits concern one of the incidents upon which Davis' termination is based. The documents detail the insubordination by the use of threatening gestures and remarks by Davis towards a female superior officer. It was a Group II Offense for which he was suspended for one day without pay. Davis appealed the suspension to the Personnel Review Board after initially accepting the punishment and apologizing. He also stated that he knew he had a problem with anger management both at work and at home. But for this incident, Davis would most likely not have been terminated for

9

his violation of the rules and policies with regard to his contact with Mayor Hardin.

13. **<u>Defendants' Exhibits 51 through 53</u>**

Defendants' Exhibit 51 merely shows where Davis requested his personnel file and Exhibit 53 shows it was provided to him. Exhibit 52 goes to the issue of damages claimed by Davis and shows that he left his accumulated retirement funds in the retirement system and therefore was allowed to pick up with his contributions to that fund upon reemployment with his current employer, the Opelika Fire Department.

WHEREFORE, the above premises considered, Defendants contend that Plaintiff's objections should be overruled and the additional Exhibits offered by Defendants should be duly admitted into evidence in this cause.

This 18th day of February, 2008.

>*/s/   James R. McKoon, Jr.*
>_____
>JAMES R. McKOON, JR. (MCK020)
>JOSHUA R. McKOON
>Attorneys for Defendants
>Post Office Box 3220
>Phenix City, Alabama  36868-3220
>(334) 297-2300

OF COUNSEL:
JAMES P. GRAHAM, JR.
Post Office Box 3380
Phenix City, Alabama  36868-3380
334 291-0315

10

PDF created with pdfFactory trial version www.pdffactory.com

## ***CERTIFICATE OF SERVICE***

      I hereby certify that on this the 18th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas A. Woodley, Esq.
Molly A. Elkin, Esq.
Bryan Polisuk, Esq.
Douglas Steele, Esq.
Woodley & McGillvary
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005

Gary Brown, Esq.
Fitzpatrick, Cooper & Clark
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama  35203

    */s/ James R. McKoon, Jr.*
    _____
    OF COUNSEL

PDF created with pdfFactory trial version www.pdffactory.com