IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 3:06-cv-00544-WHA |
| | ) | |
| PHENIX CITY, ALABAMA, <u>et al</u>. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND SPECIAL INTERROGATTORIES TO THE JURY

**WOODLEY & McGILLIVARY**
THOMAS A. WOODLEY
DOUGLAS L. STEELE
BRYAN G. POLISUK
1125 Fifteenth Street, Suite 400
Washington, D.C. 20005
(202) 833-8855

**FITZPATRICK & BROWN**
GARY L. BROWN
Farley Building
Suite 600
1929 Third Avenue North
Birmingham, A.L. 35203
(205) 320-2255

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DAVID DAVIS,                          )
                                      )
            Plaintiff,                )
                                      )
vs.                                   ) CIVIL ACTION NO. 3:06-cv-00544-WHA
                                      )
PHENIX CITY, ALABAMA, et al.          )
                                      )
                                      )
            Defendants.               )
_____)


**COURT'S INSTRUCTIONS**
**TO THE JURY**


Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in

deciding this case.


When I have finished you will go to the jury room and begin your

discussions - - what we call deliberations.

## PROPOSED INSTRUCTION NO. 1

### Consideration of the Evidence – Duty to Follow Instructions

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not, and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental entity is involved as a party must not affect your decision in any way. A governmental entity and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental entity is involved, of course, it may act only through people as its employees or officials; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees or officials that are made within the scope of their duties as employees or officials of that governmental agency.

In your deliberations, you should consider only the evidence – that is, the testimony of witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of the one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Source:  Eleventh Circuit, Pattern Jury Instructions, (Civil Cases) (2005), Pattern Jury Instruction No. 2.3 (modified).

**PROPOSED INSTRUCTION NO. 2**

**Credibility of Witnesses**

The Plaintiff adopts the language as provided in the Eleventh Circuit

Pattern Jury Instructions, (Civil Cases) (2005), Pattern Jury Instruction No. 3.

**PROPOSED INSTRUCTION NO. 3**

**Impeachment of Witness
Inconsistent Statement**

The Plaintiff adopts the language as provided in the Eleventh Circuit,

Pattern Jury Instructions, (Civil Cases) (2005), Pattern Jury Instruction No. 4.1.

## PROPOSED JURY INSTRUCTION NO. 4

### Burden of Proof

The Plaintiff adopts the language provided in the Eleventh Circuit, Pattern

Jury Instructions, (Civil Cases) (2005), Pattern Jury Instruction No. 6.2.

## PROPOSED INSTRUCTION NO. 5

### Public Employee
### First Amendment Claim
### Discharge
### Free Speech On Matter Of Public Concern

In this case the Plaintiff, David Davis, claims that the Defendant City of Phenix City, Alabama deprived Mr. Davis of his rights under the Constitution of the United States.

Specifically, Mr. Davis claims that the Defendant intentionally violated his constitutional rights under the First Amendment to the Constitution when the Defendant discharged the Plaintiff from his employment with Phenix City because of the Plaintiff's exercise of the right of free speech.

The Defendant denies that it violated the Plaintiff's rights in any way.

Under the First Amendment to the Constitution of the United States, every public employee has the right to "freedom of speech" addressing issues of public concern.

In this case, Mr. Davis had a telephone conversation with Phenix City Mayor Jeff Hardin concerning a city-wide proposed ordinance to extend probationary periods for new hires.  This Court has already ruled, as a matter of law, that Mr. Davis was speaking as a citizen, on a matter of public concern when he telephoned Mayor Hardin regarding a proposed Ordinance pending before the City Council.  Accordingly, as a public employee, Mr. Davis can not legally be penalized because of his exercise of First Amendment rights in discussing

subjects of public concern.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

    <u>First</u>:       That such speech activity was a substantial or motivating factor in the Defendant's decision to discharge Plaintiff from employment; and

    <u>Second</u>:    That the Defendant's discharge of Mr. Davis was the proximate or legal cause of damages sustained by the Plaintiff.

You should be mindful that the law applicable to this case requires only that a public employer refrain from taking action against a public employee because of the employee's exercise of protected First Amendment rights. So far as you are concerned in this case, a public employer may discharge a public employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances. Neither does the law require that a public employer extend any special or favorable treatment to public employees because of their exercise of protected First Amendment rights.

On the other hand, in order to prove that Mr. Davis' protected speech activities were a "substantial or motivating" factor in the Defendant's decision, the Plaintiff does not have to prove that the protected speech activities were the only

reason the Defendant acted against him. It is sufficient if Mr. Davis proves that his protected speech activities were a determinative consideration that made a difference in the Defendant's adverse employment decision.

Finally, for damages to be the proximate or legal result of wrongful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

Source:  Eleventh Circuit, Pattern Jury Instructions, (Civil Cases) (2005), Pattern Jury Instruction No. 1.1.1 (modified).

**PROPOSED INSTRUCTION NO. 6**

**Public Employee
First Amendment Claim
Discharge
Free Association**

In this case the Plaintiff, David Davis, also claims that the Defendant City of Phenix City, Alabama intentionally deprived Mr. Davis of his constitutional rights under the First Amendment to the Constitution of the United States when the Defendant discharged the Plaintiff from his employment with Phenix City because of the Plaintiff's exercise of his right to free association.

The Defendant denies that it violated the Plaintiff's rights in any way.

Under the First Amendment to the Constitution of the United States, every public employee has the right to freedom of association, which includes the right of public employees to join unions and the right of their unions to engage in advocacy and to petition the government on their behalf. As a public employee, Mr. Davis could not legally be penalized because of his exercise of his First Amendment right to associate with a union or labor association.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:    That Plaintiff's role as leader and spokesman for the union, or his other association with the union, was a substantial or motivating factor in the Defendant's decision to discharge Mr. Davis from employment; and

<u>Second</u>:      That the Defendant's discharge of Mr. Davis was the proximate

or legal cause of damages sustained by the Plaintiff,

As I stated earlier with respect to Plaintiff's Free Speech claim, in order to

prove that Mr. Davis' protected associational activities were a "substantial or

motivating" factor in the Defendant's decision, the Plaintiff does not have to prove

that the protected associational activities were the only reason the Defendant

acted against him. It is sufficient if Mr. Davis proves that his protected

associational activities were a determinative consideration that made a difference

in the Defendant's decision to terminate his employment.

Finally, for damages to be the proximate or legal result of wrongful

conduct, it must be shown that, except for such conduct, the damages would not

have occurred.

<u>Source:</u>  Eleventh Circuit, Pattern Jury Instructions, (Civil Cases) (2005), Pattern
Jury Instruction No. 1.1.1 (modified); *Professional Ass'n of College Educators v.
El Paso County*, 730 F.2d 258, 262 (5th Cir. 1984), *cert. denied*, 469 U.S. 881
(1984); *Davis v. Phenix City, Alabama, et al.*, Memorandum Opinion and Order,
June 27, 2007.

## PROPROSED INSTRUCTION NO. 7

### Damages

If you find for the Plaintiff David Davis under Instruction 5 and/or Instruction 6, you must then decide the issue of the Plaintiff's damages.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury-- tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)    Net lost wages and benefits to the date of trial; and

       (b)    Emotional pain and mental anguish.

Source:  Eleventh Circuit, Pattern Jury Instructions, (Civil Cases) (2005), Pattern Jury Instruction No. 1.1.1 (modified).

**PROPOSED INSTRUCTION NO. 8**

**Duty to Deliberate**

The Plaintiff adopts the language as provided in the Eleventh Circuit

Pattern Jury Instructions, (Civil Cases) (2005), Pattern Jury Instruction No. 7.1.

**PROPOSED INSTRUCTION NO.  9**

**Election of Foreperson**

The Plaintiff adopts the language as provided in the Eleventh Circuit

Pattern Jury Instructions, (Civil Cases) (2005), Pattern Jury Instruction No. 8.

## SPECIAL INTERROGATORIES
## TO THE JURY

1. Has the <u>Plaintiff</u> proved by a preponderance of the evidence that his telephone conversation with Phenix City Mayor Jeffrey Hardin was a substantial or motivating factor in the Defendant's decision to discharge Plaintiff from his employment with the Phenix City Fire Department?

Answer Yes or No _____

2.  Has the <u>Defendant</u> proved by a preponderance of the evidence that Fire Department ASOP 12 (Exhibit __) obligated Plaintiff to follow the procedures set out therein prior to speaking with Mayor Hardin, while off duty, concerning the proposed Ordinance regarding the probationary period for subsequently hired police officers, firefighters, and code enforcement officers.

Answer Yes or No _____

3. Has the <u>Defendant</u> proved by a preponderance of the evidence that under the policies and practices of the Phenix City Fire Department, Plaintiff could have gained effective access to the Phenix City Council to discuss the proposed Ordinance regarding the probationary period for subsequently hired police officers, firefighters, and code enforcement officers after exhausting the internal chain of command in the Phenix City Fire Department?

Answer Yes or No _____

4. Has the <u>Defendant</u> proved by a preponderance of the evidence that under the policies and practices of the Phenix City Fire Department, Plaintiff could have gained effective access to Mayor Hardin or other individual Phenix City Council members outside of a formal Council meeting or hearing to discuss the proposed Ordinance regarding the probationary period for subsequently hired police officers, firefighters, and code enforcement officers after exhausting the internal chain of command in the Phenix City Fire Department?

Answer Yes or No                    _____


5. Has the <u>Defendant</u> proved by a preponderance of the evidence that under the policies and practices of the Phenix City Fire Department, Plaintiff could have gained effective access to members of the media to discuss the proposed Ordinance regarding the probationary period for subsequently hired police officers, firefighters, and code enforcement officers after exhausting the internal chain of command in the Phenix City Fire Department?

Answer Yes or No                    _____

6. Has the <u>Defendant</u> proved by a preponderance of the evidence that the telephone conversation Mr. Davis had with Mayor Hardin concerning the proposed ordinance to extend the probationary period for subsequently hired police officers, firefighters, and code enforcement officers, which is a matter of public concern, disrupted or impeded the operations of the Phenix City Fire Department, or had a reasonable likelihood of disrupting or impeding the operations of the Phenix City Fire Department?

Answer Yes or No          _____


7. Has the <u>Defendant</u> proved by a preponderance of the evidence that Mr. Davis' role as leader and spokesman for the union, or his other association with the union disrupted or impeded the operations of the Phenix City Fire Department, or had a reasonable likelihood of disrupting or impeding the operations of the Phenix City Fire Department?

Answer Yes or No          _____


8.  Has Plaintiff proved that he suffered injury as a result of Defendant's action in discharging Plaintiff from his employment with the Phenix City Fire Department?

Answer Yes or No          _____

9.  If you have unanimously answered "Yes" to question 8, please provide the determined amount of damages to be awarded to the Plaintiff and paid by this Defendant:


Net Losses of Wages and Benefits:   $_____

Emotional Pain and Mental Anguish: $ _____


SO SAY WE ALL.


_____
Foreperson

DATED:_____

Respectfully submitted,


s/ Douglas L. Steele
Thomas A. Woodley
Douglas L. Steele
Bryan G. Polisuk
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C.  20005
Tel: (202) 833-8855
Fax:  (202) 452-1090


Gary Brown, Esq.
FITZPATRICK & BROWN LLP
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203
Telephone (205) 320-2255
Fax:  (205) 320-7444

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DAVID DAVIS,                              )
                                         )
            Plaintiff,                    )
                                         )
      vs.                                )        CIVIL ACTION NO. 3:06-cv-00544-VPM
                                         )
PHENIX CITY, ALABAMA, et al.             )        Judge W. Harold Albritton
                                         )
            Defendants.                   )
_____          )

## **CERTIFICATE OF SERVICE**

This is to certify that one true and accurate copy of Plaintiff's Proposed Jury

Instructions and Special Interrogatories to the Jury was electronically filed on the

following counsel for defendants on this 18th day of February, 2008:

James R. McKoon. Jr.
P.O. Box 3220
Phenix City, AL 36868


/s/ Douglas L. Steele
Attorney for Plaintiff