IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 3:06-cv-00544-WHA |
| | ) |
| PHENIX CITY, ALABAMA, et al. | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE
EVIDENCE RELATING TO AUGUST 2005 MEETING WITH KRISTINE KENNEDY**

Plaintiff hereby moves this Court for an order barring Defendant from adducing any evidence pertaining to a meeting that took place between the Plaintiff and then-Fire Marshall Kristine Kennedy, along with Assistant Chiefs Hanson, Jackson and Johansen on August 3, 2005 or any alleged statements made during that meeting.

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if it "has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The meeting that took place on August 3, 2005 is immaterial and wholly irrelevant in the present matter because it is unrelated to the Plaintiff's April 2006 termination for — *while off duty* — contacting Mayor Hardin to discuss the probation proposal which would have extended the probationary period of new hires. It is

undisputed that but for the Plaintiff's phone call to Mayor Hardin, he would not have been terminated. Accordingly, this evidence should not be admitted.

Moreover, under Rule 403, evidence should be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Here, any proffered evidence related to the August 3, 2005 meeting could create undue prejudice and potentially inflame the passions of the trier of fact. Consequently, under Rule 403, this evidence should be excluded.

Given this potential for prejudice, and the immateriality of such evidence to the issue of liability, Plaintiff respectfully requests that Defendant be precluded from proffering any evidence regarding the August 2005 meeting with Kristine Kennedy.

Respectfully submitted,

s/ Douglas L. Steele
Thomas A. Woodley
Douglas L. Steele
Bryan G. Polisuk
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C.  20005
Tel: (202) 833-8855
Fax:  (202) 452-1090


Gary L. Brown
FITZPATRICK & BROWN LLP
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203
Telephone (205) 320-2255
Fax:  (205) 320-7444

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 3:06-cv-00544-VPM |
| PHENIX CITY, ALABAMA, et al. | ) Judge W. Harold Albritton |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

This is to certify that one true and accurate copy of Plaintiff's Motion in Limine was electronically filed on the following counsel for defendant on this 18th day of February, 2008:

James R. McKoon, Jr.
925 Broad Street
P.O. Box 3220
Phenix City, AL 36868

/s/ Douglas L. Steele
Attorney for Plaintiff