IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 3:06-cv-00544-VPM |
| | ) |
| PHENIX CITY, ALABAMA, et al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' TRIAL MEMORANDUM**

Plaintiff David Davis respectfully submits this trial memorandum on the issue of Pickering balancing as it applies to this case. As set forth in greater detail below, under the governing principles of law and the facts expected to be presented at trial, Phenix City's interests in "promoting the efficiency of the public service it performs" does not outweigh Plaintiff's interest to speak, as a citizen, on a matter of public concern that was pending before the Phenix City Council.[1]

**GOVERNING PRINCIPLES**

According to the U.S. Supreme Court's decision in Pickering v. Board of Education, 391 U.S. 563, 572-73 (1968) where an employee's speech on matters of public concern is "neither shown nor can be presumed to have in any way impeded the [employee's] proper performance of his daily duties" or to have "interfered with the regular operation" of the public employer, the public

---

[1] This trial brief *supplements* argument and authority previously submitted by Plaintiff in support of his Motions for Summary Judgment and in opposition to Defendant's Motions for Summary Judgment. Plaintiff's prior briefing on these issues is incorporated herein by reference.

1

employer's interest in limiting an employee's "opportunities to contribute to public debate is not significantly greater than its interest in limiting a similar contribution by any member of the general public." This fundamental principle of liberty was recently reaffirmed by the Supreme Court in Garcetti v. Ceballos, 547 U.S. 410, 126 S. Ct. 1951, 1958 (2006), wherein the Court held:

> So long as employees are speaking as citizens about matters of public concern, they must face only those speech restrictions that are necessary for the employers to operate efficiently and effectively.

The Supreme Court further "acknowledged the importance of promoting the public's interest in receiving the well-informed views of government employees engaging in civic discussion." Id. Neither the Supreme Court, nor the Eleventh Circuit, have ever held that fire fighters have lesser rights and liberties when speaking as citizens on matters of public concern, simply due to the nature of their jobs.

**CHAIN OF COMMAND**

In this case, the Court has already determined that Davis was speaking as a citizen — *rather than as an employee* — when he contacted the Mayor to speak about the proposed ordinance that was then pending before the City Council. Contrary to suggestions put forth by the Defendant, **no court has ever held that a fire fighter's right to speak as a citizen on matters of public concern only attaches after exhausting an internal chain of command.**

The Eleventh Circuit does not bar employees who fail to follow existing chain-of-command policies from protection by the First Amendment. The

2

existence of a chain-of-command policy is one weight in the balance, but is not determinative of an employee's entitlement to protection by the First Amendment. Rather, the existence, applicability,[2] and use of such policies are simply *factors* in the Pickering balancing test to be performed by the Court, not the *sine qua non*. For instance, in Ferrara v. Mills, 781 F.2d 1508 (11th Cir. 1986), the Eleventh Circuit found that an employee's use of an existing chain-of-command is *relevant* to the balancing test described in Pickering, but whether the employee employs the chain-of-command is simply "a factor to be weighed in the Pickering balance to determine whether the employer infringed upon the employee's constitutionally protected right to freedom of speech." Id. at 1514.

Other courts have adopted a similar application of the Pickering balancing test. *See, e.g.,* Porter v. Califano, 592 F.2d 770, 774 (5th Cir. 1979) ("The point is simply that the balancing test articulated in Pickering is truly a balancing test,

---

[2] Phenix City Fire Department's ASOP No. 12 governs fire department employees seeking redress for "work-related problems". (emphasis in original). Plaintiff maintains that the proposed Ordinance to be voted on by the Mayor and City Council did not constitute a "work-related problem." Rather, and quite obviously, it was a matter of public policy under consideration by elected officials. As such, ASOP No. 12 does not even apply to Plaintiff's off duty telephone contact with the Mayor.

Further, other courts have found that an employer's interest in an employee's *off-duty* speech, even when related to his employment, is greatly diminished. *See,* Edwards v. City of Goldsboro, 178 F.3d 231 (4th Cir. 1999) (police officer could not be prohibited from, or punished for, teaching concealed handgun safety course because his speech was off-duty, in a location unrelated to his employer, and in an instructional manner); Manzoor v. Trank, 189 F.Supp.2d 426, 436 (W.D. Va. 2002), *aff'd* 319 F.3d 133 (4th Cir. 2003) (preserving the chain of command cannot be used to restrict communications by police officer to Board of Supervisors and third parties about departmental matters); *see, e.g.,* Providence Firefighters v. City of Providence, 26 F.Supp.2d 350, 356 (D.R.I. 1998); Int'l Ass'n of Fire Fighters v. Frenchtown Charter Twnshp., 246 F.Supp. 734, 742-44 (E.D. Mich. 2003).

3

with office disruption or breached confidences being only weights on the scales."); Czurlanis v. Albanese, 721 F.2d 98, 105-06 (3d Cir. 1983) ("[A chain-of-command] policy cannot be used to justify the retaliatory action against [the plaintiff] under the rubric of the [defendant's] interest in promoting efficiency of public service.  It is simply incompatible with the principles that underlie the First Amendment to countenance a policy that would severely circumscribe in this manner speech on public issues[.]"); Brockell v. Norton, 732 F.2d 664 (8th Cir. 1984) ("We cannot simply decide in the abstract, however, that a chain-of-command policy designed to protect [the government's interest in efficiency, loyalty, and discipline] will always take precedence over the interest of a public employee in open communication.  Rather, we must look to the particular circumstances of each case to determine the importance of enforcing the chain of command against an employee whose speech breeches that policy.

Even in Belcher v. City of McAlester, 324 F.3d 1203 (10th Cir. 2003), the case extensively relied upon by the Defendant, the Court did *not* hold that exhaustion of the chain of command is a prerequisite to affording a fire fighter the protections of a citizen under the First Amendment.  Rather, the Court simply concluded that under the particular facts of that case, Belcher's failure to exhaust the chain of command *diminished* the level of protection — ***it did not extinguish such protection.***  Id. at 1209.  Accordingly, even should the jury find that ASOP 12  is applicable to the circumstances at bar, Plaintiff's failure to exhaust the chain of command while speaking off duty as a  citizen on a matter of public concern does not render such political speech unprotected.

4

**EFFICIENCY OF THE PUBLIC SERVICE**

Further, the City has failed to produce any evidence that Plaintiff's contact with the Mayor *in any way* impeded Plaintiff's "proper performance of his daily duties," or "interfered with the regular operation" of the fire department, as required by Pickering, 391 U.S. at 572-73.  Contrary to the suggestions that have been put forth by the Defendant herein, the Eleventh Circuit lacks the authority to overrule such requirement, and in fact has never claimed to have done so.  In Anderson v. Burke County, 239 F.3d 1216 (2001), the case largely relied upon by the Defendant, the Court of Appeals simply did not articulate what facts it relied on in determining that the plaintiff's speech was unprotected.  While the Court did discuss the importance of the 'efficiency of the service,' it failed to offer any explanation as to how the particular speech at issue in Anderson impacted that efficiency.  The *per curium* decision simply provides no guidance whatsoever on that point, and certainly does not provide a justification for this or any other court to disregard the standard set forth by the Supreme Court in Pickering and recently reaffirmed in Garcetti.

The Belcher case, on the other hand, does offer some guidance.  In that case, the Court specifically examined and found evidence of *actual disruption* caused by the content of the employee's speech, *and* the fact that he violated the chain-of-command.  Belcher, 324 F.3d at 1209.  Indeed, the plaintiff in Belcher himself admitted that his "comments, and the manner in which he conveyed them to the Council, caused controversy or friction within the fire department and made other firefighters distrustful of him."  Id.

5

The same is not true here. In this case, there is not a shred of evidence that Plaintiff's contact with the Mayor impeded the operations of the fire department, or was likely to do so. Indeed, but for the City Manager's decision to terminate Plaintiff for engaging in protected speech, there is no evidence that the rest of the fire department would have even known of the conversation, let alone that they would been so upset as to impede the operations of the department. By speaking directly with the Mayor, rather than publicly at an open meeting of the Council, Plaintiff chose an avenue of communication that carried with it almost no chance of interfering with or impeding the operations of the department; nor is there any evidence that Plaintiff's contact with the Mayor actually interfered with or impeded the operations.

Under these facts, and as a matter of law, the Court should find that the <u>Pickering</u> balancing weighs strongly in favor of upholding and preserving Plaintiffs constitutional right, as a citizen, to speak on matters of public concern.

Respectfully Submitted,

<u>s/ Douglas L. Steele</u>
Thomas A. Woodley
Douglas L. Steele
Woodley & McGillivary
1125 Fifteenth Street, N.W., Suite 400
Washington, D.C. 20005
Telephone: (202) 833-8855
Facsimile: (202) 452-1090

Gary Brown
Fitzpatrick & Brown LLP
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203
Telephone: (205) 320-2255
Facsimile: (205) 320-7444

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 3:06-cv-00544-VPM |
| PHENIX CITY, ALABAMA, et al. | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

This is to certify that on February 19, 2008, I electronically filed Plaintiff's Trial Memorandum using the CM/ECF system, which will send notification of such filing to defendants' counsel:

> James R. McKoon, Jr.
> McKoon & Associates
> 925 Broad Street
> P.O. Box 3220
> Phenix City, Alabama 36868

> s/ Douglas L. Steele
> Douglas L. Steele

7