# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | Case Number: |
| Plaintiff ) | |
| ) | 3:06-CV-0544-WHA |
| v. ) | |
| ) | |
| PHENIX CITY, ALABAMA, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
## AMENDED LIST OF DEPOSITION DESIGNATIONS

COME NOW Defendants Phenix City, Alabama, H.H. Roberts and Wallace Hunter, in their official capacities as City Manager and Fire Chief of the City of Phenix City respectively, and say as follows:

(1) At the Final Pretrial Conference, the Court discussed with counsel the deposition of Brandon Sheets, who will be unable to testify at trial because at the time of the trial he will be working in Iraq for The Wackenhut Corporation. The Court instructed counsel for Plaintiff to submit specific excerpts from the deposition of Brandon Sheets to be admitted into evidence. Defendant has filed, contemporaneously with this document, a list of excerpts Defendant is submitting for admission into evidence, in addition to what Plaintiff has submitted.

(2) Defendants object to the admission of the excerpt of the deposition of Brandon Sheets beginning on Page 6, Line 7 and ending on Page 6, Line 23. This excerpt is as follows:

    Q.    We do want to preserve this testimony because I understand you're going to be going overseas in the next few days; is that correct?
    A.    Yes, sir.
    Q.    Leaving tomorrow?

PDF created with pdfFactory trial version www.pdffactory.com

      A.    Leaving Monday.
      Q.    Going to Iraq?
      A.    I'll be flying to Houston for a week and then from Houston to Dubai and have about five days after --
      Q.    Does that mean you're leaving your job here in the department?
      A.    Yes, sir.
      Q.    Okay. Do you expect you might come back later on and work for the Phenix City Fire Department?
      A.    Yes, sir. I'm going to try.

      Defendants object to this excerpt because it does not have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." <u>Rule 401 of the Federal Rules of Evidence</u>. This excerpt is not relevant and therefore not admissible pursuant to Rule 402 of the Federal Rules of Evidence.

      Furthermore, Defendants feel that this excerpt, standing alone, may create the impression that the deponent is in Iraq serving his country in a branch of the United States military. Defendants feel that a jury may attribute unwarranted credibility or have misplaced reverence for the deponent if the jury assumes that the deponent is in Iraq for the noble cause of serving in the military forces of the United States. Thus, if the excerpt proffered by Plaintiff is admitted, Defendants' counsel would be obligated to present the excerpt from the deposition of Brandon Sheets beginning on Page 18, Line 13 and ending on Page 20, Line 6 (excluding Lines 18-24 of Page 19). This excerpt shows that the deponent is in Iraq as an employee of The Wackenhut Corporation, a private subcontractor paying the deponent about a hundred thousand dollars to provide fire protection services, and is there strictly for personal gain and not to protect Democracy, the citizens of the United States, or members of the jury.

      Defendants contend that the issue of where Brandon Sheets is and why he is there is irrelevant and is better left out of this trial because it may lead to "confusion of the issues, or misleading the jury," and would cause a "waste of time." <u>Rule 403 of the Federal Rules of Evidence</u>. Therefore, above premises considered, Defendants request that Plaintiff's proffered excerpt set forth above not be admitted to the evidence in this case.

      (3) Defendants object to the admission of the excerpt of the deposition of Brandon Sheets beginning on Page 11, Line 12 and ending on Page 11, Line 15. This excerpt begins in mid-sentence, in the middle of an

PDF created with pdfFactory trial version www.pdffactory.com

objection being made by Defendants' Counsel during direct examination of the deponent by Plaintiff's counsel, and is as follows:

>    MR. MCKOON:   . . . Captain Bennett.  He couldn't know what Captain Bennett could have thought.
>    Q.    Okay.  I'm not asking what Captain Bennett thought.

Defendants object to this excerpt because it does not have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." <u>Rule 401 of the Federal Rules of Evidence</u>.  This excerpt is not relevant and therefore not admissible pursuant to Rule 402 of the Federal Rules of Evidence.  Also, a reading of this excerpt, which consists neither of a question asked or an answer given by the deponent, would be a confusing waste of time and therefore is barred also by Rule 403 of the Federal Rules of Evidence.

(3)    Defendants make no objection to any other excerpts of the deposition of Brandon Sheets that Plaintiff has submitted for admission into evidence.

(4)    Because Defendants' primary concern with admitting these excerpts proffered by Plaintiff is that they are presented without context or rebuttal from other parts of the deposition, Defendant would have no objection to having the entire deposition of Brandon Sheets admitted and read into evidence.

Filed on this the 21st Day of February, 2008.

                                        */s/    James R. McKoon, Jr.*
                                        _____
                                        JAMES R. McKOON, JR. (MCK020)
                                        JOSHUA R. McKOON
                                        Attorneys for Defendants
                                        Post Office Box 3220
                                        Phenix City, Alabama  36868-3220
                                        (334) 297-2300

PDF created with pdfFactory trial version www.pdffactory.com

**OF COUNSEL:**
JAMES P. GRAHAM, JR.
Post Office Box 3380
Phenix City, Alabama  36868-3380
334 291-0315

### *CERTIFICATE OF SERVICE*

     I hereby certify that on this the 21st day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas A. Woodley, Esq.
Molly A. Elkin, Esq.
Bryan Polisuk, Esq.
Douglas Steele, Esq.
Woodley & McGillvary
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005

Gary Brown, Esq.
Fitzpatrick, Cooper & Clark
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama  35203

                                  */s/ James R. McKoon, Jr.*
                                  _____
                                  OF COUNSEL