IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | Case Number: |
| Plaintiff ) | |
| ) | 3:06-CV-0544-WHA |
| v. ) | |
| ) | |
| PHENIX CITY, ALABAMA, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 1

COME NOW Defendants and file this their response to Plaintiff's Motion in Limine No. 1 and say as follows:

1. Plaintiff has contended, repeatedly, that the sole basis for his termination was his conversation with Mayor Hardin. Defendants have responded, repeatedly, that Plaintiff's contact with Mayor Hardin in defiance of the counseling he had received in September 2005 was the final act in a string of insubordinate actions taken by the Plaintiff showing his hostility toward his chain of command, particularly Fire Chief Wallace Hunter. These acts included his referencing Chief Hunter as "Osama-bin-Hunter",

expressing he would feel no sorrow if Chief Hunter and other authorities in the Fire Department were to be killed, being insubordinate toward Assistant Chief Kennedy and inviting the media to hear work related grievances at a union meeting that had not been discussed with the Fire Department's chain of command. Plaintiff contends his motivation for filing this suit is not a deep seated hatred of those in authority at the Phenix City Fire Department but rather his concern for his cherished First Amendment rights. Defendants can show a connection between Plaintiff's acts and the termination of his good friend and colleague at the Fire Department, Dennis Duty. The events surrounding Duty's termination are connected to the Plaintiff's own insubordinate acts and are therefore relevant on the issue of the reason for Plaintiff's termination. This is an issue of fact for the jury and as such should be allowed as relevant evidence.

    2. Plaintiff's second ground for exclusion of this evidence is that the evidence that would be allowed as to Dennis Duty's termination and lawsuit against Defendants would be more prejudicial than probative under Federal Rule of Evidence 403. Plaintiff does not specify what evidence would be adduced that would in any way prejudice the jury against him. Defendants are unable to respond specifically to this objection without knowing what evidence the Plaintiff finds objectionable. Thus, Defendants

PDF created with pdfFactory trial version www.pdffactory.com

will simply argue generally each point of the balancing test contemplated by F.R.E. 403, that the probative value of this evidence cannot be "outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." So the evidence should not be excluded.

3. Plaintiff's final ground for exclusion of this evidence is that it will confuse the jury. Defendants contend that if Plaintiff's Motion is granted and all the other evidence he is seeking to exclude is excluded, the jury would be confused as to exactly why the Plaintiff was terminated. They will think as Plaintiff contends that the only action he took for which he could have been disciplined was calling Mayor Hardin. Of course, the Plaintiff has not objected to the dismissal paperwork the Defendants have put on their Exhibit List which discusses all of these incidents in detail. Also, Plaintiff does not specify what evidence would be adduced that would cause confusion. As to the "trial within a trial" the evidence regarding Mr. Duty is fairly simple—he was terminated for cause, sued the Defendants and the jury found in favor of the Defendants. That he and the Plaintiff were close and participated in acts inimical to the order, harmony and discipline

PDF created with pdfFactory trial version www.pdffactory.com

of the Phenix City Fire Department is relevant and should be heard by the jury.

4. To the extent that Plaintiff is attempting to bolster his argument by offsetting and italicizing the phrase "--- *while off duty* ---", regarding David's telephone call to Mayor Hardin, Defendants rebut this ridiculous, albeit well-emphasized, point as follows: The fact that David was "*off duty ---*" does nothing whatsoever to diminish the scope or the need of ASOP #12, which states, very simply, that a fire fighter wishing to speak about a work-related matter must take this speech through his chain of command before taking it outside the Department to a City legislator or to the media. The purpose of this rule is to give the Department a chance to address the work-related concern before it is broadcast all over town to the detriment of Department morale and efficient operation. Obviously, whether a fire fighter is on or "*off duty --*" this skirting of the chain of command and refusal to allow the Department leadership to address the work-related concern is of the same detriment to the Department and is punishable just the same. The Department's simple desire, as enforced by ASOP #12, to have the first chance to resolve work-related issues would have absolutely no effect or purpose if all a firefighter had to do to get around it was wait until his shift was over. Plaintiff's position seems to say that any military or

PDF created with pdfFactory trial version www.pdffactory.com

paramilitary organization's chain of command only applies while the person is on duty. If this was true, it would mean that while "*off duty---*" or on leave, a fire fighter or police officer or soldier in the armed forces would be entitled to violate the entire catalog of rules and regulations, including those related to drug use or to defamation of a superior officer or to theft of supplies or to sexual harassment or intentional disregard for authority. This understanding is not only absurd and incorrect, but also has no bearing on the pending motion in limine, and should be given no weight or application for this or any other purpose for which the Plaintiff has here emphasized it.

     5.     Plaintiff asserts that "Defendant has proffered no evidence that would in any way demonstrate that Plaintiff initiated this lawsuit for any reason other than the violation of his constitutional rights by the Defendant." This is patently false. Defendant has proffered specific evidence from Davis' personnel file suggesting a hatred for Chief Hunter and a disregard for the chain of command, which establish Plaintiff's repeated, ongoing efforts to bring disruption to the Fire Department and its leadership. Defendant is entitled to present its theory of the case, which entails a belief that Davis must have known that his behavior would get him fired and that, therefore, he must have acted in contemplation of a lawsuit for the purpose of avenging his former fellow Union member Dennis Duty. Such evidence

PDF created with pdfFactory trial version www.pdffactory.com

is relevant under F.R.E. 404(b) which permits evidence of past acts to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake." Defendant is entitled also to introduce evidence of this same Union's past history of bringing meritless, disrupting lawsuits against the City to show that Davis's behavior is a continuation of these behaviors and attitudes. This is especially relevant in that Plaintiff has claimed that Plaintiff was fired for association with the Union. To the extent Plaintiff will introduce evidence that the City and the Fire Department have had negative things to say about the Union, Defendant is certainly entitled to introduce the evidence that its experiences with this Union have absolutely justified whatever negative feeling the City or Department has expressed about this Union.

    Plaintiff has chosen to make this case about the freedom to associate with labor unions and, therefore, Defendant cannot be prevented from showing that the case is not about such a freedom to associate in the abstract, but is about a particular Union and its particular history and particular Union members, including David Davis, that have been a disruptive presence in this Department for several years leading up to the time that Davis was terminated, not for associating with a Union, but for intentionally causing

disruptions and breaking the rules, and skirting his chain of command, all of which may be disciplined in harmony with the First Amendment.

6. To the extent that Plaintiff is arguing that evidence of Union activity under Dennis Duty's leadership, including the filing of a meritless and unsuccessful lawsuit against the City and the Fire Department, is "outweighed by the danger of unfair prejudice," F.R.E. 403, Defendant responds that the value of such evidence has great probative value for the reasons set forth above, which Plaintiff has merely claimed, but not shown, to be outweighed. Prejudice would result only if Defendant was barred from introducing relevant evidence refuting the Plaintiff's allegations that the Phenix City Fire Department takes an unreasonable and unconstitutional stance against the Freedom to Associate.

7. To the extent that Plaintiff is arguing that evidence of Union activity under Dennis Duty's leadership, including the filing of a meritless and unsuccessful lawsuit against the City and the Fire Department, is outweighed by "confusion of the issues" or "misleading the jury," F.R.E. 403, Defendant responds that the value of such evidence has great probative value for the reasons set forth above, which plaintiff has merely claimed, but not shown, to be outweighed. It will not confuse the issues or mislead the jury, but instead would enlighten the issues and properly inform the jury, for

PDF created with pdfFactory trial version www.pdffactory.com

Defendant to introduce evidence of Union activities during the time which David has been a member, and to show that the only problems this City or this Department have with the Union consists not of its freedom to associate, but instead consist of its history of repeated disruptions and meritless complaints and efforts to harm or take over the Department.

8.   To the extent that Plaintiff is arguing that evidence of Union activity under Dennis Duty's leadership, including the filing of a meritless and unsuccessful lawsuit against the City and the Fire Department, is outweighed because of "considerations of undue delay, waste of time, or needless presentation of cumulative evidence," F.R.E. 403, Defendant responds that the value of such evidence has great probative value for the reasons set forth above, which plaintiff has merely claimed, but not shown, to be outweighed.  Presentation of this evidence will not consist of a "trial within a trial," because this evidence, in fact, has already been the subject of a trial which the City won.  Presentation of this evidence will not take anymore time than is necessary for the Defendant to rightfully refute the Plaintiff's claims that the City and the Fire Department are against the First Amendment freedom to associate.  To the extent presentation of this evidence does take time, it will be time well and justly spent.  Nothing about this evidence is cumulative.

PDF created with pdfFactory trial version www.pdffactory.com

/s/   James R. McKoon, Jr.

_____
JAMES R. MCKOON, JR.
JOSHUA R. MCKOON
Attorneys for Defendants
McKoon & Associates
Post Office Box 3220
Phenix City, AL 36868-3220
(334) 297-2300

OF COUNSEL:
JAMES P. GRAHAM, JR.
Post Office Box 3380
Phenix City, AL 36868-3380
(334) 291-0315

### CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2008 I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to the following:

Thomas A. Woodley, Esq.
Molly A. Elkin, Esq.
Bryan Polisuk, Esq.
Douglas Steele, Esq.
Woodley & McGillvary
1125 15th Street, N.W., Suite 400
Washington, D.C. 20005

Gary Brown, Esq.
Fitzpatrick, Cooper & Clark
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, AL 35203

/s/   James R. McKoon, Jr.

_____
OF COUNSEL