IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | Case Number: |
| Plaintiff ) | |
| ) | 3:06-CV-0544-WHA |
| v. ) | |
| ) | |
| PHENIX CITY, ALABAMA, et al. ) | |
| ) | |
| Defendants. ) | |

### *DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 2*

COME NOW Defendants and file this their response to Plaintiff's Motion in Limine No. 2 and say as follows:

1. Plaintiff has contended that the sole basis for his termination was his conversation with Mayor Hardin. Defendants have responded that Plaintiff's direct contact with Mayor Hardin in violation of fire department policies and procedures and in defiance of the counseling he had received in September 2005 was the final act in a string of insubordinate actions taken by the Plaintiff showing his hostility toward his chain of command, particularly Fire Chief Wallace Hunter. These acts included his referencing Chief Hunter as "Osama-bin-Hunter", expressing he would feel no sorrow if Chief Hunter and an Assistant Chief in the Fire Department were to be killed, being insubordinate toward Assistant Chief Kennedy and inviting the

PDF created with pdfFactory trial version www.pdffactory.com

media to hear work related grievances at a union meeting that had not been discussed with the Fire Department's chain of command. Plaintiff contends his motivation for filing this suit is not a deep seated hatred of those in authority at the Phenix City Fire Department but rather his concern for cherished First Amendment rights. Defendants can show a connection between Plaintiff's acts and his insubordinate conduct directed toward Kennedy. That event is connected to the Plaintiff's other insubordinate acts and is therefore relevant at it goes to the reason for Plaintiff's termination. This is an issue of fact for the jury and as such should be allowed as relevant evidence.

    2.    Plaintiff's second ground for exclusion of this evidence is that the evidence that would be allowed would be more prejudicial than probative under Federal Rule of Evidence 403. This evidence is probative of the fact that Plaintiff was terminated from his job as part of a progression of discipline for repeatedly failing to follow policy and procedure in the fire department. Plaintiff obviously wants to limit the evidence against him, so as to portray to the jury that he was fired for a five minute phone call to the Mayor. This is simply not true. Plaintiff was fired for repeatedly failing to follow the rules of the department and for insubordination. Had the incident involving the Mayor been the only violation of policy, it is likely that the

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff would not had been terminated, but instead subjected to some other form of discipline, such as counseling, reprimand or suspension. The Kristin Kennedy incident is important in explaining to the jury the progressive discipline applied to Davis. It is further important to aid the jury in understanding the gravity of the previous Group II offense committed by Davis, which was a substantial contributing reason to his dismissal. The Defendants would be severely prejudiced if not allowed to enter the details of this offense into evidence as it goes to show why the subsequent violation of the rules by Davis led to his termination. If there is any prejudice to Davis, it is because the incident provides clear context to his termination.

3. Plaintiff has not objected to the dismissal paperwork the Defendants have put on their Exhibit List which discusses all of these incidents in detail, including the incident with Kennedy. The Plaintiff has waived an objection to this incident and testimony surrounding it since he has already allowed exhibits that will be in evidence which detail the incident he is now objecting to in this Motion in Limine.

4. In Count I of the Plaintiff's Amended Complaint, Plaintiff alleges that Davis was fired for his speech activity. In Count II, Plaintiff alleges that David Davis was written up, disciplined, and suffered "termination . . . in retaliation for, the plaintiff's exercise of his

PDF created with pdfFactory trial version www.pdffactory.com

constitutional rights of freedom of association" with the Union.  Plaintiff's Amended Complaint, Paragraphs 26-27.  Quoting from Plaintiff's Motion in Limine No. 2, "Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if it 'has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"  Evidence that Plaintiff was actually disciplined, written up, and fired because of a series of rules violations and insubordination unrelated to his Union membership or speech activities unquestionably has a tendency to make the allegation that he was fired for engaging in protected First Amendment activity, particularly his Union activity, less probable.  The incident involving Kristin Kennedy is cited in Davis' termination paperwork and is one of the major infractions that the personnel board considered while determining whether to fire David Davis.  Consider the deposition testimony of personnel director Barbara Goodwin, after having been asked what happened at the personnel review board meeting concerning David Davis' discharge:

> "David was informed of his -- the violations that he had -- previous violations which lead up to his discharge, and Chief Hunter advised him that per the merit system and the progression of his disciplinary action, he was being discharged."

Deposition of Barbara Goodwin, Page 36, Line 22 - Page 37, Line 1.

PDF created with pdfFactory trial version www.pdffactory.com

Consider also the deposition testimony of Chief Wallace Hunter, as he refers to the fact that Davis was terminated because of each of the infractions on Davis' record, including the incident involving Assistant Chief Kennedy:

> Q. Mr. Davis was fired because he had a conversation with Mayor Hardin; is that correct?
> A. No, it's not.
> Q. Was that part of the reason he was fired, because he had an off duty telephone conversation with Mayor Hardin?
> A. I guess it would be part of the last infraction to go on his record that caused the termination.

<u>Deposition of Wallace Hunter, Page 45, Lines 6-14</u>. See Also, Wallace Hunter's testimony regarding the reason Davis was terminated:

> A. . . . . That one infraction didn't get Sgt. Davis terminated. It was the multiple infractions and the Group II offenses in Section 14 of the Merit System that didn't allow for him to go over those two different things that led to his termination. It wasn't the one thing; it was the second.

<u>Deposition of Wallace Hunter, Page 79, Lines 12-17</u>.

Even if the Court finds that this evidence does not necessarily rebut the claim in Count I, which pertains to discipline taken as a result of Free Speech activity, it is without question that this evidence amounts to a direct rebuttal of Count II of Plaintiff's Amended Complaint, that Davis was fired because he was in the Union. Defendants are entitled to prove to the Jury that all the instances of "threats of pressure on the job, counseling, threats of termination, [and] termination," referred to in Count II were all based on

PDF created with pdfFactory trial version www.pdffactory.com

actual infractions, rules violations, and instances of insubordination, including the Kristin Kennedy incident of August 3, 2005, all of which have nothing to do whatsoever with Union membership or Plaintiff's freedom to associate.

5. The great probative value of this evidence, i.e. that it directly rebuts and refutes Counts I & II of Plaintiff's complaint, outweighs any danger of unfair prejudice it presents. Plaintiff is apparently of the opinion that they should be allowed to tell the triers of fact that Davis was an eight-year veteran who never did anything wrong on the job, and that if he was written up or disciplined or warned or terminated, it must have been because of his Union membership or his speech activity. Plaintiff asserts that if Defendants introduce evidence to the contrary, this evidence is "prejudicial" and should exclude the evidence per Federal Rule of Evidence 403. Defendants disagree, and believe that it is a fundamental right of a defendant at trial to rebut the claims found in the Plaintiff's complaint. If we cannot introduce evidence which establishes that the discipline administered to Davis was based on legitimate, non-speech related, non-Union-related rules infractions, insubordination, and disruptive activity, we will have no way of answering Plaintiff's charges, particularly the charge that Davis was only ever disciplined because of his Union membership. It would be a great

PDF created with pdfFactory trial version www.pdffactory.com

injustice to prevent the Defendants from introducing the August 3, 2005 incident to show that this allegation is absolutely untrue, that Davis's termination was based upon multiple incidents of insubordinate and disruptive conduct, and that the Defendants' decision to terminate Davis was in fact not based on Union membership or his interest in speaking about the probationary period.

      6.      To the extent that Plaintiff is attempting to bolster his argument by offsetting and italicizing the phrase "--- *while off duty* ---", regarding David's telephone call to Mayor Hardin, Defendants rebut this ridiculous, albeit well-emphasized, point as follows: The fact that David was "*off duty*" does nothing whatsoever to diminish the scope or the need of ASOP #12, which states, very simply, that a fire fighter wishing to speak about a work-related matter must take this speech through his chain of command before taking it outside the Department to a City legislator or to the media. The purpose of this rule is to give the Department a chance to address the work-related concern before it is broadcast all over town to the detriment of Department morale and efficient operation. Obviously, whether a fire fighter is on or "*off duty*" this skirting of the chain of command and refusal to allow the Department leadership to address the work-related concern is of the same detriment to the Department and is punishable just the same. The

PDF created with pdfFactory trial version www.pdffactory.com

Department's simple desire, as enforced by ASOP #12, to have the first chance to resolve work-related issues would have absolutely no effect or purpose if all a firefighter had to do to get around it was wait until his shift was over. Plaintiff's position seems to say that any military or paramilitary organization's chain of command only applies while the person is on duty. If this was true, it would mean that while "*off duty*" or on leave, a fire fighter or police officer or soldier in the armed forces would be entitled to violate the entire catalog of rules and regulations, including those related to drug use or to defamation of a superior officer or to theft of supplies or to sexual harassment or intentional disregard for authority. This understanding is not only absurd and incorrect, but also has no bearing on the pending Motion in Limine, and should be given no weight or application for this or any other purpose for which the Plaintiff has here emphasized it.

7. In summary, the last event which led to the termination of Davis should not be viewed in a vacuum or as a one time occurrence. His termination was the result of an accumulation of offenses, the last of which required termination in accordance with the rules and policies of the City of Phenix City. Davis was not terminated for the content of his speech, but for the fact that he failed to follow policy and exhaust less disruptive behavior before engaging in the speech.

PDF created with pdfFactory trial version www.pdffactory.com

*/s/ James R. McKoon, Jr.*
_____
JAMES R. McKOON, JR. (MCK020)
JOSHUA R. McKOON
Attorneys for Defendants
McKoon & Associates
Post Office Box 3220
Phenix City, Alabama  36868-3220
(334) 297-2300

**OF COUNSEL:**
JAMES P. GRAHAM, JR.
Post Office Box 3380
Phenix City, Alabama  36868-3380
334 291-0315

## *CERTIFICATE OF SERVICE*

I hereby certify that on this the 25th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas A. Woodley, Esq.
Molly A. Elkin, Esq.
Bryan Polisuk, Esq.
Douglas Steele, Esq.
Woodley & McGillvary
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005

PDF created with pdfFactory trial version www.pdffactory.com

Gary Brown, Esq.
Fitzpatrick, Cooper & Clark
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama  35203

*/s/ James R. McKoon, Jr.*
_____
OF COUNSEL

PDF created with pdfFactory trial version www.pdffactory.com