IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO. 3:06cv544-WHA ) |
| PHENIX CITY, ALABAMA, et al., | ) ) |
| Defendants. | ) |

**ORDER**

This case is before the court on Plaintiff's Motions in Limine No. 1, 2, and 3 (Docs. #137, 138, and 139), together with Defendants' Responses (Docs. #145 and 146).

**Motion in Limine No. 1**

Plaintiff moves the court to preclude the Defendants from offering any evidence regarding a lawsuit brought by former Phenix City Firefighter Dennis Duty against Phenix City in 2005, and to preclude the Defendants from proffering any argument that the Plaintiff was motivated to initiate this action as a result of Mr. Duty's termination from the Phenix City Fire Department and his unsuccessful lawsuit.

Defendants respond that they should be able to show that the Plaintiff's motivation for filing this suit was to retaliate against the Defendants for their having fired his friend, Mr. Duty, and for the City having received a jury verdict in its favor in Mr. Duty's lawsuit.

The issue in this case is why David Davis was fired; it is not why David Davis filed this lawsuit. To allow evidence of a prior lawsuit by another person would not be relevant to any

issues in this case, as it presently appears to the court, and to ask the jury to infer, from the fact that such a lawsuit was filed and lost by a friend of the Plaintiff's, that that was the Plaintiff's motivation for filing this suit would seek to have an irrelevant inference drawn from an irrelevant fact. Furthermore, the fact that another firefighter sued the City for being terminated, and a jury returned a verdict in favor of the City in that case, is irrelevant to the issues in this case. Therefore, such evidence is due to be excluded under *Fed. R. Evid.* 401, 402.

Plaintiff has moved alternatively to exclude this evidence under Rule 403. The court finds that, even if there were any probative value to this evidence, it would be substantially outweighed by the danger of jury confusion and would unduly lengthen the trial. Such evidence would require a trial within a trial, going into the facts and circumstances of Mr. Duty's firing. To the extent that the Defendants might simply introduce evidence of the pleadings and the jury verdict in that case, it would open the door to the possibility of the Plaintiff seeking to introduce the factual evidence to show that that jury "got it wrong," and for the court to try to instruct the jury as to how they could consider such evidence. Therefore, it is hereby

ORDERED that Plaintiff's Motion in Limine No. 1 is GRANTED, and Defendants are DIRECTED not to offer evidence of Mr. Duty's former lawsuit, of the results of that suit, or to invite speculation that the Plaintiff, David Davis, filed this suit because of that.

In the event that evidence is admitted at trial which Defendants would contend in good faith opens the door to evidence of this former suit, they may take this contention up with the court outside the presence of the jury.

**Plaintiff's Motion in Limine No. 2**

Plaintiff moves to exclude any evidence pertaining to a meeting that took place between the Plaintiff and then-Fire Marshal Christine Kennedy, and others, on August 3, 2005, or any statements allegedly made during that meeting.

The court finds that such evidence would be irrelevant to Plaintiff's free speech claim under Count 1. As to the freedom of association claim under Count 2, however, it will be relevant for Defendants to submit evidence of knowledge they had of prior incidents which went into their decision to terminate the Plaintiff, since such evidence might tend to show that their termination of the Plaintiff was not because of actions on behalf of the Firefighters Association. While independent testimony from persons merely present at the meeting who were not decision-makers would not be relevant[1], and, therefore, not admissible, the decision-makers will be allowed to testify as to what they were told about the meeting and how what they were told about that influenced the later decision to terminate the Plaintiff. If the Plaintiff requests an instruction to the jury at the time this evidence is offered that it may be considered only in relation to Count 2, and not in relation to Count 1, the court will consider such a requested instruction.

Therefore, it is ORDERED that Plaintiff's Motion in Limine No. 2 is DENIED to the extent set forth above.

---

[1] In the analogous context of discrimination in employment, the relevant evidence is evidence of the decision-maker's actual knowledge or belief, not facts unknown to the decision-maker. *See, e.g., Smith v. International Paper Co.,* 260 F.Supp.2d 1335, 1346 (M.D. Ala. 2001).

**Plaintiff's Motion in Limine No. 3**

No response was filed by the Defendants to Plaintiff's motion for an order barring Defendants from adducing evidence of any financial impact that a damage award, including a back-pay award, would have on the operations or finances of Phenix City. Therefore, there being no opposition to the motion (*see* Section 6 of Scheduling Order), the motion is ORDERED GRANTED, and Defendants are precluded from proffering any evidence regarding the impact that a damages award would have upon the operations or finances of Phenix City.

DONE this 28th day of February, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE