IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 3:06cv544-WHA |
| | ) |
| PHENIX CITY, ALABAMA, et al., | ) (WO) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

This case is before the court on Plaintiff's Objections to Defendants' List of Additional Exhibits (Doc. #130) and Defendants' Response (Doc. #134). Plaintiff objects to Defendants' Exhibits 29 - 53.

The Plaintiff does not dispute the authenticity of any of these documents and agrees that they are from the Plaintiff's personnel file. Plaintiff objects to each of these exhibits as being irrelevant and, therefore, inadmissible pursuant to *Fed. R. Evid.* 402. Plaintiff also objects under Rule 403, on the basis of waste of time, undue delay, and undue prejudice.

Initially, the Defendants contend that Plaintiff's failure to object to the written warning form dated April 20, 2006, constitutes a waiver of objection to any documents related to the matters referred to in that form. The court rejects that contention and finds that this does not constitute a waiver of objection to these additional exhibits. Admissibility of any of these documents will be determined on their own merits.

**Defendants' Exhibits 29 - 35**

The court agrees that these documents are not independently relevant to any issue in the case. If any of these documents should become relevant at trial because of a dispute over a fact which one or more other documents would prove, the court will reconsider an offer at that time. At this time, however,

It is ORDERED that the objections are SUSTAINED.

**Defendants' Exhibits 36 - 50**

These are all documents from the Plaintiff's personnel file which relate in various ways to conduct and disciplinary actions involving the Plaintiff prior to his termination.

As to Count 1, the freedom of speech claim, the court finds the Plaintiff's past conduct and disciplines to be irrelevant to the ultimate determination of whether the Plaintiff was exercising a constitutionally-protected right to free speech and, if so, whether that was a substantial motivating factor in his being terminated. Even if there were any probative value, it would be substantially outweighed by the danger of confusion of the issues and unfair prejudice. Therefore, as to Count 1, it is hereby

ORDERED that the objections are SUSTAINED.

As to Count 2, the freedom of association claim, the court finds that these documents are not independently admissible without the laying of a proper foundation. To the extent, however, that any of these documents were written or read by a decision-maker and taken into consideration in his decision to recommend termination or to terminate the Plaintiff, they will be admissible after the laying of such a testimonial foundation by the decision-maker, as relevant to

the issue of whether actions by the Plaintiff as a leader of the Firefighters Association were a substantial motivating factor in his termination. Therefore, as to Count 2, the Plaintiff's objections are GRANTED to the extent that these documents will not be admitted without first establishing a necessary foundation.

If the Plaintiff requests a limiting instruction prior to the admission of any of these documents, it will be given.

### Defendants' Exhibits 51-53

These exhibits relate to a document showing that the Plaintiff elected not to remove or rollover certain retirement system contributions at the time of his termination. This would become admissible only if it is shown at trial to be related to a disputed issue, which does not appear at this time to be probable. Therefore, it is hereby

ORDERED that the objections are SUSTAINED, subject to the documents being offered at any such time as they may become relevant to a disputed issue.

DONE this 28th day of February, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE