IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:06-CV-544-WHA |
| | ) | |
| PHENIX CITY, ALABAMA, and H.H. | ) | |
| ROBERTS, WALLACE HUNTER, in | ) | |
| their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## THE COURT'S INSTRUCTIONS TO THE JURY

### I. INTRODUCTION

MEMBERS OF THE JURY:

Now that you have heard all of the evidence and argument on behalf of the parties, it becomes my duty to give you the instructions of the court concerning the law applicable to this case. It is your duty to follow the law whether or not you agree with it. It is then your duty to determine the facts, and to apply the law to those facts.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion.

The fact that a governmental entity is involved as a party must not affect your decision in any way. A governmental entity and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental entity is involved, of course, it

1

may act only through people as its employees or officials; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees or officials that are made within the scope of their duties as employees or officials of that governmental entity.

All the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict according to the evidence and the law. This was the oath you took and the promise you gave when selected as jurors. When you are true to this oath, you move us closer to our ideal of equal justice under law -- closer to our aim to make the courthouse a temple of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence which has been admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, stipulations of the parties, and the exhibits admitted in the record. As you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that any statements, objections or arguments made by the lawyers or by any party while not under oath are not evidence in the case. It is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any reason not to tell the truth? Did the witness have any personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or evidence? You may accept or reject the testimony of any witness in whole or in part.

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on

3

whether it has to do with an important fact or with only an unimportant detail.

In a civil action such as this, the Plaintiff has the burden of proving every essential element of his claim by a preponderance of the evidence. The Defendants have the burden of proving every essential element of their affirmative defenses. This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the claim or defense is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

Up until this point, I have been stating general principles of law which apply to any civil jury trial. I will now instruct you on the law which is particularly applicable to this case.

## II. THE CONSTITUTIONAL VIOLATION ASSERTED BY THE PLAINTIFF

In this case the Plaintiff, David Davis, claims that the Defendants, Phenix City, Alabama and H.H. Roberts and Wallace Hunter, in their official capacities, as City Manager and Fire Chief, respectively, intentionally deprived the Plaintiff of his rights of free speech under the Constitution of the United States.

The law provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States. In this case the parties have stipulated or agreed that the Defendants acted "under color" of state law and you should, therefore, accept that fact as proven.

The Plaintiff claims that the Defendants intentionally violated the Plaintiff's constitutional right to freedom of speech by terminating him when he directly contacted Mayor Hardin about a proposed city ordinance which would extend the probationary period for new hires in the fire department. The Plaintiff contends that this violated his right of free speech under the First Amendment to the Constitution of the United States.

The Defendants deny that they violated the Plaintiff's rights in any way, and assert that the Plaintiff could have used less disruptive channels of communication through the chain of command in accordance with City and Department Policy.

### a. The Plaintiff's Free Speech Claim

Under the First Amendment to the Constitution of the United States, every public employee has the right to "freedom of speech" addressing issues of public concern. In this case, the Plaintiff contacted Mayor Hardin concerning a proposal to extend the probationary period for new firefighters from one year to eighteen months. You are instructed that this speech activity by the Plaintiff was on a matter of public concern. Also, the evidence establishes that the fact that the Plaintiff made the contact with Mayor Hardin was a substantial or motivating factor in his being terminated. Generally, a public employee cannot legally be terminated from employment if his exercise of First Amendment rights in discussing a subject of public concern was a substantial or motivating factor, even if there were other reasons that played a part in his being terminated.

### b. Defendants' Defense to the Free Speech Claim

As a defense to this claim, however, the Defendants say that because the Plaintiff was a firefighter, the Phenix City Merit System Rules and the Fire Department Administrative Standard

5

Operating Procedures properly placed a restriction on his speech that does not apply to average public employees, that is, a requirement that the Plaintiff first go through an internal chain of command before speaking outside of the Fire Department. It is the Defendants' further contention, however, that under the Phenix City Merit System Rules and Phenix City Fire Department's Administrative Standard Operating Procedures, the Plaintiff could speak to the City Council, to the Mayor and Council members individually, and to the media without obtaining the Defendants' permission about the proposal to extend the probationary period for new firefighters if he had first exhausted the internal chain of command, but that the Plaintiff failed to do so. And, Defendants say that the Plaintiff's speaking to Mayor Hardin about this when he did was a violation of ASOP 12. Therefore, you are going to be asked to answer several questions when you retire to the jury room. This will be called "Special Interrogatories to the Jury," but it will be, in effect, your verdict. ( Explain form down to damages, and what answers will cause the jury to address damages).

### III. DAMAGES

If you answer questions in the manner I discussed so that you are called on to address the Plaintiff's damages, you must then decide the issue of the Plaintiff's damages. I will now instruct you on the law of damages.

For damages to be the proximate or legal result of wrongful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory

damages are not allowed as a punishment and must not be imposed or increased to penalize a defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(Go to special damages)

(a) Net lost wages and benefits to the date of trial. The parties have agreed that, if the Plaintiff is entitled to damages, this would amount to $ 3,756.88, so you would put that amount in the blank, if you find that damages should be awarded.

(b) Emotional pain and mental anguish. You should fill in the blank with an amount you all agree to, if you find that such damages should be awarded.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication of how I believe you should answer the questions in the Special Interrogatories to the Jury.

7

## IV. CONCLUSION

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreperson, who will preside over your deliberations and will speak for you here in court.

You will take Special Interrogatories to the Jury form to the jury room, and when you have reached unanimous agreement as to each interrogatory, or question, you are called upon to answer, you will have your foreperson fill in the answer. When you have unanimously agreed on each answer you are called upon to give, you will have your foreperson date and sign the form, and then return to the courtroom.

If, during your deliberations, you should find it necessary to communicate with the court, please put your message or question in writing, signed by the foreperson, and pass the note to the marshal, who will bring it to my attention. I will respond as promptly as possible, either in

writing or by having you return to the courtroom so that I can address you orally. This will have to be done in the presence of the parties and their attorneys. If you desire to communicate with me, do not indicate any numerical division of the jury.

It is proper, I think, for me to add a final caution. Nothing that I have said in these instructions and nothing that I have said or done during the trial in making rulings on evidence or otherwise, has been said or done to suggest to you what I think your verdict should be. What the verdict should be is your exclusive duty and responsibility.