IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:06cv544-WHA |
| ) | |
| PHENIX CITY, ALABAMA, and WALLACE ) | |
| HUNTER, and H. H. ROBERTS in their ) | |
| official capacities, ) | |
| ) | |
| Defendants. ) | |

## ORDER

At the trial of this case the court orally granted the Plaintiff's oral motion to withdraw his freedom of association claim and the case went to the jury on the Plaintiff's freedom of speech claim only, with his equitable prior restraint claim being reserved for determination by the court after factual determinations were made by the jury. The court had previously concluded in ruling on cross-motions for summary judgment that the Plaintiff had spoken as a citizen on a matter of public concern. During the trial, the court entered judgment as a matter of law in the Plaintiff's favor on the issue of whether the Plaintiff's speech on a matter of public was a substantial or motivating factor in his termination. The City of Phenix City did not attempt to prove at trial that the termination would have occurred in the absence of the speech in question. The issues left for the determination by the jury, therefore, included factual disputes relevant to *Pickering* balancing for the free speech claim, *Watkins v. Bowden,* 105 F.3d 1344, 1352 (11th Cir. 1997) (outlining the four-part test to determine whether an employee suffered retaliation in

violation of the first amendment), and also relevant to this court's resolution of the equitable prior restraint claim.

On the 6th day of March, 2008, after this cause had been presented to a jury, a verdict was returned as follows:

"Special Interrogatories to the Jury

Do you find by a preponderance of the evidence:

1. That the Defendants have proved that the Plaintiff's telephone call to Mayor Hardin was a violation of ASOP 12?

    __X__ YES     _____ NO

2. That the Defendants have proved that under the policies and practices of Phenix City, a firefighter after exhausting the internal chain of command in the Phenix City Fire Department, could speak without obtaining prior permission to the following:

    a. The City Council?   __X__ YES   _____ NO

    b. Mayor Hardin or other City Council members individually?
        __X__ YES   _____ NO

    c. The media?   __X__ YES   _____ NO

3. That the Defendants have proved that the telephone conversation between the Plaintiff and Mayor Hardin concerning the proposed ordinance to extend the probationary period for new firefighters disrupted or impeded the operations of the Phenix City Fire Department, or had a reasonable likelihood of disrupting or impeding the operations of the Phenix City Fire Department?

    __X__ YES   _____ NO

Note: if you answered Yes to questions 1, 2 a, b, and c, and 3, you need not answer question 4. The foreperson should sign and date the form. Otherwise, go to question 4.

4. That the Plaintiff has proved that he suffered damages as a result of the Defendants' action in discharging the Plaintiff from his employment with the Phenix City Fire Department?

    _____ YES   _____ NO

5. If you answered Yes to question 4, in what amount?

                                    Net losses of wages and benefits    $_____
                                    Emotional pain and mental anguish $_____

    SO SAY WE ALL.                                    /s/ Nadean Marie Dalton
                                                      FOREPERSON

                                                      March 6, 2008
                                                      DATE"

       These findings of fact establish that, under rules and policies currently in effect in the City of Phenix City, Alabama and the Phenix City Fire Department, a firefighter, either on duty or off duty, must first exhaust the internal chain of command in addressing matters of concern, including public concern, involving the Fire Department, before speaking outside the Fire Department.  Under the facts as found by the jury, once the chain of command has been exhausted by a firefighter, the firefighter may then speak on a matter that involves the fire department to the City Council, to the Mayor or other City Council members individually, and/or to the media, without the necessity of first obtaining permission from anyone to do so.

       In light of these findings, and the finding by the jury that the Plaintiff's failure to comply with the Defendants' policies in this case disrupted or impeded the operations of the Phenix City Fire Department, or had a reasonable likelihood of disrupting or impeding the operations of the Phenix City Fire Department, and consistent with previous Orders of the court in this case, the court has completed the balancing required by *Pickering v. Bd. of Ed.*, 391 U.S. 563, 568 (1968), and concludes that in this case the employee's first amendment interest is outweighed by the interest of the City of Phenix City, as an employer, in promoting the efficiency of the public services it performs through its employees of the Fire Department.  *Watkins*, 105 F.3d at 1353.

The court further concludes, based on the finding of the jury that under the policies of Phenix City, Alabama, a firefighter who has first exhausted the chain of command can then address, without obtaining permission, the City Council, its members and the Mayor individually, and the media, that the policies are not an unconstitutional prior restraint of speech. *See United States v. National Treasury Employees Union*, 513 U.S. 454 (1995).

Accordingly, judgment will be entered in favor of the Defendants and against the Plaintiff on all claims.

DONE this 7th day of March, 2008.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE